IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** | : | C.A.No.04-1394-GMS |
| individually and in his official capacity as the | : | |
| Superintendent, Delaware State Police; | : | |
| **LIEUTENANT COLONEL THOMAS F.** | : | |
| **MACLEISH,** individually and in his official | : | |
| capacity as the Deputy Superintendent, | : | |
| Delaware State Police; **DAVID B. MITCHELL,** | : | |
| individually and in his official capacity as | : | |
| Secretary of the Department of Safety and | : | |
| Homeland Security, State of Delaware; and | : | |
| **DIVISION OF STATE POLICE,** | : | |
| **DEPARTMENT OF SAFETY AND** | : | |
| **HOMELAND SECURITY, STATE OF** | : | |
| **DELAWARE,** | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S STATUS REPORT

In accord with the Court's Notice of Scheduling Conference practice, plaintiff hereby submits this status report addressing the conference's agenda items.

1. **Jurisdiction and Service**.

   <u>Plaintiffs' Statement</u>: Plaintiff submits that the Court has subject matter and personal jurisdiction over all parties and no parties remain to be served. The defendants Answer to the First Amended Complaint indicates the same.

2. **Substance of the Action**.

Plaintiffs' Statement: Plaintiff claims defendants violated her Fourteenth Amendment right to be free of illicit gender discrimination when they twice refused to promote her to the position of Major, despite being the most qualified candidate. Plaintiff also claims upon the filing of this lawsuit, defendants immediately retaliated against her and violated her First Amendment rights when they gave her confidential internal affairs file to the Delaware news media. Additionally, at defendants' direction, there is an ongoing and continuing course of retaliation in the workplace against plaintiff, in violation of her First and Fourteenth Amendment rights.

3. **Identification of Issues**.

Plaintiffs' Statement: The factual and legal issues genuinely in dispute include the issues set forth in number 2 above and in number 12 below.

4. **Narrowing of Issues**.

Plaintiffs' Statement: The issues may be narrowed by dispositive motions and/or stipulation of the parties following discovery.

5. **Relief**. Plaintiff seeks compensatory damages for lost wages and overtime, back pay, pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment, and injury to reputation. The amount of economic damages remains to be computed. Plaintiff also seeks punitive damages as well as attorneys fees, costs and pre and post judgment interest. Additionally, plaintiff seeks several forms of injunctive relief, including: a mandatory injunction directing defendants to immediately promote her to the rank of Major; and a reparative injunction directing defendants to apologize to her for their repeated and willful violations of her constitutional rights. The specifics of the relief plaintiff requests is set forth in

greater detail in the Wherefore clause of the First Amended Complaint.  (D.I. 7).

    6. **Amendment of the Pleadings**.

        Plaintiffs' Statement: Plaintiff seeks a deadline of  May 2, 2005  for all motions to amend the pleadings.

    7. **Joinder of the Parties**.

        Plaintiffs' Statement: Plaintiff seeks a deadline of  May 2, 2005  for all motions to join other parties.

    8. **Discovery**.

        Plaintiffs' Statement: Plaintiff submits that initial disclosures be exchanged by  April 4, 2005.   Plaintiff seeks a discovery deadline of  February 24, 2006 , due to, among other things, the complex nature of this case and the unusually large number of witnesses who will need to be deposed.  Plaintiff has preliminarily identified approximately 50-75 fact witnesses who will need to be deposed in the first round of depositions alone.  Plaintiff also expects the number of fact witnesses to rise upon the release of the results of the Internal Affairs investigation into defendant Chaffinch's workplace misconduct.

    9. **Estimated Trial Length**.

        Plaintiffs' Statement: Plaintiff believes that a  ten (10)  day trial is needed, including jury selection.  There are multiple named parties and an unusually large number of witnesses.  Plaintiff recognizes that the Court can always cut back on the scheduled trial time following the close of discovery and submission of issues at summary judgment, both of which may narrow the issues.

    10. **Jury Trial**.  A jury trial has been demanded by plaintiff.  (See D.I. 7 at 1).

11. **Settlement**.

<u>Plaintiffs' Statement</u>: The parties have not yet conferred about settlement or any of the other matters required by Rule 26(f).

12. **Other Matters**.

<u>Plaintiffs' Statement</u>:

<u>Issue # 1</u>.  There has been an ongoing and multifaceted course of retaliation against plaintiff by defendants because of the filing of this lawsuit.  For example, on the orders of defendants, in anticipation of the filing of this lawsuit, frivolous Internal Affairs charges were filed against plaintiff to smear her good name and prevent her from applying for a third vacancy for the position of Major.  After the actual filing of this lawsuit, defendants violated state law, as well as their own rules and procedures in their handling and treatment of those charges.  Both this and other retaliation may require the further amending of plaintiff's lawsuit pursuant to Fed.R.Civ.P. 15(a).  Defendants have previously refused to consent to such an amendment.

<u>Issue # 2</u>.  There is currently a vacancy for the position of Major in the DSP.  This position has been vacant since approximately September 2004.  The filling of that vacancy may require the amending of this suit to include that promotion decision.

<u>Issue # 3</u>.  Plaintiff has not yet received the written transcript of her December 15, 2004 interview with Internal Affairs as part of the IA investigation into defendant Chaffinch's misconduct, as required by ¶ 3 of the Stipulated Order filed in this case.  (D.I. 13).

<u>Issue # 4</u>.  Upon receipt and errata review of the required transcript pursuant to Fed.R.Civ.P. 30, plaintiff is willing to amend ¶ 5 of the Stipulated Order (D.I. 13) to

allow defense counsel to use the transcript in this lawsuit.  As a result of the Stipulated Order, counsel was given sufficient time to prepare plaintiff for the interview as he would for a deposition.  Plaintiff's subsequent all day IA interview was extremely thorough and comprehensive.  It would be wasteful and duplicative to go over the same material a second time at a deposition.  Plaintiff is willing to agree that defense counsel may depose her on issues not already covered at the interview and also may inquire in greater detail as to issues which were already covered.

<span style="text-decoration:underline">Issue # 5</span>.  Plaintiff's lead counsel also has certain health considerations of which the Court and defense counsel are already aware.  Although no problems are anticipated, plaintiff does wish to flag this issue for the Court.

13. **Conferring About Each of the Above Matters.**

<span style="text-decoration:underline">Plaintiffs' Statement</span>: Plaintiff's counsel contacted defense counsel several days ago to confer about the above matters and sent defense counsel comprehensive first drafts of the Joint Status Report and the Rule 16 Scheduling Order.  In response, defense counsel indicated that he did not have time to review the materials due to scheduling conflicts, but that he hoped to be able to contact plaintiff's counsel about these matters on Friday, March 11th.

                                **THE NEUBERGER FIRM, P.A.**

                                /s/ Stephen J. Neuberger
                              **THOMAS S. NEUBERGER, ESQ. (#243)**
                              **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                              Two East Seventh Street, Suite 302
                              Wilmington, DE 19801
                              (302) 655-0582
                              TSN@NeubergerLaw.com
                              SJN@NeubergerLaw.com

                              Attorneys for Plaintiff

Date:   March 10, 2005

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 10, 2005, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph K. Durstein III
>Department of Justice
>Carvel State Office Building
>820 N. French Street
>Wilmington, DE 19801
>ralph.durstein@state.de.us


>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQUIRE**