New Castle County                    Writer's Direct Dial: (302) 577-8510
                                     FAX: (302) 577-5866

March 13, 2005

Hon. Gregory M. Sleet
United States District Court
Lock Box 19
844 North King Street
Wilmington, DE 19801

       Re: Conley v. Delaware State Police, et al.
          Civ. A. No. 04-1394-GMS

Dear Judge Sleet:

I am writing in anticipation of the initial conference in this case, scheduled for Thursday, March 17, 2005 at 2:00 p.m. Mr. Stephen Neuberger advised me last Tuesday that the Court intended for this to be a scheduling conference, pursuant to Rule 16(b) and Local Rule 16.2(b), rather than a Rule 16(a) conference. Unfortunately, I was in Dover for a two-day administrative hearing on Wednesday and Thursday of last week, that also involved Mr. Thomas Neuberger. I was committed to a day of mandatory make-up CLE on Friday, and unable to contact plaintiff's counsel to discuss the pending conference. On Monday, March 14, I begin a trial before Judge Jordan in Hamilton v. Levy, et al., C.A. No. 94-336-KAJ, that is expected to last through Thursday.

I have reviewed the proposed Rule 16 scheduling order drafted by the plaintiff, and I have no objection to it. I would of course defer to the Court on the issue of a trail date, and on the scheduling of status and pretrial conferences.

With respect to the proposed status report, I would defer to the Court in determining deadlines as set forth in the report. I have the following additions to the draft submitted by the plaintiff:

¶2. The defendants have respected the Constitutional rights of the plaintiff and have fairly evaluated her qualifications without regard to her gender, in the course of the promotional process to the rank of Major. On **September 17, 2004**, plaintiff received formal notice from the Internal Affairs Unit of the Delaware State Police of charges against her, as a result of an investigation initiated several months earlier. The contents of the Internal Affairs file on this investigation have never been disclosed to the public or the news media by the defendants, except to the extent necessary at the recent hearing before an independent Criminal Justice Council trial board. That hearing was open to the public, at the sole election of the plaintiff. Plaintiff did not file this lawsuit until late **October 2004**, and did not serve the defendants until **December** of **2004**. Defendants had no notice of any of the claims asserted prior to the filing of the lawsuit, as the plaintiff failed to avail herself of any of the administrative remedies afforded by the Delaware State Police for officers with claims of discrimination or grievances with respect to the promotional process.

¶12. ["Issue #1"] As set forth above, the Internal Affairs investigation was undertaken months before the plaintiff filed her lawsuit. When an impartial internal trial board could not be convened [as a result of the allegations of plaintiff's lawsuit directed at officers with the rank of Captain and Major], an independent trial board was appointed under the auspices of the Criminal Justice Council, pursuant to 11 *Del.C.* §9205(b). The charges against her were not frivolous, and in fact the trial board, composed of police officers not affiliated with the Delaware State Police, substantiated three counts of Conduct Unbecoming a Police Officer and one count of Poor Judgment on the part of the plaintiff. Prior to the hearing, the Delaware State Police sent the usual internal message to provide notice to all officers concerning the charges. At no time prior to the hearing were the contents of the Internal Affairs file disclosed to the public or the news media. The plaintiff's procedural allegations have been dealt with administratively, and adversely to the plaintiff. The defendants would oppose any such amendment to the Complaint.

["Issue #2"] The defendants will oppose such an amendment to the Complaint.

["Issue #3"] The defendants are in the process of preparing a transcript of the interview of the plaintiff, which, as noted by counsel, was quite lengthy. The plaintiff was provided with a tape recording of the interview on the day it occurred.

["Issue #4"]  The Internal Affairs interview of the plaintiff was not a deposition. Undersigned counsel attended only the initial portion of the interview, and did not ask any questions.  The defendants previously stipulated that the interview would not be admissible at trial in this matter.  Defendants expect to depose the plaintiff as to all of the allegations of her Complaint, and as to all other matters within the bounds of Rule 26.

["Issue" #5"}  Defense counsel is aware of these health considerations, and will do everything in his power to facilitate the participation of plaintiff's counsel in this lawsuit, and to accommodate any health-related issues.

¶13.  Until receiving a message from plaintiff's counsel last Tuesday evening, counsel was unaware that the upcoming conference would include those matters set forth in Rule 16(b), in addition to the Rule 16(a) considerations.  Counsel has been unable to contact plaintiff's attorneys in the past three days, but has forwarded a copy of this letter response to plaintiff's lawyers for review.

I look forward to discussing these matters with the Court on Thursday.  I will alert Judge Jordan to my need to appear before Your Honor for the initial conference.

        Respectfully submitted,

        Ralph K. Durstein III
        Deputy Attorney General


xc:  Thomas S. Neuberger, Esq.
    James E. Ligouri, Esq.