IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS MOTION TO STAY CONSIDERATION OF PLAINTIFF'S
MOTION TO BIFURCATE THE TRIAL OF COUNT ONE
FROM COUNTS TWO AND THREE
OR IN THE ALTERNATIVE TO SEVER COUNT ONE**

Defendants hereby move this Honorable Court to stay consideration of Plaintiff's Motion to Bifurcate the Trial of Count One from Counts Two and Three or alternatively to Sever those counts, filed with this Court on or about September 16, 2005 (D.74). Defendants have filed a responsive brief to Plaintiff's bifurcation motion and brief, but request that the Court stay consideration of the bifurcation issue for reasons of judicial economy. The grounds for this motion are as follows:

1.  The aforementioned Plaintiff's Motion to Bifurcate or alternatively sever Counts II and III (which were added to this litigation by Plaintiff in her own Amended Complaint (D.7.)), as well as "Plaintiff's Opening Brief in Support of her Motion to Bifurcate . . ." were filed with this Court on or about September 16, 2005. (D.74, 75).

2.  Plaintiff concedes, and Defendants agree, that deposition discovery on the issues raised by Counts II and III is complete. (Plt. Op. Brf. at p.1 (D.75)). Discovery on

1

this matter consists of the depositions of Secretary David Mitchell, Colonel Thomas MacLeish, and Lieutenant Joseph Aviola.

3. In response to requests for production filed by Plaintiff, Defendants have produced all documentary evidence responsive to the issues raised by Counts II and III. (D.69, 70, 73).

4. In the Motion to Bifurcate pending before the Court, Plaintiff seeks to have Counts II and III "bifurcated", such that they would be tried in a separate trial, before a separate jury, immediately following the conclusion of the first jury trial on Count I, the claim of gender discrimination.

5. Counts II and III pertain to an October 25, 2004 State Police email, issued pursuant to Regulation, notifying all personnel of a pending trial board hearing concerning charges against Plaintiff. This email was provided, by an unknown individual, to a Delaware State News reporter, Tom Eldred. That reporter contacted Lt. Aviola, the DSP public information officer, to confirm the authenticity of the email. Colonel MacLeish, Lt. Aviola and Internal Affairs officers contacted their attorney, Michael Tupman, DAG, for advice. DAG Tupman advised that Lt. Aviola should get a copy of the document Eldred had and, if it was authentic, Aviola could verify its authenticity and confirm the content of the four corners of the document. Col. MacLeish accepted this advice and Aviola proceeded as DAG Tupman had advised. (For factual references, please refer to Defendants' Opening Brief in Opposition to Plaintiff's Motion to Bifurcate, filed simultaneously with this Motion).

6. Plaintiff contends that the "release" and confirmation of this email constitutes acts of retaliation, on the part of Defendants, for what she contends to be

protected First Amendment activity—the filing of this lawsuit. Plaintiff's lawsuit was filed on October 27, 2004, the day before Tom Eldred contacted DSP about the email.

7. No evidence whatsoever exists in the record to support claims of retaliation or violations of Plaintiff's First Amendment rights. There is no evidence that any Defendant had a role in the initial release of the email to Eldred—a matter upon which Plaintiff bears the burden of proof. The testimony is absolutely undisputed that DSP's confirmation of the four corners of the email was action taken pursuant to and in reasonable reliance on the advice of their legal counsel. Further, no "confidential" internal affairs or factual information was released, simply confirmation of the fact (already known to the reporter via the email) that a trial board had been convened.

8. Defendants also dispute that, as a matter of law, the filing of Plaintiff's lawsuit constitutes the type of protected "speech" for which she could make a claim (assuming there was some evidence) for "First Amendment" retaliation.

9. Accordingly, on the basis of the record in this case, Defendants plan to move this Court for Summary Judgment as to Counts II and III. FRCP 56.

10. The motion for bifurcation should be stayed pending the Court's resolution of the impending motion for Summary Judgment as to Counts II and III. With Plaintiff's concession that discovery is complete on these counts, this motion can now proceed. Judicial economy counsels a stay of this matter. It would be wasteful of the Court's resources to consider, at this juncture, whether Counts II and III should be "bifurcated" into their own separate, second trial rather than presented in one trial (as Plaintiff initially requested by amending her Complaint), before the Court can determine if there is sufficient evidence to go to a jury at all on these counts. The record as it stands

today reveals that Defendants have a strong likelihood of success on a summary judgment motion.

It would also be wasteful to consider severance before this issue is decided. In short, the issue of whether there should be one trial or two as to Counts II and III becomes moot if these counts cannot withstand summary judgment, such that they will never go to a jury at all.

11.	There is no prejudice to Plaintiff in staying the bifurcation issue to await the outcome of a summary judgment motion. Plaintiff concedes that discovery as to Counts II and III is already complete, and has already submitted her arguments for bifurcation to the Court. Defendants will proceed with a summary judgment motion on Counts II and III, regardless of the outcome of the bifurcation Motion. However, from the Court's perspective, a grant of summary judgment would obviate the need for a decision on the issue of whether bifurcation or severance should be granted.

WHEREFORE, Defendants respectfully move this Honorable Court to stay consideration of Plaintiff's Motion to Bifurcate the Trial of Count One from Counts Two and Three or in the Alternatively to Sever, pending the resolution of the Motion for Summary Judgment as to Counts II and III which will be filed by Defendants in this matter.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By: ___/s/Ralph K. Durstein, III_____
RALPH K. DURSTEIN, III (I.D. No. 912)
STEPHANI J. BALLARD  (I.D. No. 3481)
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants

**LIGOURI, MORRIS & YIENGST**

 By: ___/s/ James E. Ligouri_____
JAMES E. LIGOURI
46 The Green
Dover, DE  19901
(302) 678-9900
Attorney for Defendant, L. Aaron Chaffinch

DATED: September 30, 2005

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| COLONEL L. AARON CHAFFINCH, ) | |
| Individually and in his official capacity as the ) | |
| Superintendent, Delaware State Police; et al. ) | |
| ) | |
| Defendants, ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on September 30, 2005, he caused the attached Defendants Motion to Stay Consideration of Plaintiff's Motion to Bifurcate to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Ralph K. Durstein III
Ralph K. Durstein III, I.D. #912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish, Mitchell, and Division of State Police

6