IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as the Superintendent, Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as the Deputy Superintendent, Delaware State Police; **DAVID B. MITCHELL,** individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : : : : : : : : : : : : : C.A.No.04-1394-GMS |
| **Defendants.** | : |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF PLAINTIFF'S MOTION TO BIFURCATE THE TRIAL OF COUNT ONE FROM COUNTS TWO AND THREE OR IN THE ALTERNATIVE TO SEVER COUNT ONE**

Defendants have moved (D.I. 86) that the Court stay consideration of plaintiff's motion for bifurcation (D.I. 74), pending defense motions for summary judgment on Counts II and III. (D.I. 86 at 3). This is plaintiff's response in opposition to the defense motion.

Defendants appear to make two arguments in support of their motion. First, that the nature of the factual record dictates that they will win at summary judgment. Second, that the state of the law dictates the same. Both claims are in error.

As to the former, defendants continue to claim that "[n]o evidence whatsoever exists in the record to support claims of retaliation or violations of Plaintiff's First Amendment rights." (D.I. 86 at 3). But when the extensive discovery record is considered, it dictates the opposite conclusion.

As surveyed in great detail in plaintiff's opening brief in support of her motion to bifurcate (D.I. 74 at 10-20), the factual record demonstrates that the issue of bifurcation and severance is ripe for adjudication and it will not be mooted by any frivolous defense motion for summary judgment. That record evidence demonstrates that summary judgment for defendants is not a realistic possibility. A review of that record evidence demonstrates that there is no conclusion that can be drawn other than that, at the least, material disputes of fact exist under all of plaintiff's legal theories. Long established law will allow plaintiff's claims to go to the jury since the Fed.R.Civ.P. 56 standard has been surmounted. The facts contained in the depositions, answers to interrogatories and the documents will allow a reasonable jury to return a verdict on all of plaintiff's claims. Accordingly, plaintiff's pending bifurcation motion will not be mooted and instead it should be timely addressed.

Lastly, the defense brief asserts that "Defendants also dispute, as a matter of law, the filing of Plaintiff's lawsuit constitutes the type of protected 'speech' for which she could make a claim ... for 'First Amendment' retaliation." (OB at 3). This assertion also is frivolous under both the petition and speech clauses of the First Amendment.

Indeed plaintiff is at a loss to explain how defendants are able to make a good faith assertion to this Court that the filing of plaintiff's lawsuit was not protected by the First Amendment. Under the petition clause, a mere four months ago the Third Circuit reaffirmed

existing and undisputed precedent and held that "[i]n this circuit, any lawsuit brought by an employee against a public employer qualifies as a protected 'petition' under the First Amendment so long as it is not 'sham litigation.'" Hill v. City of Scranton, 411 F.3d 118, 126 (3d Cir. 2005) (quoting San Filippo v. Bongiovanni, 30 F.3d 424, 443 (3d Cir. 1994)). In light of the extensive record evidence of Chaffinch's illicit animus towards all things female (see D.I. 75 at 4-10), defendants are unable to demonstrate that the filing of plaintiff's lawsuit meets the sham litigation exception of San Filippo. 30 F.3d at 443.

Similarly, under the free speech clause, the Third Circuit en banc has already held that speech opposing gender discrimination by a high public official is protected by the First Amendment. Azzaro v. County of Allegheny, 110 F.3d 968, 978-980 (3d Cir. 1997) (en banc). And as the Second Circuit recently held, lawsuits predicated upon gender discrimination in employment are protected by the free speech clause of the First Amendment. Konits v. Valley Stream Central High Sch. Dist., 394 F.3d 121, 125-126 (2d Cir. 2005).

Thus, under both the petition and free speech clauses, it is clear that defendants will be unable to successfully argue that the First Amendment does not protect the filing of plaintiff's lawsuit challenging illicit gender discrimination by the leader of the Delaware State Police. And as a result, the defense contention that plaintiff's motion for bifurcation will somehow be mooted by a defense motion for summary judgment is meritless.

## **CONCLUSION**

Accordingly, the defense motion to stay consideration of plaintiff's motion to bifurcate pending defense motions for summary judgment should be denied.

Plaintiff waives an Answering Brief in Opposition to the defense motion.

                    Respectfully Submitted,

                    **THE NEUBERGER FIRM, P.A.**


                    /s/ Stephen J. Neuberger
                    **THOMAS S. NEUBERGER, ESQ. (#243)**
                    **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                    Two East Seventh Street, Suite 302
                    Wilmington, Delaware 19801
                    (302) 655-0582
                    TSN@NeubergerLaw.com
                    SJN@NeubergerLaw.com

Dated: October 14, 2005        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on October 14, 2005, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph K. Durstein III, Esquire
>Department of Justice
>Carvel State Office Building
>820 N. French Street
>Wilmington, DE 19801
>
>James E. Liguori, Esquire
>Liguori, Morris & Yiengst
>46 The Green
>Dover, DE 19901

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

Conley/ Briefs / Stay - AB.final