IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA CONLEY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| COLONEL L. AARON CHAFFINCH, individually and in his official capacity as the Superintendent, Delaware State Police; LIEUTENANT COLONEL THOMAS F. MACLEISH, individually and in his official capacity as the Deputy Superintendent, Delaware State Police; DAVID B. MITCHELL, individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1394-GMS |
| Defendants. | ) | |

## ORDER

1. On December 6, 2004, Captain Barbara Conley ("Conley") filed an amended complaint (D.I. 7) in the above-captioned action, alleging gender discrimination by Colonel L. Aaron Chaffinch ("Chaffinch"), Lieutenant Colonel Thomas F. Macleish ("Macleish"), David B. Mitchell ("Mitchell"), and Division of State Police, Department of Safety and Homeland Security, State of Delaware ("DSP") (collectively, the "defendants"), in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. The amended complaint contains three counts: (1) failure to promote based on gender discrimination, (2) retaliation in violation of the First Amendment based on Conley's filing of this lawsuit; and (3) retaliation in violation of the Fourteenth Amendment right to petition

the government for redress of grievances. The amended complaint also contains sexually based allegations directed at Chaffinch. Some examples of these allegations include: "Chaffinch constantly, in the presence of plaintiff, other women and men, recounts a wide variety of more than five sexually charged limericks and jokes which are offensive to women." (D.I. 7 ¶ 40); "Chaffinch tells plaintiff, other women and men, that he has 'something extra,' meaning that he is not circumcised. He then refers to his penis publicly by a nickname." (*Id.* ¶ 41); and "Chaffinch publically (sic) refers to one secretary as 'lemon Ti--ies', which is a reference to her breast size." (*Id.* ¶ 48.)

2. On October 19, 2005, Conley filed a letter (D.I. 93) requesting an expedited and sealed chambers conference. The letter asserts that the defendants continue to engage in party and witness intimidation during the discovery process. The letter also seeks an order barring defense counsel and defendants from disclosing its materials and allegations, as well as other relief. According to the letter, the defendants recently have filed supplemental Rule 26 disclosures, identifying approximately twenty-five additional witnesses, some of whom are expected to testify about Conley's alleged sexual history and sexual conduct in the workplace.

3. On October 20, 2005, the defendants filed a letters (D.I. 94, 95) addressing Conley's assertions, specifically the assertion that they had engaged in party and witness intimidation.

4. Between October 20, 2005 and November 3, 2005, the parties filed a series of letters (D.I. 96, 101, 104-06) regarding the request for a chambers conference, and discovery issues relating to the defendants' supplemental disclosures. After having considered the parties' assertions, the court concludes that a chambers conference is necessary to address certain

issues raised in the parties' letters.

Therefore, IT IS HEREBY ORDERED that:

1. A chambers conference regarding the issues raised in the parties' letters has been set for **Thursday, November 17, 2005, at 9:00 a.m.** at the United States Courthouse, 844 King Street, Wilmington, Delaware in Courtroom 4A. Counsel with primary responsibility for this case shall appear.

2. The plaintiff should be prepared to discuss the basis upon which Chaffinch's alleged sexual conduct is relevant to this litigation which, to the court's knowledge, does not include a claim of sexual harassment.

3. The defendants should be prepared to discuss the relevancy of Conley's alleged sexual conduct to this litigation.

4. The plaintiff and the defendants should be prepared to discuss the discovery issue regarding the defendants' supplemental Rule 26 disclosures, and addition of approximately twenty-five witnesses to their case.

Dated: November 7, 2005

UNITED STATES DISTRICT JUDGE

FILED
NOV 7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3