IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **COLONEL L. AARON CHAFFINCH,** : | C.A.No.04-1394-GMS |
| individually and in his official capacity as the : | |
| Superintendent, Delaware State Police; : | |
| **LIEUTENANT COLONEL THOMAS F.** : | |
| **MACLEISH,** individually and in his official : | |
| capacity as the Deputy Superintendent, : | |
| Delaware State Police; **DAVID B. MITCHELL,** : | |
| individually and in his official capacity as : | |
| Secretary of the Department of Safety and : | |
| Homeland Security, State of Delaware; and : | |
| **DIVISION OF STATE POLICE,** : | |
| **DEPARTMENT OF SAFETY AND** : | |
| **HOMELAND SECURITY, STATE OF** : | |
| **DELAWARE,** : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S BENCH MEMO ON THE ISSUE OF WHY EVIDENCE OF
CHAFFINCH'S SEXUALLY CHARGED BEHAVIOR IS RELEVANT
TO THE ISSUES IN THIS SEX DISCRIMINATION CASE.**

It has long been held that evidence of a decisionmaker's general hostility towards or disrespect for women is relevant to the issues of pretext and intent in gender discrimination actions. The Third Circuit has had repeated opportunity to address these principles and its treatment of them has been consistent throughout the years.

## The Law

**A. Introduction.**  The evidence at issue "is relevant and probative of [a defendant's] general attitude of disrespect towards his female employees, and his sexual objectification of them." Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995) (emphasis added). This evidence is admissible "because of the discriminatory nature of the prior conduct, which in turn tend[s] to show the employer's state of mind or attitude towards members of the protected class.... [T]he inference of the employer's discriminatory attitude [comes] from the nature of the prior acts themselves." Becker v. ARCO Chemical Co., 207 F.3d 176, 194 n.8 (3d Cir. 2000). Thus, "[b]y its very nature," plaintiff's proffered evidence demonstrates Chaffinch's "discriminatory attitude" towards female employees. Id.[1] Such evidence "leads not only to a ready logical inference of bias, but also to a rational presumption that [Chaffinch] acted on it when he made the challenged employment decision." Fakete v. Aetna, Inc., 308 F.3d 335, 338 (3d Cir. 2002).

**B. The General Rule.**  "[A]s a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination." Becker, 207 F.3d at 194 n.8. "A plaintiff alleging employment discrimination may challenge the employer's proffered explanation by showing ... that the employer has discriminated against other members of his protected class or other protected categories of persons." Ansell v. Green Acres Contracting Co., Inc., 347 F.3d

---

[1] The Third Circuit has noted that a plaintiff need not have personal knowledge of the defendant's acts of harassment of other employees in the protected class.  This is because such evidence "go[es] to the motive behind the harassment, which may help the jury interpret otherwise ambiguous acts, and to the employer's liability." Hurley v. Atlantic City Police Dept., 174 F.3d 95, 111 (3d Cir. 1999) (emphasis added).

515, 521 (3d Cir. 2003).

Evidence of sexual harassment of women in a police department workplace "is also relevant to [claims of] intentional sex discrimination." Hurley, 174 F.3d at 111. "Evidence of harassment of other women and widespread sexism is also probative of whether one of the principal nondiscriminatory reasons asserted by an employer for its actions was in fact a pretext for discrimination." Id. at 110 (internal punctuation omitted). This type of evidence is "highly probative" id., because it helps establish "the employer's overall discriminatory attitude towards members of a protected class." Becker, 207 F.3d at 194 n.8.

**C. Admissible for Proper Purposes.** "Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext." Ansell, 347 F.3d at 521; see Arlio v. Lively, – F.Supp.2d –, 2005 WL 2422172, * 4 (D.Conn. Sept. 28, 2005) (because "an employer's past discriminatory policy and practice may well illustrate that the employer' asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted...").

Additionally, such evidence is admissible "for the proper purpose of establishing ... discriminatory intent." Id.; see Hurley, 174 F.3d at 111 (in the police department context - the "general atmosphere of sexism reflected by the challenged evidence is quite probative of whether decisionmakers ... felt free to take sex into account when making employment decisions").

**D. Why This Evidence is Relevant.** "[E]vidence of an employer's sexual harassment of female employees other than the plaintiff and evidence of the employer's disparaging remarks about women in general [are] relevant to a discriminatory discharge claim which alleged that the plaintiff's discharge was motivated by the employer's <u>general feelings of hostility towards</u>

women." Heyne, 69 F.3d at 1480 (emphasis added). "Evidence of sexually derogatory and sexist harassment makes disparate treatment claims more credible as well, since such discriminatory acts stem from similar motives." Hurley, 174 F.3d at 111 (emphasis added).

> Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices - evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

Glass v. PECO, 34 F.3d 188, 195 (3d Cir. 1994) (emphasis added) (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988)); see Hurley, 174 F.3d at 110 (observing that in Glass, the Third Circuit held that "evidence of past harassment and ... discrimination against others in the protected class is admissible"). As the Third Circuit has explained -

> The intent to discriminate on the basis of sex in cases involving sexual propositions, innuendo, pornographic materials, or sexual derogatory language is implicit, and thus should be recognized as a matter of course.

Andrews v. City of Phila., 895 F.2d 1469, 1482 n.3 (3d Cir. 1990) (another police department case).[2]

**D. The Evidence The Court Has Noted.** In the Court's November 7th Order, it noted several examples of evidence of defendant Chaffinch's sexually laced conduct and inquired as to this evidence's relevance in this gender discrimination in promotions case.

**1. The Sexually Explicit Limericks and Jokes.** The Third Circuit has previously had the opportunity to address sexually explicit limericks and jokes in the police

---

[2] Importantly however, "[t]o constitute impermissible discrimination, the offensive conduct is not necessarily required to include sexual overtones in every instance or that each incident be sufficiently severe to detrimentally affect a female employee. Intimidation and hostility towards women can obviously result from conduct other than explicit sexual advances." Andrews, 895 F.2d at 1485 (internal punctuation omitted).

department context, see Hurley, 174 F.3d at 104 n.5, and found them to be "egregious," "offensive" and "of appallingly low character." Id. at 104; cf. Heyne, 69 F.3d at 1479 n. 3 (Ninth Circuit - finding error in district court's exclusion of sexually offensive jokes and vulgar sexual remarks).

The sexually explicit limericks in our present case demonstrate Chaffinch's general "disrespect" for and "sexual objectification" of women in general. See Heyne, 69 F.3d at 4180. This "tend[s] to show [his] state of mind or attitude towards" women in general. See Becker, 207 F.3d at 194 n.8. In the Adam and Eve story, Chaffinch shows his animosity towards women and recounts that they are the source of all men's problems. This in turn is probative of his intent in making the two promotions at issue and it also demonstrates pretext as it tends to rebut the defense claim that Chaffinch does not discriminate against women. As the Third Circuit stated in the Andrews police case, 895 F.2d at 1482 n.3, "[t]he intent to discriminate on the basis of sex in cases involving ... innuendo, ... or sexual derogatory language is implicit, and thus should be recognized as a matter of course."

**2. The Public References to His Genitalia In Front of Women.** In the same way as discussed immediately above, Chaffinch's routine and public references to his genitalia further demonstrate his disrespect for and hostility towards women in the workplace. This discussion of private sexual matters is intended to humiliate women. Cf. Hurley, 69 F.3d at 105 (supervisor's statement that female officer "liked it hard and stiff," and asking her "if she wanted to drink out of his jock cup"). Again, an intent to discriminate against women can be inferred from such sexual innuendo and sexually derogatory language. Andrews, 895 F.2d at 1482 n.3.

**3. The Sexual Objectification of a Secretary.** Similarly, Chaffinch's crude

references and crass nickname for a secretary based upon the size of her breasts is yet another piece of evidence which demonstrates his sexual objectification of women. He treats this woman as a sex object. In addition to being probative of his intent, Hurley, 174 F.3d at 111, this "[e]vidence of harassment of other women and widespread sexism is also probative of whether" Chaffinch's hollow claim that he promoted two men because they were more qualified is "in fact a pretext for discrimination." Id. at 110. This evidence is "highly probative" id. and helps establish his "overall discriminatory attitude towards" females. Becker, 207 F.3d at 194 n.8; cf. Hurley, 174 F.3d at 104 n. 5 (graphic examples of sexually inappropriate graffiti).

        **4. The Big Picture.** As the Third Circuit has noted, a "play cannot be understood on the basis of some of its scenes but only on its entire performance, and similarly, a discrimination analysis must concentrate not on individual incidents, but on the overall scenario." Andrews, 895 F.2d at 1484. Thus, it is essential that the fact-finder be able to view each piece of evidence and judge for itself how it fits into the bigger picture of intent and pretext.

## Conclusion

For the aforementioned reasons, the evidence of Chaffinch's general attitude of disrespect towards women and his sexual objectification of them is both relevant and probative to this gender discrimination in promotions case.

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, Delaware 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

Dated: November 16, 2005        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on November 16, 2005, I electronically filed this **Bench Memo** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

      Ralph K. Durstein III, Esquire
      Department of Justice
      Carvel State Office Building
      820 N. French Street
      Wilmington, DE 19801

      James E. Liguori, Esquire
      Liguori, Morris & Yiengst
      46 The Green
      Dover, DE 19901

      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

Conley/ Briefs / Pleadings /Bench Memo - Evidence of Sexism.final