IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COLONEL L. AARON CHAFFINCH, | : | C.A.No.04-1394-GMS |
| individually and in his official capacity as the | : | |
| Superintendent, Delaware State Police; | : | |
| LIEUTENANT COLONEL THOMAS F. | : | |
| MACLEISH, individually and in his official | : | |
| capacity as the Deputy Superintendent, | : | |
| Delaware State Police; DAVID B. MITCHELL, | : | |
| individually and in his official capacity as | : | |
| Secretary of the Department of Safety and | : | |
| Homeland Security, State of Delaware; and | : | |
| DIVISION OF STATE POLICE, | : | |
| DEPARTMENT OF SAFETY AND | : | |
| HOMELAND SECURITY, STATE OF | : | |
| DELAWARE, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT
CHAFFINCH FOR VIOLATION OF MODEL RULE
OF PROFESSIONAL CONDUCT 1.9**

Pursuant to Model Rule of Professional Conduct 1.9, plaintiff Moves this Court to

disqualify counsel for defendant Chaffinch for violating his duties of confidentiality and loyalty

to a former client by his representation of his current client, a current client whose interests are

materially adverse to those of his former client in a substantially related matter.

**Brief Relevant Facts**

**A. Mr. Liguori's Current Client - Defendant Chaffinch.** Defendant Chaffinch is

individually represented in this action by Mr. James Liguori. (D.I. 51-52). Chaffinch is the sole individual defendant to the charges of illicit gender discrimination set forth in Count I of plaintiff's complaint. (See D.I. 7). During a teleconference with the Court on December 8, 2005 related to Mr. Liguori's nonattendance of numerous depositions of key witnesses, Mr. Liguori admitted that he is working closely together and even jointly with counsel for the non-Chaffinch defendants in defending the charges in this case - including Count I.[1]

**B. Chaffinch's Defense in This Action.** As part of their defense in this case, defendants assert that two male officers promoted over Capt. Conley allegedly were more qualified for the positions at issue. One of the ways defendants have sought to do this is by dredging up each and every portion of plaintiff's summary discipline history with the DSP, including summary discipline that is over 20 years old. For example, attached at Tab A is Conley deposition exhibit # 3 - a 20 year survey and chart created by defendants outlining plaintiff's summary discipline history with the DSP. At her deposition on December 7, 2005, Capt. Conley was questioned extensively by defendants about each and every item of her disciplinary history listed on this exhibit. (Conley Aff. ¶¶ 13-16) (attached at Tab F).

As became abundantly clear at her December 7th deposition, defendants have made plaintiff's past summary discipline history a primary issue in this litigation. They questioned Capt. Conley extensively about this stale disciplinary history. (Conley Aff. ¶¶ 14-19).

**C. Mr. Liguori's Prior Representation of Capt. Conley in Several of the Prior Disciplinary Matters at Issue.** The conflict of interest at issue in this motion arises from the fact that Mr. Liguori represented Capt. Conley and defended her in several of the prior

---

[1] A transcript has been ordered but has not yet arrived.

disciplinary matters that defendants have <u>already</u> questioned her about and made issues of in this case.  (Conley Aff. ¶¶ 4-19).

For example, Mr. Liguori represented Capt. Conley in the 6th, 7th, and 8th disciplinary charges listed in Conley deposition exhibit 3 (Tab A) - specifically, the charges dated "12/26/87 - 01/13/88", "unknown" and "12-26-87".  (Conley Aff. ¶ 18).  He advocated for her and learned confidential information about her and her disciplinary history as a result of these representations.  (Conley Aff. ¶¶ 5, 8-12).  Continuing, Conley deposition exhibit numbers 6, 7, and 11 (Tabs B-D) also are in the record and Capt. Conley was questioned about these documents and the incidents underlying them at her deposition as well.  (Conley Aff. ¶ 16).  These exhibits are the official DSP paperwork relating to the three aforementioned charges.  (Conley Aff. ¶¶ 6-7).  Indeed, as these exhibits demonstrate, two of the three charges against Capt. Conley were dismissed as a result of Mr. Liguori's representation of her.  (Tabs A-D).

Moreover, other record documents speak to Mr. Liguori's earlier representation and defense of Capt. Conley on various disciplinary matters as well.  For example, an official April 11, 1988 Division memo also references numerous times that Capt. Conley was "represented by James Liguori, Esq." in the defense of several disciplinary charges that had been brought against her.  (Tab E at 2; <u>accord</u> <u>id.</u> at 3-4).

**D.  Mr. Liguori Learned Confidential Information About Capt. Conley During the Course of His Representation of Her.**  During the course of his representation of Capt. Conley in these several disciplinary proceedings, Mr. Liguori learned confidential information about Capt. Conley of the type typically disclosed to a lawyer by his client when the client faces disciplinary charges.  (Conley Aff. ¶¶ 8-10, 19).  This confidential information related to her

disciplinary history with the DSP as well as the specific charges she faced at the time.  (Conley Aff. ¶ 8).  Capt. Conley was truthful and forthright with Mr. Liguori and conveyed as much information to him as she could to enable him to take informed steps and make informed tactical decisions relating to her defense of these charges.  (Conley Aff. ¶¶ 9-10).

