

**M. JANE BRADY**
ATTORNEY GENERAL

# STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-4698 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

New Castle County - Civil Division

**PLEASE REPLY TO :**

December 27, 2005

Thomas S. Neuberger, Esquire  **BY E-MAIL AND U.S. MAIL**
Stephen J. Neuberger, Esquire
The Neuberger Firm, P.A.
2 East Seventh Street, Suite 302
Wilmington, DE 19801

*Re: Conley v. Chaffinch, et. al., C.A. No. 04-1394 GMS*

Dear Counsel:

   This letter is being e-filed with the Court to document the record as to the status of depositions of three witnesses noticed by Plaintiff on December 20, 2005 (D.I. 124) to be held on December 28, 2005. The notices were subsequently vacated on December 23, 2005 (D.I. 127). This response is necessary due to Plaintiff's statement on the "Notice of Vacating of Depositions" (D.I. 127) that "[t]hese depositions have been vacated in light of defendants' refusal to attend."

   As I believe you are well aware, Defendants have not "refused to attend" these or any depositions. As reflected in the enclosed documents, the depositions of three witnesses named by Defendants (Brown, Schwartzkopf and Fraley) were unilaterally noticed by Plaintiff on December 20 to be held at 10:00 a.m., 1:00 p.m. and 4:30 p.m., respectively, on December 28, 2005. No advance notice was given to the defendants' counsel or the witnesses. No courtesy phone call or email was sent to see if any of the parties concerned were even available on that date. Both Mr. Durstein and I were unavailable on December 28th, due to Mr. Durstein's out-of-state vacation and an arbitration in an unrelated matter on my schedule (an arbitration that had already been rescheduled once due to this case). As to the witnesses, we could only confirm that one (Brown) was available on December 28th on such short notice.

   Mr. Durstein immediately notified you of our unavailability in his email of December 20, 2005, the same day as your notice. In that email, he stated that, as anticipated at the office conference with the Court, we would agree to produce these witnesses after the first of the year, waiving the discovery cut-off for this purpose. There was no response. A follow up email issued

on December 21, 2005, with no response. Finally, on December 23, 2005, I sent an email reiterating the above and requesting that the depositions be vacated for December 28th, with assurances that the witnesses would be produced by Defendants for deposition in the new year. (Copies of the Notice and our 12/20 and 12/23 emails are attached hereto).

You then agreed to vacate the depositions, which you did. However, in light of the above facts, your statement in the Court record that "defendants' [have] refus[ed] to attend" the depositions is not true. Defendants' counsel (and at least one witness) simply had a conflict with the date you unilaterally chose, during the week between Christmas and New Year's Eve. Defendants have repeatedly agreed, and state again on the record, that you are entitled to these depositions per the agreements made at the conference with the Court. Defendants, counsel and the witnesses simply ask for reasonable notice of the same.

                                                          Very truly yours,

                                                          Stephani J. Ballard
                                                          Deputy Attorney General

cc:    Clerk of the Court (by e-filing to C.A. 04-1394)
        Ralph K. Durstein, Deputy Attorney General
        James E. Ligouri, Esquire

### Ballard Stephani (DOJ)

**From:** ded_nefreply@ded.uscourts.gov
**Sent:** Tuesday, December 20, 2005 3:02 PM
**To:** ded_ecf@ded.uscourts.gov
**Subject:** Activity in Case 1:04-cv-01394-GMS Conley v. Chaffinch, et al "Notice to Take Deposition"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from Neuberger, Stephen entered on 12/20/2005 at 3:01 PM EST and filed on 12/20/2005
**Case Name:**       Conley v. Chaffinch, et al
**Case Number:**     1:04-cv-1394
**Filer:**           Barbara L. Conley
**Document Number:** 124

**Docket Text:**
NOTICE to Take Deposition of Lt. Curt Brown; Rep. Peter Schwartzkopf; Pete Fraley on December 28, 2005 at 10:00 am; December 28, 2005 at 1:00 pm; December 28, 2005 at 4:30 pm; by Barbara L. Conley.(Neuberger, Stephen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=12/20/2005] [FileNumber=142533-0
] [05746a8c9c1f12bcdb3916f3afcf368e165b72002d10ecb3f8451d04a0d588479e7
25aa1342d01e048624c7a18c28261df774cffc52651a3a7338c2ca2250859]]

**1:04-cv-1394 Notice will be electronically mailed to:**

Stephani J. Ballard     stephani.ballard@state.de.us

Ralph K. Durstein , III    ralph.durstein@state.de.us, Jennifer.Mitchell@state.de.us

Richard G. Elliott , Jr    elliott@rlf.com,

James E. Liguori    jel_lmy@msn.com

Stephen J. Neuberger    SJN@NeubergerLaw.com, TSN@NeubergerLaw.com;

