# THE NEUBERGER FIRM
### ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE

PHONE: (302) 655-0582
FAX: (302) 655-9329

December 29, 2005

**VIA E-Mail and U.S. Mail**

Stephani J. Ballard, Esq.
Ralph K. Durstein, III, Esq.
Department of Justice
Carvel State Office Bldg.
820 N. French Street
Wilmington, DE 19801

**RE:     Conley v. Chaffinch, et al., Civil Action No. 04-1394-GMS**

Dear Counsel,

In docket item 129 you unnecessarily cluttered up the court docket with a letter with various attachments.

The rule of completeness requires that I include the attached documents in the record in response to your letter.

Suffice it to say, that the record is the opposite of your description.

Very truly yours,

*[signature: Thomas S. Neuberger]*

Thomas S. Neuberger

TSN;jr
Enclosures

cc:     Clerk, U.S. District Court (by E-filing to C.A. #04-1394)
        James E. Liguori, Esq.
        Client

Conley Employment / letters / Ballard.1

## Thomas S. Neuberger, Esquire

**From:** "Thomas S. Neuberger, Esquire" <TSN@NeubergerLaw.com>
**To:** "Ralph Durstein, Esq." <Ralph.Durstein@state.de.us>
**Cc:** "Stephen J. Neuberger (work)" <SJN@neubergerlaw.com>
**Sent:** Tuesday, December 20, 2005 1:15 PM
**Subject:** Conley v. Chaffinch

Re: Your belated witness identifications

Ralph,

I received your Second supplementation of your Rule 26 disclosures on December 15th, shortly before the December 31st discovery cut-off.

By way of background, there is a transcript of our recent conference with the court on your belated efforts to overwhelm me with witnesses who I could not depose before the discovery deadline, despite the fact that you had a year to previously identify them.

Instead of relying on the four witness you initially identified long ago, on Sept. 21st, just three months before discovery was to end, you identified 25 new witnesses. I followed up with immediate interrogatories to determine the substance of the facts known by those witnesses.

Your responses to the interrogatories on October 24th were plainly insufficient under the interrogatories and the Rules, as I pointed out in our conference with the court. You also at that time added another eight more fact witnesses to the earlier 25, bringing the grand total facing me on October 24th to 33.

As a result of the chambers conference, you were to let us know which of the 33 you were actually going to use as witnesses, who you were dropping, and provide fair notice of the substance of the facts you assert the witness knows. I then was to decide who to depose before the discovery cut-off on the 31st of December. Any extension of time of the discovery cut-off is unreasonable since our summary judgment briefs are due on January 17th, with trial preparation to follow.

Since you have not clearly identified which witness you are dropping, I have had to compare the Sept 21, Oct. 24 and Dec. 15th documents. So it appears to me that you have dropped the following witnesses.

Please immediately confirm this so I can decide not to depose them.

Cpl. Thad Boyce

Frank Chandler

Cpl. Rebecca McKnatt Gulledge

Lt. Bob Moses

Louis O'Day

Cpl. Tim Shockley

Vernon Thomas

Charlie Vickers

Robert Walls

Cpl. Rodney Workman

William Waggamon

Paul Swiski

Allan Ellingsworth

Capt. Harry Downes

Capt. Nate McQueen

The total here is 15 of your 33 previously identified witnesses. So that leaves me 18 who I have to decide whether to depose by December 31st, seven work days from now.

But as you know, I have depositions already scheduled on December 21st (two in this case) and on December 22nd (two in the Foraker and Warren cases) and Jim Liguori is deposing Capt. Glen Dixon on Dec. 29th, in this case. So that only leaves me four work days to do these 18 witnesses, which is a practical impossibility for 18 witnesses.

We also know that with the two holidays, vacation and other schedules prevent witness availability and court reporter availability. My own availability is also limited with end of the year business and tax planning for my law firm. But I can try to take the deposition of three of these 18 witnesses.

