IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as the Superintendent, Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as the Deputy Superintendent, Delaware State Police; **DAVID B. MITCHELL,** individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : : : : : : : : : : : : | C.A.No.04-1394-GMS |
| **Defendants.** | : | |

### DEFENDANT COLONEL L. AARON CHAFFINCH'S RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR VIOLATION OF MODEL RULE OF PROFESSIONAL CONDUCT 1.9

Defendant, Colonel L. Aaron Chaffinch, by and through his attorney James E. Liguori, Esquire hereby responds to Plaintiff's Motion in the following manner:

On June 6, 2005, James E. Liguori became aware, through a conversation with the Plaintiff's attorneys, in their office, that James E. Liguori, approximately (18) eighteen years earlier, had represented the Plaintiff in minor administrative departmental disciplinary matters. This information was shared with James E. Liguori

from Thomas Neuberger, personally, who also said at that same time "she (Plaintiff) didn't have a problem with me".

From that conversation in Mr. Neuberger's office counsel retired to Neuberger's conference room to complete the Defendant Chaffinch's deposition.

Eighteen years ago, James E. Liguori was a partner at Hudson, Jones, Jaywork, Williams and Liguori. Six years ago James E. Liguori left and formed Liguori, Morris & Yiengst. James E. Liguori had no recollection of having represented Plaintiff. When James E. Liguori was appointed attorney for Chaffinch a conflict check done at Liguori, Morris & Yiengst obviously did not indicate any potential conflict. Plaintiff's file did not follow James E. Liguori to his new firm and to date James E. Liguori has no contemperous memory of the representation, what was discussed, the file, or even the outcome of the representation until the Plaintiff supplied Defendant, <u>from her own personal personnel file</u> (emphasis added), the history of the disciplinary matter.

Defendant Chaffinch respectfully submits that the timing of Plaintiff's motion is disingenuous and transparent.

Plaintiff comes to this court now with "unclean hands" intending to wreck havoc on a matter they sat on for approximately nine months. <u>INA Underwriters Ins. Co. v. Nalibotsky</u>, 594 F. Supp. 1199 (E.D. Pa 1984), <u>Redd v. Shell Oil Co.</u> 518 F. 2d 311 (10th Cir. 1975).

Plaintiff now would ask this court to undue nine months of pre-trial deadlines and coordinated defense tactics so new counsel arguably could start at the beginning in his/her approach to a zealous defense of Chaffinch.

Plaintiff's motion, if granted would allow Plaintiff to obtain a tactical advantage and result in unfair prejudice to Chaffinch. <u>Arkansas v. Dean Foods Products Co.</u> 605 F. 2d 380 (8th Cir 1979); <u>Kramer v. Scientific Control Corp</u> 534 F. 2d 1085 (3rd Cir 1976).

Defendant submits that this issue presented is not new to the court and has been addressed by other Courts in a prudent, disciplined fashion. Cf. <u>Cohen v. Oanin</u> 844 F. Supp.1065, 1067 (E.D.T.a. 1994); <u>Central Milk Producers Cooperative vs. Century Food Sources, Inc.,</u> 573 F.2d 988, 992 (8cir.1978); <u>Commonwealth Insurance Company v. Graphix Hot Line, Inc.</u> 808 F. Supp.1200, 1208 (E.D.Pa 1992). Defendant also asks this Honorable Court to compare its July 18, 2005 decision in <u>Integrated Health Services of, Cliff Manor, INC., et al., v. THCI, Company LLC</u> 327 B.R. 200.

Again, the timing of Plaintiff's motion is contrary to the orderly administration of justice. The Defendant submits that the nature of the case at bar, a promotion case, would obviously have to include job performance evaluation. The Plaintiff obviously was aware her performance throughout her career would be fertile ground to explore.

Using the "painstaking analysis of facts" test from <u>Integrated</u> this court could properly conclude that Plaintiff has not shown the necessity to have James E. Liguori disqualified under their factual pattern herein without the Court even having to address the <u>Nalibotsky</u> et. seq. rationale.

Defendant respectfully argues Plaintiff waived any potential conflict by her informed consent, after consulting with her counsel and communicated to James E. Liguori on June 6, 2005 personally by Mr. Neuberger. Cf. <u>Employers Ins. Of WAUSAU v. SEENO Construction Co.</u> 692 F. Supp. 1150 (N.D. Ca. 1988); <u>REDD</u> Supra.

At no time has James E. Liguori revealed any confidential information to his client or other defendants and their counsel from the previous eighteen year old representation of Plaintiff.

Defendant Chaffinch is prepared, if necessary, to not refer to the disciplinary issues involving James E. Liguori's representation of the Plaintiff.

The orderly administration of justice, judicial economy and the Court's inherent authority to preserve every litigants right to a fair trial will not be violated when this Honorable Court denies Plaintiff's motion.

Wherefore, Plaintiff's motion should be denied.

Respectfully submitted,

**LIGUORI, MORRIS & YIENGST**

/s/ James E. Liguori
**JAMES E. LIGUORI, ESQ. #415**
46 The Green
Dover, DE 19901
(302) 678-9900

Attorney for Defendant Colonel L. Aaron Chaffinch

DATED: December 30, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| **Plaintiff,** | : | |
| v. | : | |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as the Superintendent, Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as the Deputy Superintendent, Delaware State Police; **DAVID B. MITCHELL,** individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : | C.A.No.04-1394-GMS |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, James E. Liguori, Esquire, do hereby certify that on December 30, 2005, I personally directed an employee of Liguori, Morris and Yiengst to mail via United States mail postage prepaid the foregoing Defendant Colonel L. Aaron Chaffinch's response to Plaintiff's Motion to Disqualify Counsel for Violation of Model Rule of Professional Conduct 1.9:

    Thomas S. Neuberger, Esquire
    Stephen J. Neuberger, Esquire
    Two East Seventh Street, Suite 302
    Wilmington, DE 19801

Ralph K. Durstein, III, Esquire
Stephani Ballard, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

                                        **/s/ James E. Liguori**
                                        **JAMES E. LIGUORI, ESQUIRE**

DATED: December 30, 2005