IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| STATE OF DELAWARE, ) | |
| DIVISION OF STATE POLICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**APPENDIX TO RESPONSE OF DEFENDANTS DELAWARE STATE POLICE, MACLEISH, AND MITCHELL IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish,
  Mitchell and Division of State Police

DATED: January 6, 2006

## TABLE OF CONTENTS

Affidavit of Stephani J. Ballard ................................................................................... B00001

Affidavit of Ralph K. Durstein ................................................................................... B00004

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 04-1394-GMS |
| | : |
| COLONEL L. AARON CHAFFINCH, | : |
| Individually and in his official capacity as the | : |
| Superintendent, Delaware State Police; et al. | : |
| | : |
| Defendants, | : |

### AFFIDAVIT OF STEPHANI J. BALLARD, ESQUIRE

1.   I am a Deputy Attorney General employed by the State of Delaware, Department of Justice. I have been a member of the Bar of this Court for approximately nine years and am currently representing the Delaware State Police and Defendants Mitchell and MacLeish in this litigation.

2.   On December 15, 2005, counsel for Plaintiff filed a Motion to Disqualify Counsel for Defendant Chaffinch, James E. Ligouri, Esquire. Plaintiff alleges that Ligouri has a fatal conflict of interest due to his prior representation of Plaintiff in a summary discipline appeal in 1988. Ligouri represents that the conflict, if any, was waived by Plaintiff when the matter was disclosed and discussed with Plaintiff's counsel on June 6, 2005. I was not a party to that conversation nor aware of it until December 13, 2005, at which time Mr. Ligouri forwarded me a copy of an email he sent to Stephen J. Neuberger discussing the waiver.

3.   In Plaintiff's December 15, 2005 motion, her counsel states the following: "Plaintiff respectfully requests that the Court also order counsel for the non-Chaffinch defendants to disclose to the Court and to plaintiff's counsel any and all information revealed to them by Mr. Ligouri related to his prior representation of Capt. Conley. Depending upon whether any such information is found to exist, further Court action may become necessary and disqualification of counsel for the non-Chaffinch defendants may subsequently be warranted." (Motion, D.I. 120 at p. 9).

4.  In response to this, I can represent to the Court that Mr. Ligouri has revealed no information whatsoever to me related to his prior representation of Captain Conley. I have had many conversations with Mr. Ligouri, and several meetings with him and his client since the spring of 2005, and at no time has the issue of his prior representation of Captain Conley ever come up in discussion, let alone any details about that representation.

5.  I had no other knowledge that Mr. Ligouri had ever represented Captain Conley. Counsel for Captain Conley has never alerted counsel for the State Defendants about this issue until the Motion to Disqualify filed on December 15, 2005.

6. I first learned of the 1988 representation from seeing Mr. Ligouri's name on a document in Captain Conley's "troop file", sometime after Dec. 2, 2005, when a copy of the file was hand-delivered to me by Plaintiff's counsel prior to the deposition of R.L. Hughes on December 2, 2005.

7.  On December 5, 2005, I recall having a meeting with Mr. Ligouri and his client to discuss discovery issues in general. This meeting had been scheduled prior to my receipt of the troop file. Mr. Durstein was also at the meeting. At that meeting I asked Mr. Ligouri if he knew his name appeared in a memo in Captain Conley's troop file, stating that he represented her in a 1988 summary discipline review hearing. Ligouri stated he had no recollection of the hearing. Ligouri asked to review the document in the troop file. After reviewing it, he stated he still had no recollection of the hearing itself, other than to note that he was apparently at the hearing because the document said so.

8.  On December 7, 2005 Captain Conley's deposition was taken and I was present. My co-counsel, Mr. Durstein, questioned Captain Conley on a variety of documents from her personnel file, including specifically the pages set forth at Tabs B, C, and D in Plaintiff's Motion. At no time, either on or off the record, did Plaintiff or her counsel mention or raise any issue as to Mr. Ligouri's prior representation of Captain Conley in that disciplinary matter. Mr. Ligouri was present throughout the deposition.

9.  I heard nothing further from any party on this issue until Plaintiff's motion to disqualify was filed on December 15, 2005.

10.  Plaintiff's Motion at page 2, ¶ B, states that Tab A is "a 20 year survey and chart *created by defendants* outlining plaintiff's summary discipline history with the

DSP." (emphasis added). To correct the record for the Court, I can attest that this document was not "created" by Defendants for this case, but is an official Delaware State Police Document that is maintained in every trooper's personnel file and lists all formal discipline, both summary and disputed charged offenses. This document was produced by State Defendants in discovery as part of Plaintiff's official personnel file.

BE IT REMEMBERED that on this __6__ day of __January__, ~~2005~~ 2006 personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, **STEPHANI J. BALLARD**, who, being by me duly sworn according to law did depose and say that the foregoing statement is correct to the best of her knowledge, information and belief.

_____
STEPHANI J. BALLARD

SWORN TO AND SUBSCRIBED before me on this 6th day of January, ~~2005~~ 2006.

_____, DAG
Notary Public

pursuant to 29 Del.C. §2508(a)

B00003

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 04-1394-GMS |
| : | |
| COLONEL L. AARON CHAFFINCH, : | |
| Individually and in his official capacity as the : | |
| Superintendent, Delaware State Police; et al. : | |
| : | |
| Defendants, : | |

### AFFIDAVIT OF RALPH K. DURSTEIN, ESQUIRE

1. I am a Deputy Attorney General employed by the State of Delaware, Department of Justice. I have been a member of the Bar of this Court for approximately twenty-eight years and am currently representing the Delaware State Police, Secretary Mitchell, and Colonel MacLeish in this litigation.

