IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAPTAIN BARBARA L. CONLEY,                :
                                          :
            Plaintiff,                    :
                                          :
    v.                                    :
                                          :
COLONEL L. AARON CHAFFINCH,               :        C.A.No.04-1394-GMS
individually and in his official capacity as the  :
Superintendent, Delaware State Police;     :
LIEUTENANT COLONEL THOMAS F.              :
MACLEISH, individually and in his official :
capacity as the Deputy Superintendent,    :
Delaware State Police; DAVID B. MITCHELL, :
individually and in his official capacity as :
Secretary of the Department of Safety and :
Homeland Security, State of Delaware; and :
DIVISION OF STATE POLICE,                 :
DEPARTMENT OF SAFETY AND                  :
HOMELAND SECURITY, STATE OF               :
DELAWARE,                                 :
                                          :
            Defendants.                   :


**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO DISQUALIFY COUNSEL
FOR DEFENDANT CHAFFINCH FOR VIOLATION OF MODEL RULE
OF PROFESSIONAL CONDUCT 1.9**

In light of the defense response, it is important to note what defendants have not put at

issue.  Defendants do not contest that Mr. Liguori represented Capt. Conley in several disciplinary

matters in the 1980s.  Defendants do not contest that those disciplinary matters have now become

issues in the present action, where Mr. Liguori now stands on the other side of the fence and

seeks to attack Capt. Conley on those same matters.  Defendants do not contest the fact that

plaintiff was a Trooper First Class in 1987-88 when this discipline took place.  Lastly, they also

do not contest that since that time, plaintiff excelled at her job and was accordingly promoted to sergeant, then to lieutenant, and then to her present rank of captain.

It now appears that resolution of the present motion turns on the answer to the following question - whether in June 2005, plaintiff should have reasonably known that her disciplinary history arising from 1987-1988 would be an issue in the present case surrounding two promotions that occurred in 2003.

### Plaintiff Was Not on Notice and Could Not Have Reasonably Known

Since 1989, Third Circuit case law has been clear that defendants may not justify an adverse action by relying on past employment history when a plaintiff has been promoted numerous times in the intervening years, despite the existence of that same past employment history.

It is well established that a plaintiff's "satisfactory performance of duties over a long period of time leading to a promotion clearly establish[s] [her] qualifications for the job." Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989). A plaintiff's prior satisfactory performance of a job "leads to the almost inevitable inference that [she] was qualified for the position" she was denied. Sempier v. Johnson & Higgins, 45 F.3d 724 (3d Cir. 1995). And as the Third Circuit explained just last summer, when an employer chooses to promote a plaintiff, despite knowledge of alleged deficiencies in her qualifications, the employer cannot later rely on these same alleged deficiencies to claim that the employee was unqualified for the position at issue. Hugh v. Butler County Family YMCA, 418 F.3d 265, 268 (3d Cir. 2005). "[S]atisfactory performance of duties leading to a promotion does establish a plaintiff's qualifications for a job." Id.

The YMCA chose to promote Hugh, despite her lack of a degree and caseworker

2

experience.  It is a fair inference that the decision to promote Hugh was based on her satisfactory performance in her two previous positions with the YMCA.  <u>Once the YMCA made this choice, it was deeming Hugh's prior satisfactory performance sufficient qualification</u> for [the position at issue]. ... <u>The YMCA, having promoted Hugh with full knowledge of her background, cannot now say that she was unqualified for the position, her promotion was an acknowledgment that she was qualified at the time.</u>

<u>Id.</u> (emphasis added).

Simply put, defendants have been well aware of plaintiff's prior disciplinary history for at least 18 years.  In the intervening time period, she was promoted from trooper first class to sergeant.  Then she was promoted to lieutenant.  Then she was promoted to captain.  The law discussed above simply does not allow defendants to rely upon 18 year old employment history to justify a present day adverse action. That past history has long since been washed clean.   If for example, plaintiff has engaged in some type of misconduct since she was promoted to Captain and before the promotions at issue occurred, then that is clearly fair game for defendants.[1]  But this stale disciplinary history is inadmissible under at least seventeen years of Third Circuit case law.  Accordingly, plaintiff was not reasonably on notice that her 18 year old disciplinary history would be an issue in this case.

## The Specific Legal Issues Raised by Defendants

In his brief response to plaintiff's motion to disqualify, defendant Chaffinch raises two overlapping defenses - unclean hands and waiver.  In much greater detail than even Chaffinch's own counsel, the non-Chaffinch defendants continue and raise three overlapping defenses - laches,

---

[1]  Plaintiff notes that comparator Hughes was under investigation at the time he was promoted to Major for covering up a crime involving a male and female trooper.  Something of this nature, that occurred during the time period at issue is a good example of a disciplinary matter that might be relevant.

3

waiver and estoppel.[2]  Out of an abundance of caution, plaintiff will address these claims below.

