IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| COLONEL L. AARON CHAFFINCH, ) | |
| Individually and in his official capacity as the ) | |
| Superintendent, Delaware State Police; et al. ) | |
| ) | |
| Defendants, ) | |

**DEFENDANTS MOTION TO STRIKE PLAINTIFF'S OPENING BRIEF AND PORTIONS OF APPENDIX FILED IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND III AND FOR PARTIAL SUMMARY JUDGMENT ON COUNT I**

Defendants hereby move this Honorable Court to strike Plaintiff's Opening Brief in support of her Motion for Summary Judgment (D.I. 139) and to strike 553 pages from her 1543 page Appendix (D.I. 144). This Motion to Strike is based on the documents' non-compliance with Federal Rule of Civil Procedure 56, and Plaintiff's misrepresentations of the evidence of record in this case to counsel and the Court, as set forth below. These violations of the Court's rules impose an undue burden on Defendants and the Court, in responding to and ruling on, respectively, the merits of Plaintiff's Motion. While Defendants believe that Plaintiff cannot succeed on a summary judgment motion on the record in this case[1], having moved for such relief, she is required to submit her documents in a format which complies with Rule 56. The specific grounds for this motion are as follows:

---

[1] As to the merits of the Motion for Summary Judgment for Counts II and III (the "retaliation counts"), Defendants stand on the record and brief submitted in support of their own Motion for Summary Judgment on these counts. (D.I. 146-148). As to Count I (sex discrimination), even Plaintiff admits that this case turns on the relative qualifications of the comparators for the rank of Major—a matter which is clearly a jury question. (*See* Plt. Brf. at 7-11, 23).

1

1.      Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). The words "on file" in the Rule are not superfluous. These words clearly, and logically, indicate that the types of evidence which may be submitted by the parties and considered by the Court in consideration of a motion for summary judgment are documents—pleadings, depositions, etc.--which have been propounded through discovery *in the case at bar*. This makes sense, as the purpose of a summary judgment motion is to determine whether the evidence which could be submitted to the jury in the instant case could reasonably result in a verdict for the non-moving party.

2.      Plaintiff's Brief in support of her motion for summary judgment, in addition to containing citations to the record—primarily depositions—in this case, is replete with citations to, quotations from and reliance on depositions and even trial testimony taken in other, unrelated, litigation.[2] These unrelated references, most of which consist of testimony given in other matters by witnesses (including Defendants) who testified in this case, are not distinguished in the brief, such that neither responding counsel nor the Court can differentiate, without extensive effort, which pieces of "testimony" came from discovery in this case, and which are statements taken in some other matter. Plaintiff's counsel disingenuously weaves these references together as

---

[2] Plaintiff's facile statement, at footnote 1, page 1, that the "record" in Conley includes testimony from three other lawsuits as well, does not make it so.

though they present a cohesive representation of the evidence of record in this case. This is clearly improper on a Summary Judgment motion under Rule 56.

3. Similarly, Plaintiff's Appendix in support of her motion contains 553 pages (a full third of 1543 page appendix) of deposition and trial testimony taken in three other lawsuits—completely unrelated to the instant case with the exception of being filed against the Delaware State Police. These "non-Conley" transcripts are scattered throughout the massive three-volume appendix. While the Table of Contents to the Appendix, unlike the brief, does identify certain testimony as being from other cases, these non-Conley documents are similarly inadmissible in support of Plaintiff's motion for summary judgment, and are of no relevance to this case. In addition, in the opening brief, Plaintiff typically cites only selected words or phrases from these other cases. One would have to read the unrelated depositions in their entirety to determine the context of the statements, which are often not as the brief presents them. (*See e.g.* Exhibit 1 hereto).

4. The weaving of the "non-case" testimony with references to testimony from this case is pervasive throughout the twenty-one page "Statement of Facts." (*See e.g.* pp. 3,4,7,11,13-14,20-21). As just one example for the Court, Plaintiff's statement of "facts" as to the retaliation charges (pp. 13-14) cites, without identification, to both evidence taken in this case and evidence taken in another lawsuit. Counsel for Defendants created "Exhibit 1", attached, to note (in the shaded areas) the actual source of each cited reference. The Court was afforded no such courtesy by Plaintiff's counsel, and might reasonably, but incorrectly, believe that every citation and reference is part of the record in the instant case. As the Court can see in the Exhibit, sorting the "Conley record" from the "non-Conley record" involves painstaking comparison of each citation

3

to each page in the 1500 page, three-volume Appendix. It is simply unfair to ask Defendants, not to mention the Court, to engage in this effort in order to adequately respond, or rule on, what is actually at issue in this Motion for Summary Judgment. Summary Judgment is "an integral part of the Federal Rules…which are designed 'to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (citing F.R.C.P. 1). Defendants should not be put to the task and expense of dissecting extraneous matters from the record in attempting to respond to Plaintiff's motion. The proper remedy is to require Plaintiff, if she wishes to pursue her Motion, to present a brief and appendix that conforms to Rule 56(c).

