**"EXHIBIT 1"  (Defendants' Motion to Strike)**

Page 13-14, Plaintiff's Opening Brief in Support of Motion for Summary Judgment

### a. Defendants' Friendship Created a Motive to Retaliate Against the Person who Sued Chaffinch and Caused Him to Be Suspended.

Chaffinch and MacLeish are admittedly "buddies" and "friends." (Chaffinch 16-17; MacLeish 7; A614,375 [*Price depos. (both)*]; Chaffinch 187; Baylor 20; A111,273 [Conley depos.]).  MacLeish publicly brags that he and Chaffinch are "joined at the hip."[1]  (MacLeish 9-12; A375-76 [*Price depo*.]).  He "feel[s] very strongly" that his good friend Chaffinch is an "honorable man," a "good trooper," a "good person," and a "good man" who was a "good leader"[2] for the DSP.  (MacLeish 9-12; A375-76 [*Price depo*.]).  They are on a first name basis.[3] (MacLeish 98; A187 [Conley depo.]).  Chaffinch chose MacLeish to serve as his Lt. Colonel, which was a "big deal" to MacLeish and a true "honor." (MacLeish 97; A186

---

[1] The actual colloquy from the Price deposition was as follows:
  Q. (Mr. S. Neuberger)  Have you ever *publicly bragged* at any commanders' meetings that you and Colonel Chaffinch are, quote, joined at the hip, close quote?
  Mr. Ellis:    Object to the form of the question.
  A. *I told Colonel Chaffinch* that we were joined at the hip, yes, *in a professional sense*.

Price, et. al. v. Chaffinch, Deposition of Thomas MacLeish, p. 9 (A375) (emphasis added).

[2]  Again, the actual colloquy is on this issue is argumentative and not as represented in the brief:
  Q. . . . Do you think that Colonel Chaffinch was a good leader for the Delaware State Police?
  Mr. Ellis:    Object to the form of the question.
  Mr. [S.] Neuberger:  You can answer.
  A. I think Colonel Chaffinch did the best he could.
  Q. So do you think he was a bad leader for the Delaware State Police?
  [OBJECTION BY MR. ELLIS]
  A. No, I do not think he was a bad leader.
  Q. Are you agreeing that he was a good leader or are you disagreeing that he was a good leader
  [OBJECTION BY MR. ELLIS]
  A. Aaron did some good things while he was superintendent . . . .
  Q. Do you think he was a good leader?
  [OBJECTION BY MR. ELLIS]
  By Mr. Neuberger: Colonel, I see it's taking you a while to answer the question.  Do you not understand the question?  Are you trying to waste time?
  A. No.  Time is too valuable.  I dedicated the day to be up here.  I'm not wasting any time, Mr. Neuberger.  The question of whether Colonel Chaffinch was a good leader, to me, he was a good leader, yes.

Price, et. al. v. Chaffinch, Deposition of Thomas MacLeish, p. 11-12 (A376).

[3]  MacLeish's actual response to the question "are you on a first name basis" was "*Most of the time it's 'Colonel*, but, yes, it's Aaron, yeah." (A187, emphasis added).

**"EXHIBIT 1"  (Defendants' Motion to Strike)**

[Conley depo.]).  They socialized together, even when Chaffinch was on leave for sexually inappropriate workplace misconduct.[4]  (PX 18, MacLeish 100-102; A241-44,187-88 [Conley depo.]).  MacLeish is so close to Chaffinch that he thinks the numerous lawsuits, jury verdicts, and court opinions upholding these jury verdicts against his good buddy are meritless.[5]  (See MacLeish 107-114; A189-91 [Conley depo.]).  Similarly, defendant Mitchell also likes and is friends with Chaffinch and MacLeish. (Mitchell 28,43,51; A253,257,259 [Conley depo.]).

(1)   **Chaffinch Demands Blind Personal Loyalty.**   Chaffinch has always expected "blind loyalty" from all those in the DSP.  (Dixon 24; A668 [Price Deposition]; Dixon 105; A312 [Conley deposition]).  "You just have to follow him … and if you don't, he is done with you.  You may suffer any consequences from that."  (Dixon 105; A312 [Conley depo.]; Dixon 85; A683 [Price depo]).  Chaffinch himself has repeatedly admitted that "personal loyalty" is a factor he considers when making personnel decisions.  (Chaffinch 158-159; A650 [Price depo.]; Chaffinch 179; A109 [Conley depo.]).  Several other witnesses, including MacLeish have confirmed this.  (MacLeish 64; Baylor 20-21; A178,273 [Conley depos.]).

Captain Dixon worked closely with Chaffinch in Sussex County for 17 years. (Dixon 77,90,92,4; A681,685,663 [Price depo]; Dixon 7-10; A288-89 [Conley depo]).  He testified that Chaffinch "is very vindictive" and "use[s] his rank or office in the state police to be vindictive."  "[I]t is common knowledge . . . you would not cross him …because of his vindictiveness. You knew that your career would pretty much stop."  (Dixon 71-72; A304 [Conley depo]; Dixon 24,44; A668,673 [Price depo).  "He goes after people…if he feels that anyone has betrayed him.  That's his makeup." (Dixon 44; A673 [Price depo.]).

---

[4] Once again, this argument is misleading to the Court.  Colonel MacLeish actually testified "I could count on one hand the number of times we've socialized together off duty." (A187).  Colonel Chaffinch was put on administrative leave as a result of Captain Conley's allegations in this lawsuit; there was no finding of improper conduct at that time.  The purported "socialization" of Chaffinch and MacLeish while he was on leave was a picture of the two sitting at a high school basketball event attended by MacLeish's son.  Id.

[5] A review of the cited pages shows no support for this allegation.