IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | : |
| Plaintiff, | : |
| v. | : C.A. No. 04-1394-GMS |
| COLONEL L. AARON CHAFFINCH, et al. | : |
| Defendants, | : |

### Affidavit of Captain James Paige

1.  I have been a member of the Delaware State Police since March 16, 1984, and have attained the rank of Captain. I am currently the Commander of DSP Troop #9 in Odessa.

2.  From September 10, 2001, until April 3, 2005, I was assigned to the Internal Affairs Unit, as the officer in charge. My responsibilities there included supervising and conducting investigations into complaints or allegations of serious misconduct against members of the Division. Upon completion of substantiated investigations, it was my responsibility to initiate charges against officers at the direction of the Lt. Colonel or his designee, and when appropriate, prepare cases for presentation in hearings before Divisional Trial Boards.

3.  When a Divisional Hearing Board is to be convened to hear charges against an officer, the Delaware State Police Administrative Manual, at page VII-5-13, requires that the Internal Affairs officer in each case "transmit an e-mail to all troops and sections which will: [a] Identify the defendant officer; [b] Identify the Rule or Job Performance

Standard allegedly violated; [c] Identify the date, time, and place of the hearing; and [d] identify the officers selected to hear the matter."

4.  The purpose of the notice to all personnel is to insure that the Board members will give a fair hearing to the officer charged. Upon the posting of the e-mail notification concerning the Divisional Hearing Board, any employee of the Division of State Police who believes that any member of the Board would be biased, prejudiced, or otherwise predisposed in the matter is required to immediately contact the officer in charge of Internal Affairs.

5.  A second purpose of the notice to all personnel is to determine if any officer may possess information relevant to the charges before the Board. Any employee of the Division who may possess information that would affect the proceeding is required to contact the officer in charge of Internal Affairs.

6.  The electronic notice of the convening of a trial board sent to all DSP personnel contains only the information set forth in paragraph 4 above. The notice does not disclose the content of any records compiled as a result of the investigation. All such records remain confidential, pursuant the DSP Manual provisions and the Law Enforcement Officers Bill of Rights.

7.  On October 25, 2004, an electronic mail notice of the trial board convened to hear the case against Captain Barbara Conley was sent to all DSP personnel. This notice conformed to the criteria set forth in the Administrative Manual. The e-mail notice was issued in the normal course of business of the Internal Affairs Unit. I issued the notice, as officer in charge of Internal Affairs, based upon procedure outlined in the Delaware State Police Administrative Manual's Complaint and Disciplinary Procedures (II.D.2).

8. When senior staff learned that the reporter, Tom Eldred, had obtained a copy of the e-mail notification and was seeking comment from DSP, advice of counsel was sought. I was present at the meeting where counsel, Mr. Tupman, advised us to attempt to obtain a copy of the document the reporter claimed to have. Once this was done, counsel advised that the Public Information Officer could confirm only the information already obtained by the reporter in the e-mail, and to provide no information beyond that. No information deemed confidential under LEOBOR and/or the DSP Manual was disclosed to the reporter. I did not release the e-mail to the reporter and have no knowledge of who did.

9. As officer in charge of Internal Affairs, I was directed by Colonel MacLeish to investigate whether any DSP employee or trooper was involved in providing a copy of the e-mail notice to the reporter. I initially contacted Captain Mary Ann Papili and Keith Caskey on October 29, 2004, regarding a search of this e-mail, to determine if it was forwarded by any Divisional personnel.

10. I spoke to Keith Caskey on November 1, 2004 regarding the results of the search. He advised that the search did not find anyone who had forwarded the e-mail in question. It was therefore my conclusion that the message provided to the reporter could not be electronically identified as to its source, or linked to any one of the approximately six hundred recipients.

11. On advice of counsel, it was determined that I could not compel the reporter involved to answer my questions concerning the source of his information, and could not compel the reporter to produce a copy of the e-mail provided to him. Lacking any other information on possible suspects or sources of the information obtained by the reporter,

the Internal Affairs investigation into the matter could proceed no further. I so advised the Colonel.

BE IT REMEMBERED that on this 12th day of January, 2006 personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, **JAMES PAIGE**, who, being by me duly sworn according to law did depose and say that the foregoing statement is correct to the best of her knowledge, information and belief.

_____<br>JAMES PAIGE

SWORN TO AND SUBSCRIBED before me on this 12 day of January 2006.

_____
Notary Public