IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 04-1394-GMS |
| : | |
| COLONEL L. AARON CHAFFINCH, : | |
| Individually and in his official capacity as the : | |
| Superintendent, Delaware State Police; et al. : | |
| : | |
| Defendants, : | |

AFFIDAVIT OF ROBERT C. MOSES

1.  Affiant is a Lieutenant in the Delaware State Police. He has been a police officer since 1981, and a Detective since 1986. He is the officer-in-charge of the Delaware State Police High Technology Crimes Unit.

2.  Your Affiant has been involved in numerous computer-related investigations and has drafted and executed search warrants pursuant to those investigations. Your Affiant Moses has extensive training in computer related investigations. Your Affiant is certified by the International Association of Computer Investigative Specialists to conducted forensic examination on computers used in the commission of a crime.

3.  Affiant has reviewed the Plaintiff's Fourth Request for Production of Documents, as it pertains to electronic data recovery.

4.  The Delaware Department of Technology and Information (DTI) is the email services provider to the Delaware Department of Homeland Security and the Delaware State Police. In addition DTI provides email services to all other state agencies, public schools, certain local government agencies and the military. DTI conducts full backups of all Exchange servers every month. Each day, DTI performs what is called an incremental backup containing approximately one trillion bytes of data. The incremental backup stores all files that have changed since the last full backup or incremental backup. Performing a forensic image of all DTI mail servers and backup files, as requested by the plaintiff, would be impracticable due to the size of the data and

the proprietary software used by DTI. However, data contained within individual mail folders, servers and backup tapes, could be extracted by DTI in the original standard Microsoft Outlook format.

5. The State of Delaware uses Microsoft Exchange servers for email based collaboration as well as scheduling, contact, and task management capabilities. The user connects to a Microsoft exchange server through a personal computer, workstation, or a mobile device where he sends or receives email messages. In Microsoft Exchange a profile is created for each user which provides access to the mailbox and folders. One of the advantages of Microsoft exchange server is that all email is stored on the server. This allows the user to access his folders from any computer connected on the state system or through the Internet. Therefore, the better approach would be to extract data contained within the individual Microsoft Exchange folders of the defendants, which would comprise a fraction of the huge volume of data imaged.

6. We know that searching and seizing information from computers often requires the examiner to seize most or all electronic storage devices to be searched later by a qualified computer expert in a laboratory or other controlled environment. This is true because of the sheer volume of evidence, technical requirements, and concerns over preservation of original media.

7. Computer storage devices can store the equivalent of thousands of pages of information. This may require searching authorities to examine all stored data to determine which particular files are responsive to the discovery request. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search on site.

8. Searching computer systems for evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert is qualified to analyze the system and its data. In any event, however, data search protocols are exacting scientific procedures designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to inadvertent or intentional

modification or destruction a controlled environment is essential to its complete and accurate analysis.

9. The volume of data stored on many computer systems and storage devices will typically be so large that it will be impractical to examine every file. A single megabyte of storage space is the equivalent of 500 double-spaced pages of text. A single gigabyte of storage space, or 1,000 megabytes, is the equivalent of 500,000 double-spaced pages of test. Storage devices capable of storing in excess of 15 gigabytes of data are now commonplace in desktop computers. Consequently, each non-networked, desktop computer found during a search can easily contain the equivalent of 7.5 million pages of data, which if printed out would completely fill a 10'x'12'x10' room to the ceiling. Therefore, the only way that a forensic examiner can do a detailed examination is by searching the computer media for key words pertaining to the scope of the investigation. This method is preferred by the courts because it reduces (but does not eliminate) encroachment on any private third-party information that may also be held on the computer system. However, the plaintiff's Fourth Request for Production fails to set forth criteria for such a search.

10. Conducting an examination on the original evidence media should be avoided. Rather, examinations should be conducted on a forensic copy of the original evidence files. If possible and practical a forensic copy is made from the original computer system media. Creating the copy and ensuring that it is true and accurate involves a subset of the principle. The forensic examiner must make a decision as to how to implement this principle on a case-by-case basis. The determining factors in that decision include the size of the data set, the method used to create it, and the media on which it resides.

11. Plaintiff's request for data in ASCII format is inappropriate, because all metadata would be lost in the conversion process, including such things as links and attachments. Such a request is contrary to proper forensic procedures, in that the data would be modified from the original or lost.

12. Plaintiff's request for hard copies, in addition to electronic copies, would be extremely burdensome due to the sheer volume of material sought, as well the inability to properly authenticate such copies or to prevent the risk of alteration.

Moreover, the plaintiff would be in a position to generate her own copies from the electronic data provided.

13. I have secured and imaged all electronic storage devices contained within the computers assigned to Secretary Mitchell and Colonel MacLeish. By information and belief, the computer formerly assigned to Colonel Chaffinch was cleaned of all data, and the hard drive erased, upon his departure, according to standard Delaware State Police practice.

14. I have determined that neither Secretary Mitchell, Colonel MacLeish, nor Colonel Chaffinch were issued computers for home use by the State of Delaware.

15. I have contacted the State of Delaware Department of Technology and Information and have requested that the electronic mail accounts of Secretary Mitchell, Colonel MacLeish, and Colonel Chaffinch be preserved and provided to me in a standard Microsoft Exchange format.

16. The data I have secured will be retained in my possession, but will not be read, analyzed, searched by myself or other employees of the HTCU, absent court order or direction of counsel.

BE IT REMEMBERED that on this 22 day of November, 2005 personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, **ROBERT C. MOSES**, who, being by me duly sworn according to law did depose and say that the foregoing statement is correct to the best of his knowledge, information and belief.

*Robert Moses*
ROBERT C. MOSES

SWORN TO AND SUBSCRIBED before me on this 22 day of Nov., 2005.

Notary Public / Attorney At Law