IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA CONLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1394-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DIVISION OF STATE POLICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF DEFENDANTS DELAWARE STATE POLICE, MACLEISH, AND MITCHELL IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

The defendants oppose the latest motion filed by the plaintiff, for the reasons set forth below, and respectfully urge the Court to deny it, with prejudice. Plaintiff once again seeks to circumscribe the record in this case by suppressing evidence favorable to the defense, without cause for such relief. As in the case of past efforts by the plaintiff to block defense witnesses, the goal of the plaintiff is to distort the record in her favor by barring defense use of competent evidence adverse to her claims. The present motion further seeks to prevent defense use of controlling legal authority that supports the defendants' summary judgment motion. It is worthy of judicial concern to question why any litigant would seek to prevent full consideration of affidavits, interrogatory and production responses, and even the most recent legal rulings on point. It is also disturbing that such tactics threaten to needlessly complicate the resolution of the many pending motions in this case. The defense should not be called upon to withstand repeated baseless hostile attacks on the defendants and their lawyers, and the Court should not tolerate the abuse of motion practice.

**A.      Affidavits, Interrogatories, and Mandatory Disclosures Constitute Part of the Record for Purposes of a Motion for Summary Judgment**

      **1.      Mandatory Disclosures are part of the record for summary judgment.**

Rule 26(a)(1) defines the required disclosures of witnesses, documents, damages, and insurance agreements at the onset of the discovery process by setting forth a series of four categories of information that must be provided.[1]  In essence, these are form interrogatories and requests for production.  Rule 26(e) makes it clear that parties have a duty to supplement or correct disclosures previously made under subdivision (a), just as in the case of other discovery.[2]  Rule 26(g) requires that disclosures made pursuant to subsection (a)(1) be signed by an attorney or party, just as any other discovery response must be so signed.  The Rule does not differentiate between the mandatory disclosures under Rule 26(a)(1) and other interrogatory answers or responses to production requests.

The record for purposes of summary judgment consists, *inter alia,* of answers to interrogatories and requests for production.  Rule 56(c).  Simply put, initial disclosures are answers to form interrogatories and requests for production, made under precisely the same formality as other discovery responses, and for the same purpose.  They are part of the factual record.  There is no basis to exclude initial disclosures from consideration on a motion for summary judgment.  Indeed, plaintiff offers no authority for such a preposterous proposition.

Plaintiff claims to have been unable to find any case law on this issue [Motion at 3].  There are numerous examples of courts considering initial disclosures in the context of summary judgment motions.  *In re Mercedes-Benz Anti-trust Litigation,* 225 F.R.D. 498, 501 (D.N.J. 2005)(Rule 26(a) lists the types of discovery that a party must provide to other parties in the case:  (1) Initial Disclosures…); *Hines v. Caneel Bay, Inc.,* 2002 WL 31887699 (D.V.I. 2002)(Defendant entitled to summary judgment, where plaintiff failed to submit evidence of damages in his initial disclosures); *Tolerico v. Home Depot, Inc.,* 205 F.R.D. 169, 175 (M.D.Pa. 2002)(Document relied upon to contest summary

---

[1] The obligation extends to identification of witnesses and documents the disclosing party may use to support its claims and defenses.  *Commentary to 2000 Amendment of Rule 26* at 164.  "Use" includes any use at a pretrial conference, **to support a motion**, or at trial. [emphasis added] *Id.*

[2] In this case the defendants made several detailed supplementary disclosures pursuant to this obligation [Docket #119, filed 12-15-05; Docket #125, 12-21-05; Docket #128, 12-27-05].  The disclosures could have been captioned as supplements to Defendants Interrogatory Answers, filed on October 24, 2005 {Docket #99].

judgment should have been part of plaintiff's initial disclosures); *Cooley v. Great Southern Wood Preserving,* 138 Fed. Appx. 149 (11th Cir. 2005)(evidence considered on motion for summary judgment should have been included in initial disclosures); *Tanner v. U.S.,* 9 Fed.Appx. 681 (9th Cir. 2001)(*dicta* that evidence improperly withheld from initial disclosures may not be used in support of summary judgment motion). It is apparent from these cases that courts routinely consider the facts set forth in a party's initial disclosures in ruling on case-dispositive motions. Such an approach is entirely consistent with the worthy goal of resolving disputes on the record prior to trial, where possible. To arbitrarily exclude initial disclosures from the record would render them meaningless.

