


# STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

| | | |
|---|---|---|
| **NEW CASTLE COUNTY** | **KENT COUNTY** | **SUSSEX COUNTY** |
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**

New Castle County                         Writer's Direct Dial: (302) 577-8510
                                          FAX: (302) 577-5866

February 21, 2006

Hon. Gregory M. Sleet
United States District Court
Lock Box 19
844 North King Street
Wilmington, DE 19801

        Re: Conley v. Delaware State Police, et al.
            Civ. A. No. 04-1394-GMS

Dear Judge Sleet:

On behalf of the defendants Secretary Mitchell, Colonel MacLeish, and the Delaware State Police, pursuant to Local Rule 7.1.4, I request oral argument on the defendants' Motion for Partial Summary Judgment as to Counts II and III of the First Amended Complaint [Docket #146]. Briefing has been completed on this Motion and related matters, and it is pending decision.

There are a number of other matters before the Court. The plaintiff filed a motion to bifurcate/sever Counts II and III for purposes of trial [Docket #74], a motion to disqualify Mr. Ligouri as counsel for Colonel Chaffinch [Docket #120], a summary judgment motion

[Docket #138], a discovery motion seeking sanctions [Docket #141], and a motion to strike portions of the defendants' summary judgment brief [Docket #158]. The defendants moved to strike plaintiff's brief and appendix in support of her summary judgment motion [Docket #151].

Respectfully, I would ask that the status of Mr. Ligouri as counsel for Colonel Chaffinch be determined first, at the Court's earliest convenience, in order that we might ascertain whether Mr. Ligouri will be able to participate in oral argument (if the Court sees fit to request oral argument, of course), or whether consideration of the remaining motions must be suspended pending the entry of successor counsel.

I would further respectfully suggest that the competing motions to strike need to be resolved, as a threshold matter, in order to confirm the record before the Court on the summary judgment motions.

The defendants would object to any consideration of the plaintiff's "Motion for Sanctions and Other Relief Due to Defendants' Intentional Destruction of Relevant Evidence" [Docket #141], as it is not a case-dispositive motion, and, as set forth in the defendants' response to it [Docket #152], the plaintiff failed to follow the Court's protocol for discovery disputes.

I am at the Court's disposal with regard to scheduling.

                                        Respectfully submitted,

                                        *Ralph K. Durstein III*
                                        Ralph K. Durstein III
                                        Deputy Attorney General


xc: Thomas S. Neuberger, Esq.
    James E. Ligouri, Esq.