IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **COLONEL L. AARON CHAFFINCH,** : | C.A.No.04-1394-GMS |
| individually and in his official capacity as the : | |
| Superintendent, Delaware State Police; : | |
| **LIEUTENANT COLONEL THOMAS F.** : | |
| **MACLEISH,** individually and in his official : | |
| capacity as the Deputy Superintendent, : | |
| Delaware State Police; **DAVID B. MITCHELL,** : | |
| individually and in his official capacity as : | |
| Secretary of the Department of Safety and : | |
| Homeland Security, State of Delaware; and : | |
| **DIVISION OF STATE POLICE,** : | |
| **DEPARTMENT OF SAFETY AND** : | |
| **HOMELAND SECURITY, STATE OF** : | |
| **DELAWARE,** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE SELECT
PORTIONS OF DEFENDANTS' (1) REPLY BRIEF IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT AND (2) ACCOMPANYING APPENDIX FOR
FAILURE TO COMPLY WITH LOCAL RULE 7.1.3 AND THE
FEDERAL RULES OF CIVIL PROCEDURE**

**A. Defendants' Rule 26 Disclosures.** Defendants have failed to offer any authority for their novel proposition that a party may rely upon its own Rule 26 disclosures as substantive evidence at summary judgment. Instead, the authority cited by defendants stands for propositions unrelated to the current motion.

As discussed in plaintiff's motion ("OB"), the current issue is whether a party may rely upon its own Rule 26 disclosures as substantive evidence at summary judgment. But the plain

language of the rules and an analysis of the evidentiary issues presented demonstrates that a party may not. (OB at 2-4). It is unavailing for defendants to cite numerous cases whose holdings address entirely different issues - such as the innocuous proposition that a party may be barred from using evidence at summary judgment if it was not earlier identified in its Rule 26 disclosures. Citation of such cases does nothing to advance or address the issues before the Court.

      Unlike defendants, plaintiff does not agree that -

> [i]t is absurd, and a corruption of the discovery rules ... to argue that each individual witness statement must be independently verified by that person.

(AB at 3). Instead, this is a fundamental principle of summary judgment procedure - that evidence must be in a proper admissible form. After all, summary judgment is a substitute for trial, and trial testimony must be sworn, be based upon personal knowledge and offered as admissible evidence. Thus, affidavits and interrogatories must be sworn and signed. Depositions must be given under oath. If defendants wish to rely upon a statement, that statement must be in its proper form. And, as discussed in plaintiff's motion, the numerous statements defendants' seek to substantively rely upon, which are contained in their Rule 26 disclosures, are neither signed nor sworn to by any witness. Accordingly, such a submission is improper, it is inadmissible hearsay, it cannot be considered under Rule 56 ( c), and it must be stricken.

      **B. Defendants' Answers to Interrogatories.** The defense argument in this regard also misses the point. (AB at 3-6). Plaintiff does not contend that Answers to Interrogatories may not be a part of a summary judgment record. Indeed, Rule 56(c) explicitly states that they may.

      Instead, the problem is that the challenged defense Answers contain substantive factual

averments as to what numerous witnesses will say.  But there are no signed affidavits or declarations from these witnesses.  Only defendant MacLeish or defense counsel attest to what these witnesses would say if they testified.  Otherwise, these witnesses never testified, in any form.

