IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' MOTION IN LIMINE FOR DETERMINATION OF ADMISSIBILITY OF EVIDENCE OF SEXUAL AND/OR ROMANTIC RELATIONSHIP BETWEEN PLAINTIFF AND HER WITNESS, GLENN DIXON, AS IT RELATES TO BIAS OF WITNESS DIXON**

COMES NOW, the above-captioned Defendants, by and through their counsel, and hereby move this Honorable Court to enter an Order, *in limine*, determining that, subject to proper offers of proof through witnesses at trial, Defendants may introduce evidence of a close personal, sexual and/or romantic relationship between Plaintiff and Captain Glenn Dixon, Plaintiff's key witness. This evidence is relevant and admissible for the reasons set forth herein and in the accompanying Opening Brief in Support of Defendants' Motion *in limine* as to this issue.

1. Plaintiff claims that she was the most qualified among 20 Delaware State Police troopers holding the rank of Captain to be appointed to the rank of Major. Plaintiff specifically claims that she was more qualified than Majors R.L. Hughes and Paul Eckrich, who got the two promotions at issue. Plaintiff claims that she did not get the promotions based upon Colonel Chaffinch's discrimination against her because of her gender.

2. Plaintiff offers no direct evidence of discrimination. As her sole circumstantial evidence, Conley claims that Chaffinch has, through the years engaged in sexist conduct and made "anti-female" jokes and

remarks. Some of this evidence, such as jokes and limericks with general sexual themes, were told in social settings and are quite flimsy as evidence of an anti-female bias by Chaffinch in his capacity as Superintendent of DSP. Other, more serious allegations are that Chaffinch made "job related" anti-female remarks as to female state troopers. This is flatly denied by Chaffinch and by all of the DSP witnesses interviewed by Defendants and offered to Plaintiff for deposition. (See Exhibit, witness disclosures, attached). The testimony of Glenn Dixon stands in stark contrast to the testimony Defendants' witnesses will offer and, in addition to Plaintiff's own testimony and certain limited testimony from retired Major Baylor (himself a former litigant against DSP), forms virtually the sole circumstantial case against Chaffinch.

       3. During the course of discovery, Defendants interviewed more than thirty (30) current and former Delaware State Police troopers and employees who have worked with Plaintiff, with Chaffinch and with Glenn Dixon at various times throughout their career and will provide testimony, both direct and reputation evidence, that Plaintiff and Glenn Dixon have had a sexual/romantic relationship dating back at least five years to the time Dixon served as Traffic Lieutenant under Captain Conley, the head of the Traffic Division.

       4. Some examples of the evidence obtained by Defendants follow: Sgt. Pete Fraley observed Conley and Dixon together in her office at Headquarters at night, and saw Conley rubbing Dixon's upper thigh. Civilian employees, such as Tammy Hyland, and officers who worked in traffic, such as Lt. Roger Willey, observed Dixon in Conley's office for hours behind locked doors on an almost daily basis. This was widely discussed among the civilian staff. Even after Dixon was transferred out of Traffic, many witnesses report that Conley and Dixon are on the phone with each other for hours every day. Carole Warnock, a civilian employee who has worked with Barbara Conley and Glenn Dixon at various times for more than 20 years, would testify that, at a party, Conley touched her (Warnock) in a sexual manner and said "that's what I'm going to do to Glenn." Aaron Chaffinch was approached by Glenn Dixon's wife, Amy, at the State Fair in 2003. Amy told Chaffinch "Aaron, he loves her", referring to her husband and Conley.

       5. Defendants have repeatedly offered to make all witnesses with information on this issue available for deposition, but that offer was declined by Plaintiff's counsel.

6. This evidence is highly relevant to bias and/or interest on the part of Glenn Dixon, who has emerged as Plaintiff's key witness in this case. Evidence of a witness' bias is always relevant and admissible under F.R.E. 401 and 402. United States v. Abel, 469 U.S. 45 (1984).

7. The evidence is not barred by F.R.E. 404(b) as it is not being offered to prove any propensity or "action in conformity" on the part of Dixon or Conley, but is being offered for the proper and relevant purpose of showing a basis for Dixon to slant his testimony in favor of Conley. F.R.E. 412 also does not apply, as Plaintiff is not and does not claim to be a "victim" of sexual misconduct, and she has placed her own reputation at issue. This evidence is being offered for the sole purpose of showing bias. Rule 608 does not bar the evidence as that Rule does not reach "evidence of bias or interest."

8. Finally, the evidence is admissible under F.R.E. 403 as its probative value on the key issue of bias on the part of Plaintiff's key witness is great and not substantially outweighed by "unfair" prejudice. It is precisely the kind of evidence the jury is entitled to know to make an accurate assessment of a key witness' credibility.

**WHEREFORE**, for the foregoing reasons and the reasons set forth in Defendants' Opening Brief in support of this Motion, the Court should find that Defendants' evidence going to bias or interest on the part of Plaintiff's witness, Glenn Dixon, is admissible.

                **DEPARTMENT OF JUSTICE**
                **STATE OF DELAWARE**


By:  /s/Stephani J. Ballard
     RALPH K. DURSTEIN, III (I.D. No. 912)
     STEPHANI J. BALLARD  (I.D. No. 3481)
     Deputy Attorneys General
     Carvel State Office Building
     820 North French Street
     Wilmington, DE 19801
     (302) 577-8400
     Attorneys for Defendants, MacLeish
     Mitchell and Division of State Police

     **LIGOURI, MORRIS & YIENGST**


By:   /s/ James E. Ligouri
     JAMES E. LIGOURI
     46 The Green
     Dover, DE  19901
     (302) 678-9900
     Attorney for Defendant, L. Aaron Chaffinch


DATED: March 28, 2006

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| COLONEL L. AARON CHAFFINCH, ) | |
| Individually and in his official capacity as the ) | |
| Superintendent, Delaware State Police; et al. ) | |
| ) | |
| Defendants, ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, she caused the attached, *Defendants' Motion in Limine for Determination of Admissibility of Evidence of Sexual and/or Romantic Relationship Between Plaintiff and Her Witness, Glenn Dixon, as it Relates to Bias of Witness Glenn Dixon*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell and State Police