**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| COLONEL L. AARON CHAFFINCH, ) | |
| Individually and in his official capacity as the ) | |
| Superintendent, Delaware State Police; et al. ) | |
| ) | |
| Defendants, ) | |

**OPENING BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE FOR ADMISSION OF**
**EVIDENCE OF SEXUAL AND/OR ROMANTIC RELATIONSHIP**
**BETWEEN PLAINTIFF AND HER WITNESS, GLENN DIXON,**
**AS IT RELATES TO BIAS OF WITNESS DIXON**

                                                DEPARTMENT OF JUSTICE
                                                STATE OF DELAWARE

                                                RALPH K. DURSTEIN, III, I.D. #912
                                                STEPHANI J. BALLARD, I.D. #3481
                                                Deputy Attorneys General
                                                Carvel State Office Building
                                                820 North French Street
                                                Wilmington, DE 19801
                                                (302) 577-8400
                                                Attorneys for Defendants MacLeish, Mitchell
                                                and Division of State Police

DATED: March 28, 2006

# **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................... iii

ARGUMENT ........................................................................................................................1

    I.    EVIDENCE OF BIAS ON THE PART OF PLAINTIFF'S KEY WITNESS, GLENN DIXON, IN THE FORM OF EVIDENCE OF A LONG STANDING PERSONAL ROMANTIC AND/OR SEXUAL RELATIONSHIP BETWEEN DIXON AND CONLEY IS RELEVANT AND ADMISSIBLE, PARTICULARLY WHERE DIXON PROVIDES VIRTUALLY THE SOLE FAVORABLE TESTIMONY ON BEHALF OF PLAINTIFF AS TO KEY ISSUES IN THIS CASE ........................1

    A.  Standard of Review ...............................................................................................1

    B.  The Evidence at Issue ...........................................................................................1

        1. Evidence of bias is clearly relevant to this case, and admissible under Rules 401 and 402, as the testimony proffered by Dixon is virtually the sole evidence adverse to Defendants (other than Plaintiff's own) and contradicts the testimony of multiple defense witnesses ...............................................................................................1

        2. Rule 404 is not applicable and Rule 608 does not bar admission of this evidence, as the evidence is not being offered to prove any "action in conformity" with the proffered evidence, but is being offered for the always proper purpose of evaluating the witness' credibility and motivation for testifying based upon his bias or interest in the case ..................................................................................................................2

        3. The critical evidence suggesting that Plaintiff's primary witness is biased or interested should be admitted to the jury under the Rule 403 balancing test, as its probative value is great and not substantially outweighed by unfair prejudice, confusion or any other impermissible factor ..........................................................3

        4. Rule 412 does not apply as Plaintiff is not, and does not claim to be, a victim of sexual misconduct or harassment, and Plaintiff has put her own reputation and work history plainly at issue in this case .........................................................................4

# TABLE OF CITATIONS

**Case Name**                                                                                                                  **Page**

Goodman v. Pennsylvania Turnpike Com'n, 293 F.3d 655 (3d Cir. 2002) .............................. 4

United States v. Abel, 469 U.S. 45 (1984) ...................................................................... 2, 3, 5

United States v. Console, 13 F.3d 641 (3d Cir. 1993) ............................................................. 3

**Statutes, Rules and Other Authorities**

Federal Rule of Evidence 102 ................................................................................................ 1

Federal Rule of Evidence 401 ........................................................................................ 1, 2, 5

Federal Rule of Evidence 402 ............................................................................................ 1, 2

Federal Rule of Evidence 403 ........................................................................................ 3, 4, 5

Federal Rule of Evidence 404 ........................................................................................... 2, 5

Federal Rule of Evidence 412 ................................................................................................ 5

Federal Rule of Evidence 412, Advisory Committee Notes ................................................... 5

Federal Rule of Evidence 607 ................................................................................................ 2

Federal Rule of Evidence 608 ............................................................................................ 2, 3

Federal Rule of Evidence 608, Advisory Committee Notes ................................................... 3

Federal Rule of Evidence 609 ................................................................................................ 2

