IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**OPENING BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE FOR ADMISSION OF
EVIDENCE OF PLAINTIFF'S "ON THE JOB" MISCONDUCT**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell
and Division of State Police

DATED: March 28, 2006

**TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................... ii

ARGUMENT .....................................................................................................................1

  I.   EVIDENCE OF PLAINTIFF'S "ON THE JOB" CONDUCT, MISCONDUCT AND WORK PERFORMANCE, INCLUDING EVIDENCE OF ROUTINE SEXUAL MISBEHAVIOR, AND HARASSMENT OF SUBORDINATE EMPLOYEES, IS RELEVANT AND ADMISSIBLE IN THIS CASE WHERE PLAINTIFF CLAIMS TO BE BEST QUALIFIED FOR PROMOTION TO MAJOR--THE HIGHEST NON-APPOINTED COMMAND POSITION IN DELAWARE STATE POLICE................................................................................1

    A.  Standard of Review ............................................................................1

    B.  The Evidence at Issue.........................................................................1

      1. This evidence is clearly relevant and admissible under Rules 401 and 402, where Plaintiff's qualification for promotion and Defendants' assessment of Plaintiff's and the comparators' qualifications are the key questions for the jury ...................................................................................................1

      2. Rule 404(b) is not applicable and does not bar admission of this evidence, as the evidence is not being offered to prove any "action in conformity" with Plaintiff's prior misconduct, but is being offered for the proper purpose of evaluating Plaintiff's claims of qualification for and entitlement to the high rank of Major, and the defense that Plaintiff was clearly not the most qualified to hold this position...................................................................................2

      3. Evidence of Plaintiff's conduct as a DSP trooper is not barred under the Rule 403 balancing test, as its probative value is great and not substantially outweighed by unfair prejudice or any other impermissible factor..............3

      4. Rule 412 does not apply as Plaintiff is not, and does not claim to be, a victim of sexual misconduct or harassment, and Plaintiff has put her own reputation and work history squarely at issue in this case ..........................5

# TABLE OF CITATIONS

**Case Name** **Page**

Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994) ........................................................................ 4

Goodman v. Pennsylvania Turnpike Com'n., 293 F.3d 655 (3rd Cir. 2002)............................ 3

**Statutes, Rules and Other Authorities**

Federal Rule of Evidence 102................................................................................................1

Federal Rule of Evidence 401............................................................................................1, 5

Federal Rule of Evidence 402................................................................................................1

Federal Rule of Evidence 403............................................................................................3, 5

Federal Rule of Evidence 404(b)........................................................................................2, 5

Federal Rule of Evidence 405................................................................................................3

Federal Rule of Evidence 412................................................................................................5

Federal Rule of Evidence 412, Advisory Committee Notes, 1994........................................5

Federal Rule of Evidence 803................................................................................................3

**ARGUMENT**

I. **EVIDENCE OF PLAINTIFF'S "ON THE JOB" CONDUCT, MISCONDUCT AND WORK PERFORMANCE, INCLUDING EVIDENCE OF ROUTINE SEXUAL MISBEHAVIOR, AND HARASSMENT OF SUBORDINATE EMPLOYEES, IS RELEVANT AND ADMISSIBLE IN THIS CASE WHERE PLAINTIFF CLAIMS TO BE BEST QUALIFIED FOR PROMOTION TO MAJOR--THE HIGHEST NON-APPOINTED COMMAND POSITION IN DELAWARE STATE POLICE.**

    A. **Standard of Review**.

The Federal Rules of Evidence provide that all relevant evidence is admissible unless it is inadmissible under one of the other Rules of Evidence or other statutory authority. F.R.E. 402. The Rules of Evidence should be construed so that "the truth may be ascertained and proceedings justly determined." F.R.E. 102.

