IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-1394-GMS |
| | ) |
| COLONEL L. AARON CHAFFINCH, | ) |
| Individually and in his official capacity as the | ) |
| Superintendent, Delaware State Police; et al. | ) |
| | ) |
| Defendants, | ) |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
COLONEL CHAFFINCH'S STATUS AS A FREEMASON AND
RELATED ISSUES AS TO FREEMASONRY**

COMES NOW, the above-captioned Defendants, by and through their counsel, and hereby move this Honorable Court to enter an Order, *in limine*, determining that evidence of Defendant, Colonel L. Aaron Chaffinch's status as a member of the Freemasons and evidence as to Masonic practices is not admissible in this case. This evidence is of no relevance to the issues in this case and is otherwise not admissible for the reasons set forth herein and in the accompanying Opening Brief in Support of Defendants' Motion *in limine* as to this issue.

1. Plaintiff claims that she was the most qualified among 20 Delaware State Police troopers holding the rank of Captain to be appointed to the rank of Major. Plaintiff specifically claims that she was more qualified than Majors R.L. Hughes and Paul Eckrich, who got the two promotions at issue. Plaintiff claims that she was not promoted as a result of gender discrimination. Promotion to Major is a discretionary decision on the part of the Colonel.

2. Plaintiff's Amended Complaint includes an entire section addressing Defendant Chaffinch's status as a freemason. It is entitled "He [Chaffinch] is a member of an organization which excludes women." (Amd. Compl. D.I. 7, ¶¶ 31-35). The complaint makes various allegations about exclusionary practices of Masonic

organizations.[1]  At Chaffinch's deposition, he was questioned extensively about his Masonic beliefs and membership.  Chaffinch depo. at pp. 12-24.  (Exhibit A).  Plaintiff's narrative interrogatory answers include a number of pages devoted to this subject.  (D.I. 72 pp. 5, 7-8, 10-11).  (Exhibit B).  Retired Major David Baylor and Captain Glenn Dixon were also questioned about Chaffinch's membership in the Masons.

3.  Evidence of Chaffinch's membership in this private organization and/or evidence of Masonic practices is of no relevance to Plaintiff's claims that she was best qualified to hold the rank of Major.  Notably, neither of the comparators who got the promotions are members of the Masons.  There is no evidence that Chaffinch used membership in this group or anything about this group in making his promotion decisions.  The evidence is therefore not relevant and is inadmissible pursuant to F.R.E. 401 and 402.

4.  Furthermore, evidence of Chaffinch's membership in the Masons is barred by F.R.E. 404(b) as it is being offered to prove propensity or "action in conformity" with Plaintiff's allegations as to Masonic beliefs or practices, which she characterizes as discriminatory.  Plaintiff wishes to show that Chaffinch, in not choosing her for promotion, "acted in conformity" with the alleged discriminatory practices of Masonry.

5.  The evidence is also inadmissible under Rule 610, as Freemasonry is a quasi-religious organization and Plaintiff is using Chaffinch's assumed belief in Masonic tenets to attack his credibility.

6.  Finally, the evidence is not admissible under F.R.E. 403 as it has virtually no probative value in advancing the issues in this case, and whatever value it does provide is substantially outweighed by the danger of unfair prejudice, confusion of issues, undue delay and waste of time.

WHEREFORE, for the foregoing reasons and the reasons set forth in Defendants' Opening Brief, Plaintiff's proffered evidence of Colonel Chaffinch being a member of the Freemasons and evidence of Masonic tenets and beliefs should be excluded from the evidence presented to the jury in this case.

---

1  No one has been offered as any sort of "expert" on the actual practices or tenets of Masonry.  Indeed this would be difficult as it is a "secret society."

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


By: __/s/Stephani J. Ballard__
    RALPH K. DURSTEIN, III (I.D. No. 912)
    STEPHANI J. BALLARD  (I.D. No. 3481)
    Deputy Attorneys General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    (302) 577-8400
    Attorneys for Defendants, MacLeish
    Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**


By: __/s/ James E. Ligouri__
    JAMES E. LIGOURI
    46 The Green
    Dover, DE  19901
    (302) 678-9900
    Attorney for Defendant, L. Aaron Chaffinch


DATED: March 28, 2006

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1394-GMS |
| | ) |
| COLONEL L. AARON CHAFFINCH, | ) |
| Individually and in his official capacity as the | ) |
| Superintendent, Delaware State Police; et al. | ) |
| | ) |
| Defendants, | ) |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on March 28, 2006, she caused the attached, *Defendants' Motion in Limine to Exclude Evidence of Colonel Chaffinch's Status as a Freemason and Related Issues as to Freemasonry*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell and State Police