**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**OPENING BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF COLONEL CHAFFINCH'S STATUS AS A FREEMASON AND
RELATED ISSUES AS TO FREEMASONRY**

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell
and Division of State Police

DATED: March 28, 2006

**TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................... ii

ARGUMENT .....................................................................................................................1

    I.    EVIDENCE OF COLONEL CHAFFINCH'S STATUS AS A MEMBER OF A FREEMASONRY ORGANIZATION AND EVIDENCE OF FREEMASONRY PRACTICES OR MEMBERSHIP CRITERIA IS NOT ADMISSIBLE, AS IT IS OF NO RELEVANCE TO THIS LITIGATION, WHICH CONCERNS THE RELATIVE QUALIFICATIONS OF THREE INDIVIDUALS, WHO ARE NOT MASONS, TO HOLD THE RANK OF MAJOR ....................................................1

        A.  Standard of Review ........................................................................................1

        B.  The Evidence at Issue ....................................................................................1

            1.  Evidence as to Colonel Chaffinch's participation in freemasonry is not admissible under Federal Rules of Evidence 401 and 402, as it is of no relevance to the issues in this case ..............................................................1

            2.  The evidence is inadmissible under Rule 404(b) as Plaintiff is seeking to show that the tenets of freemasonry are discriminatory towards women and that, therefore, Defendant Chaffinch, as a mason, "acted in conformity" with those alleged tenets when he failed to select her for promotion to the rank of Major. This is an impermissible purpose for evidence under Rule 404(b).2

            3.  The proffered evidence is also inadmissible under Rule 610, as Freemasonry is a quasi-religious organization, and Plaintiff is attempting to impair Chaffinch's credibility due to his adherence to Masonic beliefs ......3

            4.  Evidence as to Freemasonry would not be admissible, in any event, under the Rule 403 balancing test, as there is little or no probative value to this evidence, and it is substantially outweighed by the danger of unfair prejudice, confusion of issues, jury confusion, undue delay and waste of time ...........4

## **TABLE OF CITATIONS**

**Page**

**Statutes, Rules and Other Authorities**

Federal Rule of Evidence 102 ...................................................................................................1

Federal Rule of Evidence 401 ................................................................................................1, 2

Federal Rule of Evidence 402 ...................................................................................................1

Federal Rule of Evidence 403 ................................................................................................4, 5

Federal Rule of Evidence 404(b) ...........................................................................................2, 3

Federal Rule of Evidence 610 ...............................................................................................3, 4

**ARGUMENT**

I. **EVIDENCE OF COLONEL CHAFFINCH'S STATUS AS A MEMBER OF A FREEMASONRY ORGANIZATION AND EVIDENCE OF FREEMASONRY PRACTICES OR MEMBERSHIP CRITERIA IS NOT ADMISSIBLE, AS IT IS OF NO RELEVANCE TO THIS LITIGATION, WHICH CONCERNS THE RELATIVE QUALIFICATIONS OF THREE INDIVIDUALS, WHO ARE NOT MASONS, TO HOLD THE RANK OF MAJOR.**

    A.    **Standard of Review**.

The Federal Rules of Evidence provide that all relevant evidence is admissible. Evidence that is not relevant is not admissible. Even if evidence is relevant, it may be inadmissible if barred by one of the specific exclusions in the Rules of Evidence or by other statutory authority. F.R.E. 402. The Rules of Evidence should be construed so that "the truth may be ascertained and proceedings justly determined." F.R.E. 102.

    B.    **The Evidence At Issue**.

Plaintiff devotes an entire section of her Amended Complaint to allegations that Colonel Chaffinch is a member of various Freemasonry organizations that, according to Plaintiff, "exclude[] women" and African-Americans from membership. (Amd. Compl., D.I. 7, ¶31-35). At Plaintiff's deposition, he was questioned extensively about his Masonic beliefs and membership. Chaffinch depo. at pp. 12-24. Glenn Dixon was also questioned about Chaffinch's membership in the Masons. Plaintiff's narrative interrogatory answers include a number of pages devoted to this subject. (D.I. 72, pp. 8, 10-11).

