# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

### OPENING BRIEF IN SUPPORT OF
### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
### EVIDENCE OF OTHER CLAIMS AND LAWSUITS
### AGAINST DELAWARE STATE POLICE AND INDIVIDUAL DEFENDANTS
### UNRELATED TO GENDER DISCRIMINATION

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell
and Division of State Police

DATED: March 28, 2006

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF CITATIONS ..................................................................................... ii

ARGUMENT ......................................................................................................1

   I.     EVIDENCE OF PRIOR OR PENDING LAWSUITS AGAINST DELAWARE STATE POLICE AND THE INDIVIDUAL DEFENDANTS IS NOT ADMISSIBLE.  IT IS OF NO RELEVANCE TO THIS LITIGATION, AS THOSE LAWSUITS INVOLVE ENTIRELY UNRELATED CLAIMS WHICH HAVE NO BEARING WHATSOEVER ON THIS DISCRETE CLAIM OF GENDER DISCRIMINATION IN PROMOTION ..................................................1

  A.  Standard of Review ...................................................................................1

  B.  The Evidence at Issue ...............................................................................1

        1.  Evidence of other unrelated prior or pending lawsuits against Defendants, where none of those suits involve gender discrimination, is not admissible under Federal Rules of Evidence 401 and 402, as it is of no relevance to the issues in this case .....................................................................................................1

        2.  The evidence should be excluded under Rule 404(b) as Plaintiff is attempting to use this evidence as improper character evidence of "other wrongs or acts" on the part of Defendants and trying impermissibly to show that if Defendants were accused or found to have discriminated in other contexts, they must have "acted in conformity" by discriminating against Plaintiff on the basis of her gender in the promotion decisions.  This is an impermissible use of evidence under Rule 404(b) .....................................................................................................2

        3.  Evidence of settled claims or lawsuits is absolutely inadmissible under Rule 408 .....................................................................................................4

        4.  Evidence as to other lawsuits would not be admissible, in any event, under the Rule 403 balancing test, as there is little or no probative value to this evidence, and it is substantially outweighed by a great danger of unfair prejudice, confusion of issues, misleading the jury, undue delay and waste of time.  This evidence would necessarily devolve into "mini-trials" on each prior DSP case .....................4

## <u>TABLE OF CITATIONS</u>

**<u>Case Name</u>**                                                                **<u>Page</u>**

<u>Becker v. ARCO Chemical Co.</u>, 207 F.3d 176 (3d Cir. 2000) ....................................... 2, 3, 4

<u>Kelly v. Boeing Petroleum Svcs. Inc.</u>, 61 F.3d 350 (5th Cir. 1995) ......................................... 3

<u>Rauh v. Coyne</u>, 744 F.Supp. 1181 (D.D.C. 1990) .................................................................. 3

<u>Rivera v. Baccarat</u>, 1997 WL 777887 (S.D.N.Y. 1997) ........................................................ 3

<u>Simonetti v. Runyon</u>, 2000 WL 1133066 (D.N.J. 2000), *aff'd* 276 F.3d 579 (3d Cir. 2001)3, 4

<u>Springer v. Henry</u>, 435 F.3d 268 (3d Cir. 2006) ................................................................... 2

**<u>Statutes, Rules and Other Authorities</u>**

Federal Rule of Evidence 102 ..................................................................................................1

Federal Rule of Evidence 401 ..........................................................................................1, 2, 3

Federal Rule of Evidence 402 .............................................................................................1, 2

Federal Rule of Evidence 403 ......................................................................................1, 3, 4, 5

Federal Rule of Evidence 404(b) ......................................................................................1, 2, 3

Federal Rule of Evidence 408 ..................................................................................................4

<u>**ARGUMENT**</u>

I.    <u>**EVIDENCE OF PRIOR OR PENDING LAWSUITS AGAINST DELAWARE STATE POLICE AND THE INDIVIDUAL DEFENDANTS IS NOT ADMISSIBLE. IT IS OF NO RELEVANCE TO THIS LITIGATION, AS THOSE LAWSUITS INVOLVE ENTIRELY UNRELATED CLAIMS WHICH HAVE NO BEARING WHATSOEVER ON THIS DISCRETE CLAIM OF GENDER DISCRIMINATION IN PROMOTION**</u>

