IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED JOKES AND REMARKS BY COLONEL CHAFFINCH RELATED TO RACIAL ISSUES AND UNRELATED TO GENDER**

COMES NOW, the above-captioned Defendants, by and through their counsel, and hereby move this Honorable Court to enter an Order, *in limine*, determining that evidence as to racial issues, including alleged jokes or remarks made by former Colonel L. Aaron Chaffinch which had racial subject matter or overtones, are not admissible in this case. This type of evidence is not probative of or relevant to the issues in this case, is unduly prejudicial, and is otherwise not admissible for the reasons set forth herein and in the accompanying Opening Brief in Support of Defendants' Motion *in limine* as to this issue.

1. Plaintiff, a white female, claims that she was the most qualified among 20 Delaware State Police troopers holding the rank of Captain to be appointed to the rank of Major. Plaintiff specifically claims that she was more qualified than Majors R.L. Hughes and Paul Eckrich, both white males, who got the two promotions at issue. Plaintiff claims that she was not promoted as a result of gender discrimination. Promotion to Major is a discretionary decision on the part of the Colonel.

2. Plaintiff has, from the initiation of this action, and throughout discovery in this case alluded to various remarks and/or jokes allegedly told by Defendant Chaffinch which she claims had negative racial overtones. In a similar vein, Plaintiff's Amended Complaint includes a section on the issue of Defendant

Chaffinch's status as a freemason, which includes allegations that Masonic organizations exclude "African-Americans" as well as women from membership. (Amd. Compl. D.I. 7, ¶¶ 31-35). Plaintiff's narrative interrogatory answers include a number of pages where she opines, at length, on the subject of Masonry's purportedly exclusionary racial practices, and Chaffinch's alleged racially insensitive remarks. (D.I. 72 pp. 7-13, 48-51)(Exhibit A). Plaintiff also makes conclusory allegations such as "[Chaffinch] brings that mentality to work that women and other minorities are to be excluded." Id at p.8. At deposition, retired Major David Baylor, an African-American, and Captain Glenn Dixon were also questioned about Chaffinch's membership in the Masons and about alleged racial remarks. (Dixon at 34-36, 75-77)(Exhibit B). Notably, only Dixon testified as to the latter; Major Baylor testified that he had not heard an alleged joke at a social gathering, but that Plaintiff Conley and Glenn Dixon later told him Chaffinch had said it. (Baylor at 47-48)(Exhibit C). Plaintiff's allegations on this topic are strongly disputed. Almost every witnesses interviewed by Defendants would testify that they have never heard negative racial comments or jokes from Chaffinch.

      3. Evidence of racially based jokes or remarks purportedly made by former Colonel Chaffinch are inadmissible, as they are of no relevance to Plaintiff's claims of gender discrimination. Chaffinch, Plaintiff and the two Captains who were promoted to major are all white. There is no evidence whatsoever of race being an issue in the promotion decisions. The evidence does not advance the questions before the jury one iota and is therefore irrelevant and is inadmissible pursuant to F.R.E. 401 and 402.

      4. Even if there were some possible relevance, evidence of Chaffinch's purported racially based remarks is barred by F.R.E. 404(b) as it is being offered to prove propensity or "action in conformity" with Plaintiff's alleged racial attitudes, which Plaintiff characterizes as discriminatory. Plaintiff wishes to show that if Chaffinch harbored discriminatory attitudes toward African-Americans or other racial groups (which Plaintiff's proffered evidence does not prove), he must have discriminated against women/Conley also. This is clearly "propensity" evidence forbidden by F.R.E. 404(b).

      5. Finally, the evidence is not admissible under F.R.E. 403 as it provides virtually no probative value in advancing the real issues in this case, and whatever value it could provide is substantially outweighed by the

danger of unfair prejudice, confusion of issues, undue delay and waste of time. In particular, as Defendants have interviewed almost 30 witnesses who worked with Chaffinch over the years, most of whom would testify that they never heard him make remarks of the kind Plaintiff alleges, defense of these accusations would result in "mini-trials" on whether, indeed, the remarks took place.

WHEREFORE, for the foregoing reasons and the reasons set forth in Defendants' Opening Brief, Plaintiff's proffered evidence of Colonel Chaffinch making remarks and/or jokes with purportedly racist subject matter or overtones should be excluded from the evidence presented to the jury in this case.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By: /s/Stephani J. Ballard
RALPH K. DURSTEIN, III (I.D. No. 912)
STEPHANI J. BALLARD (I.D. No. 3481)
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants, MacLeish
Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**

By: /s/ James E. Ligouri
JAMES E. LIGOURI
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for Defendant, L. Aaron Chaffinch

DATED: March 28, 2006

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1394-GMS |
| | ) |
| COLONEL L. AARON CHAFFINCH, | ) |
| Individually and in his official capacity as the | ) |
| Superintendent, Delaware State Police; et al. | ) |
| | ) |
| Defendants, | ) |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, she caused the attached, *Defendants' Motion in Limine to Exclude Evidence of Alleged Jokes and Remarks by Colonel Chaffinch Related to Racial Issues and Unrelated to Gender*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell and State Police