**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED JOKES AND REMARKS BY COLONEL CHAFFINCH RELATED TO RACIAL ISSUES AND UNRELATED TO GENDER**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell and Division of State Police

DATED: March 28, 2006

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ........................................................................................... ii

ARGUMENT ........................................................................................................... 1

I. EVIDENCE OF JOKES OR REMARKS BY DEFENDANT, COLONEL CHAFFINCH, WHICH PERTAIN TO RACIAL ISSUES IS NOT ADMISSIBLE, AS IT IS OF NO RELEVANCE TO THIS LITIGATION, WHICH IS SOLELY A CLAIM OF GENDER DISCRIMINATION WITH NO RACIAL MATTERS AT ISSUE ............................................................... 1

A. Standard of Review ............................................................................ 1

B. The Evidence at Issue .......................................................................... 1

1. Evidence of allegedly discriminatory race based remarks by Colonel Chaffinch is not admissible under Federal Rules of Evidence 401 and 402, as it is of no relevance to the issues in this case ................................. 1

2. The evidence must be excluded under Rule 404(b) as Plaintiff is attempting to use this evidence as improper character evidence of "other wrongs or acts" and seeking to show that, because Chaffinch has made allegedly biased racial jokes or remarks, that he is also biased towards women and "acted in conformity" with that bias when he failed to select Plaintiff for promotion to the rank of Major. This is an impermissible use of evidence under Rule 404(b) ..................................................... 2

3. Evidence as to racial issues and remarks would not be admissible, in any event, under the Rule 403 balancing test, as there is little or no probative value to this evidence, and it is substantially outweighed by the great danger of unfair prejudice, confusion of issues, jury confusion, undue delay and waste of time ..................................................... 4

# TABLE OF CITATIONS

**Case Name** **Page**

Becker v. ARCO Chemical Co., 207 F.3d 176 (3d Cir. 2000) .............................................. 4

Kelly v. Boeing Petroleum Svcs. Inc., 61 F.3d 350 (5th Cir. 1995) ....................................... 3

Rauh v. Coyne, 744 F.Supp. 1181 (D.D.C. 1990) ................................................................. 3

Rivera v. Baccarat, 1997 WL 777887 (S.D.N.Y. 1997) ........................................................ 3

Simonetti v. Runyon, 2000 WL 1133066 (D.N.J. 2000),
*aff'd* 276 F.3d 579 (3d Cir. 2001) ............................................................................ 2, 3

Springer v. Henry, 435 F.3d 268 (3d Cir. 2006) ...................................................................... 2

**Statutes, Rules and Other Authorities**

Federal Rule of Evidence 102 .............................................................................................1

Federal Rule of Evidence 401 .............................................................................................1, 2, 3

Federal Rule of Evidence 402 .............................................................................................1, 2

Federal Rule of Evidence 403 .............................................................................................3, 4

Federal Rule of Evidence 404(b) .........................................................................................2, 3

## ARGUMENT

### I. EVIDENCE OF JOKES OR REMARKS BY DEFENDANT, COLONEL CHAFFINCH, WHICH PERTAIN TO RACIAL ISSUES IS NOT ADMISSIBLE, AS IT IS OF NO RELEVANCE TO THIS LITIGATION, WHICH IS SOLELY A CLAIM OF GENDER DISCRIMINATION, WITH NO RACIAL MATTERS AT ISSUE.

#### A. Standard of Review.

The Federal Rules of Evidence provide that all relevant evidence is admissible. Evidence that is not relevant is not admissible. Even if evidence is relevant, it may be inadmissible if barred by one of the specific exclusions in the Rules of Evidence or by other statutory authority. F.R.E. 402. The Rules of Evidence should be construed so that "the truth may be ascertained and proceedings justly determined." F.R.E. 102.

#### B. The Evidence At Issue.

Plaintiff has throughout discovery in this case alluded to various racial issues, including remarks and/or jokes allegedly told by Defendant Chaffinch which had racial subject matter or overtones. This evidence stems primarily from Plaintiff and her star witness, Glenn Dixon. For instance, Retired Major David Baylor, an African-American, was asked at deposition if he heard Colonel Chaffinch make a racist joke or remark in a social setting. Major Baylor denied hearing it, but testified that Plaintiff Conley and Glenn Dixon later told Baylor Chaffinch had told such a joke. (Exhibit C to Motion). Plaintiff's narrative interrogatory answers also go on at length about her opinion of Chaffinch's racial attitudes and alleged racially insensitive remarks. (Exhibit A, pp. 7-13, 48-51). As discussed in Defendants' Motion in limine on Masonry evidence, Plaintiff also alleges that Colonel Chaffinch belongs to a private group which excludes African-Americans from membership. (Amd. Compl. ¶31-35); *see also* Exhibit A to Motion.

