**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

**CAPTAIN BARBARA L. CONLEY,**

**Plaintiff,**

**v.**

**COLONEL L. AARON CHAFFINCH, Individually and in his official capacity as the Superintendent, Delaware State Police; et al.**

**Defendants,**

**C.A. No. 04-1394-GMS**

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE PROCESS USED BY COLONEL THOMAS F. MACLEISH IN THE SELECTION OF CANDIDATES FOR PROMOTION TO THE RANK OF MAJOR IN THE DELAWARE STATE POLICE IN 2005 OR 2006**

The defendants move pursuant to Rule 104(a) and Rule 407 of the Federal Rules of Evidence for an order *in limine* barring the plaintiff from introducing evidence of the process used by Colonel Thomas F. MacLeish in the selection of candidates for promotion to the rank of Major in the Delaware State Police in 2005 or 2006. In support of this application, the defendants present the following grounds:

1. In the course of his deposition taken on June 9, 2005, Colonel MacLeish was asked a series of questions about vacancies then existing in the rank of Major in the Delaware State Police. Transcript at 83-95 [Exhibit A attached hereto]. Plaintiff's counsel attached as a deposition exhibit a copy of an e-mail that Colonel MacLeish had sent to all officers holding the rank of Captain regarding the promotional process, and inviting them to submit letter of interest in promotion to Major. [Exhibit B]

2. Colonel MacLeish testified concerning the process he planned to utilize to fill the vacancies in 2005, including the letter of interest from the candidate, the candidate's

resume, and an interview of each candidate. [T-89] He was asked about the standards that he would use in evaluating the candidates. [T-90] In light of the fact that the plaintiff could be one of the candidates, Colonel MacLeish, in an effort to prevent giving Plaintiff an unfair advantage over the other candidates, declined to discuss the criteria he planned to use in the selection process. [T-91] Defense counsel intervened, and the issue was ultimately deferred, [T-92-95], and was not further explored, either during the deposition or in the later course of discovery in the case.

3. Voluntary remedial actions taken subsequent to a lawsuit by an employer do not amount to a concession that discrimination took place. *Dennis v. County of Fairfax,* 55 F.3d 151,154 (4th Cir. 1995). Such acts are no basis for liability, and thus inadmissible under Rule 407. The plaintiff in *Dennis* had filed a grievance challenging his ratings in a performance review that resulted in several scores being raised. The Court held that this corrective action could not be used to support plaintiff's claims under 42 U.S.C. §1981 and Title VII of the Civil Rights Act. *Id.* at 156. The Court pointed out that relief often issues in such cases absent any admission of culpability by the employer. If such corrective action operated in court as an admission of liability, "untoward consequences would result. Employers would have little or no incentive to investigate allegations of discrimination in the workplace….We cannot imagine that Congress intended the civil rights statutes to have such perverse effects." *Id.* at 154. Summary judgment in favor of the government employer was upheld.

4. In *Lust v. Sealy, Inc.,* 383 F.3d 580, 585 (7th. Cir. 2004), the Court observed that evidence of a subsequent promotion violated the spirit, and probably the letter, of Rule 407 in a Title VII gender discrimination case.

> "The rule forbids using evidence of subsequent…remedial measures to prove that the defendant could or should have avoided inflicting the injury of which the plaintiff is complaining. The reason behind the rule is that allowing such evidence would discourage the taking of remedial measures. [citation omitted] The reason seems applicable here (and there is no basis in the language or rationale of the rule for confining it to nonintentional torts, though they are the usual occasion for its invocation)…"

While the employer in *Lust* was found to have waived an objection under the Rule, it is clear that the Court would have applied the Rule to exclude evidence of the subsequent promotion.

5. In *Stahl v. Board of County Commissioners,* 101 Fed. Appx. 316, 321 (10th Cir. 2004), the police officer plaintiff in a gender discrimination and retaliation case argued that evidence that a physical fitness test had been suspended should have been admitted in support of her claim. While finding that the trial court's application of Rule 407 was "perhaps not in the traditional context", the Circuit Court concluded that evidence of the suspension of the test was not admissible. The two primary grounds for exclusion of evidence under Rule 407 are [1] the limited probative value of subsequent remedial measures, and [2] the social policy of encouraging people to make changes in the practice of business. *Id.* As the Court pointed out, there were any number of reasons why the test might have been suspended.

6. The defendants in *Grazier v. City of Philadelphia,* 2001 WL 1168093 (E.D. Pa. 2001); *affirmed,* 328 F.3d 120 (3rd Cir. 2003), a civil rights case, successfully sought a motion in limine to exclude evidence of changes in the police department's use of force policy and the assignments of plainclothes detectives. The plaintiff, injured while fleeing from an attempted traffic stop, sought to use the policy changes to show the feasibility of correcting alleged deficiencies and implementing correct raining methods. The Court

found that this theory was "merely a[n] effort to smuggle excluded evidence into the case…" and held that the evidence was precluded by Rule 407.

7. In this case, a new Superintendent has chosen to exercise his discretionary authority to select senior executive staff officers in a way different from his predecessor. There has been no showing that the changes in the promotional process are in any way related to the plaintiff's lawsuit. The new approach cannot be used to attack the former approach. Nor can the changes in any way be construed as an admission of liability. Rule 407 clearly bars that. To the extent that the new approach taken by Colonel MacLeish is remedial in nature, testimony concerning it is clearly precluded by the policy behind the Rule, as interpreted in the employment and civil rights context by *Dennis, Lust, Stahl,* and *Grazier, supra.*

WHEREFORE, the defendants ask that the Court, per Rule 407, bar any testimony concerning the promotional process utilized by Colonel MacLeish in the filling of vacancies on his executive staff.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

__/s/ Ralph K. Durstein III___________
RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell and Division of State Police

/s/ James E. Ligouri
JAMES E. LIGOURI
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for L. Aaron Chaffinch

DATED: March 28, 2006

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 04-1394-GMS** |
| | ) | |
| **COLONEL L. AARON CHAFFINCH, Individually and in his official capacity as the Superintendent, Delaware State Police; et al.** | ) | |
| | ) | |
| **Defendants,** | ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on March 28, 2006, he caused the attached, *Defendants' Motion in Limine to Exclude Evidence of the Process used by Colonel Thomas F. MacLeish in the Selection of Candidates for Promotion to the Rank of Major in the Delaware State Police in 2005 or 2006*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Ralph K. Durstein III
Ralph K. Durstein III, I.D. #912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish, Mitchell, and Division of State Police