IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as the Superintendent, Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as the Deputy Superintendent, Delaware State Police; **DAVID B. MITCHELL,** individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : : : : : : : : : : : :   C.A.No.04-1394-GMS |
| Defendants. | : |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTIONS IN LIMINE AND ACCOMPANYING BRIEFS FOR FAILURE TO COMPLY WITH THE RULE 16 SCHEDULING ORDER**

Plaintiff Moves to strike defendants' Motions in Limine ("Motions") and accompanying Opening Briefs in Support of their Motions ("Opening Briefs") as they exceed the mandatory five (5) page limit set forth in the Court's Rule 16 Scheduling Order. (*See* D.I.48 and subsequent SO ORDERED). Further, defendants' Motions and Opening Briefs fail to comply with the Federal Rule of Civil Procedure 16(e) and are subject to appropriate sanctions under Rule 16(f).

**Discussion**

**A. Defendants' Motions and Opening Briefs Clearly Exceed the Five Page Limit as Ordered by the Court.** On March 28, 2006, defendants filed six <u>speaking</u> Motions, five of

which were also accompanied by Opening Briefs. (D.I. 168 - 178).[1] The speaking Motions themselves range from two to three pages, while the Opening Briefs each contain an additional five pages. Each of these speaking Motions contain several pages of factual averments and legal arguments as well as numerous attached exhibits. Then in addition to the several page speaking motions, defendants also filed a five page brief in support of each Motion at issue.

While a party may chose to file a speaking Motion in place of an Opening Brief, filing both in an effort to circumvent the five page limit is not an option. Thus, when defendants' Opening Briefs are coupled with their two to three page speaking Motions, defendants have managed to submit **seven** or **eight pages** of factual and legal arguments to support the same Motion - two to three entire pages beyond the limit set by the Court. The Rule 16 Scheduling Order explicitly states that motion in limine "[o]pening and answering briefs *shall not exceed five (5) pages*..." (D.I. 48)(emphasis added). Defendants have violated both the letter and spirit of the Court's Rule 16 Scheduling Order.

It should go without saying that the Court's Orders are to be taken seriously and treated with the highest regard. After a Rule 16 Conference with the Court, "an order shall be entered reciting the action taken. This order shall control the subsequent course of action unless modified by a subsequent order." Fed.R.Civ.P. 16(e). Defendants made no attempt to petition the Court to modify the Rule 16 Scheduling Order. Instead, defendants chose to take matters into their own hands and simply disregard the Court's limitation on their allotted pages and submit Motions and Opening Briefs which total anywhere from seven to eight pages.[2]

---

[1] Plaintiff notes that D.I. 178 was not accompanied by an Opening Brief and is not included in this Motion to Strike.

[2] By way of comparison, on March 29, 2006, plaintiff filed six Motions in Limine, all of which managed to comply with the Court's five page limit. (D.I. 179-184).

As a result of their actions, defendants were able to circumvent Court rules and expand upon and support their factual and legal arguments in both their Motions and Opening Briefs in a manner prohibited by the Scheduling Order. If defendants had abided by the page limitation, they would not have had such a luxury. Defendants have plainly exceeded the five page limits set by the Court in the Rule 16 Scheduling Order. Accordingly, their Motions and Opening Briefs should be stricken.

**B. The Defense Motions Rely Upon and Adopt the Opening Briefs and Visa Versa.**
To the extent defendants may try to divert the Court's attention by claiming that their Opening Brief standing alone, complies with the five page requirement and their Motion is only a summary of the points described at length in the Opening Brief, plaintiff notes such a claim is demonstrably false and is merely a smoke screen tactic designed to mislead the Court.

Defendants cannot run from the fact that their numerous speaking motions contain specific, detailed factual argument and evidence that is only generally referred to in and then incorporated by reference in the Opening Briefs. For example, two of defendants' speaking Motions contain enumerated paragraphs naming several defense witnesses while exploring the content of their specific testimony. (See D.I. 168 and 170). However, the Opening Briefs only discuss these witness's purported testimony in generalities and never addresses the specific content or even the names of such witnesses. (See D.I. 169 and 171). Instead, the Opening Brief then relies upon and refers the Court to the Motion for a detailed discussion of such testimony. Id. References are made to the accompanying speaking Motion by including a parenthetical stating "(See Defendants Motion *in limine* on this issue)." Id. Consequently, these speaking Motions are not merely short summaries or restatements of the material contained in the Briefs. Instead, they contain specific information not included in the Opening Briefs. As review of these

pleadings makes clear, they are intended to be read in tandem. And such a tactic violates both the letter and the spirit of the Rule 16 Scheduling Order.

Clearly, defendants have used their multi-page speaking Motions to expand and support arguments made in their Opening Briefs. Such specific information should have been included in fair and full Opening Briefs. Defendants' inability to do so should not come at plaintiff's expense. Obviously, defendants were unable to abide by the Court's explicit page limitation, so in an effort to obscure their disregard for the Scheduling Order, defendants slyly submit speaking Motions and then subsequently refer to them in their Opening Briefs.

