IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as the Superintendent, Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as the Deputy Superintendent, Delaware State Police; **DAVID B. MITCHELL,** individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : : : : : : : : : : : : C.A.No.04-1394-GMS |
| | : |
| Defendants. | : |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER CLAIMS AND LAWSUITS AGAINST DELAWARE STATE POLICE AND INDIVIDUAL DEFENDANTS UNRELATED TO GENDER DISCRIMINATION**

                                          THE NEUBERGER FIRM, P.A.
                                          THOMAS S. NEUBERGER, ESQ. (#243)
                                          STEPHEN J. NEUBERGER, ESQ. (#4440)
                                          Two East Seventh Street, Suite 302
                                          Wilmington, DE 19801
                                          (302) 655-0582
                                          TSN@NeubergerLaw.com
                                          SJN@NeubergerLaw.com

Dated: April 11, 2006                         Attorneys for Plaintiff

**A. Introduction.** There are two distinct legal issues in this case: (1) denial of promotions on the basis of plaintiff's gender; and (2) First Amendment retaliation for the filing of plaintiff's lawsuit. Yet defendants expressly try to limit their motion solely to the gender issue and then complain about evidence pertaining to the retaliation issue. Plaintiff respectfully submits it is not that simple. Much of the evidence defendants complain of relates to the retaliation counts of the complaint and its relevance to those issues cannot be ignored.

**B. Testimony From Other Cases.** Evidence or testimony from other cases is only being offered for relevant and otherwise permissible purposes in accord with the rules of evidence. Much of the complained of evidence consists of defendants' own sworn testimony (and thus admissions under Fed.R.Evid. 801(d)(2)) in other cases that materially contradicts their testimony in this case. For example, plaintiff intends to impeach Chaffinch with his sworn deposition and trial testimony in front of Judge Farnan in the Bullen case where he repeatedly swore under oath that he and the DSP were required to follow the strictures of the Blunt-Bradley State Police diversity report when making promotions decisions. However, Chaffinch flip-flopped and testified 180 degrees to the opposite in the present case when he claimed he did not have to follow the strictures of the Blunt-Bradley report.[1] The use of such materially contradictory testimony is hardly unfair.[2]

Testimony from the Foraker (retaliation by Chaffinch and MacLeish against a Trooper for filing a lawsuit) and Price (retaliation by Chaffinch and MacLeish against three Troopers who spoke out) cases relating to defendants' antagonism towards Troopers who file lawsuits and otherwise exercise their First Amendment rights also is relevant and proper. Such evidence is relevant to plaintiff's claims of First

---

[1] Plaintiff notes that defendant should be judicially estopped from asserting such materially inconsistent positions in this case. See, e.g. Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996). Judicial estoppel is designed to prevent a defendant such as Chaffinch from perpetrating a fraud on and "playing fast and loose with the courts" by pursuing legally inconsistent positions in different lawsuits. Id.

[2] Plaintiff is not offering evidence from Bullen to prove that because Chaffinch was convicted of violating the Fourteenth Amendment rights of two Troopers in that case under orders from Governor Minner, that he also violated plaintiff's Fourteenth Amendment rights.

1

Amendment retaliation by Chaffinch and MacLeish against her for filing her initial lawsuit. There is significant evidentiary overlap in this regard and plaintiff is permitted to use defendants' own sworn testimony in those cases for admission or impeachment purposes in this case.

**C. Other Evidence of Wrongdoing.** Defendants have taken the position in this lawsuit that disciplinary history bars advancement in the Division. Plaintiff questioned defendant MacLeish about this at his deposition on several levels. First, he was questioned about his and Chaffinch's well-documented history of run-ins with Internal Affairs in recent years and how their documented and substantiated wrongdoing in these numerous instances did not bar them from advancement to Colonel and Lieutenant Colonel. This helps rebut the defense claim that plaintiff's stale disciplinary history bars her advancement to Major. Second, he was questioned about the paramount importance of the Constitution in today's DSP, how Troopers are required to follow and uphold it and how failure to do so violates numerous DSP rules and regulations. He was then confronted with the fact that despite the Constitution's paramount importance, Chaffinch has been repeatedly found by federal court juries to have violated the Constitution but was not disciplined in any way as a result of these findings and that these findings of serious wrongdoing have not stopped his advancement in the Division. This piece of evidence also helps rebut the defense claim that disciplinary and other wrongdoing bars advancement in the Division - a non-propensity purpose. The use of such evidence to rebut one of defendants' own claims about disciplinary history and wrongdoing stopping DSP advancement is hardly unfair.

Plaintiff also notes that she does not intend to introduce specific details of the Constitutional violations at issue in those cases as those details are neither relevant or necessary to the present case. All that will be offered is that Chaffinch was found by several federal court juries to have violated the First and Fourteenth Amendments, was not punished or disciplined by the Division and that his wrongdoing did not stop his career in the Division. Such a limitation adequately addresses defendants' concerns under Fed.R.Evid. 403 as no details or specifics from those cases will be offered.

**D. Defendants' Fed.R.Evid. 408 Argument.** As discussed above, plaintiff is not offering the

2

existence of other lawsuits on issues of liability. However, plaintiff notes for the record that defendants have offered no legal authority for their claim that whenever a case is settled, Fed.R.Evid. 408 bars admissible evidence from that case from being used in other lawsuits. The plain text of Rule 408 belies any such interpretation as the Rule simply bars settlement negotiations from being used to prove liability.

 **E. Conclusion.** The defense motion should be denied.

       Respectfully Submitted,

       **THE NEUBERGER FIRM, P.A.**


       /s/ Stephen J. Neuberger
       **THOMAS S. NEUBERGER, ESQ. (#243)**
       **STEPHEN J. NEUBERGER, ESQ. (#4440)**
       Two East Seventh Street, Suite 302
       Wilmington, Delaware 19801
       (302) 655-0582
       TSN@NeubergerLaw.com
       SJN@NeubergerLaw.com

Dated: April 11, 2006    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 11, 2006, I electronically filed this **Brief** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Ralph K. Durstein III, Esquire
> Department of Justice
> Carvel State Office Building
> 820 N. French Street
> Wilmington, DE 19801
>
> James E. Liguori, Esquire
> Liguori, Morris & Yiengst
> 46 The Green
> Dover, DE 19901

      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

Conley/ Pleadings / Conley - AB to Ds MinL - Other Cases. Final