IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE WITNESS
TESTIMONY CONCERNING PLAINTIFF'S ALLEGED SEXUAL HISTORY**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell
and Division of State Police

DATED: April 12, 2006

# **TABLE OF CONTENTS**

Page

TABLE OF CITATIONS ................................................................................................ ii

ARGUMENT .....................................................................................................................1

   I.    DEFENDANTS DO NOT SEEK TO INTRODUCE EVIDENCE OF PLAINTIFF'S "SEXUAL HISTORY" AS PLAINTIFF ALLEGES. THE EVIDENCE AT ISSUE IS EVIDENCE PERTAINING TO PLAINTIFF'S "WORKPLACE CONDUCT," WHICH INCLUDES EVIDENCE OF SEXUAL MISBEHAVIOR AND LANGUAGE, AND HARASSMENT OF SUBORDINATE EMPLOYEES. SUCH EVIDENCE IS HIGHLY RELEVANT AND ADMISSIBLE IN THIS CASE AS IT PERTAINS TO PLAINTIFF'S QUALIFICATIONS FOR PROMOTION ......................................1

       A. Putting aside problems of proof, Defendants do not contend that evidence of Colonel Chaffinch's alleged job-related, gender-based conduct or attitudes is inadmissible. Evidence of Plaintiff's own "on the job" conduct, including misbehavior of a sexual nature, is similarly relevant and admissible, as such evidence speaks to the key issue of Plaintiff's qualification for promotion to a top leadership position ......................................................................................2

       B. Plaintiff's "on the job" misconduct falls squarely within several factors identified by Colonel Chaffinch as relevant to qualification for promotion to Major, and nothing in Colonel Chaffinch's deposition precludes his testimony at trial as to conduct issues of which he was aware .........................................3

       C. F.R.E. 412(b)(2) is not applicable in this case. F.R.E. 403 is the applicable rule, and evidence of Plaintiff's workplace conduct is not barred under the Rule 403 balancing test, as its probative value is great and not substantially outweighed by unfair prejudice or any other impermissible factor..............4

       D. Plaintiff's prior promotions, through testing processes, to lower ranks has no bearing on the issue of whether her on the job misconduct is admissible in this case involving a discretionary promotion to the Executive Staff of the Delaware State Police...............................................................................................4

# TABLE OF CITATIONS

**Case Name**                                                                                                        **Page**

Goodman v. Pennsylvania Turnpike Com'n., 293 F.3d 655 (3rd Cir. 2002) ............................ 3

Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005) ..................................... 5

Jalil v. Avdel Corp., 873 F.2d 701 (3d Cir. 1989) .................................................................. 5

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ..................................................... 5

**Statutes, Rules and Other Authorities**

Federal Rule of Evidence 401 ............................................................................................. 2, 4

Federal Rule of Evidence 402 ................................................................................................ 2

Federal Rule of Evidence 403 ................................................................................................ 4

Federal Rule of Evidence 412(b)(2) ....................................................................................... 4

Federal Rule of Evidence 412, Advisory Committee Notes, 1994 ........................................ 4

**ARGUMENT**

I. **DEFENDANTS DO NOT SEEK TO INTRODUCE EVIDENCE OF PLAINTIFF'S "SEXUAL HISTORY" AS PLAINTIFF ALLEGES. THE EVIDENCE AT ISSUE IS EVIDENCE PERTAINING TO PLAINTIFF'S "WORKPLACE CONDUCT," WHICH INCLUDES EVIDENCE OF SEXUAL MISBEHAVIOR AND LANGUAGE, AND HARASSMENT OF SUBORDINATE EMPLOYEES. SUCH EVIDENCE IS HIGHLY RELEVANT AND ADMISSIBLE IN THIS CASE AS IT PERTAINS TO PLAINTIFF'S QUALIFICATIONS FOR PROMOTION.**

