IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE FOR ADMISSION OF
EVIDENCE OF PLAINTIFF'S "ON THE JOB" MISCONDUCT**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell
and Division of State Police

DATED: April 18, 2006

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ................................................................................................................ ii

ARGUMENT ...................................................................................................................................1

## TABLE OF CITATIONS

**Case Name**                                                                                                      **Page**

Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005) .................................................. 1

**Statutes, Rules and Other Authorities**


Federal Rule of Evidence 401 ...............................................................................................................2

Federal Rule of Evidence 403 ...............................................................................................................2

Federal Rule of Evidence 404 ...............................................................................................................2

Federal Rule of Evidence 412 ...............................................................................................................2

Federal Rule of Evidence 412, Advisory Committee Notes, 1994 ...........................................................2

**ARGUMENT**

I.  **EVIDENCE OF PLAINTIFF'S "ON THE JOB" CONDUCT, MISCONDUCT AND WORK PERFORMANCE, INCLUDING EVIDENCE OF ROUTINE SEXUAL MISBEHAVIOR, AND HARASSMENT OF SUBORDINATE EMPLOYEES, IS RELEVANT AND ADMISSIBLE IN THIS CASE WHERE PLAINTIFF CLAIMS TO BE BEST QUALIFIED FOR PROMOTION TO MAJOR--THE HIGHEST NON-APPOINTED COMMAND POSITION IN DELAWARE STATE POLICE.**

Plaintiff complains that evidence of her long history of on the job misconduct is of no relevance because employer chose to promote her despite it. This argument misses the critical point that plaintiff was not promoted to the rank of Major—that is the only promotion at issue in this case. The cases cited by Plaintiff, such as Hugh v. Butler County Family YMCA, 418 F.3d 265 (3d Cir. 2005), are inapposite. Hugh did not involve denial of a new promotion. Rather, in Hugh, the plaintiff was fired from a job she had already held for one year. The employer tried to argue that Hugh was not qualified for the position—a position employer itself had awarded her. Plainly, that is not the case here. Here the issue is whether Plaintiff was qualified to assume the much greater responsibilities of serving on the Executive Staff as a Major. Defendants refer the Court to their Answering Brief to Plaintiff's Second Motion in Limine (D.I. 193), where Defendants respond to the cases cited by Plaintiff are discussed in more detail.

Plaintiff's claim that Defendants' evidence pertains to "stale" performance issues is also misplaced. While, indeed, disciplinary matters and testimonial evidence of misconduct date back to the earliest days of Plaintiff's service with DSP, Defendants have a wealth of evidence of recent misconduct, including misconduct as a Captain, which Plaintiff herself concedes is "fair game." As just a few examples of Plaintiff's recent misconduct, Plaintiff was disciplined for purchasing a Rolex watch with a state credit card and not reporting it; and many witnesses can testify about crude sexual remarks and gestures towards subordinate employees and civilians in the Headquarters building, as well as Plaintiff's routine profane, public remarks about the executive staff, such as yelling that they were "fucking dickheads" in the halls of the Headquarters building. All of this occurred while Plaintiff held the rank of

1

Captain. However, Plaintiff's "recency" argument is misplaced. In seeking promotion to the highest rank of Major—in seeking to be member of the Colonel's executive staff, the entire career history of Plaintiff (and of the comparators) is properly at issue.[1]

Finally, Plaintiff's F.R.E. 412 argument is without merit. Rule 412 operates to exclude evidence of sexual behavior in civil cases only as to "victims" or "alleged victims of sexual misconduct." Rule 412(b)(2); Advisory Committee Notes, 1994. The Advisory Committee Notes specifically provide that "Rule 412 does not [] apply unless the person against whom the evidence is offered can reasonably be characterized as a 'victim of alleged sexual misconduct. *When this is not the case . . . neither Rule 404 nor this rule will operate to bar the evidence*; Rule 401 and 403 will continue to control. Rule 412 will, however, apply in a Title VII action *in which the plaintiff has alleged sexual harassment*." This is not such a case.

Plaintiff's argument that the witnesses were not timely identified is without merit. All of the witnesses who will speak to this issue were timely identified during the discovery period and all of them are former or present co-workers who are well known to Plaintiff. If Plaintiff or her attorneys chose not to depose or interview those witnesses in a timely manner, she cannot blame defendants, or seek to use her own strategy to now avoid the admission of their relevant testimony at trial.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

By: /s/ Stephani J. Ballard
    RALPH K. DURSTEIN, III (I.D. No. 912)
    STEPHANI J. BALLARD (I.D. No. 3481)
    Deputy Attorneys General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    (302) 577-8400
    Attorneys for Defendants, MacLeish
    Mitchell and Division of State Police

---

1 Plaintiff's assertion that Major Hughes was disciplined for "covering up crimes" is a complete misrepresentation of an incident discussed at Hughes deposition.

**LIGOURI, MORRIS & YIENGST**

By: <u>/s/ James E. Ligouri</u>
    JAMES E. LIGOURI
    46 The Green
    Dover, DE  19901
    (302) 678-9900
    Attorney for Defendant, L. Aaron Chaffinch

DATED:  April 18, 2006

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| Individually and in his official capacity as the | ) | |
| Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on April 18, 2006 she caused the attached, *Reply Brief in Support of Defendants' Motion in Limine for Admission of Evidence of Plaintiff's "On the Job" Misconduct*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish,
Mitchell, and Division of State Police

4