IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, Individually and in his official capacity as the Superintendent, Delaware State Police; et al. | ) | |
| | ) | |
| Defendants, | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER CLAIMS AND LAWSUITS AGAINST DELAWARE STATE POLICE AND INDIVIDUAL DEFENDANTS UNRELATED TO GENDER DISCRIMINATION**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

RALPH K. DURSTEIN, III, I.D. #912
STEPHANI J. BALLARD, I.D. #3481
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants MacLeish, Mitchell and Division of State Police

DATED: April 18, 2006

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ........................................................................................................ ii

ARGUMENT ........................................................................................................................1

I. EVIDENCE OF PRIOR OR PENDING LAWSUITS AGAINST DELAWARE STATE POLICE AND THE INDIVIDUAL DEFENDANTS IS NOT ADMISSIBLE. IT IS OF NO RELEVANCE TO THIS LITIGATION, AS THOSE LAWSUITS INVOLVE ENTIRELY UNRELATED CLAIMS WHICH HAVE NO BEARING WHATSOEVER ON THIS DISCRETE CLAIM OF GENDER DISCRIMINATION IN PROMOTION ..................................................1

**TABLE OF CITATIONS**

**Case Name** **Page**

Becker v. ARCO Chemical Co., 207 F.3d 176 (3d Cir. 2000) ........................................... 1-2

**Statutes, Rules and Other Authorities**

Federal Rule of Evidence 403 .......................................................................................3

Federal Rule of Evidence 404(b) .............................................................................. 1-3

## ARGUMENT

### I. EVIDENCE OF PRIOR OR PENDING LAWSUITS AGAINST DELAWARE STATE POLICE AND THE INDIVIDUAL DEFENDANTS IS NOT ADMISSIBLE. IT IS OF NO RELEVANCE TO THIS LITIGATION, AS THOSE LAWSUITS INVOLVE ENTIRELY UNRELATED CLAIMS WHICH HAVE NO BEARING WHATSOEVER ON THIS DISCRETE CLAIM OF GENDER DISCRIMINATION IN PROMOTION.

Plaintiff's answering brief makes absolutely clear that she intends to introduce evidence of other lawsuits against the Delaware State Police and Colonel Chaffinch for the prohibited purpose of showing propensity. She claims that the Foraker and Price cases show "defendants' antagonism towards Troopers who file lawsuits and otherwise exercise their First Amendment rights . . . ." (Ans. Brf. at p.1). Interestingly, here, Plaintiff is so eager to impugn wrongdoing against Defendants that she cannot even await a jury verdict—Foraker and Price have not been tried yet. Plaintiff's position simply boils down to an argument that, if defendants allegedly discriminated/retaliated in some other case, they must have discriminated/retaliated in this case. This is precisely the type of propensity evidence that F.R.E. 404(b) forbids. Becker v. ARCO Chemical Co., 207 F.3d 176, 189 (3d Cir. 2000).

Her argument that the Bullen case is relevant because of Chaffinch's testimony about the Blunt-Bradley report falls flat. The Bullen case was about testing promotions to lower ranks and minority representation at DSP—issues the Blunt-Bradley report clearly speaks to. This case is about discretionary promotion to the Executive rank of Major. *Lisa Blunt-Bradley herself*—the author of the report—testified in this case that the report did not address promotions at the level of Major, likening the Colonel's selection of Majors to the Governor's selection of cabinet secretaries. Clearly neither Ms. Blunt-Bradley nor Colonel Chaffinch felt that the report was binding on this case. Plaintiff's argument that Colonel Chaffinch should be impeached in this case, where the report does not apply, with testimony from another case, where the report concededly did apply, is preposterous. This is just another back door attempt by Plaintiff to inflame the jury with information that Defendants have been sued before.

Plaintiff's attempt to argue that the evidence is pertinent to rebut Defendants' evidence of Plaintiff's misconduct, because Colonel Chaffinch's liability in other lawsuits did not result in discipline or affect his own career is transparently misplaced. Even assuming that adverse jury verdicts automatically constitute internal "misconduct," Plaintiff's and Chaffinch's situations are clearly different. The jury verdicts against Chaffinch occurred while he was Colonel—he obviously was not eligible for further promotion, as Plaintiff is. Also, as Colonel, Chaffinch, as Superintendent, is not subject to direct discipline by the State Police—he reports directly to the Secretary of Public Safety and the Governor. Plaintiff's implicit criticism of the Governor's handling of Chaffinch has no bearing on or analogy to defendants' evaluation of her as a Captain and her relative qualifications for promotion to Major as compared with other DSP captains.

Plaintiff apparently forgets that Colonel Chaffinch's qualifications are not at issue. Plaintiff bears the burden of proving her own qualification for promotion to Major, as compared to Majors Eckrich and Hughes, and even as to other DSP captains whose qualifications far exceeded Plaintiff's. In an attempt to shift the focus away from her own lackluster, and often embarrassing, work history, Plaintiff attempts to distract the jury by holding her version of Colonel Chaffinch's past up for their scrutiny. Chaffinch's attitudes and the basis for his promotional decisions in 2003 are certainly relevant. His unrelated work history and the fact that he has been sued before (almost exclusively by Plaintiff's lawyer) is not relevant. Such evidence is introduced solely for the improper purpose of showing that Chaffinch must have acted in conformity with his alleged prior misconduct.

Plaintiff here hopes that the jury will believe—by inflaming them with (necessarily incomplete) information about other employment-related lawsuits—that Chaffinch is simply someone who discriminates across the board and that, therefore, he must have discriminated against Conley. As the Third Circuit noted in Becker v. ARCO Chemical Co., 207 F.3d 176, 193 (3d Cir. 2000), evidence from which the jury could infer that this "was the kind of guy who had done it before, [and therefore was] the kind of guy who will do it again," is propensity evidence that is inadmissible under Rule 404(b). The Court should exclude all evidence

of prior claims and lawsuits that are unrelated to this claim of gender discrimination, pursuant to Rules 404(b) and 403.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By: /s/ Stephani J. Ballard
RALPH K. DURSTEIN, III (I.D. No. 912)
STEPHANI J. BALLARD (I.D. No. 3481)
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants, MacLeish
Mitchell and Division of State Police

**LIGOURI, MORRIS & YIENGST**

By: /s/ James E. Ligouri
JAMES E. LIGOURI
46 The Green
Dover, DE 19901
(302) 678-9900
Attorney for Defendant, L. Aaron Chaffinch

DATED: April 18, 2006

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

CAPTAIN BARBARA L. CONLEY, )
)
Plaintiff, )
)
v. ) C.A. No. 04-1394-GMS
)
COLONEL L. AARON CHAFFINCH, )
Individually and in his official capacity as the )
Superintendent, Delaware State Police; et al. )
)
Defendants, )

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on April 18, 2006, she caused the attached, *Reply Brief in Support of Defendants' Motion in Limine to Exclude Evidence of Other Claims and Lawsuits Against Delaware State Police and Individual Defendants Unrelated to Gender Discrimination*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendants MacLeish, Mitchell, and Division of State Police