IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as the Superintendent, Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as the Deputy Superintendent, Delaware State Police; **DAVID B. MITCHELL,** individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : : : : : : : : : : : | C.A.No.04-1394-GMS |
| Defendants. | : : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER FIRST MOTION IN LIMINE TO EXCLUDE DEFENDANTS' UNTIMELY IDENTIFIED WITNESSES**

THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ. (#243)
STEPHEN J. NEUBERGER, ESQ. (#4440)
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: April 19, 2006                Attorneys for Plaintiff

**A. Introduction.** Trying to divert attention from their own inability to identify witnesses and supply supporting supplementation in a timely manner cannot change the fact that defendants belatedly identified 46 witnesses as discovery wound down after only identifying 4 in their Rule 26 disclosures many months earlier. Defendants then refused to attend or produce any of these witnesses for duly noticed depositions as plaintiff frantically tried to depose them before the mandatory discovery cut-off. Further, defendants also have refused to comply with their assurances to the Court that they would provide plaintiff with detailed information about these witness's testimony by December 15, 2006 and provide a list of abandoned witnesses so that plaintiff could determine which of these numerous belatedly identified witnesses she needed to depose. Defendants' continued inability to comply with the Court's deadlines should not come at plaintiff's expense.

**B. Defendants Late Supplementations Demonstrate their Investigations were Incomplete.** In the November teleconference, defendants claimed that their interviews with these newly identified witnesses would be over in the first week of December and suggested the December 15th deadline to turn over to plaintiff the content of these identified witnesses so plaintiff would have time to determine who to depose before the discovery cut-off. (Tab A). Accordingly, defendants did manage to serve this supplementation on December 15th. (*See* D.I. 119). Yet not only did this supplementation fail to address all the identified witness's testimony, contained within this supplementation were the names of nine new witnesses - bringing the total to 46 newly identified witnesses sixteen days prior to the close of discovery.

Moreover, as discussed in plaintiffs' opening motion, defendants have continued to identify witnesses and revise their supplementations in the months after the discovery cut-off, when plaintiff is still unable to depose any of these witnesses. Plaintiff has been prejudiced by defendants inability to comply with the court's discovery procedure.

1

**C. Plaintiff's Submission of Interrogatory Answers does not Excuse Defendants' Untimely Identification of over 46 witnesses.** Fed.R.Civ.P. 26(a)(1) states "[a] party must make its initial disclosures based on the information then reasonably available to it and *is not excused from making its disclosures because it has not fully completed its investigation of the case...*" Fed.R.Civ.P. 26(a)(1)(emphasis added). To avoid dealing with this clear rule, defendants try to point the finger at plaintiff, claiming her interrogatory answers warranted a lengthy investigation and interview process. Yet, plaintiff's answers were simply responsive to imprecise defense interrogatories and only expanded on allegations made in the complaint which was served on defendants in October of 2004. Defendants had more than enough notice of the issues of the case to identify witnesses by April of 2005.

This is not the case where plaintiff inserted "new" information or claims into her answers. Plaintiff did not insert her promotions claim into the case for the first time in her interrogatory answers, she did so in her initial complaint. Defendants were readily aware of plaintiff's promotion claims. Plaintiff merely responded to the defendants questions thoroughly and comprehensively.[1] Defendants cannot now use plaintiff's thoroughness as an excuse for their obvious failure to complete their investigation of the case.

Further, defendants' argument is weakened by their own statements. Defendants state that their discovery disclosures contain testimony of "great relevance to the plaintiff's claims of discrimination against her and against female officers in general, to her allegations of past conduct on the part of Colonel Chaffinch and to her own job performance and behavior on the job as a

---

[1] For purposes of the record, plaintiff notes that defendants' characterization of plaintiff's interrogatory answers as being "in the form of a rambling narrative" is incorrect. (Answer at 2). If defendants had crafted more pointed interrogatory questions, plaintiff would have been able to more succinctly respond. However, given the open ended nature of defendants' questions, plaintiff was forced to respond fully and accurately, in accord with the requirements of the rules.

