IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CAPTAIN BARBARA L. CONLEY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **COLONEL L. AARON CHAFFINCH,** : | C.A.No.04-1394-GMS |
| individually and in his official capacity as the : | |
| Superintendent, Delaware State Police; : | |
| **LIEUTENANT COLONEL THOMAS F.** : | |
| **MACLEISH,** individually and in his official : | |
| capacity as the Deputy Superintendent, : | |
| Delaware State Police; **DAVID B. MITCHELL,** : | |
| individually and in his official capacity as : | |
| Secretary of the Department of Safety and : | |
| Homeland Security, State of Delaware; and : | |
| **DIVISION OF STATE POLICE,** : | |
| **DEPARTMENT OF SAFETY AND** : | |
| **HOMELAND SECURITY, STATE OF** : | |
| **DELAWARE,** : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER FIFTH MOTION IN LIMINE TO
EXCLUDE IRRELEVANT TESTIMONY FROM FEMALE NON-DECISIONMAKERS
REGARDING THEIR DISLIKE OF PLAINTIFF**

 

THE NEUBERGER FIRM, P.A.
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: April 19, 2006            Attorneys for Plaintiff

**A. Introduction.** No matter how they try to justify the testimony of these witnesses, the defense cannot get past the undisputed fact that they are non-decisionmakers who had absolutely no input into the promotional process, which makes their testimony irrelevant.

**B. This Testimony is Irrelevant.**

**1. It is Chaffinch's Decision-Making Process at Issue.** As review of the defense brief makes clear, defendants are offering these witnesses on plaintiff's claims of intentional gender discrimination in two promotions by defendant Chaffinch. The issue for the jury to decide is whether defendant Chaffinch discriminated against plaintiff because of her gender when he promoted two male comparators - Hughes and Eckrich.

Defendants concede that these witnesses "were not ... part of the promotional decision-making process." (AB at 4).[1] That is the end of the matter because defendants concede that the testimony of these witnesses is irrelevant to the facts at issue in this case.[2]

**2. Plaintiff Does Not Seek Reputation Damages.** Defendants also now claim that this evidence is relevant to plaintiff's reputation. However, defendants again forget that plaintiff waived her request for relief for injury to her reputation on the record during the Chambers conference with the Court in November 2005. Accordingly, the defense attempt to introduce this testimony for this purpose also is irrelevant.

**3. Defendants' 'Goose' Argument.** The defense argument in this regard (AB at 3) has no basis in any evidentiary rule. Chaffinch's numerous sexist statements, limericks and jokes are probative of his motives and intent when he made the challenged promotional decisions. Thus they are tied to Fed.R.Evid. 401-402. Given that plaintiff did not make the

---

[1] This is a required concession given Chaffinch's deposition testimony that he considered six purely discretionary factors when making his promotion and did not consult with anyone.

[2] The defense claim that these witnesses will "confirm" Chaffinch's "wisdom in passing over plaintiff for promotion" is equally irrelevant. Their opinions as to whether it was the right decision do not matter.

1

challenged promotion decisions, her motives and intent are not at issue. Thus, the defense proffer of this evidence on this ground is irrelevant.

        **4. This is a Pretext Case.** Defendants also misunderstand plaintiff's legal theory. Plaintiff is proceeding on a claim of gender discrimination under a pretext theory. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Depart. Comm. Affairs v. Burdine, 450 U.S. 248 (1981); Fuentes v. Perskie, 32 F.3d 759 (3d Cir.1994); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061 (3d Cir. 1996) (en banc). Plaintiff must prove that defendants' explanations for not promoting her over the two comparators are pretextual. The relevant individuals for the analysis are plaintiff and the two comparators.

    Contrary to the implicit defense assertion (AB at 4), plaintiff is not proceeding on a direct evidence theory under Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Thus, it is not plaintiff's burden to prove defendant's affirmative defense to liability under Price Waterhouse that even if plaintiff has proven that her gender played a substantial role in the decision not to promote her, that defendants would have made the same decision not to promote her anyway. Plaintiff simply does not need to prove her qualifications over the other 20 candidates under a pretext theory. Such an inquiry is irrelevant Again, under McDonnell Douglas, the comparison is between plaintiff and the two comparators. Price Waterhouse is inapplicable.

    If defendants wish to now concede that they did not promote the most qualified individual to fill the two vacancies at issue, that is certainly their prerogative and plaintiff will use such a concession as compelling evidence of pretext. To the extent defendants now assert that they are entitled to hide their real reasons for the promotion, the Third Circuit, en banc, has already adamantly rejected such efforts, finding that "the judicial system has little to gain" by such an approach and that this "would violate the spirit if not the letter of Rule 11." Sheridan, 100 F.3d at 1070.

    **C. Rule 403.** For the reasons discussed above, a defense inquiry into such irrelevant

2

areas also raises serious Rule 403 concerns, such as confusion of the issues and unfair prejudice.

**D. Conclusion.** For the reasons stated above and in plaintiff's Motion on this issue (D.I. 196), plaintiff's Motion in Limine to exclude irrelevant testimony from these non-decisionmakers regarding their dislike of plaintiff should be granted.

Plaintiff waives a reply brief in support of this Motion.

          Respectfully Submitted,

          **THE NEUBERGER FIRM, P.A.**

          /s/ Stephen J. Neuberger
          **THOMAS S. NEUBERGER, ESQ. (#243)**
          **STEPHEN J. NEUBERGER, ESQ. (#4440)**
          Two East Seventh Street, Suite 302
          Wilmington, Delaware 19801
          (302) 655-0582
          TSN@NeubergerLaw.com
          SJN@NeubergerLaw.com

Dated: April 19, 2006          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on April 19, 2006, I electronically filed this **Reply** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Ralph K. Durstein III, Esquire
> Department of Justice
> Carvel State Office Building
> 820 N. French Street
> Wilmington, DE 19801
>
> James E. Liguori, Esquire
> Liguori, Morris & Yiengst
> 46 The Green
> Dover, DE 19901

        /s/ Stephen J. Neuberger
    **STEPHEN J. NEUBERGER, ESQ.**

Conley / Pretrial / RB - P's Fifth MinL.FINAL