IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA CONLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1394-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DIVISION OF STATE POLICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' MOTIONS IN LIMINE
AND OPENING BRIEFS IN SUPPORT**

**A.   All documents filed by Defendants complied with the Scheduling Order**

Attempting to divert this Court from consideration of critical evidentiary issues, Plaintiff has moved to strike five of Defendants' Motions *in limine* and accompanying Opening Briefs (D.I. 168 through 177). Plaintiff claims that "they exceed the mandatory five (5) page limit" set forth in the Rule 16 Scheduling Order. None of Defendants briefs exceed five pages--a fact Plaintiff does not dispute. Plaintiff's argument is based upon the fact that Defendants filed short (2-3) page motions on each issue as well as a five page opening brief in support of each motion. It is clear that Plaintiff's argument is without merit upon a simple review of the Rule 16 Scheduling Order. Paragraph 10 of the Scheduling Order in this case states the following:

> Motions in limine: No party shall file more than ten (10) motions in limine. Briefs (opening, answering and reply) on all motions in limine shall be filed by April 19, 2006. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

One need not engage in extensive construction of this paragraph to understand that it contemplates (1) motions and (2) briefs in support. The first sentence states that the parties may "*file* [no] more than ten (10) *motions* in limine." The next sentence notes that *briefs* in support of those motions will be limited to five pages in length (three pages for any reply briefs). Clearly, the order contemplates the filing of both motions and briefs, as Defendants have done here. The several motions and briefs filed by the defendants violated neither provision. No restrictions were placed on the length or content of motions and, indeed, Defendants motions were very short and provided only a thumbnail sketch of the arguments. None of the opening briefs in support of the motions exceeded the five page limitation which was established by the Order.

Plaintiff's suggestion that the motions impermissibly expand arguments in the briefs is equally without merit. The motions simply provided a shell outline of the arguments presented in detail in the briefs. For instance, looking at Defendants' Motion to exclude evidence of former Colonel Chaffinch's membership in a Masonic organization (D.I. 172), paragraphs 3, 4, 5, and 6 very briefly state that the evidence is inadmissible under F.R.E. 401/402 (¶3); F.R.E. 404(b) (¶4); F.R.E. 610 (¶5) and F.R.E. 403 (¶6). These paragraphs correspond directly to the detailed arguments in the Opening Brief in support of this motion (D.I. 173), laid out at Sections I(B)(1) (Rules 401/402); I(B)(2) (Rule 404(b)); I(B)(3) (Rule 610) and I(B)(4) (Rule 403). Any references which may exist within the documents to the motions or briefs to which they correspond does not violate the Court's order, and is to be expected when a document is filed "in support of" another document, as was the case here.

B.  **Plaintiff's own repeated violations of filing requirements**

In defense of this meritless motion to strike Defendants motions, Defendants must point out to the Court that Plaintiff hardly has "clean hands" when it comes to conforming with this Court's filing requirements and page limitations. Throughout this case, Defendants have noted, but chosen not to move the Court to strike, multiple prior non-conforming filings by Plaintiff, preferring to let matters be decided on their merits. However, in response to this latest attack on the propriety of Defendants' simple filing of motions and briefs pursuant to a scheduling order that envisions exactly such filings, Defendants feel compelled to point the Court to the following. Plaintiff's counsel has repeatedly circumvented this Court's page limitations by presenting many filings in which she has presented her arguments within pages upon pages of single spaced text, in the guise of "lists" or footnotes. Pursuant to Local Rule 5.1.1, papers filed with the Court must be "double spaced, except for quoted material and footnotes." This rule applies to briefs, along with additional requirements set forth at Local Rules 7.1.2 and 7.1.3. Id. Rule 7.1.3 requires, *inter alia*, that [absent other order of court] "no opening or answering brief shall exceed 40 pages, and no reply brief shall exceed 20 pages . . . ."

For instance, Plaintiff's 33 page Opening Brief to her motion to "bifurcate" the "First Amendment" counts from the discrimination count (D.I. 75) included a full six and one-half pages of *single spaced* argument (pp. 4-10), which plaintiff couched in a numbered list. This violated Rule 5.1.1 and, with this part of the argument double spaced, presumably would have exceed the total page limit of Rule 7.1.3 by at least 6 pages. Plaintiff's Answering Brief to Defendants' Motion for Partial Summary Judgment (Counts II and III) totals exactly 40 pages, however, the brief contains extensive legal

3

argument in single spaced footnotes that would total approximately 2.5 single spaced pages or 5 double spaced pages. (D.I. 153). One footnote, by itself, takes up half a page of single spaced text (Id, fn. 18, p. 34).

