IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA CONLEY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COLONEL L. AARON CHAFFINCH, individually and in his official capacity as the Superintendent, Delaware State Police; LIEUTENANT COLONEL THOMAS F. MACLEISH, individually and in his official capacity as the Deputy Superintendent, Delaware State Police; DAVID B. MITCHELL, individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 04-1394-GMS |
| Defendants. | ) | |

## ORDER

1. On January 17, 2006, the plaintiff, Captain Barbara Conley ("Conley") filed a motion for summary judgment on Counts II and III, and for partial summary judgment on Count I of her amended complaint (D.I. 138). The plaintiff also filed an opening brief (D.I. 139) supporting her motion for summary judgment and setting forth her arguments on the motion.

2. On January 30, 2006, in lieu of filing an answering brief directed at the merits of Conley's motion, the defendants filed a motion to strike the plaintiff's opening brief and portions of her appendix filed in support of her motion for summary judgment (D.I. 151). The defendants' motion requests the court to strike Conley's entire opening brief and 553 pages from her appendix, asserting

that the documents do not comply with Federal Rule of Civil Procedure 56(c)[1] and misrepresent the evidence.

3.  Specifically, the defendants contend that the words "on file" in Rule 56(c) "indicate the types of evidence which may be submitted by the parties and considered by the [c]ourt in consideration of a motion for summary judgment are documents . . . which have been propounded through discovery *in the case at bar*."[2] (D.I. 151, at 2.) Additionally, the defendants contend that the plaintiff's brief contains both citations to the record in the present case, as well as citations and out of context quotations to depositions and trial testimony taken in other cases against some of the same defendants. (Id.) According to the defendants, the plaintiff's actions might lead the court to "reasonably, but incorrectly, believe that every citation and reference is part of the record in the present case," because the plaintiff has not distinguished between the deposition testimony taken in

---

[1] Under Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

[2] The defendants cite no case law to support this proposition and seem to abandon it in favor of other arguments. The plaintiff, on the other hand, points to a case from the District of Maine, where the court held that deposition testimony from a different litigation was admissible and the filing of the deposition testimony with the plaintiff's submission made it part of the record in the case for purposes of Federal Rule of Civil Procedure 56. *Burbank v. Davis*, 227 F. Supp. 2d 176, 178-79 (D. Me. 2002). After conducting its own research, it appears to the court that the Third Circuit has not squarely addressed this issue. However, the Ninth Circuit has addressed the issue, finding that "[s]worn deposition testimony may be used by or against a party on summary judgment regardless of whether the testimony was taken in a separate proceeding. Such testimony is considered to be an affidavit pursuant to Federal Rule of Civil Procedure 56(c), and may be used against a party on summary judgment as long as the proffered depositions were made on personal knowledge and set forth facts that were admissible in evidence." *Gulf USA Corp. v Fed. Ins. Co.*, 259 F.3d 1049, 1059 (9th Cir. 2001) (citation omitted). Thus, the court is inclined to reject the defendants' motion based on the "on file" argument. However, the defendants proffer at least one more argument, which the court considers below.

this case and that taken in other cases. (Id. at 3.) Thus, the defendants contend that the only remedy is for the court to strike the plaintiff's brief and portions of her appendix or, in the alternative, deny her motion for summary judgment. (Id. at 8.)

4. The defendants rely on *New Jersey Turnpike Authority v. PPG Industries, Inc.*, 197 F.3d 96 (3d Cir. 1999) to support their arguments that the plaintiff's proffered deposition testimony is inadmissible. In *NJTA*, the plaintiff appealed an order of the district court, which found that it had not produced sufficient evidence to survive summary judgment on certain of its claims. *See id.* at 102-03. At the outset of its opinion, the Third Circuit noted that the plaintiff was "rel[ying] largely upon prior investigations and actions of other parties, and the records made in connection with those cases, to prove liability of [the] appellees. . . ." *Id.* at 100. The court further explained that, as part of the discovery process, the parties exchanged documents and interrogatory answers, but the plaintiff took only one, one hour deposition in the case and relied almost solely on deposition testimony from prior actions and investigation directives to support its motion for summary judgment on liability. *Id.* at 101-02. The court refused to give credence to the depositions because it "ha[d] . . . doubts regarding their admissibility and . . . disagree[d] with the [plaintiff's] view of their value as evidence." *Id.* at 110.

5. The court stated that for the former testimony to be admissible under Rule of Evidence 804(b)(1): "1) the declarant must be unavailable; 2) testimony must be taken at a hearing, deposition, or civil action or proceeding; and 3) the party against whom the testimony is now offered must have had, or its predecessor in interest must have had, an opportunity to develop the testimony by direct, cross, or redirect examination." *Id.* (citing *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995)). The court observed that the plaintiff "ha[d] not even attempted to satisfy the first or third

requirement regarding the admissibility of the depositions in th[e] proceeding." *NJTA*, 197 F.3d at 110. Nevertheless, the court considered the deposition testimony but found it deficient, even after giving the plaintiff "the benefit of all reasonable inferences from the[] evidentiary proffers," because the evidence was "vague and imprecise, of questionable reliability, and therefore not sufficiently probative to create an issue for trial." *Id.* at 112.

6.      After having considered the parties' submissions and arguments, as well as the proffered case law, the court is not persuaded by the defendants' arguments because *NJTA* is distinguishable from the present case. As previously discussed, the plaintiff in *NJTA* sought to use deposition testimony from prior cases and investigation results from years earlier as its primary proof of the defendants' liability. Here, the defendants concede that Conley "primarily uses the extraneous material [i.e. the prior deposition testimony] to bolster her version of the witnesses' testimony in this case." (D.I. 151, at 6.) Thus, unlike the plaintiff in *NJTA*, the prior deposition testimony that Conley has provided is extraneous and additional to the record evidence she provides from the present case to support her positions.

7.      In addition, the court finds that, while the Third Circuit cited Rule of Evidence 804(b)(1) as the guidepost for admissible former testimony in dicta, it considered the evidence proffered by the plaintiff in reaching its final conclusion that the evidence produced by the plaintiff was "insufficient to prove the nexus required for [it] to recover from the appellees. . . ." *NJTA*, 197 F.3d at 112. As such, the court will not strike the prior deposition testimony proffered by the plaintiff based on the Third Circuit's decision in *NJTA*.

8.      Moreover, even it agreed with the defendants' position, the court concludes that it would not strike Conley's brief in toto, as that remedy is too drastic, considering the fact that Conley offers the

4

deposition testimony from prior cases mainly in addition to similar record evidence she offers from the present case. The court also finds that it would reach the same conclusions with respect to Conley's motion for summary judgment if it omitted the prior testimony from her brief, and notes that it did not consider the prior deposition testimony in reaching its conclusions on the summary judgment motion.[3] Accordingly, for all of the aforementioned reasons, the court will deny the defendants' motion to strike.

Therefore, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Strike Plaintiff's Opening Brief and Portions of Appendix Filed in Support of Her Motion for Summary Judgment on Counts II and III, and for Partial Summary Judgment on Count I (D.I. 151) is DENIED.

Dated: May 10, 2006

UNITED STATES DISTRICT JUDGE



FILED
MAY 10 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[3] The court will issue a separate opinion addressing Conley's summary judgment motion.