# THE NEUBERGER FIRM
ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE                                        PHONE: (302) 655-0582
STEPHEN J. NEUBERGER, ESQUIRE                                       FAX: (302) 655-9329

May 11, 2006                                                                 <u>Via CM/ECF Filing</u>

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

RE:   <u>**Conley v. Chaffinch, et al.**</u>, Civil Action No. 04-1394-GMS
      <u>**Interplay Between the Eleventh Amendment and State Indemnification Statutes**</u>

Dear Judge Sleet:

      Following up on the Court's request at yesterday's pretrial conference, I have pulled together the law I discussed regarding the interplay between the Eleventh Amendment and state indemnification statutes. I have e-mailed this same law to defendants under separate cover.

      In addition to the Eleventh Amendment itself, there are a number of Supreme Court cases discussing its immunity principles. <u>See, e.g.</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974). Similarly, there also is abundant law discussing the differences between individual capacity and official capacity suits. <u>See, e.g.</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").

      Lastly, most of the Circuit Courts of Appeals have written on the interplay between the Eleventh Amendment and state indemnification statutes. <u>See</u> <u>Benning v. Bd. of Regents of Regency Univ.</u>, 928 F.2d 775, 779 (7th Cir. 1991) (a "state's decision to indemnify its employees does not transform a suit against individual defendants into a suit against the sovereign."); <u>accord</u> <u>Sales v. Grant</u>, 224 F.3d 293, 297-98 (4th Cir. 2000); <u>Hudson v. City of New Orleans</u>, 174 F.3d 677, 687 n.7 (5th Cir. 1999); <u>Jackson v. Georgia Dep't of Transp.</u>, 16 F.3d 1573, 1577-78 (11th Cir.1994); <u>Wilson v. Beebe</u>, 770 F.2d 578, 587-88 (6th Cir.1985) (en banc); <u>Demery v. Kupperman</u>, 735 F.2d 1139, 1146-48 (9th Cir.1984); <u>Farid v. Smith</u>, 850 F.2d 917, 923 (2d Cir.1988); <u>Griess v. Colorado</u>, 841 F.2d 1042, 1045-47 (10th Cir.1988).

I am at the Court's disposal to address these issues in greater detail and in argument form if the Court desires.

Respectfully submitted,

/s/ Stephen J. Neuberger

Attorney for Plaintiff

cc: Thomas S. Neuberger, Esq. (via CM/ECF)
Ralph K. Durstein, Esq. (via CM/ECF)
Stephani Ballard, Esq. (via CM/ECF)
James E. Liguori, Esq. (via CM/ECF)

Conley \ Letters \ Sleet.12