IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA CONLEY,<br><br>      Plaintiff,<br>  v.<br><br>COLONEL L. AARON CHAFFINCH,<br>individually and in his official capacity as the<br>Superintendent, Delaware State Police;<br>LIEUTENANT COLONEL THOMAS F.<br>MACLEISH, individually and in his official<br>capacity as the Deputy Superintendent, Delaware<br>State Police; DAVID B. MITCHELL, individually<br>and in his official capacity as Secretary of the<br>Department of Safety and Homeland Security,<br>State of Delaware; and DIVISION OF STATE<br>POLICE, DEPARTMENT OF SAFETY AND<br>HOMELAND SECURITY, STATE OF<br>DELAWARE,<br><br>      Defendants. | C.A. No. 04-1394-GMS |

## ORDER

1.     The plaintiff, Barbara Conley ("Conley"), a Captain with the Delaware State Police (the "DSP") filed the above-captioned action on October 27, 2004, alleging gender discrimination in the DSP's failure to promote her to the rank of Major, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 (Count I). (D.I. 1 ¶¶ 78-105.) On December 6, 2004, Conley filed an amended complaint adding claims that the defendants' conduct violated the First Amendment Free Speech Clause (Count II) and Free Petition Clause (Count III). (D.I. 7 ¶¶ 106-64.) The facts giving rise to Count I of this lawsuit relate to Colonel L. Aaron Chaffinch's ("Chaffinch") allegedly discriminatory policy of promoting males to command positions over females, regardless of their qualifications. Additionally, Counts II and III arise from the defendants' allegedly retaliatory

actions in response to Conley's filing of the present lawsuit.[1]  Presently before the court is the plaintiff's motion for partial summary judgment on Count I.  (D.I. 138.)

2.    Conley contends that she is entitled to partial summary judgment on Count I of her complaint because she has established a prima facie case of gender discrimination in promotions under the Fourteenth Amendment.  Specifically, Conley argues that the burden of establishing a prima facie case under the three step framework provided in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981), is light.  (D.I. 139, at 22.) Conley further contends that Chaffinch has admitted all of the elements she must prove to establish her prima facie case, namely, (1) she is a member of a protected class; (2) she was qualified for the position; (3) she did not receive the promotions at issue; and (4) the position was filled by a person not of the protected class.  (Id. at 23.)

3.    In response, Chaffinch summarily asserts, without argument, that "allegations of gender discrimination and answers to the burden shifting questions as to Count I are jury questions, not susceptible of resolution on [Conley's] Motion for Summary Judgment."  (D.I. 151, at 8.)  In other words, Chaffinch does not address Conley's contention that he has admitted all of the elements of her prima facie case.  As such, the court concludes that it should grant Conley's motion based solely on Chaffinch's failure to respond to her arguments, as his failure is an implicit concession that Conley has established a prima facie case of discrimination.  However, for the sake of completion,

---

[1] On May 10, 2006, the court held a pretrial conference in this matter, during which the plaintiff moved to dismiss the official capacity claims and the claims against the DSP set forth in Count I, as well as Counts II and III of the amended complaint.  In a letter (D.I. 220), dated May 11, 2006, the DSP, Colonel Thomas MacLeish, and Secretary David Mitchell, consented to the dismissal of the claims.  Accordingly, it is not necessary for the court to address these claims any further.  As such, the court's inquiry here is limited to the plaintiff's individual claims against Chaffinch, as stated in Count I.

the court will address Conley's arguments and make its ruling in light of the evidence she has presented.

4.     First, it should be noted that discrimination claims brought under 42 U.S.C. § 1983 are analyzed under the three-step burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981) (the "*McDonnell Douglas-Burdine* framework"). *See Stewart v. Rutgers, The State Univ.*, 120 F.3d 426, 432 (3d Cir. 1997).[2] In addition, the Supreme Court espoused in *Burdine* that "[t]he burden of establishing a prima facie case of disparate treatment is not onerous." 450 U.S. at 253. Thus, in order to sustain summary judgment on the issue of her prima facie case, Conley must prove by a preponderance of the evidence that "she is within a protected class, she was qualified for and rejected for the position she sought, and that nonmembers of the protected class were treated more favorably." *Stewart*, 120 F.3d at 432; *see McDonnell Douglas*, 411 U.S. at 802 (setting forth the showing required to establish a prima facie case of discrimination). Whether a plaintiff has established a prima facie case is a question of law to be decided by the court. *Sarullo v. United States Postal Servs.*, 352 F.3d 789, 797 (3d Cir. 2003).

5.     After having considered the record evidence, the court is convinced that Conley has established a prima facie case. As a female, Conley is a member of a protected class. Additionally, Chaffinch admitted at deposition that all of the captains, including Conley, were qualified and considered for the two promotions to major. (Chaffinch Dep. 184:11-185:1.) Lastly, the record demonstrates that Conley was not promoted, even though she was qualified for the position, and that

---

[2] The court will address only the first step in the *McDonnell Douglas-Burdine* framework, i.e. whether Conley has established a prima facie case of discrimination, as the prima facie case is the only step of the framework on which she moved for summary judgment.

two males received the promotions. (Chaffinch Dep. 144:14-145:16.) Based on this evidence, the court concludes that Conley has established a prima facie case of gender discrimination.[3] Therefore, IT IS HEREBY ORDERED that:

1. The plaintiff's motion for partial summary judgment as to Count I (D.I. 138) is GRANTED in part and DENIED in part. The plaintiff's motion is GRANTED in that she has established a prima facie case of gender discrimination in promotions under the Fourteenth Amendment. The plaintiff's motion is DENIED in all other respects.

Dated: May 12, 2006                             /s/ Gregory M. Sleet
                                                UNITED STATES DISTRICT JUDGE

---

[3] Conley has also requested the court to find that she has sufficient evidence to go to the jury under both prongs of the pretext analysis set forth in *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994). The court concludes that this request is improper in a motion for summary judgment because, when ruling on a motion for summary judgment, the court must decide only whether any genuine issues of material fact exist that would preclude the moving party's entitlement to judgment as a matter of law. Moreover, since Chaffinch has not moved for summary judgment on the *Fuentes* prongs, the issue is one that has already been reserved for the jury.