IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CAPTAIN BARBARA CONLEY,<br><br>    Plaintiff,<br>  v.<br><br>COLONEL L. AARON CHAFFINCH,<br>individually and in his official capacity as the<br>Superintendent, Delaware State Police;<br>LIEUTENANT COLONEL THOMAS F.<br>MACLEISH, individually and in his official<br>capacity as the Deputy Superintendent, Delaware<br>State Police; DAVID B. MITCHELL, individually<br>and in his official capacity as Secretary of the<br>Department of Safety and Homeland Security,<br>State of Delaware; and DIVISION OF STATE<br>POLICE, DEPARTMENT OF SAFETY AND<br>HOMELAND SECURITY, STATE OF<br>DELAWARE,<br><br>    Defendants. | C.A. No. 04-1394-GMS |

## AMENDED ORDER

WHEREAS, on October 27, 2004, Barbara L. Conley ("Conley"), a Captain with the Delaware State Police (the "DSP"), filed the above-captioned action against Colonel L. Aaron Chaffinch ("Chaffinch"), DSP Superintendent, David B. Mitchell ("Mitchell"), Secretary of the Department of Safety and Homeland Security, and the DSP, alleging gender discrimination in the DSP's failure to promote her to the rank of Major (Count I);

WHEREAS, on December 6, 2004, Conley filed an amended complaint, adding Thomas MacLeish ("MacLeish"), Lieutenant Colonel of the DSP, as a defendant and alleging that the defendants retaliated against her for filing the present case, in violation of the First Amendment Free Speech Clause (Count II) and Free Petition Clause (Count III);

WHEREAS, on January 17, 2006, Conley filed a Motion for Sanctions and Other Relief (D.I. 141);

WHEREAS, the motion asserts that the defendants intentionally destroyed relevant evidence after having been put on notice of the above-captioned case, namely the hard drive of Chaffinch's computer;

WHEREAS, the motion requests the court to impose sanctions in the form of a default judgment against the defendants on all counts or, in the alternative, shift the burden of proof on each and every element of the plaintiff's claims to the defendants, provide the jury with an adverse inference instruction, impose a fine on the defendants, and award the plaintiff attorneys' fees and costs associated with the motion;

WHEREAS, on January 31, 2006, the defendants filed an opposition (D.I. 152) to the plaintiffs' motion asserting that the re-imaging of Chaffinch's computer did not destroy any discoverable evidence;

WHEREAS, on April 12, 2006, the court issued an Order (D.I. 134) on a similar motion for sanctions filed by the plaintiffs in two other pending actions against Chaffinch, MacLeish, Mitchell, and the DSP;[1]

WHEREAS, the Order directed the defendants to engage, at their own cost, an independent expert consultant to determine whether Chaffinch's hard drive can be recovered and granted the plaintiffs an award of attorneys' fees and expenses for the prosecution of the sanctions motion;

---

[1] The Order was issued in the following cases: *Price, et al. v. Chaffinch, et al.*, C.A. No. 04-956, and *Foraker v. Chaffinch, et al.*, C.A. No. 04-1207 (the "Price and Foraker Cases").

WHEREAS, on April 28, 2006, the court issued an Order (04-956 D.I. 144) appointing Warren G. Kruse II, CISSP, CFCE, Managing Director, High Tech Investigations, Aon Consulting, as the independent expert consultant; and

WHEREAS, after having considered the parties' submissions on the issue, as well as its prior Orders, the court concludes that the defendants shall comply with its April 12, 2006 and April 28, 2006 Orders so that it can determine which type of sanction, if any, is appropriate under the circumstances;

IT IS HEREBY ORDERED that:

1. The defendants shall comply with the court's April 12, 2006 and April 28, 2006 Orders in the Price and Foraker Cases.

2. The court awards the plaintiff her reasonable attorneys' fees and expenses for the prosecution of the motion for sanctions.


Dated: May 12, 2006                    /s/ Gregory M. Sleet
                                       UNITED STATES DISTRICT JUDGE