**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

KENT COUNTY
102 West Water Street
Dover, DE 19904
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-2500

PLEASE REPLY TO:

May 15, 2006

Hon. Gregory M. Sleet
United States District Court
Lock Box 19
844 North King Street
Wilmington, DE 19801

      Re: <u>Conley v. Chaffinch, et al.</u>
          Civ. A. No. 04-1394-GMS

Dear Judge Sleet:

      Please allow this to respond to Plaintiff's counsel's letters of May 11, 2006 (D.I. 219) and May 12, 2006 (D.I. 223). The parties have consented to Plaintiff's voluntary dismissal (with prejudice) of Counts II and III and the dismissal of Delaware State Police and Colonel Chaffinch in his official capacity, as to Count I. The trial has been rescheduled to begin on Monday, June 5, 2006. In order that the defense might proceed as contemplated, the undersigned Deputy Attorneys General have entered their appearance as counsel for Colonel Chaffinch, in his individual capacity, in conjunction with Mr. Liguori. Colonel Chaffinch has executed a written waiver, pursuant to Rule 1.9.

      There is no motion before the Court with regard to the status of counsel, other than the pending motion to disqualify Mr. Liguori. The question of representation of Colonel Chaffinch has been resolved by defendant and his counsel, subject, of course, to the Court's ruling on the pending motion to disqualify.[1] There is no basis in the Rules for an adverse party to inquire into a party's arrangements as to a party's choice of legal representation, under such circumstances. However,

---

[1] In the event the pending motion is granted and Mr. Liguori is barred from the case, counsel would reserve the right to revisit the issue with Colonel Chaffinch, including the question of whether the matter could go forward at this point without Mr. Liguori's participation.

Hon. Gregory M. Sleet
Re: Conley v. Chaffinch, et al.
May 15, 2006
Page 2

plaintiff's counsel, at the pre-trial conference, attempted to question whether counsel could continue to collaborate in the defense of this matter following the voluntary dismissal of the other defendants, and has submitted case law to the Court, to which this letter will respond.

None of the cases cited by Plaintiff provide or even suggest that the State Attorney General cannot defend Chaffinch in his personal capacity. All that the cases stand for is the proposition that a personal-capacity defendant cannot invoke the Eleventh Amendment to avoid standing trial merely because that defendant may be indemnified for damages under a state indemnification statute.[2] Defendant here does not take issue with these holdings. They are simply inapposite to the issue of Colonel Chaffinch's legal representation.

Here, unlike the defendants in the case law cited by Plaintiff, Colonel Chaffinch is not attempting to invoke the Eleventh Amendment to avoid this lawsuit against him in his personal capacity. Rather, he is ready and willing to defend the case. However, given the State will indemnify him for damages pursuant to the terms of 10 Del.C. §4001, and given that Chaffinch has specifically requested representation by the State, the Attorney General is entitled to participate in the defense of the lawsuit against Chaffinch in his individual capacity.

The defense of this case, prior to the pre-trial conference last week, had been carefully planned in conjunction with Mr. Liguori. As Mr. Liguori pointed out to the Court, it was in the interest of all the defendants to collaborate wherever possible in the defense of the case. Should the Court grant the pending motion to disqualify Mr. Liguori, this would effectively prevent the matter from going forward on June 5, 2006. Likewise, Colonel Chaffinch would be prejudiced if he were to go forward to trial on June 5, 2006 without the participation of the defense team that was contemplated in trial preparation. The plaintiff has created this issue by waiting until the pre-trial conference to announce that most of her claims would be abandoned. In so doing, she effectively eliminated the conflict of interest that had precipitated the appointment of independent counsel. The remaining defendant is merely attempting to put himself in a position where he is prepared to go forward without delay of the trial, and without prejudice to his defense as planned.

The State chooses to have its Attorney General defend this case in conjunction with Chaffinch's personal counsel. Colonel Chaffinch himself requests that the Attorney General's office defend him. To the extent any conflict between the Attorney General's office and Chaffinch ever

---

[2] See e.g. Sales v. Grant, 224 F.3d 293, 297 (4th Cir. 2000) ("[Defendants] contend that because, under Virginia law, any monetary judgment against them would be paid out of a state-funded insurance plan, . . . by a check drawn on the state's general treasury, the suit is barred by the Eleventh Amendment. We disagree"); Hudson v. City of New Orleans, 174 F.3d 677, 687, n,7 (5th Cir. 1999) ("the existence of an indemnification statute promising to pay judgments when an officer is sued in his individual capacity does not extend the Eleventh Amendment's protections around the officer.").

Hon. Gregory M. Sleet
Re: Conley v. Chaffinch, et al.
May 15, 2006
Page 3

existed, it has been explicitly waived in writing by Colonel Chaffinch. Under these facts, there is no legal or logical basis to exclude present counsel—who have been preparing this case for trial for 18 months—from representing Chaffinch in a trial which is set to begin in less than one month. Plaintiff certainly should not be allowed to use her "eve of trial" dismissals of the State defendants as a tactic to deprive Colonel Chaffinch of the attorneys of his choice and, in so doing, delay the resolution of this already protracted case.

Respectfully submitted,

/s/Ralph K. Durstein III
/s/Stephani J. Ballard
Deputy Attorneys General

xc: Thomas S. Neuberger, Esq.
     James E. Liguori, Esq.