**E.  Plaintiff Was A Trooper First Class at the Time of the Charges.**  At the time plaintiff was represented by Mr. Liguori, she was a Trooper First Class, working patrol in 1987.  (See Tab E).  Notably, despite the stale nature of the 15-20 year old discipline defendants have dredged up, plaintiff was still promoted to Corporal, then to Sergeant, then to Lieutenant, and then to Captain.  Nonetheless, and much to counsel's surprise at this late date, defendants nonetheless have chosen to make this stale discipline a central issue in their case by their extensive deposition questioning of plaintiff on these issues.

## Discussion

**A.  Standard of Review.**  "The party seeking disqualification must clearly show that continued representation would be impermissible."  Elonex I.P. Holdings, Ltd. v. Apple Computer, Inc., 142 F.Supp.2d 579, 581 (D.Del. 2001).  "[V]ague and unsupported allegations are not sufficient to meet this standard."  Integrated Health Services of Cliff Manor, Inc. v. THCI, Co. LLC, 327 B.R. 200, 204 (D.Del. 2005).  "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it."  U.S. v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised.  It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of the bar.

Kabi Pharmacia AB v. Alcon Surgical, Inc., 803 F.Supp. 957, 960 (D.Del. 1992) (quoting

Richardson v. Hamilton Int'l Corp., 469 F.2d 1382, 1385 (3d Cir. 1972)).

Although disqualification is not automatic, it "ordinarily is the result of a finding that a

disciplinary rule prohibits an attorney's appearance in a case." Miller, 624 F.2d at 1201. "If the

facts found by the district court establish that practitioners before it have acted in a way which

disqualifies them under the rules and established standards of professional conduct, it would

ordinarily be error for the court to fail to declare the disqualification." IBM Corp. v. Levin, 579

F.2d 271, 279 (3d Cir. 1978).

   **B. The Law.** "Pursuant to Local Rule 83.6(d)(2), the District of Delaware has adopted

the Model Rules of Professional Conduct." Elonex, 145 F.Supp.2d at 581; cf. In re Corn

Derivatives Antitrust Litig., 748 F.2d 157, 160-61 (3d Cir. 1984)(looking to the Model Rules

because they are "the current standards of ethical norms").

   Model Rule 1.9(a) states that -

> A lawyer who has formerly represented a client in a matter shall not thereafter represent
> another person in the same or a substantially related matter in which that person's
> interests are materially adverse to the interests of the former client unless the former
> client gives informed consent, confirmed in writing.

(emphasis added). "Matters are 'substantially related' for purposes of this Rule if they involve

the same transaction or legal dispute or if there otherwise is a substantial risk that confidential

factual information as would normally have been obtained in the prior representation would

materially advance the client's position in the subsequent matter." Rule 1.9, cmt. 3 (emphasis

added).

   As this Court has explained, in order to determine whether Rule 1.9 has been violated, it

must "undertake a painstaking analysis of the facts" and answer three questions.  Integrated, 327

B.R. at 206.

> 1) What is the nature and scope of the prior representation at issue,
>
> 2) What is the nature of the present lawsuit against the former client, and
>
> 3) In the course of the prior representation, might the client have disclosed to his attorney confidences which could be relevant to the present action and, in particular, could any such confidences be detrimental to the former client in the current litigation.

Id. at 206-207.

### C.  Rule 1.9 Has Been Violated.

**1.  The Nature and Scope of the Prior Representation.**  As discussed above, Mr. Liguori previously represented and defended Capt. Conley against numerous disciplinary charges that were leveled against her in and around 1987 when she was a Trooper First Class.

**2.  The Nature of the Present Lawsuit.**  Also as discussed above, even though this is a promotions case arising out of the year 2003, defendants have made plaintiff's disciplinary history from the 1980's a central issue in this case - including the specific disciplinary charges in which Mr. Liguori previously represented plaintiff.  Mr. Liguori represented and defended Capt. Conley in several of the very disciplinary proceedings defendants questioned plaintiff about at her deposition and which defendants have made into issues in our present case.  Thus, it is clear that this is "the same or a substantially related matter," Rule 1.9, and factually even is "the same transaction or legal dispute."  Rule 1.9, cmt. 3.  Thus, plaintiff has clearly met her burden.  See Integrated, 327 B.R. at 207 (the moving party has "the burden of proving that there is a substantial relationship" under Rule 1.9).

**3.  Whether Confidential Information was Disclosed That Could Be**

6

**Detrimental To Plaintiff in the Present Suit.** As part of this inquiry, "the court should not look to what information the attorney or law firm actually acquired from the former client but whether the attorney '*might* have acquired information related to the subject matter of his subsequent representation.'" Integrated, 327 B.R. at 208-209 (quoting Richardson, 469 F.2d at 1385) (emphasis in original). Thus, the Court should consider whether the attorney and former client would "have discussed the relevant facts ... or whether it would not have been unusual for the lawyer and client to have discussed the relevant facts." Id.