12/27/2005

## Ballard Stephani (DOJ)

**From:** Durstein III Ralph (DOJ)
**Sent:** Tuesday, December 20, 2005 7:37 PM
**To:** Thomas S. Neuberger, Esquire
**Cc:** Ballard Stephani (DOJ)
**Subject:** RE: Conley v. Chaffinch

Tom:

I don't think anyone at the conference with Judge Sleet contemplated trying to schedule 25 depositions before the end of the year in this case. I certainly did not. Neither Stephani nor myself is available for the depositions you have noticed for next Wednesday. I would expect that everybody concerned has holiday plans. These and other depositions will simply need to be scheduled for dates after the first of the year, as we anticipated at the office conference. It's just not realistic to notice depositions at this time of year, with no advance warning. I wish you had taken the time to check on our availability, or called or sent an e-mail to discuss this, before burdening the record with deposition notices. I'm confident that we could have worked it out amicably, as Judge Sleet counseled us to do, given the flexibility built into the discovery deadline.

The aim at the recent office conference was to get you detailed information on the potential witnesses we had identified and interviewed by the December 15 deadline. We accomplished that. You have that information. You can make an informed decision as to who you want to depose. We have over five months until trial. As I stressed at the office conference, none of these witnesses have any testimony to offer with respect to the motion for summary judgment we will be filing. You have already acknowledged that discovery as to Counts II and III is closed. Judge Sleet's review of the motion can proceed, without regard for any of this testimony. That is why we discussed extending the discovery deadline, to accomodate any depositions you need to take. We have no objection to that. You'll recall that Judge Sleet had no problem with extending the deadline for purposes of these depositions, and urged the parties to work together to achieve that. There is plenty of time to depose whoever you want, well before trial. Surely we can work together to find dates that are mutually convenient for ourselves and the witnesses. Why don't you have your folks call to work on potential dates?

I'm not at the office now, so I have to rely on memory, but I would agree that we have not been able to provide further information as to Boyce, Chandler, McKnatt, O'Day, Shockley, Vickers, and Workman. We have not been able to interview them. Of course, we reserve the right to call them as rebuttal witnesses, in the event your client [or another plaintiff witness] would implicate them in a way that cannot be foreseen now. Lt. Moses is our computer resource person, and could be needed as a witness to establish a foundation for exhibits. He has no knowledge of the facts at issue. Vernon Thomas is once again in State custody, and we have been unable to interview him. However, we have previously provided in graphic detail what we anticipate his testimony would be. We reserve the right to call him to testify. We previously provided discoverable information on Walls. I believe that you had previously identified Waggamon, Swiski, Downes, Ellingsworth, and McQueen as witnesses.

You have detailed information as to the discoverable facts known to Shamany, Schwartzkopf, Bailey, Zebley, Jones, and Willey. We interviewed Huttie yesterday and Warrington and Jester today in Georgetown. I will get you summaries of their anticipated testimony. You should assume that any one of them could testify on behalf of the defendants. Feel free to depose whoever you wish.

So you see, no one is trying to "sneak in" any witnesses. Consistent with our promise and Judge Sleet's Order, we have provided full disclosure as to the potential testimony of the witnesses we have been able to interview. I note that many of these names appear in the troop file materials, recently provided by your client. Others are in direct rebuttal to your client's claim that Colonel Chaffinch did not promote qualfied women. Each and every one of these persons is known to your client, who is in an excellent position to provide insight into their backgrounds and knowledge of facts pertinent to her claims. You have your discovery, as promised. You now have ample time, and our pledge of cooperation, to take as many depositions as you wish.

As a practical matter, you have, by belatedly raising an issue as to Mr. Ligouri's representation of Colonel Chaffinch, made it impossible to go forward with deposition scheduling. Surely a party should not be compelled to

go forward with discovery, when his lawyer's continued participation may be in doubt. I am hopeful that this issue can quickly be resolved. If Colonel Chaffinch is forced to retain new counsel, our trial date would be jeopardized, in that the bulk of discovery would have to be repeated, to the prejudice of my clients. We will continue to oppose any efforts to postpone trial from the scheduled date.

Ralph K. Durstein III

---

**From:** Thomas S. Neuberger, Esquire [mailto:TSN@NeubergerLaw.com]
**Sent:** Tue 12/20/2005 1:15 PM
**To:** Durstein III Ralph (DOJ)
**Cc:** Stephen J. Neuberger (work)
**Subject:** Conley v. Chaffinch

Re: Your belated witness identifications

Ralph,

I received your Second supplementation of your Rule 26 disclosures on December 15th, shortly before the December 31st discovery cut-off.

By way of background, there is a transcript of our recent conference with the court on your belated efforts to overwhelm me with witnesses who I could not depose before the discovery deadline, despite the fact that you had a year to previously identify them.

Instead of relying on the four witness you initially identified long ago, on Sept. 21st, just three months before discovery was to end, you identified 25 new witnesses. I followed up with immediate interrogatories to determine the substance of the facts known by those witnesses.