Let me know immediately whether you will produce the following for a deposition in my office on Wednesday December 28th -

Lt. Curt Brown - 10 am

Peter Schwartzkopf - 1 pm

Pete Fraley - 4:30 pm

I am today noticing their depositions on the record.

Then amazingly, I also note that you on December 15th attempted to throw another nine entirely new witnesses into the case. I must object to this as untimely under the discovery scheduling order and your obligations under Rule 26. All these witnesses were in your purview during the last year. Instead, you decided to withhold them while I was facing another 33 to depose.

So at this late date with only five work days available and two holidays facing us at the end of the year, you present me with 18 and another 9 witnesses to depose.

Obviously I cannot depose 27 witnesses by December 31st. The rules do not permit such abuse of the Rule 26 process. Accordingly I will object to any attempted use of the following nine new witnesses you are attempting to sneak in at this late date.

Capt. Betsy Shamany

Rep. Peter Schwartzkopf

Lt. Alice Bailey

Sgt. Melissa Zebley

Sgt. Susan Jones

Sgt. Roger Willey

William Dudley

Mike Warrington

Joe Huttie

Additionally, I object to Debbie Jester who was previously identified but for whom you have not provided a timely statement of facts known to her, as you were obligated to do by December 15th.

Tom N.

cc: client


*****************************************
Thomas S. Neuberger, Esquire
The Neuberger Firm
Attorneys And Counsellors At Law
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: TSN@NeubergerLaw.com

-----Original Message-----
From: Stephen J. Neuberger [

1. mailto:SJN@NeubergerLaw.com]
Sent: Fri 12/23/2005 2:17 PM
To: Durstein III Ralph (DOJ)
Cc: Thomas S. Neuberger
Subject: Re: Conley v. Chaffinch

Ralph,

Following up on your e-mail from earlier this week.

1. We do not agree to extend the discovery deadline, ever, at the chambers conference or otherwise. Nor do we agree to do so now. The discovery period was nearly one year long - which is more than enough time to conduct discovery. Had defendants been acting in good faith in identifying their witnesses, plaintiff would have had abundant time to take the depositions of all the witnesses who were identified in a timely fashion. Additionally, due to the various internal affairs investigations which you and your office participated in, you presumably already knew or reasonably should have known much of the information that you have belatedly identified.

Now is the time for complex briefing as well as complex trial preparation for 2 weeks of trial in the near future, as well as three consecutive weeks of trial in related DSP cases against the same defendants.

The court also has a complex pretrial process which we have to fulfill - which also takes time.

You seem to think this is Superior Court and scheduling orders are meaningless. This is the federal system. Deadlines are meaningful. We work within the schedules set by the rules - which allows the parties to secure the speed, just and inexpensive determination of every action. Our federal court does not operate under a system of trial by ambush.

We also have our other case obligations and deadlines - all of which have been set in reliance on the scheduling order that was imposed earlier this year.

You obviously waited until the end of the discovery period to sandbag us so this would affect our trial preparation time and time in other cases. The rules do not permit this. Scheduling orders allow attorneys to manage their work flow.

2. As Tom noted in his earlier e-mail to Stephani, I will vacate the three depositions scheduled for next week in light of your refusal both (1) to attend, and (2) to produce your own witnesses. It is now plaintiff's position that these witnesses cannot be used by you since you refused to attend their depositions or cooperate in scheduling them. Obviously Rep. Schwartzkopf will be unavailable for any later deposition due to his legislative duties through June.

3. Certainly discovery on Counts II and III is not closed. For example, we just took Tupman's deposition Wednesday. You misrepresent the record given the changed discovery landscape in light of your voluminous witness amendments and other written submissions to the Court and counsel.

4. Your claim that we do not need this info to brief summary judgment is wrong. On count I if we had the depositions we would be able to state that none of your purported witnesses will say under oath what you claim and use this as a substantive contradiction under Fuentes. But your lack of cooperation has materially prevented this.