2. On December 15, 2005, the Plaintiff lawyers filed a motion seeking to disqualify James E. Ligouri, Esquire as counsel for L. Aaron Chaffinch, based on an alleged conflict of interest, based on his prior representation of Plaintiff in a summary disciplinary matter in 1988. In their Motion, the plaintiff lawyers ask the Court to order defense counsel to "...disclose to the Court and to plaintiff's counsel any and all information revealed to them by Mr. Ligouri related to his prior representation of Capt. Conley", suggesting that disqualification of counsel "may become necessary" if such information is found to exist. (Motion, D.I. 120 at 9)

3. To the extent that this argument requires any response, I can represent to the Court that Mr. Ligouri has shared no confidential information whatsoever to me regarding Captain Conley, nor has he provided any documents or any insights or advice or information gained through any consultation with or representation of Captain Conley. It is apparent to me that Mr. Ligouri has no independent recollection of the nature and substance of any representation of the plaintiff seventeen years ago.

4.      I cannot recall being aware of Mr. Ligouri's prior representation of Conley until the deposition of R.L. Hughes, on December 2, 2005. In the course of numerous conferences, interviews, and other communications with Mr. Ligouri about this case since December of 2004, his prior representation of Conley was not discussed, to my recollection.

5.      I understand that Mr. Ligouri recalls a conversation on June 6, 2005, during a break in Colonel Chaffinch's deposition, wherein Plaintiff's counsel mentioned the past representation of the Plaintiff by Mr. Ligouri. I was not a party to this conversation. I cannot recall any mention of it. The plaintiff lawyers did not raise the issue with me at that time.

6.      On December 2, 2005, at the deposition of R.L. Hughes, a copy of the plaintiff's "Troop File" was hand-delivered to me by Plaintiff's counsel. As the deposition proceeded, I reviewed that file. The "Troop File", which had been in Conley's possession, contained a number of documents that I could not recall seeing before. I recall seeing Mr. Ligouri's name on a document regarding a disciplinary matter in 1987 or 1988. I do not recall having seen that document previously.

7.      On December 5, 2005, I met with Mr. Ligouri at his office regarding this lawsuit. During the course of that meeting, Ms. Ballard showed Mr. Ligouri a document in Captain Conley's troop file appeared to indicate that he represented Conley in a 1988 summary disciplinary matter. Ligouri had no recollection of the hearing, no recollection of representing Conley, and no recollection of the substance of any representation.

8.      On December 7, 2005 I questioned Captain Conley at her deposition on a variety of documents from her personnel file, including specifically the pages set forth at Tabs B, C, and D in Plaintiff's Motion. Those questions were based solely on those documents, and not on any information from Mr. Ligouri on Conley. Mr. Ligouri was present throughout the deposition. At no time did Conley or her lawyers raise any issues about the 1988 disciplinary matter, either formally (on the record) or informally.

9.      My first notice of the issue of an alleged conflict from Conley's lawyers came when I was forwarded a copy of an e-mail they had sent to Mr. Ligouri, shortly before the filing of their motion on December 15, 2005, demanding that he resign as counsel for Colonel Chaffinch.

10. On or about December 2, 2004, I sent a letter to Colonel Chaffinch, identifying a conflict of interest in representing him along with the Delaware State Police, and suggesting that he explore the option of retaining separate counsel. I sent a copy of this letter to Mr. Ligouri, who was already representing Colonel Chaffinch on another matter. Colonel Chaffinch told me that he wished to retain Mr. Ligouri to represent him in the Conley lawsuit. Mr. Ligouri agreed to represent Colonel Chaffinch.

11. In December of 2004, I advised the Court and counsel of the apparent conflict of interest, and identified Mr. Ligouri as the attorney who had agreed to represent Colonel Chaffinch in this lawsuit. The Court instructed me to take steps to complete the arrangements for Mr. Ligouri to enter an appearance in the case. Mr. Ligouri began taking an active role in the case, and was able to enter his appearance on March 23, 2005. At no time during this time span of more than three months did the plaintiff lawyers note any objection to Mr. Ligouri, nor did they advise me of any prior representation of Captain Conley by him, or raise any such issue, either formally or informally.

BE IT REMEMBERED that on this 6th day of Jan, 2006 personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, **RALPH K. DURSTEIN III**, who, being by me duly sworn according to law did depose and say that the foregoing statement is correct to the best of her knowledge, information and belief.

_____
RALPH K. DURSTEIN III

SWORN TO AND SUBSCRIBED before me on this 6th day of Jan, 2006.

_____
Notary Public
(Attorney-at-Law)

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| STATE OF DELAWARE, ) | |
| DIVISION OF STATE POLICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on January 6, 2006, he caused the attached Appendix to Response of Defendants Delaware State Police, MacLeish, and Mitchell in Opposition to Plaintiff's Motion to Disqualify Counsel to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

James E. Ligouri, Esq.
Ligouri, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ Ralph K. Durstein III
Ralph K. Durstein III, I.D. #912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish, Mitchell, and Division of State Police