     **1. Unclean Hands/Laches/Estoppel.**  Defendants' argument in this regard appears to be that plaintiff has sandbagged defendants by raising this issue on December 15, 2005, ostensibly for tactical reasons.  But as discussed in plaintiff's opening motion, plaintiff did not become aware of the fact that defendants had injected plaintiff's prior disciplinary 18 year old history until plaintiff's December 7th deposition, where she was questioned extensively on it by defendants.  Thus, in light of the case law discussed above, plaintiff was not on notice that this 18 year old history could reasonably be an issue in the case.  As soon as plaintiff discovered that defendants had chosen to inject it, plaintiff filed her motion 8 days later, after first unsuccessfully attempting to address the issue with Mr. Liguori.  Plaintiff acted diligently and promptly upon realizing that defendants had injected these 18 year old issues into the case.[3]

     Had defendants chosen to take plaintiff's deposition earlier in the case, then plaintiff also would have discovered the defense position earlier.  However, as is their right, defendants chose to wait until the tail end of the long discovery period to depose plaintiff.  But as a result, plaintiff did not discover defendants' intent to dredge up plaintiff's 18 year old disciplinary history.  Once the defense intent became clear at plaintiff's December 7th deposition, plaintiff promptly moved to

---

    [2]  The non-Chaffinch defendants lack standing to even file a brief on the disqualification issue as plaintiff's motion was solely directed at Chaffinch who is the only individual defendant as to Count I, and not their clients.  The only tangential issue affecting them was whether in the course of their admitted joint defense, Mr. Liguori had shared plaintiff's confidential attorney-client information with them, an issue they addressed and deny in their late filed affidavits.  (See D.I. 135).

    [3]  Defendants also cry foul, claiming that plaintiff only recently produced her "Troop file." First, this issue has no bearing on the present motion.  But second, given that defendants did not submit a discovery request for that file until December 6, 2005 (see D.I. 117), defendants are in no position to complain about the timing of its production.

4

disqualify Mr. Liguori.

    **2. Waiver.** The defense claim in this regard is that plaintiff waived the conflict of interest during a brief June 2005 settlement meeting between Mr. Thomas S. Neuberger and Mr. Liguori.[4] But as discussed above, plaintiff had no idea in June 2005 that defendants planned to inject 18 year old disciplinary history into the case. That knowledge did not come about until the December 7, 2005 deposition.[5]

    Thus, there was never an informed consent to Mr. Liguori's representation. As plaintiff's affidavit makes clear, had she known that defendants planned to inject those stale matters into this case, she would have strongly objected to Mr. Liguori's involvement back then. As discussed above, plaintiff reasonably relied on 17 years of Third Circuit case law that makes clear that an employer cannot rely upon such dated evidence when the employee has been repeatedly promoted since that time, despite that history.

    Additionally, given that the plain text of Rule 1.9(a) provides that a former client's consent to a conflict must be "in writing" - the defendants' purported waiver claim fails as defendants never obtained a written waiver.

---

    [4] To the extent Mr. Liguori disclaims knowledge of his prior representation of Capt. Conley, plaintiff respectfully submits that his conflicts system is severely lacking.

    [5] The defense claim that plaintiffs engaged in "extensive" questioning of the two comparators in this case about their dated DSP disciplinary history during their December 1 & 2 depositions also is without merit. (See non-Chaffinch defendants' Response at 3). First, review of the transcripts reveal that plaintiff did not question Major Eckrich about his disciplinary history. Second, Major Hughes was questioned about the existence and scope of the summary discipline system in the DSP. As part of that questioning, he briefly discussed minor post-1990 summary punishment he received for getting in a car accident and missing a court date. However, the only disciplinary incident he was extensively questioned about was his <u>2003</u> coverup of the physical abuse of a female trooper by a male trooper, which occurred while he was up for promotion to Major in 2003 - the time period at issue in this case.

**<u>Chaffinch's Proposed Remedy is Inadequate</u>**

Defendant Chaffinch's proposed remedy (Chaffinch Response at 4) does not solve or otherwise address the ethical dilemma created by defendants.  In light of the joint defense strategy being used by the defendants (a strategy which is problematic in its own right),[6] permitting the non-Chaffinch defendants to attack Capt. Conley on these same matters would simply allow Mr. Liguori to make an end-run around the ethical rules and reach a result indirectly that the rules prohibit him from directly.  It is Mr. Liguori and his client who will benefit from this attack being made on their behalf.  It is Mr. Liguori who will argue from this evidence in final argument.  The fact that it is not him who asked the specific questions is irrelevant.

**<u>Conclusion</u>**

Because of Mr. Liguori's violation of Rule 1.9, Plaintiff respectfully submits that he should be disqualified from representing defendant Chaffinch in this matter and ordered to immediately terminate his representation of Chaffinch.

Plaintiff waives a reply brief in support of this Motion.

---

[6]  The DSP cannot be held liable under Count I under the 11th Amendment.  So Chaffinch is the only individual defendant on Count I - yet the non-Chaffinch defendants have taken all of discovery related to Count I - and based upon their representations at the most recent chambers conference, fully intend to participate in the trial of this same Count.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: January 9, 2006          Attorneys for Plaintiff

7

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on January 9, 2006, I electronically filed this **Reply** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Ralph K. Durstein III, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

James E. Liguori, Esquire
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

Conley/ Pleadings / Motion to Disqualify Defense Counsel - RB.final