     5.     In a blatant attempt to introduce irrelevant evidence, at pages 19-21 of the Opening Brief ("Pretext and Coverup"), Plaintiff expounds upon testimony (mostly from Captain Dixon) about former Colonel Chaffinch's alleged statements regarding other troopers who are not parties to, nor even witnesses in, this case. These sections are crafted *entirely* from the record of other cases, but not identified as such in the brief. Each of the more than 20 citations to the Appendix are to the "non-Conley" pages of the Appendix. These matters are absolutely irrelevant to the instant case and one must assume that this argument was included solely for the purpose of inflaming prejudice against Defendants, particularly Colonel Chaffinch, in the public eye. These arguments should be stricken.[3]

---

[3] Typically, Plaintiff's representations suffer from lack of candor. She asserts that Colonel MacLeish "thinks Foraker is a 'real pain in the ass' [for invoking] 'his First Amendment rights.'" MacLeish's testimony was actually that he was becoming frustrated with trying to get information from Price and Warren (not Foraker) on their medical status. (A414). As to the remark:
    Q. So you said these guys are a real pain in the ass?
    A. You're saying did I say it. I'm saying it's a possibility I said it. *I don't recall saying it*, but did I feel that way? Yes. But you're the one saying I said that. *I don't recall specifically saying that* I said they were a pain in the rear. But could I have that? Yeah, I possibly could have. (Id) (emphasis added).

6. It is well-settled that only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment. Wetzel v. Tucker, 139 F.3d 380, 383 (3d Cir. 1998); Pamintuan v. Nanticoke Mem. Hosp., 192 F.3d 378, 388 (3d Cir. 1999). Plaintiff's inclusions of selected portions of testimony given by witnesses in other lawsuits is improper and cannot provide any support for Plaintiff's Rule 56 Motion for Summary Judgment in this case. The depositions from other cases are clearly not "on file" as part of the record in this case. Rule 56(c). They are neither relevant nor admissible in this case. One of the U.S. Supreme Court's fundamental premises for summary judgment is that "[o]nly disputes over facts that might affect the outcome of the suit [material facts] under the governing law" are pertinent to summary judgment. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. It should go without saying that pieces of testimony pulled from the records of other lawsuits, especially when not even presented to the testifying witness or made part of the record in this case, are "irrelevant and unnecessary" facts which have no place under Rule 56. The parties should be limited to the record, as the rule requires. Defendants complied with Rule 56 in their motion for partial summary judgment as to the retaliation counts. (D.I. 147-48). Plaintiff, in her motion, has clouded the record by merging non-record testimony with the actual record as though they were one.

7. The Third Circuit has considered the issue of deposition testimony from other cases and found that such evidence is not probative on summary judgment unless, at a minimum, it would be admissible in the case at bar. New Jersey Turnpike Auth. v. PPG Industries, Inc., 197 F.3d 96, 108-110 (3d Cir. 1999) (affirming grant of summary

5

judgment where, *inter alia*, plaintiff attempted to rely on deposition testimony from other cases). In this environmental remediation case, the Court first noted that the depositions would only be helpful, "if at all," if they pertained to the contaminated sites at issue in the case at bar. By analogy, the depositions proffered by Plaintiff here do not meet even that bare threshold, as they have no bearing on Barbara Conley or even on purported sex discrimination in the DSP. Moreover, the Third Circuit held, in order for the former testimony to be admissible, it must meet the criteria of Federal Rule of Evidence 804(b)(1). That Rule provides that testimony in other matters may be admissible, only if:

   1) The declarant is unavailable;

   2) The testimony was taken at an adjudicative proceeding, and

   3) the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

F.R.E. 804(b)(1); New Jersey Turnpike Auth., *supra*, 197 F.3d at 110.