The plaintiff argues form over substance. Whether labeled as responses to form interrogatories or to interrogatories propounded by the plaintiff, the defense supplementary responses constitute discovery, and thus a part of the record before the Court on summary judgment. The discovery responses at issue identify dozens of witnesses and set forth in detail the testimony each is prepared to give at trial. Contrary to plaintiff's argument, there are no valid evidentiary issues regarding the admissibility of the testimony of these defense witnesses. Once each witness appears at trial and is sworn in, there will be no basis for hearsay objections. It is absurd, and a corruption of the discovery rules, for plaintiff to argue that each individual witness statement must be independently verified by that person. Defendants have no such obligation. Defendants have, in good faith and in a timely fashion, fully and completely satisfied their duty to disclose the anticipated testimony of the many witnesses, as spelled out in the Rules and confirmed by the Court at the November 17, 2005 conference.

    **2.**    **Rule 56 specifically provides for free use of affidavits in support of motions for summary judgment.**

Rule 56(e) positively encourages the use of affidavits to both support and contest a summary judgment motion. An adverse party, such as the plaintiff here, in responding to the defense summary judgment motion as to Counts II and III, may not rest on the allegations of the Amended Complaint, but bears the burden of setting forth specific facts generating genuine issues for trial. *Id.* The Rule envisions an active give and take. "The court may permit affidavits to be supplemented or opposed by depositions, answers to

3

interrogatories, *or further affidavits* (emphasis added)". *Id.*. There is no bar to the use of affidavits in a reply brief to rebut factual assertions made in the answering brief on a motion for summary judgment.

In *Williams v. Morton,* 343 F.3d 212, 222 (3rd Cir. 2003), the Court of Appeals upheld a grant of summary judgment to the defendants based in part on an affidavit attached to defendants' reply brief. The plaintiffs did not even argue (as does the plaintiff here) that attaching an affidavit to the brief was improper under Rule 56, and the Court did not consider such an issue, *sua sponte*. Rather, the plaintiffs argued that the affiant had not previously been identified as a witness. The trial court allowed the plaintiffs the opportunity to depose the deponent, and/or to amend their previously-filed answering brief. No such remedy is necessary here, where Mr. Tupman was identified as a potential defense witness, and the plaintiff took his deposition.[3]

Plaintiff cannot now claim prejudice attributable to her failure to ask questions of the witness when she had the full opportunity (and motive) to do so. Defendants should not be penalized for dealing with a fact issue raised for the first time by plaintiff in her Answering Brief. The *Williams* opinion makes it clear that there is nothing inherently prejudicial about attaching the affidavit of a previously-identified and already-deposed witness to a reply brief. Plaintiff offers no authority in support of her novel proposition to narrow the scope of the record for purposes of summary judgment by arbitrarily excluding sworn testimony that rebuts arguments in her brief.

There has been no "sandbagging", at least not by the defendants, who have merely responded, as the Rules permit to allegations raised for the first time by the plaintiff in her brief. The plaintiff is not entitled to any remedy. If she wants to dispute the facts set forth in the defense affidavit, she is free do so at oral argument. In the event oral argument is not granted, if the Court were inclined to accommodate the plaintiff, an appropriate remedial measure would be allowing her to file an affidavit, rather than striking the defense affidavit.

---

[3] Plaintiff's counsel was well aware, prior to the deposition, of the issues dealt with in the Tupman Affidavit, but failed to pursue such questioning at the deposition, and did not raise such issues until her Answering Brief, thus necessitating the Affidavit.

## 3. Defendants' Answers to Interrogatories are part of the record for motions for summary judgment

Plaintiff attempts to raise an issue as to verification of the defense answers to interrogatories [Motion at 4]; but then admits that "defendants subsequently submitted a sworn statement from [Colonel] MacLeish attesting to the truth and accuracy of everything contained in the Answers to Interrogatories as required by Rule 33" [Motion at 5][4]. She does not claim that the responses are incomplete, unresponsive, or inaccurate. She offers no authority to support her contention that timely and complete interrogatory answers, signed by the attorney who drafted them and subsequently verified, cannot be used in support of a summary judgment motion.