As was done with the defense Rule 26 disclosures, defendants again have submitted several pages of what they claim will be the sworn testimony of various witnesses.  But absent a sworn affidavit or declaration from these witnesses, such second or third hand accounts of what defendants claim will be the testimony of these witnesses may not be relied upon and are inadmissible evidence.  First, it is not in a proper form.  Second, it is single, double and/or triple hearsay.  Third, a foundation is lacking since the persons signing the Answers lack personal knowledge of what they are saying.  Accordingly, this submission is improper, it is inadmissible hearsay, it cannot be considered under Rule 56 ( c), and it must be stricken.[1]

**C. Defendants' Citation of Additional Legal Authority.**  Counsel now deny prior knowledge of the McKee decision.  (AB at 7).  But they did not give this as a reason when, pursuant to Local Rule 7.1.1, plaintiff contacted them about their inclusion of new cases and legal authority in their reply brief.  (See OB at Tab C).  Instead, counsel responded that their legal arguments were consistent with those contained in their opening brief and those in plaintiff's answering brief.  (Id.).  Had defendants truly been unaware of the decision, they simply should have said so when plaintiff e-mailed them about it before filing her motion.  But

---

[1] The defense assertion that these witness statements are somehow the verified responses on behalf of a government entity is unavailing and does not address the fundamental evidentiary concerns discussed in the text above.  Putting aside the fact that the interrogatories were directed to the individual defendants and not to the government entity, the Answers are still inadmissible hearsay as they purport to be the testimony of what yet another witness would testify to in court.

now that counsel on the record have stated that they simply missed the decision in their legal research, that response is accepted.

Nonetheless, given the nature of the briefing rules in our district, due to defense counsels' lack of completeness in their legal research  plaintiff is left unable to respond to a case which defendants did not cite or discuss in their opening brief, and which is a significant portion of their Reply brief legal argument. (See D.I. 154 at 14-17).  Consequently, if the case is material to the Court's eventual analysis, plaintiff seeks the opportunity to analyze it.

**D.  The Tupman Affidavit.**  Finally, it is a red herring to claim that the use of affidavits at summary judgment is permitted. (AB at 3-4).  Of course, the use of affidavits is permitted.  But  when defendants raise new factual issues for the first time in an affidavit attached to their reply brief, this deprives plaintiff of the opportunity to respond.  For example, throughout their reply brief, defendants repeatedly cite the newly introduced Tupman affidavit for the proposition that what occurred regarding the leak of plaintiff's internal affairs information is a mater of "first impression" and that MacLeish acted reasonably under the circumstances.  (See, e.g. D.I. 154 at 5).  But it is improper to add factual support in a reply brief for issues that defendants' originally raised in their opening brief without such factual support. That is holding back evidence for which the opportunity for a fair answer has been denied.   Accordingly, and for the reasons discussed in plaintiff's motion, the Tupman affidavit must be stricken.

## Conclusion

For the reasons discussed at length above, the documents bates-stamped C1-3 (the Tupman affidavit), and C5-24 (the Rule 26 disclosures and Defendants' Answers to Interrogatories), which are located in defendants' Appendix (D.I. 155), should be stricken from

the record and all portions of defendants' Reply (D.I. 154) which relies upon them also should be stricken. Similarly, all references to and legal arguments related to the <u>McKee</u> decision should be stricken, unless plaintiff is given the opportunity to submit a sur-reply or unless the decision is not material to the Court's analysis.

      Plaintiff waives a reply brief in support of his Motion.

      Respectfully Submitted,

      **THE NEUBERGER FIRM, P.A.**

      /s/ Thomas S. Neuberger
      **THOMAS S. NEUBERGER, ESQ. (#243)**
      **STEPHEN J. NEUBERGER, ESQ. (#4440)**
      Two East Seventh Street, Suite 302
      Wilmington, Delaware 19801
      (302) 655-0582
      TSN@NeubergerLaw.com
      SJN@NeubergerLaw.com

Dated: February 24, 2006      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on February 24, 2006, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph K. Durstein III, Esquire
>Department of Justice
>Carvel State Office Building
>820 N. French Street
>Wilmington, DE 19801
>
>James E. Liguori, Esquire
>Liguori, Morris & Yiengst
>46 The Green
>Dover, DE 19901

>/s/ Thomas S. Neuberger
>**THOMAS S. NEUBERGER, ESQ.**

Conley/ Pleadings / Motion to Strike for Failure to Comply RB.draft.03