**ARGUMENT**

I. **EVIDENCE OF BIAS ON THE PART OF PLAINTIFF'S KEY WITNESS, GLENN DIXON, IN THE FORM OF EVIDENCE OF A LONG STANDING PERSONAL ROMANTIC AND/OR SEXUAL RELATIONSHIP BETWEEN DIXON AND CONLEY IS RELEVANT AND ADMISSIBLE, PARTICULARLY WHERE DIXON PROVIDES VIRTUALLY THE SOLE FAVORABLE TESTIMONY ON BEHALF OF PLAINTIFF AS TO KEY ISSUES IN THIS CASE.**

   A. **Standard of Review.**

The Federal Rules of Evidence provide that all relevant evidence is admissible unless it has been declared inadmissible through one of the specific exclusions of the Rules of Evidence or other statutory authority. F.R.E. 402. The Rules of Evidence should be construed so that "the truth may be ascertained and proceedings justly determined." F.R.E. 102.

   B. **The Evidence At Issue.**

In the course of discovery, Defendants have learned from multiple Delaware State Police troopers and civilian employees that it has been observed and widely discussed, for many years, that Plaintiff Conley and Captain Glenn Dixon, are very close personally and have been having an affair and/or romantic relationship. In addition, Defendants have interviewed witnesses who can attest to direct evidence of Conley's sexual remarks about Dixon and actual physical contact between the two. (*See* Defendants Motion *in limine* on this issue). This evidence is highly significant to this case, as Dixon is virtually the only witness (besides Plaintiff) who has testified to allegedly sexist remarks and conduct on the part of the primary defendant, former Colonel Chaffinch. Accordingly, any evidence that Dixon may be biased to testify in Conley's favor is highly relevant.

   **1. Evidence of bias is clearly relevant to this case, and admissible under Rules 401 and 402, as the testimony proffered by Dixon is virtually the sole evidence adverse to Defendants (other than Plaintiff's own) and contradicts the testimony of multiple defense witnesses.**

Plaintiff claims this she was not promoted to the rank of Major in 2003 as a result of gender discrimination on the part of former Colonel Aaron Chaffinch. As her sole evidence of this, Conley claims that Chaffinch has, through the years engaged in sexist conduct and made "anti-female" jokes and remarks. Some of this evidence, such as jokes and limericks with sexual (not necessarily "anti-female") themes were told in social settings and are quite flimsy as evidence of an anti-female bias by Chaffinch on the job. The more

1

significant allegations are that Chaffinch made "job related" anti-female remarks as to female state troopers. This is flatly denied by Chaffinch and by all of the DSP witnesses interviewed by Defendants and offered to Plaintiff for deposition. There is, in fact, undisputed evidence that Chaffinch promoted many females during his tenure. The testimony of Glenn Dixon stands in sharp contrast to the evidence Defendants' witnesses will offer, and in addition to Plaintiff's own testimony, forms virtually the sole basis of her circumstantial case against Chaffinch.

Evidence that Glenn Dixon has a close personal relationship, of a romantic or sexual nature, with the Plaintiff is highly relevant to evidence of bias on his part—evidence which would clearly cast doubt on the veracity of his testimony and make Plaintiff's claims "less probable" to the jury. F.R.E. 401; United States v. Abel, 469 U.S. 45, 51 (1984). As such it is "relevant" evidence to this case. All relevant evidence is admissible unless otherwise barred by the Rules. F.R.E. 402.

> **2. Rule 404 is not applicable and Rule 608 does not bar admission of this evidence, as the evidence is not being offered to prove any "action in conformity" with the proffered evidence, but is being offered for the always proper purpose of evaluating the witness' credibility and motivation for testifying based upon his bias or interest in the case.**

Plaintiff cannot object to evidence of her relationship with Glenn Dixon as improper "character evidence under F.R.E. 404. Rule 404(a)(3) provides that evidence of the character of a witness is governed by Rules 607, 608 and 609. Nor is Rule 404(b) applicable, as that rule provides that evidence of "other crimes, wrongs, or acts" may not be admissible to prove character "in order to show action in conformity therewith." The evidence proffered here is not being offered to show "action in conformity." Defendants are not attempting to prove that Plaintiff or Dixon engaged in any particular action. The evidence is to show that Dixon is not just another uninterested DSP witness, but that he and the Plaintiff have an intimate personal history and relationship which is highly relevant to considerations of bias that the jury must be aware of in assessing Dixon's credibility. In addition, Plaintiff's on the job conduct with Dixon over the years as observed by other personnel (*e.g.* the multitude of witnesses who would testify that they spent entire afternoons behind Conley's locked door on a regular basis), is highly relevant to her work ethic, reputation for leadership and qualifications for promotion—a proper purpose under Rule 404(b).