    B. **The Evidence At Issue.**

Defendants have interviewed more than thirty (30) current and former Delaware State Police troopers and employees who have worked with Plaintiff throughout her career and will provide testimony that Plaintiff's career has been marked by misconduct including: poor work habits and performance; abuse of State funds and time; harassing sexual comments and physical contact directed to male subordinates and civilians, inappropriate language and sexual gestures in uniform and disrespect to superiors. (*See* Defendants Motion *in limine* on this issue). Plaintiff preliminarily objected to Defendants' seeking and/or using this discovery. The Court allowed Defendants to proceed with discovery. Defendants repeatedly offered to make all witnesses available for deposition, but that offer was declined by Plaintiff's counsel. *See* attached witness disclosures.

    **1. This evidence is clearly relevant and admissible under Rules 401 and 402, where Plaintiff's qualification for promotion and Defendants' assessment of Plaintiff's and the comparators' qualifications are the key questions for the jury.**

Plaintiff, one of 20 DSP Captains, was not promoted to two vacancies for the rank of Major in 2003. Plaintiff claims this was the result of gender discrimination while Defendants claim that the two male Captains who received the promotions were promoted on the basis of their qualifications for the rank of Major and for these particular positions--qualifications which far exceeded those of Plaintiff. DSP has five Majors who comprise the Executive Staff and serve as commanders of the 700 member DSP force, functioning in various leadership roles. The two positions at issue were Administrative/Budget Major and Kent/Sussex Operations

1

Major.  As part of a high ranking trooper's work experience, personal qualifications such as leadership, respect, reputation with civilian and uniform staff, compatibility, work ethic and the ability to present a positive and professional image as a DSP commander are critical to the position.

The proffered evidence pertains solely to Plaintiff's work history and on-the-job conduct throughout her DSP career. Defendants do not seek to delve into any non work-related conduct.  Both Plaintiff and the comparators have been troopers for more than 20 years and are well known to fellow commanders, troopers and civilian staff.  Evidence of Plaintiff's poor work performance; misappropriation of DSP resources, poor leadership, sexual harassment, disrespect toward subordinates and superiors, and inappropriate language and sexual gestures in uniform, all of which were known to Colonel Chaffinch, are factors that are clearly relevant to Plaintiff's qualifications, or lack thereof, to hold one of the highest command ranks in the Delaware State Police.  Accordingly, this evidence is relevant and admissible under Rules 401 and 402.

**2.  Rule 404(b) is not applicable and does not bar admission of this evidence, as the evidence is not being offered to prove any "action in conformity" with Plaintiff's prior misconduct, but is being offered for the proper purpose of evaluating Plaintiff's claims of qualification for and entitlement to the high rank of Major, and the defense that Plaintiff was clearly not the most qualified to hold this position.**

F.R.E. 404(b) is not applicable and does not operate to bar the admission of the relevant evidence of Plaintiff's on-the-job conduct.  Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" may not be admissible to prove character "in order to show action in conformity therewith."  The evidence proffered here is not being offered to show "action in conformity therewith." Defendants are not attempting to prove that Plaintiff engaged in some improper action similar to her prior actions.  The evidence, while certainly reflective of character, is not being offered to show Plaintiff's character.  It is being introduced as highly relevant evidence of the most critical issue in the case—Plaintiff's qualifications for the promotion she sought.  Rule 404(b) goes on to provide that evidence of other wrongs or acts "may . . . be admissible for other purposes." Certainly, job performance and reputation in the workplace is the most probative evidence available as to an individual's qualifications to be promoted to a leadership position.  Majors must adhere to the highest standards of professional conduct on the job and to the public, because these individuals represent the organization at the highest level.  It is for this purpose that the highly relevant evidence of Plaintiff's "on the

2

job" conduct and misconduct is introduced.[1]  Simply put, Plaintiff cannot claim that she was the most qualified individual among 20 Captains to hold the command rank of Major and simultaneously seek to preclude Defendants' introduction of a wealth of evidence of her negative work history and terribly poor image and reputation in the Delaware State Police community.