**1. Evidence as to Colonel Chaffinch's participation in Freemasonry is not admissible under Federal Rules of Evidence 401 and 402, as it is of no relevance to the issues in this case.**

Plaintiff, one of 20 Delaware State Police captains, was not promoted to two vacancies for the rank of Major in 2003. Plaintiff claims this was the result of gender discrimination while Defendants claim that the two male Captains who received the promotions were promoted on the basis of their excellent qualifications for the rank of Major and for these particular positions--qualifications which far exceeded those of Plaintiff. The Court should note that, like Plaintiff, neither of the individuals who were promoted—Major Paul Eckrich and Major R.L. Hughes—are Masons. Therefore, evidence that Chaffinch is a Mason cannot be used for the conceivably relevant (hypothetical) purpose of showing that Chaffinch considered Masonic membership as a

1

favorable criteria for promotion.

There is no other purpose for which evidence of Colonel Chaffinch's membership in the private activity of Freemasonry could possibly be relevant. This case centers on the relative job qualifications of three non-Masons for promotion to the rank of Major. "Relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Rule 401. Evidence which is not relevant is not admissible. Rule 402.

The only purpose which Plaintiff has advanced for the use of this evidence (as inferred from the complaint) is that because the organization does not allow women members[1], Masons, like Colonel Chaffinch, must necessarily have animus toward or discriminate against women.[2] For this evidence to be relevant, Plaintiff asks the Court and jury to infer that all Freemasons discriminate against women. Chaffinch is a Freemason; therefore Chaffinch must discriminate. This is clearly an improper purpose—not to mention an illogical premise. Accordingly, this evidence is neither probative nor admissible under Rules 401 and 402. However, even it were relevant evidence it would be inadmissible for the reasons set forth below.

**2. The evidence is inadmissible under Rule 404(b) as Plaintiff is seeking to show that the tenets of freemasonry are discriminatory towards women and that, therefore, Defendant Chaffinch, as a mason, "acted in conformity" with those alleged tenets when he failed to select her for promotion to the rank of Major. This is an impermissible purpose for evidence under Rule 404(b).**

Even assuming *arguendo* that evidence of Colonel Chaffinch's membership in a Freemason order or organization was in any way relevant to this case, the evidence would nonetheless be inadmissible pursuant to F.R.E. 404(b). Plaintiff offers Colonel Chaffinch's membership in the Freemasons as evidence of "other wrongs or acts." It is plain on the face of Plaintiff's Amended Complaint that Plaintiff wishes to allege that this is a "discriminatory" organization, and that Chaffinch, a member, acted in conformity with those allegedly

---

1 Some of the testimony actually shows that Freemasons have certain orders or groups which have only women members and exclude men. However, the structure of these private organizations is of no significance to this litigation.

2 Plaintiff's repeated references to the Freemasons exclusion of African-American members—a point disputed in the testimony—is certainly of no consequence to this gender case, and one can only assume was gratuitously included

prejudicial or discriminatory beliefs. This is specifically what Rule 404(b) prohibits. Chaffinch's private activity of membership in the Masons is not probative of any real issue in this case. It is offered solely in the hopes of convincing the jury that Chaffinch acted in conformity with his supposed prejudicial beliefs—what Plaintiff in her complaint terms "Victorian Notions" about women--of which Masonry is a purported example. The admission of such evidence, offered for this improper purpose, would plainly violate Rule 404(b).

> **3. The proffered evidence is also inadmissible under Rule 610, as Freemasonry is a quasi-religious organization, and Plaintiff is attempting to impair Chaffinch's credibility due to his adherence to Masonic beliefs.**

F.R.E. 610 provides that "[e]vidence of beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature, the witnesses' credibility is impaired or enhanced." Freemasonry is a group of private organizations that has been termed a "secret society." There are definite religious aspects to Freemasonry. Freemasonry is described as "the largest secret society in the world. . . . [T]here are elaborate symbolic rites and ceremonies . . . . The principles of Freemasonry have traditionally been liberal and democratic. . . . . *Masons are expected to believe in a Supreme Being, use a holy book appropriate to the religion of the lodge's members*, and maintain a vow of secrecy concerning the order's ceremonies." *Encyclopedia.com*, "Freemasonry." For instance, Chaffinch himself testified that the Masons at his lodge recited "catechisms." (Chaff. depo. at 22).