    A.    <u>**Standard of Review.**</u>

The Federal Rules of Evidence provide that all relevant evidence is admissible. Evidence that is not relevant is not admissible. Even if evidence is relevant, it may be inadmissible if barred by one of the specific exclusions in the Rules of Evidence or by other statutory authority. F.R.E. 402. The Rules of Evidence should be construed so that "the truth may be ascertained and proceedings justly determined." F.R.E. 102.

    B.    <u>**The Evidence At Issue.**</u>

Throughout discovery in this case Plaintiff's counsel have made reference to other claims and lawsuits that have been filed against the State Police, most of which were also filed by Plaintiff's attorneys. *See* Defendant's Motion *in limine* on this issue, ¶ 2. None of these claims or lawsuits involved allegations of gender discrimination.

**1. Evidence of other unrelated prior or pending lawsuits against Defendants, where none of those suits involve gender discrimination, is not admissible under Federal Rules of Evidence 401 and 402, as it is of no relevance to the issues in this case.**

Plaintiff's §1983 claim is grounded solely in alleged gender discrimination.[1] Evidence of other lawsuits, involving issues and controversies unrelated to gender discrimination could not conceivably be offered for any relevant or proper purpose. "Relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Rule 401. Evidence which is not relevant is not admissible. Rule 402. One must surmise that the purpose for which Plaintiff seeks to introduce this evidence is the impermissible

---

1 Defendants will put aside for the moment the allegations of "First Amendment retaliation" set forth in Counts II and III of Plaintiff's Amended Complaint. Defendants have moved for summary judgment on these counts. While the evidence would still be barred as to these counts as "propensity" evidence under Rules 404(b) and 403, this brief

1

purpose of attempting to show that Chaffinch and DSP treated other employees in a discriminatory fashion, and therefore they must necessarily have discriminated against Conley also. This is clearly an improper purpose—not to mention an illogical premise. Plaintiff wants to tell the jury that Defendants have been sued before by others. Evidence that Defendants have been sued before[2] is not probative of any fact at issue in this case, and is therefore not relevant or admissible under Rules 401 and 402. Moreover, even if the evidence were in any way relevant, it would be inadmissible for the reasons set forth below.

> **2. The evidence should be excluded under Rule 404(b) as Plaintiff is attempting to use this evidence as improper character evidence of "other wrongs or acts" on the part of Defendants and trying impermissibly to show that if Defendants were accused or found to have discriminated in other contexts, they must have "acted in conformity" by discriminating against Plaintiff on the basis of her gender in the promotion decisions. This is an impermissible use of evidence under Rule 404(b).**

Even assuming *arguendo* that evidence of other prior lawsuits against DSP and Colonel Chaffinch was in any way relevant to this case, the evidence would nonetheless be inadmissible under F.R.E. 404(b). Plaintiff offers evidence of other employees' lawsuits or claims of discrimination as "other wrongs or acts" by Defendants. The fact that DSP or Chaffinch was accused, or even found liable for, allegedly discriminating against classes of persons other than females is being offered for the prohibited purpose of showing that Chaffinch acted in conformity with this conduct. That is, if he discriminated in those cases, he must have discriminated in this case. This is precisely the type of propensity evidence that Rule 404(b) forbids. Becker v. ARCO Chemical Co., 207 F.3d 176, 189 (3d Cir. 2000).

Even where a proper purpose for the evidence has been advanced by the proponent (none has been here), the Third Circuit has held that the party offering the evidence "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged...that *chain of logic must include no link involving an inference that a bad person is disposed to do bad acts*." Becker, 207 F.3d at 191 (citations omitted)(emphasis added). In

---

focuses on the primary claim of gender discrimination in promotion.