**1. Evidence of allegedly discriminatory race based remarks by Colonel Chaffinch is not admissible under Federal Rules of Evidence 401 and 402, as it is of no relevance to the issues in this case.**

Plaintiff, one of 20 Delaware State Police captains, was not promoted to two vacancies for the rank of Major in 2003. Plaintiff claims this was the result of gender discrimination while Defendants claim that the two male Captains who obtained the promotions were promoted on the basis of their excellent qualifications for the rank of Major and for these particular positions--qualifications which far exceeded those of Plaintiff.

All of the "players" in the promotion issue—Colonel Chaffinch, Plaintiff and Majors Eckrich and Hughes—are white. Therefore, evidence of racially based jokes or remarks could not conceivably be used for any relevant purpose. No racial characteristic distinguished Plaintiff and the comparators; it could not possibly be said (and has not been alleged) that Chaffinch used race as a criteria to improperly deny Plaintiff a promotion.

Chaffinch denies having made racially derogatory remarks and flatly denies any racial bias, but assuming *arguendo* for the purposes of this motion that such remarks had been made, there is no proper purpose for which evidence of Colonel Chaffinch's racially based remarks, specifically pertaining to African-Americans, could possibly be relevant to this case. This case centers on the relative job qualifications of three white individuals for promotion to the rank of Major. "Relevant evidence" is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable that it would be without the evidence." Rule 401. Evidence which is not relevant is not admissible. Rule 402.

One must surmise that the only purpose for which Plaintiff would use this evidence is the impermissible purpose of suggesting that Chaffinch is a bigot, therefore he must discriminate against women also. This is clearly an improper purpose—not to mention an illogical premise. Accordingly, this evidence is offered to prove any fact at issue in the case, and is therefore not admissible under Rules 401 and 402. The Third Circuit has spoken plainly, in decrying the gratuitous injection of race into litigation. The Court noted that this practice is "unacceptable . . . .[w]e deplore any introduction of race into a case where race is not at issue." Springer v. Henry, 435 F.3d 268, 283 (3d Cir. 2006). *See also* Simonetti v. Runyon, 2000 WL 1133066 (D.N.J. 2000) *aff'd* 276 F.3d 579 (3d Cir. 2001), discussed below. Even if the evidence were relevant, which it is not, it would be inadmissible for the additional reasons set forth below.

**2. The evidence must be excluded under Rule 404(b) as Plaintiff is attempting to use this evidence as improper character evidence of "other wrongs or acts" and seeking to show that, because Chaffinch has made allegedly biased racial jokes or remarks, that he is also biased towards women and "acted in conformity" with that bias when he failed to select Plaintiff for promotion to the rank of Major. This is an impermissible use of evidence under Rule 404(b).**

Even assuming *arguendo* that evidence of Colonel Chaffinch's use of racial jokes or remarks was in any way relevant to this case, the evidence would nonetheless be inadmissible pursuant to F.R.E. 404(b). Plaintiff offers Colonel Chaffinch's racial jokes and remarks as evidence of "other wrongs or acts." The fact that Chaffinch told jokes of an allegedly discriminatory nature regarding classes of persons other than women is being offered for the prohibited purpose of showing that Chaffinch acted in conformity with this conduct. That is, if he discriminated against African-Americans or other racial groups (which Plaintiff's proffered evidence does not prove), he must have discriminated against women/Conley also. This is specifically what the Rule forbids. Plaintiff simply hopes that the jury will believe—by inflaming them with racial issues—that Chaffinch is simply someone who discriminates across the board and, therefore, he must have discriminated against her. The admission of this evidence, offered for this improper purpose, would plainly violate Rule 404(b).