What defendants have done is the equivalent of submitting an entire speaking Motion or Opening Brief totaling seven or eight pages. Either way, the defendants have violated the Court's five page limit and must be appropriately punished - their Motions and Briefs stricken and the arguments contained within them waived. To let this behavior go unanswered would open the door for subsequent parties to submit multi-page speaking Motions and then also utilize the five page allotment for their Opening Briefs, all in disregard for the Court's Orders. The Court explicitly limited the Motions in Limine to five pages for both the Opening and Answering Briefs. Both parties must abide by the Court's Order. When one party plays by a different set of rules, the other party is severely prejudiced.

**C. Plaintiff is Severely Prejudiced Because She is Only Allowed Five Pages for Her Answering Briefs.** Due to the fact that defendants chose to utilize seven to eight pages to support their Motions, plaintiff is severely prejudiced in that she is only allowed five pages to reply. It is manifestly unfair that defendants operate under the belief they are not subject to the same Court rules as plaintiff. Plaintiff took pains to ensure all six of her Motions in Limine were in compliance with the Court's five page limitation. Now, in an effort to again comply with the

4

Court's Rule 16 Scheduling Order, plaintiff is faced with the unfair and unduly burdensome task of answering defendants' seven or eight pages, with only five pages.

### Conclusion

For the reasons discussed at length above, defendants' Motions in Limine, D.I. 168, 170, 172, 174, and 176, as well as defendants' Opening Briefs in Support of their Motions in Limine, D.I. 169, 171, 173, 175, and 177, should be stricken from the record. Further, defendants should be barred under Rule 16(f) and Rule 37(b)(2)(B), (C) and (D) from raising any of the issues made in their non-complying motions and that all such claims are waived.

Plaintiff waives an opening brief in support of this Motion.

                                        Respectfully Submitted,

                                        **THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: April 11, 2006                Attorneys for Plaintiff

## **LOCAL RULE 7.1.1 STATEMENT**

Counsel certifies that he contacted defense counsel on 4/9/06 to determine their position on this motion. Defense counsel did not respond.

        /s/ Stephen J. Neuberger
        **STEPHEN J. NEUBERGER, ESQ**.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** | : | C.A.No.04-1394-GMS |
| individually and in his official capacity as the | : | |
| Superintendent, Delaware State Police; | : | |
| **LIEUTENANT COLONEL THOMAS F.** | : | |
| **MACLEISH,** individually and in his official | : | |
| capacity as the Deputy Superintendent, | : | |
| Delaware State Police; **DAVID B. MITCHELL,** | : | |
| individually and in his official capacity as | : | |
| Secretary of the Department of Safety and | : | |
| Homeland Security, State of Delaware; and | : | |
| **DIVISION OF STATE POLICE,** | : | |
| **DEPARTMENT OF SAFETY AND** | : | |
| **HOMELAND SECURITY, STATE OF** | : | |
| **DELAWARE,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

This _____ day of _____, 2006, it is hereby ORDERED that defendants' Motions in Limine and accompanying Opening Briefs, as filed on March 28, 2006 and set forth below, do not comply with the Court's Rule 16 Scheduling Order and are hereby stricken from the record under Rule 16(f) and 37(b)(2)(C). Further, under Rule 16 (f) and 37(b)(2)(B), defendants are prohibited from advancing any claims or issues originally contained within these non-conforming Motions and Opening Briefs. Defendants have wavied these issues by their noncompliance.

The following docket entries are hereby ordered stricken from the record:

- D.I. 168 - Defendants' Motion in Limine for Determination of Admissibility of

      Evidence of Sexual and/or Romantic Relationship Between Plaintiff and Her Witness, Glenn Dixon, as it Relates to Bias of Witness Dixon

- D.I. 169 - Opening Brief in Support of Defendants' Motion in Limine for Determination of Admissibility of Evidence of Sexual and/or Romantic Relationship Between Plaintiff and Her Witness, Glenn Dixon, as it Relates to Bias of Witness Dixon

- D.I. 170 - Defendants' Motion in Limine for Determination of Admissibility of Plaintiff's "On The Job" Misconduct

- D.I. 171 - Opening Brief in Support of Defendants' Motion in Limine for Determination of Admissibility of Plaintiff's "On The Job" Misconduct

- D.I. 172 - Defendants' Motion in Limine to Exclude Evidence of Colonel Chaffinch's Status as a Freemason and Related Issues as to FreeMasonry

- D.I. 173 - Opening Brief in Support of Defendants' Motion in Limine to Exclude Evidence of Colonel Chaffinch's Status as a Freemason and Related Issues as to FreeMasonry

- D.I. 174 - Defendants' Motion in Limine to Exclude Evidence of Other Claims and Lawsuits Against Delaware State Police and Individual Defendants Unrelated to Gender Discrimination

- D.I. 175 - Opening Brief in Support of Defendants' Motion in Limine to Exclude Evidence of Other Claims and Lawsuits Against Delaware State Police and Individual Defendants Unrelated to Gender Discrimination

- D.I. 176 - Defendants' Motion in Limine to Exclude Evidence of Alleged Jokes and Remarks by Colonel Chaffinch Related to Racial Issues and Unrelated to Gender

- D.I. 177 - Opening Brief in Support of Defendants' Motion in Limine to Exclude Evidence of Alleged Jokes and Remarks by Colonel Chaffinch Related to Racial Issues and Unrelated to Gender

      **THE HONORABLE GREGORY M. SLEET, U.S.D.J.**

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 11, 2006, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Ralph K. Durstein III, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

James E. Liguori, Esquire
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

Conley/ Pleadings / Motion to Strike Ds MinL.final