Plaintiff tellingly fails to disclose any details about the evidence she seeks to exclude. Plaintiff claims that Defendants seek to introduce evidence of her "past sexual history," suggesting that Defendants simply want to show who Plaintiff may have slept with in the past. This is completely incorrect. The evidence, some but not all of which, concerns sexual comments or unwelcome touching, that Defendants have obtained during discovery and seek to present at trial, concerns only Plaintiff's *workplace conduct* over her DSP career. Plaintiff's counsel raised the red herring that Defendants were exploiting Plaintiff's sexual past at the November 17, 2005 office conference on this issue. Plaintiff's counsel claimed that Defendants sought to present evidence of people Plaintiff slept with in college or decades ago. (11/17/05 Transcript, pp. 15-16, 34).[1] Counsel for Defendants set the record straight, noting that the discovery went solely to rebut Plaintiff's own claims against Colonel Chaffinch (*see* pp. 16-17), and to her own qualifications to hold the rank of Major (*see* p 35, *see also* pp. 23-27, 37, 39).[2] The Court allowed discovery to proceed, and noted that "frankly, [I] don't hear the parties to disagree as to the relevance . . . of the workplace activities of both parties . . . ." Id at p.36.

A review of Defendants' subsequent witness disclosures (attached as Exhibit "B") shows that defense counsel kept their promise. Each and every piece of evidence as to Conley's misconduct (of a sexual nature, and otherwise) concerns work related conduct. (*See e.g.* Sgt. Charles Mullett—witnessed Plaintiff, his superior officer, propositioning and grabbing buttocks of two other troopers at work; Lt. Mark Rust—Plaintiff asked him about his penis size at work in front of others; Tammy Hyland—Conley would turn every conversation at

---

[1] Selected pages from the November 17, 2005 office conference are attached as Exhibit "A."

[2] To the extent any witnesses . . . talk about sexual matters, they will be sexual issues in the workplace. We are not going to go back to college or boyfriends. We are going to on-the-job behavior in regards to sexual harassment of employees, sexual jokes and crude remarks, propositions, that sort of thing. That is the only area which would be gone into. (11/17/05 trans. At p. 35).

1

work to sex; Lt. John Campanella—Plaintiff would brush up against him and make embarrassing innuendo; Multiple Witnesses—Plaintiff routinely made offensive sexual remarks and jokes at work). Interestingly, virtually none of the evidence involves actual sex acts—only crude remarks and unwelcome touching or propositions, and all of the evidence involves "on duty" conduct.

> **A. Putting aside problems of proof, Defendants do not contend that evidence of Colonel Chaffinch's alleged job-related, gender-based conduct or attitudes is inadmissible. Evidence of Plaintiff's own "on the job" conduct, including misbehavior of a sexual nature, is similarly relevant and admissible, as such evidence speaks to the key issue of Plaintiff's qualification for promotion to a top leadership position.**

Plaintiff begins her motion with a faulty premise—that Defendants contend that evidence of Colonel Chaffinch's gender based "attitude and mind set" toward women in the workplace is not admissible. That is not Defendants' position. Defendants agree that the case law provides that evidence of a decision maker's alleged hostility or bias towards the protected class at issue is typically admissible—unless excluded for some other evidentiary reason.[3] By the same token, Defendants contend that Plaintiff was not promoted to the Executive Staff for the legitimate, non-discriminatory reason that she was not nearly as qualified as Majors Eckrich and Hughes. Part of the proof of this defense is that Captain Conley engaged in discourteous, unbecoming, unprofessional conduct on the job, including while holding the rank of Captain.

Plaintiff cannot seriously contend that Defendants' evidence is not relevant. Evidence of Plaintiff's poor work performance; misappropriation of DSP resources, poor leadership, sexual harassment, disrespect of subordinates and superiors, and inappropriate language and sexual gestures in uniform, which were known to Colonel Chaffinch and the rank and file, are factors that are clearly relevant to Plaintiff's qualifications, or lack thereof, to hold one of the highest leadership positions in the Delaware State Police. Accordingly, this evidence is relevant and admissible under Rules 401 and 402. It is merely because Plaintiff's own conduct is so egregious and detrimental to her claims that Plaintiff seeks to exclude it. This is not a legal basis for exclusion, *in limine,* or at trial. Just as evidence (if any) of Chaffinch's gender bias is detrimental yet admissible, evidence as to Plaintiff's conduct is relevant and fair game—it is a real part of Plaintiff's work

---

[3] Plaintiff has some serious problems of proof of Chaffinch's alleged "hostility" to women, but Defendants will disregard, for purposes of this motion, the existence and/or quality of Plaintiff's evidence on this issue.

history and qualifications.