2

trooper." (Answer at 4). Defendants further argue that "[w]itness after witness will undermine the plaintiff's claims, in testimony directly pertinent to the issues she raises in her attack on the Delaware State Police." (Id.). Yet plaintiff's "claims" and her alleged "attack" are all issues made apparent on the face of her October of 2004 complaint. Defendants' arguments beg the question that if issues such as her prior job performance and conduct are of such great relevance, why did it take defendants until August of 2005 to begin interviewing witnesses on the issue? Defendants' cannot now hide from their failure and inability to conduct timely investigations and interviews on this alleged relevant evidence. Such disregard and abuse for court proceedings is not permitted by Rule 26(a)(1).

**D. Conclusion.** In conclusion, defendants initially identified only four witnesses in their disclosures. Plaintiff planned her discovery schedule accordingly. As discovery wound down, defendants dumped nearly 50 new witnesses into plaintiff's lap. Plaintiff issued interrogatories to defendants to determine what these untimely witnesses would testify to. Defendants submitted evasive responses. Eventually, the Court became involved and ordered defendants to conclusively identify by December 15th all of their new witnesses and the subject matter of their testimony so that plaintiff could try to depose them by the discovery cut-off a little over two weeks later. But when plaintiff attempted to do so, defendants refused to attend these depositions and also refused to produce their own witnesses to be deposed. Shortly thereafter, the discovery cut-off came and went. Plaintiff is now barred by Court order from deposing any of these untimely defense witnesses. Plaintiff has been prejudiced by defendants' actions, and defendants should be barred from using any of these witnesses in their case.

For the reasons stated above and in her earlier pleading, plaintiff's motion in limine should be granted.

Plaintiff waives a reply brief in support of this Motion.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: April 19, 2006    Attorneys for Plaintiff

# Tab

# A

*Conley Pleadings* 1
"Nov. 17 Teleconference Transcript"

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4   CAPTAIN BARBARA L. CONLEY,        :   Civil Action
                                       :
 5              Plaintiff,             :
                                       :
 6        v.                           :
                                       :
 7   COLONEL L. AARON CHAFFINCH,       :
     individually and in his official  :
 8   capacity as the Superintendent,   :
     Delaware State Police,            :
 9   LIEUTENANT COLONEL THOMAS F.      :
     MACLEISH, individually and in     :
10   his official capacity as the     :
     Deputy Superintendent, Delaware   :
11   State Police; DAVID B. MITCHELL,  :
     individually and in his official  :
12   capacity as Secretary of the      :
     Department of Safety and          :
13   Homeland Security, State of       :
     Delaware; and DIVISION OF         :
14   STATE POLICE, DEPARTMENT OF       :
     SAFETY AND HOMELAND SECURITY,     :
15   STATE OF DELAWARE,                :
                                       :
16              Defendants.            :   No. 04-1394-GMS

17                              - - -

18                      Wilmington, Delaware
                     Thursday, November 17, 2005
19                           9:00 a.m.
                            In Chambers
20
                                - - -
21
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
22
                                                RECEIVED
23
                                                NOV 3 0 2005
24
         TRANSCRIPT    ORDERED         SEALED
25
```

```
 1   APPEARANCES:

 2           THOMAS S. NEUBERGER, ESQ., and
             STEPHEN J. NEUBERGER, ESQ.
 3           The Neuberger Firm, P.A.

 4                     Counsel for Plaintiff

 5           STEPHANI J. BALLARD, ESQ., and
             RALPH K. DURSTEIN, III, ESQ.
 6           Department of Justice - State of Delaware

 7                     Counsel for Defendants
                       Delaware State Police,
 8                     MacLeish and Mitchell

 9           JAMES LIGUORI, ESQ.
             Liguori, Morris & Yiengst
10
                       Counsel for Defendant
11                     Chaffinch