Perhaps the most egregious violation of this Court's page limitation rules and orders occurs in Plaintiff's "Trial Brief[s]" submitted with the pre-trial order on April 19, 2006. Judge Sleet's instructions for the "Final Pretrial Order", on the Court's website, include the requirement that "*no party's trial brief shall exceed 15 pages* without prior approval of the court." (Order, p. 3, fn. 7) (attached as Exhibit hereto). Plaintiff attempted to circumvent this rule by openly submitting *two* trial briefs, one containing 15 pages of argument and one containing 16 pages, for a grand total of 31 pages—sixteen more than permitted by the Court. (Pretrial Order, Tab "I", "Plaintiff's Trial Brief on Count I" and "Plaintiff's Trial Brief on Counts II and III.)" Plaintiff never obtained leave of court to file two trial briefs, or to exceed the Court's 15 page limitation. Despite Plaintiff's desire to bifurcate the "First Amendment" counts (and Defendants position that they should be dismissed), at this point in the litigation there remains one "trial" of all counts, and therefore only one "trial brief" of 15 pages is permitted.

Plaintiff's dual trial briefs further violated the space limitations imposed by this court, in that the trial brief on Count I contained (in tiny typeface) *nine pages of single spaced material* (pp. 2-10), effectively turning this 15 page (first) brief into a 33 page brief. This combined with the 16 page second brief, results in a grand total of **49 pages of argument** in the trial briefs, where the Court order specifically stated that "*no party's trial brief shall exceed 15 pages.*"

As noted above, Defendants leave it to the Court's discretion to address Plaintiff's non-conforming papers, and have not filed motions to strike these documents. Plaintiff's own motion, in the instant filing, to strike Defendants' motions and briefs *in limine*, (which fully conform to the Court's scheduling order) for allegedly exceeding page limitations is indeed an argument to which one might respond: "people who live in glass houses should not throw stones." The Court should not entertain Plaintiff's motion and should consider the important issues raised in Defendants' *in limine* filings on their merits.

C.  **Decision on the Merits**

As discussed above, there is no merit whatsoever to the plaintiff's latest attempt[1] to prevent the defendants from presenting argument and proceeding with discovery. Once again, she wastes the Court's time (and counsel's time) by raising a petty procedural dispute. Plaintiff has burdened the docket in this case without any justification, in a fashion apparently calculated to prevent the disposition of the many pending motions.

The motions *in limine* should be heard on their merits. Both the motions and the briefs comply with the Scheduling Order and the Local Rules. The novel interpretation urged by the plaintiff would frustrate the letter and spirit of the Rules. If the plaintiff feels she has been limited in her presentation, her only complaint is with her counsel, who have misinterpreted the terms of the Order and the Rules—rules that have been bent by counsel many times to Plaintiff's advantage.

---

[1] Previous such attempts include a Motion to Strike filed February 14, 2006 [D.I. #158], a self-styled "Motion for Sanctions" filed on January 17, 2006 [D.I. #141], a Motion to Disqualify Counsel filed on December 15, 2005 [D.I. #120], and a series of three letters seeking an "emergency conference", filed on October 19, 2005 [D.I. #92], October 20, 2005 [D.I. #96], and November 1, 2005 [D.I. #101].

                                                                  /s/ Stephani J. Ballard  
                                                                  Ralph K. Durstein, III (ID# 912)  
Stephani J. Ballard (ID#3481)  
Deputy Attorneys General  
Department of Justice  
State of Delaware  
820 N. French Street  
Wilmington, DE 19801  
(302)577-8400  

Dated: April 25, 2006

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on April 25, 2006, she caused the attached Response of Defendants in Opposition to Plaintiff's Motion to Strike Defendants' Motions in Limine and Opening Briefs in Support to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Thomas S. Neuberger, Esq.<br>Stephen J. Neuberger, Esq.<br>Two East Seventh Street, Suite 302<br>Wilmington, DE 19801 | James E. Ligouri, Esq.<br>Ligouri, Morris & Yiengst<br>46 The Green<br>Dover, DE 19901 |
| | /s/ Stephani J. Ballard<br>Ralph K. Durstein III, I.D. #912<br>Stephani J. Ballard, I.D. #3481<br>Deputy Attorneys General<br>Carvel State Office Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302)577-8510<br>Attorneys for Defendants MacLeish, Mitchell, and Division of State Police |