In our present case, Mr. Liguori was privy to innumerable confidential communications with Capt. Conley relating to the specific disciplinary charges at issue as well her prior disciplinary history with the Division. (Conley Aff. ¶ 8). But Mr. Liguori currently represents defendant Chaffinch in the present matter where defendants have made plaintiff's prior disciplinary history a direct issue in this case. As a result, there is a clear and "substantial risk" that Mr. Liguori will use his confidential factual knowledge about Capt. Conley to "materially advance" and aid in his defense of defendant Chaffinch. Rule 1.9, cmt. 3. Mr. Liguori is playing both sides of the fence - an action which is clearly prohibited by Rule 1.9. (See Conley Aff. ¶ 19).

Moreover, it is undisputed that defendant Chaffinch's interests are materially adverse to those of Capt. Conley. Mr. Liguori earlier advocated on Capt. Conley's behalf in order to dismiss the various disciplinary charges against her. But in the present case, now on behalf of defendant Chaffinch, Mr. Liguori seeks to tar Capt. Conley with those same charges as to which he once represented her. As revealed at Capt. Conley's deposition, one of the ways defendants intend to do this is by dredging up every little aspect of her disciplinary history with the Division

7

- including the matters in which she was previously represented by Mr. Liguori - matters defendants have already questioned her about.

Mr. Liguori is duty bound to use his confidential knowledge about his former client Capt. Conley from the prior representation to benefit his current client defendant Chaffinch in the current litigation. But contradictorily however, Mr. Liguori also is duty bound not to use his confidential knowledge about his former client Capt. Conley to help his present client defendant Chaffinch in the lawsuit between his former and current clients. Indeed, this is one of the very concerns that Rule 1.9 was designed to address - to prevent such an untenable situation from occurring.

Unfortunately since the defendants have already extensively questioned Capt. Conley about her prior disciplinary history at her deposition, a great deal of damage has already been done.

**D. Capt. Conley Has Made the Required Showing.** "A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services." Rule 1.9, cmt. 3. As this Court has explained,

> In determining whether a 'substantial relationship' exists, the court need not, nor should it, inquire into whether an attorney actually acquired confidential information during the prior representation related to the current representation. Rather, the court's primary concern is whether confidential information that might have been gained in the first representation may be used to the detriment of the former client in the subsequent action.

Integrated, 327 B.R. at 206.

8

Given that Mr. Liguori represented Capt. Conley in several of the very matters that defendants questioned her about at her deposition and have made a direct issue in this case, it is clear that Liguori possesses protected confidential information about Capt. Conley. In light of the very nature of the charges she faced, such confidential information would have been conveyed to Liguori as a matter of course during his numerous representations of Capt. Conley. (See Conley Aff. ¶ 8). But now Mr. Liguori seeks to use this confidential information to attack and injure Capt. Conley. This is exactly why "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited." Rule 1.9, cmt. 2.

## Conclusion

Because of Mr. Liguori's violation of Rule 1.9, Plaintiff respectfully submits that he should be disqualified from representing defendant Chaffinch in this matter and ordered to immediately terminate his representation of Chaffinch.

Additionally, in light of Mr. Liguori's representations to the Court during the teleconference on December 8th that he is working closely with counsel for the non-Chaffinch defendants and that they have pooled their defense resources, Plaintiff respectfully requests that the Court also order counsel for the non-Chaffinch defendants to disclose to the Court and to plaintiff's counsel any and all information revealed to them by Mr. Liguori related to his prior representation of Capt. Conley. Depending upon whether any such information is found to exist, further Court action may become necessary and disqualification of counsel for the non-Chaffinch defendants may subsequently be warranted.

Plaintiff waives an opening brief in support of this Motion.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: December 15, 2005          Attorneys for Plaintiff

## LOCAL RULE 7.1.1 STATEMENT

Counsel certifies that he contacted defense counsel to determine his position on this motion.  Defense counsel indicated that he believes that no conflict of interest exists and was unwilling to withdraw from his representation of defendant Chaffinch.

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ**.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **COLONEL L. AARON CHAFFINCH,** | :    **C.A.No.04-1394-GMS** |
| **individually and in his official capacity as the** | : |
| **Superintendent, Delaware State Police;** | : |
| **LIEUTENANT COLONEL THOMAS F.** | : |
| **MACLEISH, individually and in his official** | : |
| **capacity as the Deputy Superintendent,** | : |
| **Delaware State Police; DAVID B. MITCHELL,** | : |
| **individually and in his official capacity as** | : |
| **Secretary of the Department of Safety and** | : |
| **Homeland Security, State of Delaware; and** | : |
| **DIVISION OF STATE POLICE,** | : |
| **DEPARTMENT OF SAFETY AND** | : |
| **HOMELAND SECURITY, STATE OF** | : |
| **DELAWARE,** | : |
| | : |
| **Defendants.** | : |

**ORDER**

This _____ day of _____, 2005, it is hereby ORDERED

that James E. Liguori Esq. is hereby disqualified from representing defendant L. Aaron Chaffinch

in this matter and Mr. Liguori is ORDERED to immediately terminate his representation of

defendant Chaffinch.