Your responses to the interrogatories on October 24th were plainly insufficient under the interrogatories and the Rules, as I pointed out in our conference with the court. You also at that time added another eight more fact witnesses to the earlier 25, bringing the grand total facing me on October 24th to 33.

As a result of the chambers conference, you were to let us know which of the 33 you were actually going to use as witnesses, who you were dropping, and provide fair notice of the substance of the facts you assert the witness knows. I then was to decide who to depose before the discovery cut-off on the 31st of December. Any extension of time of the discovery cut-off is unreasonable since our summary judgment briefs are due on January 17th, with trial preparation to follow.

Since you have not clearly identified which witness you are dropping, I have had to compare the Sept 21, Oct. 24 and Dec. 15th documents. So it appears to me that you have dropped the following witnesses.

Please immediately confirm this so I can decide not to depose them.

Cpl. Thad Boyce

Frank Chandler

Cpl. Rebecca McKnatt Gulledge

Lt. Bob Moses

Louis O'Day

Cpl. Tim Shockley

12/27/2005

## Ballard Stephani (DOJ)

| | |
|---|---|
| **From:** | Ballard Stephani (DOJ) |
| **Sent:** | Friday, December 23, 2005 11:23 AM |
| **To:** | 'Thomas S. Neuberger, Esquire'; 'Stephen J. Neuberger' |
| **Cc:** | Durstein III Ralph (DOJ); 'james liguori' |
| **Subject:** | Depositions noticed for 12/28 |

Counsel,
We have received no response to Mr. Durstein's email of 12/20 in which we informed you that neither of us were available for depositions on 12/28, nor to his follow up email of 12/21 proposing a limited stipulation to extend discovery in accordance with the court conference. In addition to our own unavailability, we have also checked with the 3 deponents and only one of them (Brown) would have been available (albeit inconvenienced) to appear on 12/28. Schwartzkopf is not available and we have been unable to reach Fraley.

As you know, Local Rule 30.1 provides that less than 5 days notice of deposition is not "reasonable notice" under Rule 30. By noticing the deposition for 12/28 on 12/20, you met the technical "bare minimum" of 5 (business) days, but I would submit that, given the Christmas holiday season and long planned out of town vacations that are typical of the week between Christmas and New Years (for example, Captain Dixon's situation) that the "bare minimum" is not reasonable in this case.

At 14 depositions to date, I note that Plaintiff has already exceeded the maximum allotment of 10 depositions allowed by Rule 30(a)(2)(A), however we agree to produce the 3 witnesses in the New Year for any dates that work for all parties. We also agreed at the court teleconference that you would have the opportunity to depose any other witnesses named by Defendants after the discovery cutoff if you wished to (transcript pp. 27-28). Accordingly, please advise if you will withdraw the notices of deposition for December 28th.

Stephani

12/27/2005

### Ballard Stephani (DOJ)

**From:** Thomas S. Neuberger, Esquire [TSN@NeubergerLaw.com]
**Sent:** Friday, December 23, 2005 1:29 PM
**To:** Stephen J. Neuberger; Ballard Stephani (DOJ)
**Cc:** james liguori; Durstein III Ralph (DOJ)
**Subject:** Re: Depositions noticed for 12/28

Stephanie,

Steve and I have been tied up in depositions. I expect Steve to be replying to Ralph's initial email shortly. The notices of these depositions is going to be vacated.

But for the record, your beginning to count the number of depositions in your third paragraph is in error conceptually. Since there is no history of abuse in this district, the district does not limit the number of depositons which can be taken. This issue is addressed at the Rule 16 scheduling conference and any limits are found in the scheduling order. Here there are none. Since you were not there you do not know that the fact that there were potentially dozens of witnesses in this case was specifically addressed.

Tom


*******************************************
Thomas S. Neuberger, Esquire
The Neuberger Firm
Attorneys And Counsellors At Law
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: TSN@NeubergerLaw.com




----- Original Message -----
**From:** Ballard Stephani (DOJ)
**To:** Thomas S. Neuberger, Esquire ; Stephen J. Neuberger
**Cc:** Durstein III Ralph (DOJ) ; james liguori
**Sent:** Friday, December 23, 2005 11:22 AM
**Subject:** Depositions noticed for 12/28

Counsel,
We have received no response to Mr. Durstein's email of 12/20 in which we informed you that neither of us were available for depositions on 12/28, nor to his follow up email of 12/21 proposing a limited stipulation to extend discovery in accordance with the court conference. In addition to our own unavailability, we have also checked with the 3 deponents and only one of them (Brown) would have been available (albeit inconvenienced) to appear on 12/28. Schwartzkopf is not available and we have been unable to reach Fraley.

As you know, Local Rule 30.1 provides that less than 5 days notice of deposition is not "reasonable notice" under Rule 30. By noticing the deposition for 12/28 on 12/20, you met the technical "bare minimum" of 5 (business) days, but I would submit that, given the Christmas holiday season and long planned out of town