5. You are even evasive on the question of the 15 persons I asked you to state unequivocally are no longer in the case. Instead, you say you have no further information. Are each of these 15 in or out? It appears you are saying Boyce, Chandler, McKnatt, O'Day, Shockley, Vickers and Workman are not your witnesses. Is that so?

You are getting close to approximately 45 newly identified witnesses, beyond the four you originally identified back in April. This is getting ridiculous.

You also say Moses is not a fact witness but only can authenticate exhibits.

It is not enough to say you will call prisoner Thomas, provide his affidavit so I can cross examine him on it. It does not appear that you have even spoken to him to determine that he stands by your false claim. This appears to be a rule 11 violation. Anything else is hearsay.

I stand corrected on Walls.

The remaining 5 are not my witnesses. If you would speak with Ballard you would know this. At her request that happened. If they are your witnesses, tell me now and give the information which was due on Dec. 15th by the next work day.

6. I do not recede from all objections to the 9 new witnesses you wish to add to the mix.

7. Your claim that Liguori would have to attend all of this depositions is frivolous and just an obstructive excuse. You know that he has stated on the record the opposite and that he has attended none but Capt. Conley and Chaffinch.

-Steve

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Stephen J. Neuberger, Esq.
The Neuberger Firm
Attorneys and Counsellors at Law
Two East Seventh Street, Suite 302
Wilmington, DE 19801-3707
Phone: 302-655-0582
Fax: 302-655-9329
E-Mail: SJN@NeubergerLaw.com

-----Original Message-----
**From:** Thomas Stephen Neuberger, Esquire [mailto:TSN@NeubergerLaw.com]
**Sent:** Saturday, December 24, 2005 10:24 PM
**To:** Durstein III Ralph (DOJ); Stephen J. Neuberger
**Cc:** Ballard Stephani (DOJ)
**Subject:** Re: Conley v. Chaffinch

1. Ralph,

I see that Steve was able to send out my drafted response to your earlier email under his signiture.

We stand on the record. Your dispute is with me, not Steve. Your misstating the record and your intentions does not change the facts or your sandbagging tactics. The pretrial conference will resolve any outstanding issues which arise from your abuse of the discovery process. For now we will proceed to summary judgment briefing as the scheduling order provides.

Concerning Waggamon, Swiski, Downes, Ellingsworth, and McQueen, I see you now indicate that they are fact witnesses who you choose to use, contrary to the reasonable inferences from your prior communications. At least you have now taken a position on them and indicated the tenor of any possible testimony from them. The record in this respect is now clear.

At least by not giving me any contrary indication or purported testimony, you have now indicated that Boyce, Chandler, McKnatt, O'Day, Shockley, Vickers and Workman are not your witnesses. I will rely on this fact and act accordingly.

Tom

cc: client

*****************************************************

Thomas S. Neuberger, Esquire
The Neuberger Firm
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582; Fax: (302) 655-9329
EMail: **TSN@NeubergerLaw.com**
**www.NeubergerLaw.com**

## Thomas S. Neuberger, Esquire

| | |
|---|---|
| **From:** | "Thomas S. Neuberger, Esquire" <TSN@NeubergerLaw.com> |
| **To:** | "Stephani Ballard, Esq." <Stephani.Ballard@state.de.us>; "Ralph Durstein, Esq." <Ralph.Durstein@state.de.us> |
| **Cc:** | "Joseph Robert" <josephrobert@neubergerlaw.com>; "Stephen J. Neuberger (work)" <SJN@neubergerlaw.com> |
| **Sent:** | Wednesday, December 28, 2005 5:00 PM |
| **Subject:** | Conley v. Chaffinch |

Stephanie and Ralph,

This is a response to Stephanie's email of Dec. 27th at 11:08 am.