   8.   As in NJTA, Plaintiff here cannot meet either the first or third prongs of this conjunctive test. In the "non-Conley" portions of the brief and appendix, Plaintiff attempts to present the testimony of Joseph Swiski, Aaron Chaffinch; Gregory Chambers; David Baylor; Thomas MacLeish and Glenn Dixon, taken in other cases and contexts. Of these witnesses, all are "available" as witnesses in this case. Moreover, all but Swiski[4] *were actually deposed in this case*, meaning Plaintiff had the opportunity to ask whatever she wanted of them on the record here. The witnesses were not impeached, nor does Plaintiff suggest that they should be, with their testimony in other matters. In fact, Plaintiff primarily uses the extraneous material to bolster her version of the witnesses' testimony in this case. (*See* Exhibit 1). Clearly plaintiff fails prong one of Rule

---

4  Plaintiff had listed retired Major Joseph Swiski, early in this case, as one of the witnesses she intended to depose, but apparently chose not to do so.

6

804(b)(1) (which is fatal to the test), as the witnesses are not only available, their sworn statements in this case are part of the record.

In addition, Plaintiff cannot meet prong 3 of the Rule 804(b)(1) test, as Defendants in this case did not have "an opportunity and similar motive" to develop or scrutinize the testimony with an eye to the issues in the instant case. Notably, the three cases which Plaintiff attempts to insert into the record of this case are suits in which the State Police was not represented by counsel of record in this case. These unrelated lawsuits do not implicate the same interests of DSP as does this gender discrimination case. Dillman v. Chaffinch (filed 2002) was a procedural due process case involving a male civilian employee.[5] Bullen v. Chaffinch (2002) was a "reverse discrimination" case (white male plaintiffs). Price/Foraker v. Chaffinch is a currently pending case alleging "retaliation" as a result of plaintiffs' purported complaints about workplace safety. Thus, counsel for defendants would not have the same motive to develop or challenge the witnesses' testimony in those cases as they would have had they known it would be put at issue in this gender discrimination matter. For this reason also, Plaintiff cannot meet the 804(b)(1) admissibility test. The evidence Plaintiff seeks to insinuate into this case, in addition to suffering from the fundamental flaw of falling outside the permissible record on summary judgment (Rule 56(c)), is neither probative nor admissible to this case.

---

5  Summary Judgment for DSP was granted by this Court as to Dillman's claim of "retaliation" for challenging DSP promotional practices. Dillman v. Chaffinch, 313 F.Supp.2d 415 (D.Del. 2004).

WHEREFORE, Defendants respectfully move this Honorable Court to strike Plaintiff's Opening Brief in Support of her Motion for Summary Judgment and to strike all pages from her related Appendix which are not part of the Rule 56 record in this case. In the alternative, Defendants respectfully request that this Court deny Plaintiff's Motion for Summary Judgment for the reasons set forth in Defendants' Motion for Summary Judgment as to Counts II and III (D.I. 146-48), and because the allegations of gender discrimination, and answers to the burden shifting questions as to Count I are jury questions, not susceptible of resolution on Plaintiff's Motion for Summary Judgment.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          By: ___/s/Stephani J. Ballard_____
          RALPH K. DURSTEIN, III (I.D. No. 912)
          STEPHANI J. BALLARD (I.D. No. 3481)
          Deputy Attorneys General
          Carvel State Office Building
          820 North French Street
          Wilmington, DE 19801
          (302) 577-8400
DATED: January 30, 2006      Attorneys for Defendants

          **LIGOURI, MORRIS & YIENGST**

          By: ___/s/ James E. Ligouri_____
          JAMES E. LIGOURI
          46 The Green
          Dover, DE 19901
          (302) 678-9900
DATED: January 30, 2006      Attorney for Defendant, L. Aaron Chaffinch

## LOCAL RULE 7.1.1 STATEMENT

    Counsel for State Defendants certifies that she contacted Plaintiff's counsel on January 25, 2006 to determine if they would withdraw the non-conforming documents. Plaintiff's counsel has not agreed to do so as of the filing of this motion.

          By: ___/s/Stephani J. Ballard_____

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY,         )<br>                                                              )<br>             Plaintiff,                              )<br>                                                              )<br>     v.                                                    )         C.A. No. 04-1394-GMS<br>                                                              )<br>COLONEL L. AARON CHAFFINCH,   )<br>Individually and in his official capacity as the )<br>Superintendent, Delaware State Police; et al.   )<br>                                                              )<br>             Defendants,                          ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on   January 30   , 2006 she caused the attached *Defendants' Motion to Strike Plaintiff's Opening Brief and Portions of Appendix filed in Support of her Motion for Summary Judgment on Counts II and III and for Partial Summary Judgment on Count I*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
STEPHANI J. BALLARD, I.D.# 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell, and Division of State Police

9