The plaintiff presents an incomplete and distorted account of the e-mail exchange regarding the verification issue. Plaintiff's counsel sent the original e-mail message, complaining of the alleged "deficiency", on October 25, 2005 [Tab A-1 of plaintiff's Appendix]. The defense responded with a letter dated November 3, 2005 enclosing the sworn verification of Colonel MacLeish, on behalf of the defendants. The letter was acknowledged by the plaintiff in an e-mail dated November 16, 2005 [B-2]. That e-mail questioned whether Secretary Mitchell should have also verified the interrogatory answers. The defense responded as follows:

> "You may recall that Secretary Mitchell testified at his deposition that he had no involvement in the events alleged in Counts II and III of the Amended Complaint. Because of that, he is not in a position to confirm the discovery responses. Colonel MacLeish was able to sign on behalf of the DSP, in order to satisfy your request for "verification". He was performing essentially the same function as a Rule 30(b)(6) witness would, in the case of a deposition. He does not have personal knowledge of all the facts disclosed. We read the requirements of Rule 33(b)(2) to be satisfied by the signature of counsel as "the person making [the answers]", particularly where an institutional party is represented. That is consistent with the obligation of counsel under Rule 26(g)."

Rule 33(b)(2) provides that interrogatory answers are to be signed by the person making them, and the objections signed by the attorney making them. *Alexander v. FBI,*

---

[4] This is the process contemplated by Rule 26(g)(2): "If a…response…is not signed, it shall be stricken *unless it is signed promptly after the omission is called to the attention of the party making the…response…"*. While the defense Answers were signed by counsel, the verification of Colonel MacLeish was obtained, out of an abundance of caution, to forestall the plaintiff raising the sort of petty argument now lamentably advanced in her Motion, despite the verification.

5

192 F.R.D. 50, 52 (D.D.C. 2000)(Answers must be signed by the person who made them and who can attest to their accuracy); *Shepherd v. American Broadcasting Company,* 62 F.3d 1469, 1482 (D.C.Cir. 1995)(Rule expressly permits a corporate representative to verify answers without personal knowledge).[5]  Defendants have clearly complied with the Rule.

Rule 26(g)(2) requires that every discovery response or objection made by a party represented by an attorney be signed by at least one attorney of record in the attorney's individual name.  The Rule states that the signature *of the attorney or of the party* constitutes a certification that the response or objection satisfies the criteria of subsections (A), (B), and (C) of the Rule.  *See, e.g., Leonard v. University of Delaware,* 1997 WL 158280 (D.Del. 1997)(Attorney who makes required certification without substantial justification is subject to sanctions).  Again, this Rule has been satisfied.

B.     **Defendants' Reply Brief Fairly Responded to Arguments made by the Plaintiff**

    1.     **Use of factual evidence to rebut plaintiff arguments is permissible**

In their answering brief, the plaintiff lawyers questioned the credentials of the DSP attorney, W. Michael Tupman, and raised new allegations concerning the advice he gave to senior staff concerning the "leak" of an internal e-mail message.  The meeting and the advice rendered by Mr. Tupman have been factual issues throughout numerous depositions, and were argued extensively in defendants' Opening Brief in support of their Motion for Partial Summary Judgment on Counts II and III.  This was recognized by the parties as a critical issue, in that defendants' prudent reliance on the advice of counsel would constitute a defense to any "retaliation" claims by the plaintiff.  In the reply brief, the defendants appended an affidavit from Mr. Tupman, an officer of this Court, seeking to meet the new allegations raised in the Answering Brief, and to clarify deposition testimony misconstrued by the plaintiff.  There was no "sandbagging" – at least, not by the defendants.  The facts and issues raised were well-known to the plaintiff, who had

---

[5] Plaintiff refers to several "evidentiary problems" in her motion and engages in a hearsay analysis that conveniently ignores the distinction between discovery and trial.  There is nothing to suggest that the defendants would have any problem presenting this evidence at trial.  It is therefore appropriate for consideration by the Court in the context of summary judgment.

6

every opportunity to question not only Mr. Tupman, but every other attendee at the meeting.[6] As set forth above, far from barring the further supplementation of the record, Rule 56 encourages the use of affidavits to complete and clarify the record for purposes of summary judgment.