Turning to Rule 608, it is clear that this rule also does not bar admission of the evidence. Rule 608 provides that the credibility of a witness may be attacked or supported only as to "character for truthfulness or untruthfulness." However, the Advisory Committee Notes to this Rule expressly provide that this limitation does not extend to evidence of "bias". "Opinion or reputation that the witness is untruthful specifically qualifies as an attack under the rule, and evidence of misconduct, including conviction of crime, and of corruption also fall within this category. *Evidence of bias or interest does not.*" F.R.E. 608, Notes, 1972. The Third Circuit has recognized this principle that "[e]vidence barred by Rule 608(b) solely for impeachment can be admitted if it is otherwise relevant to a material issue." U.S. v. Console, 13 F.3d 641, 661-62 (3d Cir. 1993). Bias is one of those material issues. The Third Circuit specifically held that "*extrinsic evidence may be introduced* as evidence of a witness's bias or interest in the case." Id (emphasis added); *see also* U.S. v. Abel, *supra*, 469 U.S. at 51.

**3. The critical evidence suggesting that Plaintiff's primary witness is biased or interested should be admitted to the jury under the Rule 403 balancing test, as its probative value is great and not substantially outweighed by unfair prejudice, confusion or any other impermissible factor.**

Application of the Rule 403 "balancing test" clearly weighs in favor of admitting Defendants' evidence as highly probative of bias or interest on the part of Dixon, who has become Plaintiff's primary witness in support of her allegations against Chaffinch. Rule 403 allows the Court to make a discretionary decision to exclude relevant evidence, but only if the Court finds that "its probative value is substantially outweighed by the danger of unfair prejudice." Other factors which might exclude evidence are confusion of issues, misleading the jury, undue delay, cumulative evidence and waste of time. The burden to exclude evidence under this rule is on the plaintiff.

Evidence of Plaintiff's affair or relationship with her primary witness—a DSP colleague whom she would suggest is an uninterested observer of Chaffinch's conduct on the job--is "prejudicial" to her case, in that it casts serious doubts on Dixon's credibility and suggests that he has a bias in Conley's favor and an

3

interest in the outcome of the case.[1]  However, the prejudice is not "unfair."  As the Third Circuit noted in Goodman v. Pennsylvania Turnpike Com'n, 293 F.3d 655, 669-70 (3d Cir. 2002):

> Federal Rule of Evidence 403 allows a court to exclude evidence when the unfair prejudicial effect substantially outweighs the evidence's probative value. However, "the...prejudice against which the law guards [is]...*unfair* prejudice--...prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found." "[P]rejudice does not simply mean damage to the opponent's cause." If it did, most relevant evidence would be deemed "prejudicial." However, the fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403. Excluded evidence must be unfairly prejudicial, not just prejudicial."  (citations omitted, emphasis added by Third Circuit).

Bias is always relevant and is critical information that the jury must have to assess credibility.  Dixon is nothing short of Plaintiff's "star" witness, who supports virtually all of the allegations she has made against Chaffinch.  With the exception of the much less detailed testimony of retired Major Baylor (himself a former litigant against DSP) as to a few remarks, Plaintiff's allegations find little or no support other than from Captain Dixon.  Defendants have obtained evidence from more than 30 Delaware State Police personnel, who worked with Chaffinch (and Plaintiff) throughout his 25 year DSP career, and these persons (as reflected in the disclosures provided to Plaintiff) would testify that they never heard Chaffinch make anti-female or sexist comments on the job or about women in the workplace.  Given this, evidence of bias on the part of Dixon which could account for his sharply contrary testimony is highly probative, to say the least, and most certainly not outweighed by unfair prejudice.