> **3. Evidence of Plaintiff's conduct as a DSP trooper is not barred under the Rule 403 balancing test, as its probative value is great and not substantially outweighed by unfair prejudice or any other impermissible factor.**

Application of the Rule 403 "balancing test" clearly weighs in favor of admitting Defendants' evidence.  Rule 403 allows the Court to make a discretionary decision to exclude relevant evidence, but only "if its probative value is substantially outweighed by the danger of unfair prejudice," or other factors such as confusion of issues, undue delay, or waste of time.  The burden to exclude evidence under this rule is on the plaintiff.  Plaintiff has already, in the prior meeting with the Court, claimed that the evidence is "unfairly prejudicial."  The evidence Defendants have obtained as to Plaintiff's own conduct is certainly "prejudicial," in that her conduct casts serious—if not fatal--doubts on her claims.  However, the prejudice is not "unfair."  As the Third Circuit held in <u>Goodman v. Pennsylvania Turnpike Com'n</u>, 293 F.3d 655, 669-70 (3d Cir. 2002):

> Federal Rule of Evidence 403 allows a court to exclude evidence when the unfair prejudicial effect substantially outweighs the evidence's probative value. However, "the ... prejudice against which the law guards [is] ... *unfair* prejudice--... prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found." "[P]rejudice does not simply mean damage to the opponent's cause." If it did, most relevant evidence would be deemed "prejudicial." However, the fact that probative evidence helps one side prove its case obviously is not grounds for excluding it under Rule 403. Excluded evidence must be unfairly prejudicial, not just prejudicial."  (citations omitted, emphasis added by Third Circuit).

In the instant case, Defendants have interviewed more than 30 Delaware State Police personnel, who worked with Plaintiff throughout her 20 year DSP career, regarding Plaintiff's on-the-job conduct, poor work performance and disrespect for DSP rules and subordinate and superior officers.  In a case where Plaintiff is seeking the promotion to one of the highest command positions in the organization, and claiming that she was

---

[1]  The evidence to be presented is in the proper forms allowed by F.R.E. 405—both "testimony as to reputation" by Plaintiff's co-workers and subordinates (Rule 405(a)), as well as evidence of specific instances of conduct (Rule 405(b)), which demonstrate that Plaintiff was not qualified, and certainly not the most qualified, for promotion to the rank of Major. In addition, to the extent any evidence constitutes hearsay (the vast majority of it does not), the Court should take note of F.R.E. 803(21) which provides that "[r]eputation of a person's character among associates or in the community"

better qualified than the comparators (and other Captains), the probative value of such evidence is great and most certainly not outweighed by unfair prejudice. The Court should keep in mind that *Defendants' evidence is as to "on-the-job" behavior.* If Plaintiff's case is "prejudiced" thereby, it is because Plaintiff's own workplace conduct reflects very poorly on her and her qualifications. But that does not mean that the prejudice is "unfair." And it does not mean the evidence should not see the light of day. By contrast, this evidence furthers the search for the truth in this case. Plaintiff's employment history and reputation among the troopers whom she would command is vital to the analysis of whether Plaintiff did not receive the promotion for a valid reason or a discriminatory reason. Moreover, Plaintiff has put her work history squarely at issue. Plaintiff will certainly, and properly, seek to introduce evidence of good work performance and qualifications. Plaintiff cannot simultaneously ask the Court to sanitize her work history of all its negative aspects. The evidence is real and relevant. Evidence of Plaintiff's on-the-job conduct which does not reflect favorably on her is also "fair game" when she puts her job record above that of 20 comparators.