Thus, to the extent Plaintiff seeks to introduce evidence that Chaffinch holds "Masonic beliefs," such evidence (in addition to being irrelevant) is inadmissible under Rule 610. Here, Plaintiff is trying to use the evidence for the prohibited purpose of suggesting that Masonic beliefs are discriminatory and that "bad" discriminatory persons, like Chaffinch, are affiliated with Masonry. Thus, the argument to the jury is that they should not believe Chaffinch when he proffers his legitimate non-discriminatory reasons for promoting Eckrich and Hughes (that they were more qualified than Plaintiff) because his assumed adherence to Masonic beliefs render his testimony incredible in this regard.

---

solely for the purpose of inserting irrelevant racial issues into the case in order to cast Chaffinch in a negative light.

3

The Rule 610 problem is heightened by Plaintiff's claims, elsewhere in the Complaint, that Chaffinch believes that the "trouble with mankind can be traced to the Garden of Eden discussed in the Book of Genesis in the Holy Bible", and that "Eve" is the source of men's and mankind's troubles. (Amd. Comp. ¶ 36). While Chaffinch vehemently denies this allegation, it nonetheless shows an intent by Plaintiff to inject Chaffinch's purported religious beliefs into this litigation. This type of "evidence" or argument is not allowed by Rule 610.

**4. Evidence as to Freemasonry would not be admissible, in any event, under the Rule 403 balancing test, as there is little or no probative value to this evidence, and it is substantially outweighed by the danger of unfair prejudice, confusion of issues, jury confusion, undue delay and waste of time.**

Even if this Court were to somehow determine that evidence of Chaffinch's Masonic membership was relevant and not excluded by the rules above, the evidence would be barred under the balancing test of Rule 403. Rule 403 provides that otherwise relevant evidence may be excluded if the Court finds that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Thus, even assuming *arguendo* this evidence were relevant and otherwise admissible, under the Rule 403 balancing test it should be excluded as, as discussed above, there is little or no probative value to the evidence of whether or not Chaffinch is a Mason, and the value, if any, of the evidence is substantially outweighed by the danger of unfair prejudice. It is highly likely that one or more jurors may have predispositions against the Freemasonry organization (or their perceptions thereof). Prejudice against Masons and Masonry may not only go to gender and/or racial issues, but to the whole "secret society" concept, which some jurors may find offensive.

In addition, admission of this evidence would result in confusion of the issues or misleading the jury. The merits of Masonry are not on trial. Even Plaintiff would concede that Freemasonry has nothing to do with the actual evidence on the qualifications of Conley, Hughes and Eckrich in this case, yet the jurors would consider it when it makes no legal difference to the case. If the jurors have no legitimate purpose for the information, it should not be admitted to them. To do so would result in confusion at a minimum. Admission of the evidence would also result in undue delay. Defendants would have to, at least to some extent, rebut

4

Plaintiff's suggestions (her "evidence" of other's anecdotal discussions of Masonic principles is tenuous at best) that Masonry is a discriminatory society. This could result in a technical mini-trial on the tenets of this group. Given that it is a "secret society," finding persons to provide actual testimony about the group would, on either side, present a problem of proof. Certainly the presentation of a mini-trial as to Freemasonry would result in a massive "waste of time"--also a valid reason for exclusion under Rule 403.

                                        DEPARTMENT OF JUSTICE
                                        STATE OF DELAWARE

By: /s/ Stephani J. Ballard
    RALPH K. DURSTEIN, III (I.D. No. 912)
    STEPHANI J. BALLARD  (I.D. No. 3481)
    Deputy Attorneys General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    (302) 577-8400
    Attorneys for Defendants, MacLeish
    Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**

By: /s/ James E. Ligouri
    JAMES E. LIGOURI
    46 The Green
    Dover, DE  19901
    (302) 678-9900
    Attorney for Defendant, L. Aaron Chaffinch

DATED: March 28, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, she caused the attached, *Opening Brief in Support of Defendants' Motion in limine to Exclude Evidence of Colonel Chaffinch's Status as a Freemason and Related Issues as to Freemasonry*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell, and Division of State Police