2 To the extent Plaintiff seeks to introduce evidence of prior lawsuits that were based on allegations of racial discrimination, the Third Circuit has unequivocally stated that the gratuitous injection of race into litigation is "unacceptable...[w]e deplore any introduction of race into a case where race is not at issue." Springer v. Henry, 435

Becker, the Third Circuit reversed and ordered a new trial where the District Court had allowed plaintiff to present evidence that the employer engaged in prior misbehavior in an effort to terminate another employee.

Plaintiff here hopes that the jury will believe—by inflaming them with (necessarily incomplete) information about other lawsuits—that Chaffinch is simply someone who discriminates across the board and that, therefore, he must have discriminated against Conley. This is similar to a defendant in a motor vehicle case being confronted with evidence that other drivers have sued him over the years for unrelated accidents. Clearly this would not be admissible. Merely because claims of discrimination are more weighty, the analysis does not change. As Becker noted, evidence from which the jury could infer that this "was the kind of guy who had done it before, [and therefore was] the kind of guy who will do it again," is propensity evidence that is inadmissible under Rule 404(b). 207 F.3d at 193 (citation omitted).

The Third Circuit has specifically passed on the issue of whether evidence of one type of discrimination may be used against an employer charged with another type of discrimination. The Court of Appeals, affirming Simonetti v. Runyon, 2000 WL 1133066 (D.N.J. 2000) *aff'd* 276 F.3d 579 (3d Cir. 2001), upheld the District Court's ruling that a Plaintiff alleging disability discrimination could not rely on allegations of *other types* of discrimination (in that case, racial and religious) to support his claims that he was discriminated against by the employer. The District Court held that "pursuant to Federal Rules of Evidence 401 and 403, plaintiff may not use evidence of one type of discrimination to prove discrimination of another type." Simonetti at *6. The court cited similar holdings to this effect throughout the circuits: Kelly v. Boeing Petroleum Svcs. Inc., 61 F.3d 350, 357-60 (5th Cir. 1995)(holding comments pertaining to race, sex and origin have no tendency to prove disability discrimination and were therefore rightly excluded pursuant to Federal Rules of Evidence 401 and 403); Rauh v. Coyne, 744 F.Supp. 1181, 1183 (D.D.C. 1990) (finding that plaintiff alleging gender discrimination may not introduce evidence of racial discrimination because it is not relevant under Federal Rule of Evidence 401 and would result in unfair prejudice outweighing any probative value pursuant to Federal Rules of Evidence); *see also* Rivera v. Baccarat, 1997 WL 777887 at *2 (S.D.N.Y. 1997)

F.3d 268, 283 (3d Cir. 2006).

(holding allegations of race and gender discrimination are irrelevant to claims of national origin discrimination and are thereby inadmissible). Simonetti, *supra* at *6.

The Third Circuit has distinguished cases in which "other acts" of discrimination have been deemed admissible. In those cases, the "other acts" were the same type of acts alleged in the case at bar, and were directed at the *same protected class* as that of the plaintiff. On the facts of those particular cases, the court found that the evidence was offered for the proper purpose of showing employer's state of mind or attitude towards members of that particular protected class. *See* Becker v. ARCO Chemical Co., 207 F.3d 176, 194, fn.8 (3d Cir. 2000).[3] Clearly that justification cannot exist here, where Plaintiff seeks to introduce evidence of claims of discrimination against racial or other protected classes, while Plaintiff claims discrimination solely on the basis of membership in the protected class of "females."

**3. Evidence of settled claims or lawsuits is absolutely inadmissible under Rule 408.**

Certain prior lawsuits against Defendants to which Plaintiff refers were settled prior to trial. Settled claims are expressly excluded from admission into evidence by F.R.E. 408, which provides that offering or accepting a valuable consideration in exchange for settling a disputed claim "is not admissible to prove liability for or invalidity of the claim or its amount." In other words, evidence of settling a disputed claim is not admissible to prove the claim had merit or value. Plaintiff seeks to show that Defendants discriminated against other individuals in some prior context(s). In addition to being inadmissible as "propensity" evidence, as discussed above, if the prior claim was settled, Plaintiff is not permitted to refer to the allegations of the settled case to suggest any sort of liability on Defendants. In addition, any matters settled by Defendants were expressly settled with no such admission.