The Third Circuit, affirming Simonetti v. Runyon, 2000 WL 1133066 (D.N.J. 2000) *aff'd* 276 F.3d 579 (3d Cir. 2001), upheld the District Court's ruling that a Plaintiff alleging disability discrimination could not rely on allegations of *other types* of discrimination (in that case, racial and religious) to support his claims that he was discriminated against by the defendant. The District Court held that "pursuant to Federal Rules of Evidence 401 and 403, plaintiff may not use evidence of one type of discrimination to prove discrimination of another type." Simonetti at *6. The court cited similar holdings to this effect throughout the circuits: Kelly v. Boeing Petroleum Svcs. Inc., 61 F.3d 350, 357-60 (5th Cir. 1995)(holding comments pertaining to race, sex and origin have no tendency to prove disability discrimination and were therefore rightly excluded pursuant to Federal Rules of Evidence 401 and 403); Rauh v. Coyne, 744 F.Supp. 1181, 1183 (D.D.C. 1990) (finding that plaintiff alleging gender discrimination may not introduce evidence of racial discrimination because it is not relevant under Federal Rule of Evidence 401 and would result in unfair prejudice outweighing any probative value pursuant to Federal Rules of Evidence); *see also* Rivera v. Baccarat, 1997 WL 777887 at *2 (S.D.N.Y. 1997) (holding allegations of race and gender discrimination are irrelevant to claims of national origin discrimination and are thereby inadmissible). Simonetti, *supra* at *6.

The Third Circuit has distinguished cases in which "other acts" of discrimination were admissible. In those cases, the "other acts" were directed at the *same protected class* as that of the plaintiff and the court found the evidence was offered for the proper purpose of showing employer's state of mind or attitude towards members of that particular protected class. *See* Becker v. ARCO Chemical Co., 207 F.3d 176, 194, fn.8 (3d Cir. 2000). Clearly that justification cannot exist here, where Plaintiff seeks to introduce evidence of Chaffinch's purported "attitude" toward African-Americans, while Plaintiff claims discrimination solely on the basis of membership in the protected class of "females."

**3. Evidence as to racial issues and remarks would not be admissible, in any event, under the Rule 403 balancing test, as there is little or no probative value to this evidence, and it is substantially outweighed by the great danger of unfair prejudice, confusion of issues, jury confusion, undue delay and waste of time.**

Even if this Court were to somehow determine that evidence of Chaffinch's racial remarks was relevant and not excluded by the rules above, the evidence would be barred under the balancing test of Rule 403. Rule 403 (which comes into play only if the Court finds relevancy) provides that otherwise relevant evidence may be excluded if the Court finds that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Thus, this evidence must also be excluded under the Rule 403 balancing test if, in a gender case, there is little or no probative value to the evidence of Chaffinch's feelings or remarks as to certain racial groups, and the value (if any) of the evidence is substantially outweighed by the danger of unfair prejudice. Little argument is needed for the proposition that many, if not most, jurors would be predisposed against a defendant, especially one in a position of governmental authority, whom they thought harbored racial bias. Even if the jury did not believe Chaffinch was inherently biased, the mere thoughtless telling of race based jokes and remarks could obviously inflame the jury. Where such remarks have no bearing on the issues in this case, it must be concluded that Plaintiff is just offering this "evidence" in the hope that the jury will conclude Defendant Chaffinch is a "bad person" because he would tell such jokes. This is the essence of "unfair" prejudice, and what Rule 403 was designed to prevent.

In addition, this evidence would result in confusion of the issues or misleading the jury. Racial discrimination could be inferred from these remarks, and the jury may not understand that such discrimination has no bearing on a finding of gender discrimination. There is no authority for Plaintiff's apparent theory that "if he's a bigot; he must therefore hate women," just as there would be no authority for the converse. If the jurors have no legitimate purpose for information, it should not be admitted to them. To do so would result in confusion at a minimum. Admission of the evidence would also result in undue delay and waste of time, as "mini-trials" would doubtless ensue as to whether the remarks were made, and what was meant by them.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By: /s/ Stephani J. Ballard
RALPH K. DURSTEIN, III (I.D. No. 912)
STEPHANI J. BALLARD (I.D. No. 3481)
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants, MacLeish Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**

By: /s/ James E. Ligouri
JAMES E. LIGOURI
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for Defendant, L. Aaron Chaffinch

DATED: March 28, 2006

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, Individually and in his official capacity as the Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, she caused the attached, *Opening Brief in Support of Defendants' Motion in Limine to Exclude Evidence of Alleged Jokes and Remarks by Colonel Chaffinch Related to Racial Issues and Unrelated to Gender*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish, Mitchell, and Division of State Police