> **B. Plaintiff's "on the job" misconduct falls squarely within several factors identified by Colonel Chaffinch as relevant to qualifications for promotion to Major, and nothing in Colonel Chaffinch's deposition precludes his testimony at trial as to conduct issues of which he was aware.**

In a further effort to exclude her own damaging work history, Plaintiff argues that Colonel Chaffinch can not testify about her workplace misconduct because he allegedly did not consider this factor in making his promotion decisions. For this proposition, Plaintiff relies on Chaffinch's deposition, wherein he enumerated certain factors he considered in making his discretionary decisions on which Captain to promote to Major. Among the factors were background, experience and compatibility. Colonel Chaffinch had worked closely, downstate and at Headquarters, with Conley, Eckrich and Hughes at various times over the course of 20 years and knew all of them well. Chaffinch's familiarity with the work history, habits and performance of all of the Captains figured into his thought process in appointing Majors. (*See e.g.* Chaffinch depo at 179-80, wherein Chaffinch noted that R.L. Hughes was "a go-getter . . . one of the biggest workers on the road," and that Paul Eckrich had a well rounded background with important responsibilities). It is interesting that, while Chaffinch was asked about reasons for promoting Eckrich and Hughes, he was never asked his reasons for *not* promoting Conley. This does not mean that he had no basis for not choosing Conley. He did, and will testify to those reasons at trial, including her problematic workplace conduct and behavior issues, of which he was well aware, but was never asked about at deposition. Plaintiff's claim that he was given an "opportunity to expand" his answer on criteria for promotion is incorrect. He was simply asked if he had any other "categories" he considered. (Chaff. at 149). This was hardly an invitation to elaborate on details of his thought process or to discuss Captain Conley's shortcomings. The conduct at issue here falls squarely within the background, experience and compatibility categories which he *did* note as factors in the decision making process.

Plaintiff's counsel's argument that Chaffinch is somehow "boxed in" by the limited questions and answers with which he chose to conduct the deposition is without merit. Chaffinch, without disavowing his deposition in any way, can testify and elaborate in Court as to the detailed considerations that went into his promotional decisions, and his assessments of Conley, Eckrich, Hughes and others.

3

**C. F.R.E. 412(b)(2) is not applicable in this case. F.R.E. 403 is the applicable rule, and evidence of Plaintiff's workplace misconduct is not barred under the Rule 403 balancing test, as its probative value is great and not substantially outweighed by unfair prejudice or any other impermissible factor.**

Plaintiff is also incorrect that Defendants seek to invoke F.R.E. 412(b)(2) as to the admissibility of evidence of Conley's on the job conduct. As noted in Plaintiff's affirmative motion *in limine* on this subject, Rule 412(b)(2), by its own terms, does not apply in this case, because Plaintiff is not a "victim" or "alleged victim of sexual misconduct." Rather, as the Advisory Committee Notes to the Rule state, Rules 401 and 403 are controlling. Application of the Rule 403 "balancing test" clearly weighs in favor of admitting evidence of Conley's on the job misconduct—including the sexually themed misconduct. The evidence is negative to Plaintiff, but is not "unfairly prejudicial." As the Third Circuit stated in Goodman v. Pennsylvania Turnpike Com'n, 293 F.3d 655, 669-70 (3d Cir. 2002):

> the ... prejudice against which the law guards [is] ... *unfair* prejudice--... prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found." "[P]rejudice does not simply mean damage to the opponent's cause. (citations omitted, emphasis added by Third Circuit).