12                        -  -  -

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                THE COURT:  Mr. Liguori, I understand you may
 2     have to leave.
 3                MR. LIGUORI:  Not necessarily.  If a phone call
 4     comes, Your Honor.
 5                THE COURT:  I am sure you have already told
 6     everyone.  Mr. Liguori has a jury out.
 7                Let's go around the room to identify ourselves.
 8                MR. T. NEUBERGER:  Yes, I am Tom Neuberger
 9     representing the plaintiff, Barbara Conley.
10                MR. S. NEUBERGER:  I am Steve Neuberger,
11     representing the plaintiff, Barbara Conley.
12                MR. DURSTEIN:  Ralph Durstein, representing
13     Defendants Delaware State Police, MacLeish and Mitchell.
14                MR. LIGUORI:  Jim Liguori, representing
15     Defendant Aaron Chaffinch.
16                MS. BALLARD:  Stephani Ballard for the State
17     Police, MacLeish and Mitchell.
18                THE COURT:  Good morning, all.
19                It seems things have gotten a bit testy.  I
20     thought this was appropriate, in light of the
21     letter-writing, even though one of the defendants or all of
22     the defendants maybe made a procedural point of the failure
23     to file a motion.  Nonetheless, the Court feels obliged to
24     manage its docket in the way it sees best to manage it.
25     This is the way I felt in this situation it was best to
```

1  because we provided very detailed responses and timely
2  responses to those interrogatories. I stand by them. If
3  counsel has a problem, he should file a motion to compel
4  with authorities, and the Court can determine it.
5              THE COURT: I would prefer, rather than that,
6  that counsel further meet on this particular subject. I
7  don't need additional motions. You don't need to have to
8  spend the time filing them.
9              MR. DURSTEIN: I do have a suggestion, Your
10 Honor. I wanted to give the Court a progress report. One
11 point Mr. Neuberger made is a valid one, which is he hasn't
12 heard about all these witnesses yet. We have been
13 interviewing -- the ones that he referred to and the ones we
14 first responded as to were mostly retired police officers.
15 We started with them. For whatever reason, they tended to
16 be further back in time, so there were a lot of things they
17 were talking about that were remote in time. As we said,
18 the admissibility of that is something the Court may have to
19 determine at some point. We have now gone through active
20 duty police officers and civilian police employees. We are
21 just about finished interviewing those folks. We can get
22 that remaining discovery out within a matter of weeks.
23             I expect that as to those 25 witnesses, the new
24 ones that were identified the plaintiff will have within ten
25 days, two weeks, detailed information about what their

1   testimony could be, which ought to be sufficient to
2   determine if their depositions need to be taken.
3           MR. T. NEUBERGER:  That is all I am asking, Your
4   Honor, is with the detail in 4, that for the 33 names in
5   play, that we get a paragraph of what they are expected to
6   say.  That way I don't have to worry about something else
7   getting read in and everything else is in play.  If that is
8   what they are going to do, that works, then I will have to
9   decide in December whenever they get to them.
10          MR. DURSTEIN:  We agree.
11          MR. T. NEUBERGER:  By December 31.
12          THE COURT:  When can you get that, Mr. Durstein?
13          MR. DURSTEIN:  Our last interviews are the first
14  week of December.
15          December 15?
16          MS. BALLARD:  We can get some of it already.
17          MR. DURSTEIN:  We have some drafted.  We will
18  probably get it out not in one lump but as we have it ready.
19  December 15 as a deadline will work for us because we will
20  have spoken to all these folks.
21          MR. T. NEUBERGER:  Yes.  Like I say, Shockley
22  was missing.  Maybe you dropped Shockley.  I need to know
23  who the 33 are.  I just take that as an agreement among us
24  here.
25          MR. DURSTEIN:  There are a few that may have

5

## **CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 19, 2006, I electronically filed this **Reply** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph K. Durstein III, Esquire
>Department of Justice
>Carvel State Office Building
>820 N. French Street
>Wilmington, DE 19801
>
>James E. Liguori, Esquire
>Liguori, Morris & Yiengst
>46 The Green
>Dover, DE 19901

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

Conley / Pretrial / RB - P's First MinL.FINAL