Furthermore, it is hereby ORDERED that within seven days of the date of this Order,

counsel for the non-Chaffinch defendants in this case are to disclose and submit to the Court and

plaintiff's counsel any and all information revealed to them by Mr. Liguori related to his prior

representation of plaintiff.  If as a result of the disclosure of this information plaintiff believes

that further Court action is warranted, the Court will entertain such Motions if the need arises.

_____

**THE HONORABLE GREGORY M. SLEET, U.S.D.J.**

# Tab A

# CENSURES

**OFFICER:**     CONLEY, Barbara L.

**DATE**          **REMARKS**

01-24-84     CHARGE:     Section 19-A-2
             PENALTY:    4 hours w/option; opted to work

09-14-84     CHARGE:     Section 14
             PENALTY:    4 hours w/option; opted to work

01-24-85     CHARGE:     Failure to fill out property receipts
             PENALTY:    8 hours w/option; opted to work

04-08-85     CHARGE:     Violation of weight control program
             PENALTY:    40 hours w/option; **APPEALED: DISMISSED**

06-03-85     CHARGE:     Section 4
             PENALTY:    40 hours w/option; opted to work

12/26/87 -   CHARGE:     Section 5
01/13/88     PENALTY:    16 hours w/out pay; **APPEALED: SUSTAINED**

Unknown      CHARGE:     Section 14
             PENALTY:    40 hours w/out pay; **APPEALED: DISMISSED**

12-26-87     CHARGE:     Section 24
             PENALTY:    24 hours w/out pay; **APPEALED: DISMISSED**

11-22-89     CHARGE:     Section 22A
             PENALTY:    8 hours w/option; chose to be suspended without pay

12-06-90     CHARGE:     False report
             PENALTY:    Official reprimand

12-06-90     CHARGE:     Failure to be punctual
             PENALTY:    Official reprimand

09-16-92     CHARGE:     Failure to attend quarterly troop meeting
             PENALTY:    4 hours w/option; chose to be suspended without pay

05-11-95     CHARGE:     Violation of weight control program
             PENALTY:    40 hours w/option; chose to be suspended without pay

10-19-00     CHARGE:     Use of poor judgment in adherence to SOP
             PENALTY:    16 hours w/option; **APPEALED: SUSTAINED** - chose to be suspended w/out
                         pay

**CENSURES**

*Cowley depo.
ex. 3
12/7/05*

**OFFICER:**        CONLEY, Barbara L.

12-07-04            <u>Notification of Suspension</u>
                    Suspended with pay and benefits pending administrative investigation

# Tab B

*Conley depo. #6 12/7/05*

NAME OF MEMBER: __Barbara L Conley__

RANK: __TFC__                TROOP/UNIT: __5__

VIOLATION(S): __Section 14 Rules & Regs ( Removal of Divisional Records)__

DATE(S) OF VIOLATION(S): __Exact dates are ukn.__

RESUME OF VIOLATION(S): __On 01-26-88 it was learned that you had xeroed__
__copies of 22 different officers activity sheets for the year 1987 as well__
__as various patrol cards. Once xeroxed you removed these records from the troop__
__without prior authorization from the troop commander.__

PENALTY: __XX__ SUSPENSION OF __40__    __ SUSPENSION OF __ HOURS WITH
              HOURS WITHOUT PAY           OPTION TO WORK UNCOMPENSATED

                   *Sgt William A. Dudley Jr*   DATE __01-28-88__
                   SIGNATURE OF OFFICER RECOMMENDING PENALTY

                   *Capt William L Murphy*   DATE __1-28-88__
                   SIGNATURE OF HIGHEST REVIEWING OFFICER

APPROVED: _____   DATE __2/5/88__
        DEPUTY SUPERINTENDENT

PURSUANT TO THE POLICE BILL OF RIGHTS (11 DEL. C. CHAPTER 92) I HAVE THE
RIGHT TO HAVE THIS MATTER TRIED BY AN IMPARTIAL HEARING BOARD. BY
ACCEPTING THE SUMMARY PUNISHMENT, I ACKNOWLEDGE MY RIGHTS AND WAIVE THEM.

### RIGHT TO APPEAL

     I, __Barbara L. Conley__ , having been advised of my right to appeal,
to the Summary Punishment Review Board, do hereby:

__X__ APPEAL THE SUSPENSION        __ WAIVE MY RIGHT TO APPEAL

                 *Barbara L. Conley*   DATE __2-25-88__
                 SIGNATURE OF SUSPENDED OFFICER

### SUMMARY PUNISHMENT REVIEW BOARD

The Summary Punishment Review Board, after hearing the evidence in this
appeal, hereby renders its decision that the penalty above shall be:

__X__ DISMISSED     __ SUSTAINED        __ REDUCED TO OFFICIAL REPRIMAND

__ INCREASED TO SUSPENSION OF ____       __ DECREASED TO SUSPENSION OF ____
   DAY(S) WITHOUT OPTION TO WORK           DAY(S) WITHOUT PAY

__ INCREASED TO SUSPENSION OF ____       __ DECREASED TO SUSPENSION OF ____
   DAY(S) WITH OPTION TO WORK             DAY(S) WITH OPTION TO WORK

__ OTHER: _____

THE MAJORITY DECISION RENDERED ON __29 March 1988__ AS FOLLOWS:

*Maj Ronnie E. Drake*         *Maj E.F. Finley Jr.*
Major Ronnie E. Drake          Major Edmund F. Finley, Jr.