1. Since my email to Ralph at 10:23 pm on December 24th is not mentioned, I incorporate my statements therein by reference into this email.

2. Thank you for confirming that the 6 persons named in Stephanie's email of the 27th are not your witnesses in this case. I will act accordingly.

I now understand that you still reserve O'Day and accept your indication of inadvertence.

3. As I indicated, we will address in the pretrial the issues of your sandbagging. It is inaccurate to claim that without prejudice I now can effectively depose any of the effectively 45 new witnesses you identified very, very late in the discovery schedule.

All you have to do is review the scheduling order and its deadlines to see that there is no time for such extensive discovery.

January 17, 2006 - both our summary judgment briefs are due. The next two weeks are for brief preparation.

January 31, the Answering briefs are due.

Feb. 7th the Reply brief are due.

March 20th, our draft of the elaborate pretrial order is due to be delivered to you, in a case with three counts to try. And you must then work with us during the next 30 days to finalize the complex set of documents required by the polices of this district court.

So no time from Feb. 7th through April 19th is available. That is when the court is to receive the pretrial papers, jury prayers, etc.

I also note that there are two other companion cases against Chaffinch and the Division also moving to back to back trials in this time frame before the same court.

Jan. 23 - summary judgment briefs for both cases are due.

Feb. 6th - Answering briefs are due.

Feb. 13th - Reply briefs are due.

Feb. 20th - both sets of pretrial papers are due the Division's lawyers.

12/28/2005

March 21st - We are to conclude the pretrial drafting process for each case and also file final papers with the court.

April 19th to May 14th - Here I only have less than one month to prepare for three back to back trials. First 6 days in the Price case. Then the next day 5 days in the Foraker case. Then 10 days back to back in the Conley case.

So, as is quite clear, there is no time to explore your lengthy newly discovered witness list.

You should have provided those witnesses in early 2006 but you choose not to do so. Now you will be held to the scheduling deadlines, otherwise my client is prejudiced by my taking valuable trial preparation time and devoting it to discovery. The scheduling order which we all agreed to does not permit you to seek this advantage.

4. With reference to your new claim that many of these persons are actually my witnesses, the record is otherwise.

First, you should remember that when the case began we had to fend off your efforts to have us sanctioned last Christmas. The court's opinion speaks for itself in that regard. Suffice it to say that it was your office which choose to escalate this case. That was unfortunate, but I will not stand by and allow your offices' tactics to prejudice my client, nor will I allow you to an unchallenged playing field or to misrepresent the record.

When discovery began, the Division had just conducted an extensive investigation of Chaffinch's serial misbehavior. If the press is to be believed he then was disciplined for over a dozen violations.

The witnesses I originally identified were thought to be found in the universe of those interviewed by IA in its investigation.

But then upon taking only a few depositions I learned that I did not need to pursue these persons since I had gathered efficiently more than enough evidence to present my case effectively.

They were never my witnesses, they are the state's employees or retirees, hostile witnesses by nature.

Nor could I even speak with witnesses who were your current managers, so only by deposition could I learn what they knew.

Then, you asked me to abandon their use and I did so immediately.

You never served me with interrogatories about anyone on my initial rule 26 disclosure list. So you cannot claim any harm there. If asked, I certainly could have abandoned them earlier or tried to answer an interrogatory.

Your conduct was just the opposite. You identified only 4 witnesses and I relied on that fact. Then you sandbagged us. I immediately served interrogatories which you evasively answered. And so now you want me to take discovery when convenient to you but when it is prejudicial to my client.

Then when I called your bluff on your massive witness list and noticed three of them to test the waters within the discovery deadline, you refused to attend. I would have gotten the witnesses here today by subpoena. But you refused to attend.

That is the real record.

Tom N.

cc: client

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Thomas S. Neuberger, Esquire

12/28/2005

The Neuberger Firm
Attorneys And Counsellors At Law
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: TSN@NeubergerLaw.com