The authority cited by the plaintiff does not support the novel proposition advanced. In *Federal Insurance Co. v. Signactics, Inc.,* 1998 WL 17582 (D.Del. 1998), a case seemingly relied on by the plaintiff, Judge Schwartz <u>denied</u> a motion to strike a surreply brief and the supplemental affidavit contained therein. Finding the situation was not one where one party misled another by holding back arguments until the reply brief, the Court went on to consider the brief and affidavit in deciding a motion to dismiss. The holding thus supports the defense use of affidavits in this case.

### 2. Use of new legal authority is permissible

Plaintiff asks that the defense be prevented from citing the recent decision of the Third Circuit Court of Appeals in *McKee v. Hart,* ___F.3d____, 2006 WL 27474 (3rd Cir. 2006). This preposterous demand is based on the allegation that defendants "chose not to" make use of the decision in their Opening Brief. The insinuation that defense counsel were aware of this decision and deliberately refrained from citing it is false.[7] The suggestion is ridiculous. How could any lawyers in such circumstances resist extolling the wisdom of new controlling authority directly supportive of their argument? Not only would knowingly withholding such authority be "sandbagging" in violation of the Rule, it would arguably violate the lawyer's ethical duty to zealously advocate the client's interest. The risk of employing such a tactic would far outweigh whatever reward the plaintiff sees in such a scheme.[8]

The plaintiff confuses the citation of newly-decided cases (which ought properly to be encouraged) with the raising of completely new arguments (which did not happen

---

[6] Acting Colonel MacLeish, Lt. Aviola, Captain Paige, and Captain Coupe.
[7] Plaintiff does not argue that the Court should be deprived of consideration of the case based on the failure of defense counsel to find a decision issued eleven days before their initial brief was due.
[8] One might well question why the plaintiff failed to cite such new controlling authority in her Answering Brief. However, defense counsel will not make the plaintiff's mistake of *assuming* that the failure to cite the case was a knowing and deliberate violation of the ethical rules. *See Delaware Lawyers' Rules of Professional Conduct 3.3(a)(3):* "A lawyer shall not knowingly:…fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel".

here). Thus, the Court's ruling in *Jordan v. Bellinger,* 2000 WL 1239956 (D.Del. 2000), wherein the defense raised an entirely new argument in its reply, can readily be distinguished. Likewise in *Rockwell Technologies LLC v. Spectra-Physics Lasers, Inc.,* 2002 WL 531555 (D.Del. 2002), the plaintiff argued for the first time in its reply brief that the defendants had failed to adequately plead an affirmative defense and had "waived" their right to assert it. The Court quite properly declined to consider the argument. Both *Adkins v. Bell Atlantic Corp.,* 2000 WL 17288368 (D.Del. 2000) and *Aubrey Rogers Agency Inc. v. AIG Insurance Co.,* 2000 WL 135129 (D.Del. 2000) involved obvious violations of Local Rule 7.1.3(c). Nothing of this sort has happened here. Defendants have merely cited a decision that serendipitously appeared in the midst of this briefing. The holding is on point here, and supports the position previously taken by the defendants in the Opening Brief. There is no new argument; only a new case. Plaintiff is understandably glum about a brand-new decision contrary to her position. But she has no cause to ask the Court to disregard controlling authority.

      **3.**    **Oral argument provides an opportunity for plaintiff to respond**

The defense intends to ask the Court to schedule oral argument on the Motion for Partial Summary Judgment as to Counts II and III. If granted, this would afford the plaintiff a full opportunity to attempt to distinguish the holding in *McKee v. Hart*, and also to deal with the facts set forth in Mr. Tupman's affidavit. Oral argument is at the discretion of the Court. In the event that the Court does not schedule oral argument, the defense would not object to the Court allowing the plaintiff a brief opportunity to deal with the *McKee v. Hart* decision only. Of course, any such additional submission is not required by the Rules, and would be subject to the Court's discretion.