If Plaintiff's case is "prejudiced", it is because her key witness has a definite motivation to testify in her favor, as a result of their consensual affair.  The evidence is unfavorable—no question--but that does not mean that it is "unfair."  And it certainly does not mean the evidence should not be brought to the attention of the jurors.  By contrast, this evidence furthers the search for the truth in this case.  As the U.S. Supreme Court has held, bias is any "relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party...Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility has historically been entitled to assess all evidence

---

1 It is worth noting that Conley and Dixon have also "teamed up" to provide the sole adverse evidence against Chaffinch as to a key statement he is alleged to have made in the "firing range" cases, currently pending before this

which might bear on the accuracy and truth of a witness' testimony." <u>Abel</u>, 469 U.S. at 52. The jury's assessment of witnesses' credibility is their primary *raison d'etre*. Certainly, they must be made aware of the ample evidence that exists suggesting that the witness, Glenn Dixon, has a bias or interest in this case.

### 4. Rule 412 does not apply as Plaintiff is not, and does not claim to be, a victim of sexual misconduct or harassment, and Plaintiff has put her own reputation and work history plainly at issue in this case.

Plaintiff may attempt to argue that the evidence of her relationship/affair should be excluded as "sexual conduct" evidence under FRCP Rule 412. This Rule does not apply here. Rule 412 operates to exclude evidence of sexual behavior in civil cases only as to "victims" or "alleged victims of sexual misconduct." Rule 412(b)(2); Advisory Committee Notes, 1994. The Advisory Committee Notes specifically provide that "Rule 412 does not [] apply unless the person against whom the evidence is offered can reasonably be characterized as a 'victim of alleged sexual misconduct. *When this is not the case...neither Rule 404 nor this rule will operate to bar the evidence*; Rule 401 and 403 will continue to control. Rule 412 will, however, apply in a Title VII action *in which the plaintiff has alleged sexual harassment*."

Plaintiff's complaint makes clear that this is not a sexual harassment case. While Plaintiff alleges crude sexually-based humor on Colonel Chaffinch's part, which she suggests is evidence of bias against women, there are no allegations of sexual harassment. This is purely a failure to promote/gender discrimination case. Finally, even assuming *arguendo* Rule 412 did apply, the Notes provide: "Evidence of reputation may be received in a civil case only if the alleged victim has put his or her reputation into controversy. The victim may do so without making a specific allegation in a pleading." In this case, Plaintiff has plainly put her reputation in the Delaware State Police at issue by claiming to the be the most qualified candidate for promotion to Major, better qualified than all the other Captains, and even claiming to be a role model for woman. Accordingly, her actual reputation among her peers and, in particular evidence of her "on the job" consensual interactions with Dixon, which many will testify interfered with productivity, is a highly relevant issue in controversy.

---

Court. <u>Price, Foraker, et.al. v. Chaffinch, et.al.</u>, C.A. Nos. 04-956, 04-1207.

5

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


By: <u>/s/ Stephani J. Ballard      </u>
    RALPH K. DURSTEIN, III (I.D. No. 912)
    STEPHANI J. BALLARD  (I.D. No. 3481)
    Deputy Attorneys General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    (302) 577-8400
    Attorneys for Defendants, MacLeish
    Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**


By: <u>/s/ James E. Ligouri      </u>
    JAMES E. LIGOURI
    46 The Green
    Dover, DE  19901
    (302) 678-9900
    Attorney for Defendant, L. Aaron Chaffinch


DATED: March 28, 2006

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY,           ) | |
| )| |
| Plaintiff,           ) | |
| ) | |
| v.           ) | C.A. No. 04-1394-GMS |
| ) | |
| COLONEL L. AARON CHAFFINCH,           ) | |
| Individually and in his official capacity as the           ) | |
| Superintendent, Delaware State Police; et al.           ) | |
| ) | |
| Defendants,           ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, she caused the attached, *Opening Brief in Support of Defendants' Motion in Limine For Admission of Evidence of Sexual and/or Romantic Relationship Between Plaintiff and Her Witness, Glenn Dixon, As It Relates to Bias of Witness Dixon*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell, and Division of State Police

7