In considering this evidence, Defendants refer the Court to a case cited by Plaintiff many times in this litigation. In Fuentes v. Perskie, 32 F.3d 759, 765-66 (3d Cir. 1994), the Third Circuit affirmed a grant of summary judgment for Defendants. Plaintiff claimed ethnic discrimination in failing to get a job; defendants claimed he was simply less qualified than the person who got it. The Court noted that to prevail at trial, plaintiff would have to show that "but for" the protected characteristic, plaintiff would have been hired, or promoted. The evidence in Fuentes--all of which the Third Circuit found admissible by upholding as a basis for summary judgment--showed, in defense of the job decision, that (1) plaintiff lacked leadership qualities (poor and negligent work performance); (2) plaintiff lacked management ability (habitually came to work late, low morale of staff); (3) plaintiff lacked interpersonal skills and had poor relationships at work; and finally (4) plaintiff engaged in unprofessional conduct (notably, including evidence that plaintiff, a member of a casino commission, was seen having sex in a car outside casino, and used his influence improperly). 32 F.3d at 765-66. These factors are virtually identical to the issues and evidence which Defendants seek to present here. This type of evidence was deemed relevant and admissible for summary judgment by the Third Circuit.

---

is an exception to the hearsay rule, and is not excluded from admissibility.

4

**4. Rule 412 does not apply as Plaintiff is not, and does not claim to be, a victim of sexual misconduct or harassment, and Plaintiff has put her own reputation and work history squarely at issue in this case.**

In Plaintiff's earlier attempt to prevent Defendants from obtaining evidence of Conley's workplace conduct-- an effort denied by the Court—Plaintiff argued that any "sexual misconduct" evidence was barred by F.R.E. 412.  As a preliminary matter, there is ample evidence of Plaintiff's on-the-job misconduct which involves no sexual issues whatsoever.  However, even as to Plaintiff's misconduct of a "sexual" nature, Rule 412 does not, on its face, apply to bar admissibility of the evidence.  Rule 412 operates to exclude evidence of sexual behavior in civil cases only as to "victims" or "alleged victims of sexual misconduct."  Rule 412(b)(2); Advisory Committee Notes, 1994.  The Advisory Committee Notes specifically provide that "Rule 412 does not [] apply unless the person against whom the evidence is offered can reasonably be characterized as a 'victim of alleged sexual misconduct. *When this is not the case . . . neither Rule 404 nor this rule will operate to bar the evidence*; Rule 401 and 403 will continue to control.  Rule 412 will, however, apply in a Title VII action *in which the plaintiff has alleged sexual harassment*."

Plaintiff's complaint is not a Title VII action, and was not pled as a sexual harassment case.  While Plaintiff alleges sexually-based humor on Colonel Chaffinch's part, which she suggests is evidence of bias, there are no allegations of sexual harassment.  This is purely a failure to promote/gender discrimination case.  Plaintiff has never claimed to be a "victim" of sexual assault or misconduct.  *See* Advisory Notes ("Rule 412 applies in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment.").  Finally, even assuming *arguendo* Rule 412 did apply, the Notes provide: "Evidence of reputation may be received in a civil case only if the alleged victim has put his or her reputation into controversy.  The victim may do so without making a specific allegation in a pleading."  In this case, Plaintiff has plainly put her reputation in the Delaware State Police squarely at issue by claiming to the be the most qualified candidate for promotion to Major and even claiming to be a role model for women.  Accordingly, actual reputational evidence is at issue and highly relevant.

5

                      **DEPARTMENT OF JUSTICE**
                      **STATE OF DELAWARE**

By: /s/ Stephani J. Ballard
    RALPH K. DURSTEIN, III (I.D. No. 912)
    STEPHANI J. BALLARD  (I.D. No. 3481)
    Deputy Attorneys General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    (302) 577-8400
    Attorneys for Defendants, MacLeish
    Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**

By: /s/ James E. Ligouri
    JAMES E. LIGOURI
    46 The Green
    Dover, DE  19901
    (302) 678-9900
    Attorney for Defendant, L. Aaron Chaffinch

DATED:  March 28, 2006

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1394-GMS |
| ) | |
| COLONEL L. AARON CHAFFINCH, ) | |
| Individually and in his official capacity as the ) | |
| Superintendent, Delaware State Police; et al. ) | |
| ) | |
| Defendants, ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, she caused the attached, *Opening Brief in Support of Defendants' Motion in Limine for Admission of Evidence of Plaintiff's "On the Job" Misconduct*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell, and Division of State Police

7