**4. Evidence as to other lawsuits would not be admissible, in any event, under the Rule 403 balancing test, as there is little or no probative value to this evidence, and it is substantially outweighed by a great danger of unfair prejudice, confusion of issues, misleading the jury, undue delay and waste of time. This evidence would necessarily devolve into "mini-trials" on each prior DSP case.**

---

3 The cited cases in Becker involve prior acts of discrimination, not prior *lawsuits*. A lawsuit in itself is merely an allegation and proves nothing about the underlying acts.

Even if this Court were somehow to determine that evidence of other lawsuits against Defendants was relevant and not excluded by the rules above, the evidence would be nonetheless barred under the balancing test of F.R.E. 403. Rule 403 (which comes into play only after a determination of relevancy) provides that otherwise relevant evidence may still be excluded if the Court finds that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Thus, this evidence must also be excluded under the Rule 403 balancing test if, in this gender case, there is little or no probative value to evidence that members of other protected classes have alleged different kinds of discrimination against Defendants, and where the value (if any) of such evidence is substantially outweighed by the danger of unfair prejudice.

The prejudice is clear. Many, if not most, jurors would be predisposed against a defendant employer whom they had discriminated against others previously (again, a fact disputed by Defendants). The prejudice is also "unfair." Where the claims in the other lawsuits have no bearing on Plaintiff, gender discrimination or any other issues in this case, it must be concluded that Plaintiff is just offering this "evidence" in the hope that the jury will conclude defendants are "bad people" because they have been accused or sued before by others. This is the essence of "unfair" prejudice, and what Rule 403 was designed to prevent.

Admission of the evidence also has a high potential for confusion of the real issues in this case and misleading the jury. Other types of discrimination claims, involving issues such as "reverse discrimination," have no bearing on this case. Undue delay and waste of time are virtually guaranteed by admission of this evidence. Allusion to prior claims against DSP would result in mini-trials on what was alleged, what really took place, and what was determined at prior trials. Defendants would have right to rebut issues raised by plaintiffs which would necessarily get into details of the other lawsuits that have no bearing here. The result would be a colossal waste of time, with no advancement of the discrete issues before the jury in this case.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


By: /s/ Stephani J. Ballard
      RALPH K. DURSTEIN, III (I.D. No. 912)
      STEPHANI J. BALLARD  (I.D. No. 3481)
      Deputy Attorneys General
      Carvel State Office Building
      820 North French Street
      Wilmington, DE 19801
      (302) 577-8400
      Attorneys for Defendants, MacLeish
      Mitchell and Division of State Police


**LIGOURI, MORRIS & YIENGST**


By: /s/ James E. Ligouri
      JAMES E. LIGOURI
      46 The Green
      Dover, DE  19901
      (302) 678-9900
      Attorney for Defendant, L. Aaron Chaffinch


DATED: March 28, 2006

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

CAPTAIN BARBARA L. CONLEY,      )
                                  )
         Plaintiff,          )
                                  )
        v.               )     C.A. No. 04-1394-GMS
                                  )
COLONEL L. AARON CHAFFINCH,     )
Individually and in his official capacity as the   )
Superintendent, Delaware State Police; et al.   )
                                  )
        Defendants,      )

## CERTIFICATE OF MAILING AND/OR DELIVERY

   The undersigned certifies that on March 28, 2006, she caused the attached, *Opening Brief in Support of Defendants' Motion in Limine to Exclude Evidence of Other Claims and Lawsuits Against Delaware State Police and Individual Defendants Unrelated to Gender Discrimination*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

      Thomas S. Neuberger, Esq.
      Stephen J. Neuberger, Esq.
      Two East Seventh Street, Suite 302
      Wilmington, DE 19801

                              /s/ Stephani J. Ballard
                              Stephani J. Ballard, I.D. #3481
                              Deputy Attorney General
                              Carvel State Office Building
                              820 N. French Street, 6th Floor
                              Wilmington, DE  19801
                              (302)577-8400
                              Attorney for Defendants MacLeish,
                              Mitchell, and Division of State Police