This is a case about qualifications for promotion to the Executive Staff and that very highest rank of command in the Delaware State Police (other than Colonel and Lt. Colonel). Plaintiff claims that she was better qualified than the comparators and, indeed, all other Captains. It is hard to imagine how any facet of her DSP background would not be relevant and probative of this analysis. Simply put, in bringing this case, Plaintiff has put her entire work history squarely at issue.

**D. Plaintiff's prior promotions, through testing processes, to lower ranks, has no bearing on the issue of whether her on the job misconduct is admissible in this case involving a discretionary promotion to the Executive Staff of the Delaware State Police.**

Finally, in an attempt to exclude from evidence the unsavory aspects of her work history, Plaintiff claims that any misconduct was "wiped clean" from her record by virtue of her prior promotions (notwithstanding the misconduct) to lower ranks. This argument misapprehends both the caselaw and the practical reality of how promotions occur within the Delaware State Police. Promotions to the ranks of Captain and below within DSP are made via a competitive, objective testing process. (Chaff. depo. at 146-47). Candidates are ranked within "bands" depending on how well they do on the oral and written tests. *See* id.

For these "testing ranks," the Colonel is constrained to promote from the highest bands to the lowest until all the vacancies are filled. Promotion (more accurately, appointment) to the rank of Major, however, does not involve testing or follow this process. It is a subjective decision within the sole discretion of the Colonel. Id. (*See also*, Exhibit "B," Retired Lt. William Dudley, describing promotion to Major as "a whole new ballgame"; *accord* Ret. Major Forrester).

Plaintiff received her prior promotions by virtue of her performance in the testing and banding process. The rank of Major is a purely discretionary appointment to the "Executive Staff" of the Colonel; it has been likened to an appointment to the Governor's cabinet; it is aptly described as "a whole new ballgame." *No* DSP captain—Conley included--has an expectation of or entitlement to attaining the rank of Major. Thus, the argument that Conley was promoted to Lieutenant or Captain, therefore she was qualified for promotion to Major, is "apples and oranges" reasoning.

The caselaw cited by Plaintiff does not assist her argument. Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005) was not a "promotion" case. Rather, in Hugh, the plaintiff was fired from a job she had already held for one year. The employer tried to argue that Hugh was not qualified for the position—a position employer itself had awarded her. The Third Circuit rightly held that this hindsight qualification argument was not a legitimate reason for termination. In this case, DSP has not fired or attempted to demote Conley from her rank of Captain. Rather, Defendants maintain that she is not qualified—certainly not as qualified as the comparators--to hold the higher, and very different Executive rank of Major. Moreover, the caselaw cited by Plaintiff explicitly provides that performance issues may be properly considered at the second level of the McDonnell Douglas[4] burden shifting test, whereby an employer may demonstrate that plaintiff's job outcome was based upon a legitimate, non-discriminatory reason. Hugh, 418 F.3d at 268; Jalil v. Avdel Corp., 873 F.2d 701, 706-07 (3d Cir. 1989). The jury is entitled to consider evidence of Conley's entire work history—good and bad, including workplace misconduct of a sexual or harassing nature—in its determination of why Colonel Chaffinch chose Captains other than Plaintiff to fill the rank of Major in 2003.

---

[4] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).

                DEPARTMENT OF JUSTICE
                STATE OF DELAWARE


By: /s/ Stephani J. Ballard
    RALPH K. DURSTEIN, III (I.D. No. 912)
    STEPHANI J. BALLARD (I.D. No. 3481)
    Deputy Attorneys General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    (302) 577-8400
    Attorneys for Defendants, MacLeish
    Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**


By: /s/ James E. Ligouri
    JAMES E. LIGOURI
    46 The Green
    Dover, DE 19901
    (302) 678-9900
    Attorney for Defendant, L. Aaron Chaffinch


DATED: April 12, 2006

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on April 12, 2006, she caused the attached, *Answering Brief in Opposition to Plaintiff's Second Motion in Limine to Exclude Witness Testimony Concerning Plaintiff's Alleged Sexual History* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell, and Division of State Police

7