           *Capt M. Neal*
            Captain Michael E. Neal

### OPTION TO WORK UNCOMPENSATED

     I, _____ , having been given the opportunity to
work the assessed penalty time, without monetary compensation, hereby elect
as follows:

__ I elect to work the assessed        __ I elect to be suspended without
   penalty time without monetary         pay.
   compensation.

                           DATE
_____
         SIGNATURE OF SUSPENDED OFFICER

DATE(S) OF SUSPENSION WITHOUT PAY: _____

DATE(S) OF WORKED UNCOMPENSATED: _____
FORM NO. 317 Revised 12-1-85

D00448

# Tab C

NAME OF MEMBER: **Barbara L Conley**

RANK: __TFC__     TROOP/UNIT: __5__

VIOLATION(S): **Section 5** Divisional Rules & Regs(Neglect of Duty)

DATE(S) OF VIOLATION(S): __From 12-26-87 thru 01-13-88__

RESUME OF VIOLATION(S): On 12-26-87 you assisted in the invest of a Homicide in which you interviewed two eye witnesses. Your report stated that you wrote down the two names yet you told Sgt. Mitchell you could'nt do the supplement because you did'nt have the names.

PENALTY: __XX__ SUSPENSION OF __16__     __ __ SUSPENSION OF ____ HOURS WITH
HOURS WITHOUT PAY                                OPTION TO WORK UNCOMPENSATED

_Sgt William A Dudley_ DATE 01-28-88
SIGNATURE OF OFFICER RECOMMENDING PENALTY

_Capt Wilson Murray_ DATE 01-28-88
SIGNATURE OF HIGHEST REVIEWING OFFICER

APPROVED: _____ DATE _7/5/88_
DEPUTY SUPERINTENDENT

PURSUANT TO THE POLICE BILL OF RIGHTS (11 DEL. C. CHAPTER 92) I HAVE THE
RIGHT TO HAVE THIS MATTER TRIED BY AN IMPARTIAL HEARING BOARD. BY
ACCEPTING THE SUMMARY PUNISHMENT, I ACKNOWLEDGE MY RIGHTS AND WAIVE THEM.

### RIGHT TO APPEAL

I, _BARBARA L Conley_, having been advised of my right to appeal,
to the Summary Punishment Review Board, do hereby:

__X__ APPEAL THE SUSPENSION     __ __ WAIVE MY RIGHT TO APPEAL

_Barbara L. Conley_ DATE _2-25-88_
SIGNATURE OF SUSPENDED OFFICER

### SUMMARY PUNISHMENT REVIEW BOARD

The Summary Punishment Review Board, after hearing the evidence in this
appeal, hereby renders its decision that the penalty above shall be:

__ __ DISMISSED     __X__ SUSTAINED     __ __ REDUCED TO OFFICIAL REPRIMAND

__ __ INCREASED TO SUSPENSION OF ____     __ __ DECREASED TO SUSPENSION OF ____
DAY(S) WITHOUT OPTION TO WORK                   DAY(S) WITHOUT PAY

__ __ INCREASED TO SUSPENSION OF ____     __ __ DECREASED TO SUSPENSION OF ____
DAY(S) WITH OPTION TO WORK                      DAY(S) WITH OPTION TO WORK

__ __ OTHER: _____

THE MAJORITY DECISION RENDERED ON _29 March 1988_ AS FOLLOWS:

_Maj Ronnie E Drake_          _Maj. E F Finley_
Major Ronnie E. Drake          Major Edmond F. Finley, Jr.

_Capt M. Neal_
Captain Michael E. Neal

### OPTION TO WORK UNCOMPENSATED

I, _____, having been given the opportunity to
work the assessed penalty time, without monetary compensation, hereby elect
as follows:

__ __ I elect to work the assessed     __ __ I elect to be suspended without
penalty time without monetary              pay.
compensation.