**C.**    <u>**The Court should reject the plaintiff's repeated attempts to distort the record**</u>

A trial is, fundamentally, a search for truth. The discovery process, in particular, ought to be a collaborative effort to get at the pertinent facts bearing on the issues of the case. Substantive motions depend upon a full consideration of the record (and pertinent legal authority) by the Court. Tactics intended to obscure the truth, or to prevent a full and fair consideration of the pertinent facts (and the law), undermine the function of the

8

Court.  A party may well be prejudiced by unfavorable evidence in the record (or case law) that rebuts or fails to support that party's claims in the lawsuit.  That is the usual result of the fact-finding process, when the claims asserted are weak or fatuous.  However, it is only <u>unfair</u> prejudice that is properly a concern for the Court.  The mere existence of adverse facts, properly elicited, or adverse law, properly cited, are no grounds for exclusion.  The remedy for the party suffering from such evidence in the record is to attempt to rebut such facts and such cases, not to exclude them from consideration.

By any measure, the plaintiff in this case has been forced to confront a wealth of unfavorable facts in the record, potentially fatal to her failure to promote claim (Count I of the Amended Complaint).  She and her lawyers have failed to present any facts in support of her "retaliation" claims that would prevent the entry of judgment in favor of the defendants as to Counts II and III.  The defense has uncovered, and has disclosed, voluminous records and dozens of witnesses attesting to the plaintiff's mediocre performance record, questionable behavior, and extensive disciplinary history[9].  Discovery has shown in painstaking detail the prudent course taken by senior DSP staff at the meeting called to solicit legal advice on the release of a routine internal e-mail.  Rather than attempt to rebut this evidence (or perhaps lacking any rebuttal evidence), the plaintiff has responded by attempting to suppress these facts, through repeated "emergency" applications, letters under seal, and motions.[10]  The common thread running through these tactics is a desperate effort to keep pertinent but damaging facts from the record.  Whatever the procedural label applied, these tactics are a thinly-disguised

---

[9] Plaintiff's lawyers characterize this as an attack on Plaintiff' character [Motion at 2, footnote 1].  Plaintiff's character is not the real issue.  *But see* F.R.E. 404(b)  Plaintiff has placed her competence – her suitability for promotion to an Executive Staff position over some twenty other well-qualified candidates, many with greater experience and superior qualifications – squarely at issue in this case, and her job performance, conduct, and record are certainly factors to be considered as to Count I.  If the jury finds that she was not qualified for promotion, or not as qualified as those who were promoted, or others who were eligible, the plaintiff cannot succeed on her claims set forth in Count I.

[10] On October 19, 2005, plaintiff filed sealed [Docket #93] and redacted [Docket #92] versions of a letter requesting "an Emergency Chambers Conference".  After the defendants responded the following day [Docket ##94, 95], the plaintiff sent additional letters on October 20 [Docket ##96, 97] and on November 1 [Docket ##101, 102] regarding her request for an "Emergency Conference".  On November 7, 2005 (Docket #107), the Court scheduled a chambers conference for November 17, 2005.  The plaintiff was denied the relief she sought, namely the exclusion of the testimony of numerous adverse witnesses identified by the defense.  The plaintiff subsequently filed a motion to disqualify counsel based on exposure to the plaintiff's disciplinary record [Docket # 132], and a self-styled "Motion for Sanctions" [Docket #141] raising various discovery issues.

attempt to disrupt the normal fact-finding process in a manner that finds no support or justification in the Rules.

**D.      The Court should reject plaintiff's dilatory tactics**

The defendants respectfully ask that the Court intervene to stop this course of conduct on the part of the plaintiff lawyers. There is, candidly, a limit to what the defense can do in the face of these repeated tactical maneuvers, other than respond, set the record straight, and identify the prejudice sustained by the defendants when justice is delayed. The Court, in contrast, has a broad range of potential sanctions at its disposal to quell this abuse. Rather than add fuel to the fire generated by plaintiff's repeated accusations and insults, the defense would leave the choice of remedy to the sound discretion of the Court.

/s/ Ralph K. Durstein, III
Ralph K. Durstein, III (ID# 912)
Stephani J. Ballard (ID#3481)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510

Dated: February 17, 2006

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on February 17, 2006, he caused the attached Response of Defendants Delaware State Police, MacLeish, and Mitchell in Opposition to Plaintiff's Motion to Strike to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

James E. Ligouri, Esq.
Ligouri, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ Ralph K. Durstein III
Ralph K. Durstein III, I.D. #912
Stephani J. Ballard, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510
Attorneys for Defendants MacLeish, Mitchell, and Division of State Police