D00449

_____ DATE _____
SIGNATURE OF SUSPENDED OFFICER

DATE(S) OF SUSPENSION WITHOUT PAY: _6/30/88_ & _7/1/88_

DATE(S) OF WORKED UNCOMPENSATED: _____
FORM NO. 317 Revised 12-1-85

# Tab D

NAME OF MEMBER: __Barbara L Conley__

RANK: __TFC__                    TROOP/UNIT: _____5_____

VIOLATION(S): __Section 24 of Rules & Reg ( Disobey a Verbal Order)__

DATE(S) OF VIOLATION(S): __December 26,1987__

RESUME OF VIOLATION(S): __On Dec 26,1987 you were told by Capt Murray that it__
__would be necessary for you to complete a supplement on the Homicide investigation__
__you were assisting on,however you advised that you don't recall that order and the__
__report was not completed until 01-13-88 after several requests.__

PENALTY: XX SUSPENSION OF __24__     __ SUSPENSION OF ____ HOURS WITH
         HOURS WITHOUT PAY              OPTION TO WORK UNCOMPENSATED

                    _Sgt William A Dudley Jr._ DATE _01-28-88_
                    SIGNATURE OF OFFICER RECOMMENDING PENALTY

                    _Capt William Murray_ DATE _2-28-88_
                    SIGNATURE OF HIGHEST REVIEWING OFFICER

APPROVED: _____ DATE _2/5/8_
          DEPUTY SUPERINTENDENT

PURSUANT TO THE POLICE BILL OF RIGHTS (11 DEL. C. CHAPTER 92) I HAVE THE
RIGHT TO HAVE THIS MATTER TRIED BY AN IMPARTIAL HEARING BOARD.  BY
ACCEPTING THE SUMMARY PUNISHMENT, I ACKNOWLEDGE MY RIGHTS AND WAIVE THEM.

### RIGHT TO APPEAL

I, _Barbara L. Conley_, having been advised of my right to appeal,
to the Summary Punishment Review Board, do hereby:

X APPEAL THE SUSPENSION           ___ WAIVE MY RIGHT TO APPEAL

                    _Barbara L. Conley_ DATE _2-25-88_
                    SIGNATURE OF SUSPENDED OFFICER

### SUMMARY PUNISHMENT REVIEW BOARD

The Summary Punishment Review Board, after hearing the evidence in this
appeal, hereby renders its decision that the penalty above shall be:

X DISMISSED       ___ SUSTAINED        ___ REDUCED TO OFFICIAL REPRIMAND

___ INCREASED TO SUSPENSION OF ____    ___ DECREASED TO SUSPENSION OF ____
    DAY(S) WITHOUT OPTION TO WORK          DAY(S) WITHOUT PAY

___ INCREASEDTO SUSPENSION OF ____     ___ DECREASED TO SUSPENSION OF ____
    DAY(S) WITH OPTION TO WORK             DAY(S) WITH OPTION TO WORK

___ OTHER: _____

THE MAJORITY DECISION RENDERED ON _29 March 1988_ AS FOLLOWS:

_Maj Ronnie E Drake_          _Maj. E.F.Finley,Jr._
Major Ronnie E Drake          Major Edmund F. Finley, Jr.
              _Capt M M Neal_
              Captain Michael E. Neal
              OPTION TO WORK UNCOMPENSATED

I, _____, having been given the opportunity to
work the assessed penalty time, without monetary compensation, hereby elect
as follows:

___ I elect to work the assessed        ___ I elect to be suspended without
    penalty time without monetary           pay.
    compensation.

                                                          D00447

                    _____ DATE ____
                    SIGNATURE OF SUSPENDED OFFICER

DATE(S) OF SUSPENSION WITHOUT PAY: _____

DATE(S) OF WORKED UNCOMPENSATED: _____
FORM NO. 317 Revised 12-1-85

# Tab E

—CONFIDENTIAL—
Attorney's Eyes Only



DELAWARE STATE POLICE
HEADQUARTERS
April 11, 1988

MEMORANDUM

TO:      TFC Barbara L. Conley
Troop 5

Captain Wilson J. Murray, Jr.
Troop Commander — Troop 5

FROM:     Major Ronnie E. Drake
Field Operations Officer — New Castle County

Major Edmund F. Finley, Jr.
Field Operations Officer — Kent County

Captain Michael E. Neal
Internal Affairs

SUBJECT:  Appeal from Summary Punishment

On Tuesday, March 29, 1988, at approximately 1136 hours in the Headquarters Executive Conference Room, a summary discipline review hearing was convened. The hearing was held because of an appeal by TFC Barbara Conley on three separate charges. The first violation being Section 24 of the Rules and Regulations, disobeying a verbal order. December 26, 1987, Captain Wilson J. Murray told TFC Barbara Conley that it would be necessary for her to complete a supplement report on a homicide investigation. The report was not completed until January 13, 1988, after several requests. The second violation was of Section 5 of the Divisional Rules and Regulations, neglect of duty. Between December 26, 1987, and January 13, 1988, TFC Barbara Conley could not complete a supplement homicide report because she did not have the names of two witnesses she interviewed. The third violation is of section 14, Rules and Regulations, the removal of divisional records. Sometime prior to January 26, 1988, TFC Barbara Conley photocopied 22 different officers' activity sheets for calendar year 1987 as well as various patrol cards and then removed these copies from the troop without prior authorization from the troop commander.

The summary discipline appeal board was comprised of Major Ronnie E. Drake, Major Edmund F. Finley, Jr. and Captain Michael E. Neal. Also present was Sergeant Charles Kilm of the Internal Affairs Office.

–CONFIDENTIAL–
Attorney's Eyes Only

TFC Barbara L. Conley
Page 2

TFC Barbara Conley was present and represented by James Liguori, Esq.

Mr. Liguori addressed several points of procedures which he felt violated the Policeman's Bill of Rights in the aforementioned charges brought against TFC Conley:

1. Evidence against TFC Conley was obtained without having first advised her in writing that an investigation was being conducted and the nature of it.

2. The convening of the appeal hearing had not taken place within the thirty-day time period as required in the Law Enforcement Officers' Bill of Rights.

3. No notification was made in writing to TFC Conley advising her of the date, time and location of the scheduled appeal hearing.

4. No written notice was given to TFC Conley at the time charges were placed advising her of the range of penalties which could be imposed.

The review board heard testimony from TFC Barbara Conley, Lieutenant William A. Dudley, Jr., Captain Wilson J. Murray, Jr., Sergeant Ralph J. Mitchell, Jr., Corporal Michael L. Warrington, and TFC Sherri L. Benson. At the conclusion of the hearing, the review board addressed each of the charges. The findings were as follows:

Adjudication of the violation of Section 24, Rules and Regulations, disobeying a verbal order on December 26, 1987.

The board feels that Captain Murray did in fact tell TFC Conley that it would be necessary to complete a supplement report as verified by TFC Benson's testimony. However, testimony from Sergeant Mitchell, Corporal Warrington, and TFC Conley establishes that ongoing verbal communications had taken place between TFC Conley, Sergeant Mitchell and Corporal Warrington. The essence of these conversations between December 30, 1987, and approximately January 11, 1988, was to fulfill TFC Conley's obligations in submitting the required supplement report. Furthermore, the supplement report was completed on January 13, 1988, and precedes all other dated supplement reports of the same investigation. Failure to comply at an earlier date resulted from not retaining the necessary information.

Therefore, the board unanimously finds TFC Conley not guilty of intentionally disobeying a verbal order and recommends no penalty be imposed.

Adjudication of the violation of Section 5, Divisional Rules and Regulations, neglect of duty, between December 26, 1987, and January 13, 1988.

–CONFIDENTIAL–
Attorney's Eyes Only

TFC Barbara L. Conley
Page 3

The board heard direct testimony from TFC Conley that she was the senior uniformed officer initially at the homicide scene. TFC Conley further testified that she had two eye witnesses in her custody, whom she interviewed. She wrote initial facts they related to her along with their names. After turning the witnesses over to Corporal Warrington and sometime between December 26, 1987, and the time she attempted to write a necessary supplement report, TFC Conley either threw away or lost the field notes she had taken. The loss of these notes not only caused an unnecessary time delay in completing her supplement report but may also create an undesirable situation when the criminal case comes to trial.

Therefore, the board unanimously finds TFC Barbara Conley guilty of neglecting her obligations to duty by discarding important and necessary police information. The board sustains Sergeant William Dudley and Captain Murray's recommendation of suspension of sixteen hours without pay.

Adjudication of violation Section 14, rules and Regulations, removal of divisional records sometime prior to January 26, 1988.

The board finds that the intent of Section 14 of the Rules and Regulations was to eliminate the loss of official police records on file at the various troops. The records in question were accessible to TFC Conley. She was examining the aforementioned records to dispute what she felt was unreasonable scrutinizing of her performance. She told Lieutenant Dudley that she would be getting together necessary information to defend what she felt was discriminatory treatment. Supervisors at Troop 5 were aware that TFC Conley was making copies of reports at earlier dates and did not object to this practice. None of the material was disseminated to unauthorized persons. Since TFC Conley did not remove any original copies of records or deprive authorized personnel the immediate accessibility to any of these records, the board recommends no penalty be imposed.

The review board addressed the four procedural points individually and the impact that they have on the one violation of Section 5, neglect of duty which was sustained by the appeal board.

1. No evidence was collected against TFC Conley and no investigation was undertaken by Lieutenant Dudley. The charges originated from the routine supervisory duties Lieutenant Dudley performs. This did not necessitate an investigation as such but merely performance of duties.

2. TFC Conley was charged with the violation of neglect of duty on February 25, 1988. Captain Neal conferred with both TFC Conley and her legal counsel, James Liguori, for scheduling. Since Mr. Liguori represented Corporal Larry Conley in other non-related appeals and Corporal

−CONFIDENTIAL−
Attorney's Eyes Only

TFC Barbara L. Conley
Page 4

Conley's appeal was scheduled for March 29, 1988, the scheduling of TFC Conley's appeal was amiable and convenient for Mr. Liguori.

3.    A departmental speed letter was sent to TFC Barbara Conley on March 4, 1988, by Captain Neal advising her of the notice of the appeal hearing. The memo further advised TFC Conley that the hearing was scheduled for Tuesday, March 29, 1988, immediately after Corporal Larry Conley's hearing at 0900 hours in the Headquarters Executive Conference Room. The memo was signed and dated by TFC Conley on March 7, 1988, confirming her acknowledgement.

4.    TFC Barbara Conley was presented with charges on February 25, 1988, by Lieutenant Dudley. Again, the charges gave a specific penalty which was to be imposed for the violation. The board feels this goes further in compliance with the Law Enforcement Officers' Bill of Rights in that it does not allow interpretation as to what the penalty may be; but, in fact, states the actual penalty. Furthermore, all officers are given a copy of the Division of State Police Rules and Regulations upon employment for which each officer is responsible. The Rules and Regulations clearly define the range of penalties from a written official reprimand to suspension from duty, without pay, for a period of not more than five days as that which may be imposed under summary punishment.

Major Ronnie E. Drake

Major Edmund E. Finley, Jr.

Captain Michael E. Neal

RED:ebs

# Tab F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** | : | **C.A.No.04-1394-GMS** |
| **individually and in his official capacity as the** | : | |
| **Superintendent, Delaware State Police;** | : | |
| **LIEUTENANT COLONEL THOMAS F.** | : | |
| **MACLEISH, individually and in his official** | : | |
| **capacity as the Deputy Superintendent,** | : | |
| **Delaware State Police; DAVID B. MITCHELL,** | : | |
| **individually and in his official capacity as** | : | |
| **Secretary of the Department of Safety and** | : | |
| **Homeland Security, State of Delaware; and** | : | |
| **DIVISION OF STATE POLICE,** | : | |
| **DEPARTMENT OF SAFETY AND** | : | |
| **HOMELAND SECURITY, STATE OF** | : | |
| **DELAWARE,** | : | |
| | : | |
| **Defendants.** | : | |

## UNSWORN DECLARATION OF BARBARA L. CONLEY,
## UNDER 28 U.S.C. § 1746

I, Barbara L. Conley, hereby depose and state as follows:

1.     I make this declaration on my own personal knowledge and I will testify hereto if called as a witness.

2.     I am a Captain in the Delaware State Police and am the plaintiff in the above titled action.  I have personal knowledge of the facts contained in this declaration and, if called as a witness, I am competent to testify as to those facts.

3.     I am represented in this case by The Neuberger Firm.

### Mr. Liguori's Earlier Representation of Me in
### Several Confidential Disciplinary Matters

4.      In approximately early 1988, I retained Mr. James Liguori, Esquire to represent

me in the defense of several departmental charges that were lodged against me at that time.  Mr.

Liguori represented me and became my attorney.

5.      Mr. Liguori defended and represented me in what I believe to have been at least

three separate charges that were leveled against me.

6.      Mr. Liguori also contemporaneously represented my husband Larry, who was a

Delaware State Trooper at the time.

6.      There is a confidential April 11, 1988 official DSP document in the record that is

bates-stamped at the bottom as P102-P105.  This document comes from my troop level personnel

file.  This exhibit is attached to the disqualification motion that my attorneys are filing on my

behalf.

7.      This official DSP document states and reaffirms several times that Mr. Liguori

represented me in the defense of several departmental charges that had been filed against me at

that time.

8.      As part of those representations, I consulted and met with Mr. Liguori.  During

these consultations, Mr. Liguori was made privy to numerous facts, feelings, beliefs and other

information relating to the disciplinary charges that I faced at the time as well as my history with

the Division.

9.      I conveyed this information to Mr. Liguori to enable him to take informed steps

and make informed tactical decisions relating to his defending me against the charges that I

faced.

10.      I conveyed this information to Mr. Liguori during the course of and for the purpose of procuring legal advice and obtaining legal representation.

11.      It was my understanding at the time that Mr. Liguori was required to keep all of the information I conveyed to him confidential and not use it to hurt me.

12.      I have never waived my right to confidentiality or my right to keep all of this information secret.

**Defendants Questioned Me About My Disciplinary History at My Deposition**

13.      I was deposed by defendants on December 7, 2005.

14.      At my deposition, I was asked extensive questions about my disciplinary history with the Delaware State Police.

15.      Defendants specifically questioned me about all of the matters that Mr. Liguori had previously represented me in.

16.      Additionally, numerous exhibits relating to my disciplinary history were marked at my deposition.  These include Conley deposition exhibits # 3, 6, 7 and 11.  I was questioned extensively about all of these exhibits.  Those four exhibits are attached to the disqualification motion that my attorneys are filing on my behalf.

17.       All four of these exhibits relate to the previous matters that Mr. Liguori represented me in.

18.       Looking at Conley deposition exhibit #3, Mr. Liguori represented me in the 6th, 7th, and 8th disciplinary charges listed  - specifically, the charges dated "12/26/87 - 01/13/88", "unknown" and "12-26-87".

3

19.    I do not want my old attorney who learned a great deal of confidential information about me to use that information against me in this case in which defendants have recently made an issue of my prior disciplinary history.

*Barbara L. Conley*

**BARBARA L. CONLEY**

I declare under penalty of perjury that the foregoing is true and correct.   Executed on December ___, 2005.

Conley / Pleadings / Declaration - Conley (Disqualification).final

4

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on December 15, 2005, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Ralph K. Durstein III, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

James E. Liguori, Esquire
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

Conley/ Pleadings / Motion to Disqualify Defense Counsel