**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT'S MOTION TO DISMISS ALL CLAIMS FOR EQUITABLE RELIEF, INCLUDING BACK PAY AND FRONT PAY**

COMES NOW, the above-captioned Defendant, by and through counsel, and hereby moves this Honorable Court to enter an Order dismissing all claims for equitable relief from Plaintiff's Amended Complaint, in light of Plaintiff's recent dismissal of all claims and Defendants except for former Colonel L. Aaron Chaffinch in his individual capacity. Defendant's Motion should be granted as a matter of law for the reasons set forth herein:

**1. Plaintiff's claims for relief.**

Plaintiff filed her original Complaint (D.I. 1), on October 27, 2004, naming as Defendants Colonel L. Aaron Chaffinch, individually and in his official capacity of Superintendent, Delaware State Police; David B. Mitchell, in his official capacity as Secretary of Department of Safety and Homeland Security (DSHS) and Division of State Police, DSHS, State of Delaware. That complaint alleged gender discrimination in promotion in violation of 42 U.S.C. §1983. Relief sought included, *inter alia*, lost wages, back pay, front pay, emotional distress, injury to reputation, punitive damages and the injunctive relief of forced promotion to the rank of Major.

On or about December 6, 2004, Plaintiff filed an Amended Complaint (D.I. 7), adding a claim of "First Amendment Retaliation." (Counts II and III) and adding a new defendant, Colonel Thomas F. MacLeish, in his individual and official capacities as to this claim only. Plaintiff's claims for relief were unchanged from

those in the original Complaint.

### 2. Plaintiff's Dismissal of Claims at the Pre-Trial Conference.

At the pre-trial conference in this matter, held on May 10, 2006, Plaintiff advised the Court she was voluntarily dismissing Counts II and III (the "retaliation" claim) and was dismissing Delaware State Police, and all parties to Count I, with the exception of Colonel Chaffinch "in his individual capacity." (*See* Pre-Trial Conference Transcript (PTC) at pp. 15-16, 32-33, 164). Plaintiff's counsel specifically noted that Colonel Chaffinch was being dismissed in his official capacity as to all claims. He further noted that Plaintiff was abandoning her claim for injunctive relief in the form of forced promotion. (PTC at p.33). Plaintiff's counsel stated "[t]here will be no issues of injunctive relief of any nature remaining in the case. It is solely a case for money damages." (PTC at p.33).

Having dismissed all claims except those against Chaffinch in his individual capacity, Plaintiff is not entitled to an award of back pay or front pay as items of damages, as such damages constitute equitable relief for which Chaffinch individually is not legally liable. Chaffinch remains potentially liable solely for non-equitable relief, such as compensation for emotional distress and punitive damages. Plaintiff had earlier abandoned her claim for "injury to reputation." (November 17, 2005 office conference, transcript at p.18).

### 3. Back and Front Pay are equitable remedies under §1983.

This Court and the Third Circuit have recognized that both back and front pay are *equitable remedies* under 42 U.S.C. §1983, awardable in the discretion of the court against an appropriate defendant. Gurmankin v. Costanzo, 626 F.2d 1115, 1123 (3d Cir.1980), *cert. denied,* 450 U.S. 923(1981), (back pay in §1983 actions is appropriately classified as an equitable remedy, *citing* Great American Federal Savings & Loan Assn. v. Novotny, 442 U.S. 336, 374 (1979); Goss v. Exxon Office Systems, 747 F.2d 885, 890 (3d Cir.1984) (front pay regarded as an equitable remedy in Title VII cases). See also Meding v. Hurd, 607 F.Supp 1088 (D.Del.1985)(citing Gurmankin and Goss).[1]

---

[1] Meding distinguished common law actions for wrongful termination from federal claims, as the former were "a total breach [of contract]" for which back and front pay could be awarded as compensatory damages.

**4. Front pay is a discretionary equitable remedy on the part of the Court, only available where reinstatement is not "feasible," and not where Plaintiff has waived her injunctive claims.**

The Third Circuit has specifically held that front pay is an equitable "alternative to the traditional equitable remedy of reinstatement." (or, in this case, promotion). Goss, *supra*, 747 F.2d at 890. The choice of such a remedy in lieu of an order that the plaintiff be reinstated [or promoted] rests in the sound discretion of the trial court. Id. More recently, the United States Supreme Court has explicitly stated that "front pay" is not an element of "compensatory damages" under Title VII and that it may be granted where reinstatement is not a viable option. Pollard v. E.I. du Pont de Nemours & Co.*,* 532 U.S. 843, 846 (2001).

In determining if front pay should be granted, the Court must decide whether an injunctive order of reinstatement—the preferred remedy for future losses--is "feasible." Maxfield v. Sinclair International, 766 F.2d 788, 796 (3d Cir. 1985). Reinstatement may not be "feasible" if, for instance, no position is available or the employment relationship is irreparably damaged by animosity. Id.

Front pay in lieu of reinstatement (or promotion) is *not* available, however, where the plaintiff has voluntarily dismissed or disclaimed her request for reinstatement (or promotion). A claim for future damages in lieu of the injunctive remedy of reinstatement "presupposes that [the plaintiff] wants to be reinstated." Wehr v. Burroughs Corp., 619 F.2d 276, 284 (3d Cir. 1980). In Wehr, just as in the instant case, at the pre-trial, the plaintiff "specifically disclaimed" any claim or desire for reinstatement.[2] Accordingly, the Third Circuit held that the plaintiff had removed the issue of front pay from consideration.

Plaintiff in the instant case similarly removed and dismissed all claims against her employer and specifically dismissed her request for forced promotion. (PTC at 32-33). Accordingly, she should not be heard to request the "equitable alternative" of front pay to the "equitable remedy" she voluntarily disclaimed and

---

2  Wehr was distinguished in Maxfield v. Sinclair Int'l., 766 F.2d 788 (3d Cir. 1985), a case in which the court found that plaintiff had not waived his right to seek front pay by failing to ask for reinstatement at trial, because he had requested future damages in his complaint. While Conley did request future damages in her complaint, Maxfield is not on point with this case. Missing in Maxfield was the explicit pre-trial disclaimer of injunctive relief which took place in Wehr and in the instant case. Also, because the defendant was a private company, the individual/official capacity issue was also not applicable as to the liable defendant.

dismissed. In addition, former Colonel Chaffinch *in his individual capacity*—the sole remaining defendant—cannot legally be liable for the type of relief Plaintiff seeks.

### 5. Colonel Chaffinch in his individual capacity is not liable for awards of equitable or injunctive relief.

It is well settled under the Eleventh Amendment that §1983 plaintiffs cannot obtain monetary damages from state entities or state actors in their official capacity, but may obtain prospective equitable or injunctive relief from these entities. Conversely, plaintiffs cannot obtain equitable or injunctive relief from state actors in their individual capacity, but can obtain monetary compensatory and punitive damages. *See* Lewis v. State of Delaware, 986 F.Supp. 848, 851 (D.Del. 1997) ("Because [defendant] in his individual capacity is not able to affect the equitable relief that [plaintiff] seeks, i.e. a reinstatement at DPI, the Court will therefore limit [plaintiff's] Section 1983 claim against [defendant] in his official capacity for injunctive relief and against [defendant] in his individual capacity for monetary damages.").

Obviously, as Plaintiff herself concedes, retired Colonel Chaffinch in his individual capacity, and as a private citizen, cannot grant Plaintiff the equitable/injunctive relief of forced promotion. It follows, therefore, that he cannot be found liable to grant her relief in the form of the equitable alternative to promotion—front pay. The opposite result would render Plaintiff's dismissal of the State Defendants essentially meaningless, and hold Chaffinch to a personal liability for prospective equitable relief that can only be assessed against the employer under §1983.[3] Plaintiff, having chosen to limit her claims to solely those against Colonel Chaffinch in his individual capacity, must accept the legal limitations on the relief she can obtain against such a defendant. In his individual capacity, Chaffinch is only potentially liable for compensatory damages and punitive damages, if any are assessed.

---

3 While back pay is not a prospective remedy, it is considered an equitable remedy. Gurmankin, *supra*. Ordinarily, back pay is not awarded in civil rights actions except as part of an equitable decree of reinstatement, however, an award of back pay alone may be granted within the sound discretion of the district court. Burt v. Board of Trustees of Edgefield County School Dist., 521 F.2d 1201, 1206 (4th Cir. 1975).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court dismiss all claims for equitable and/or injunctive relief, including claims for back pay and front pay, from Plaintiff's Amended Complaint.

                        **DEPARTMENT OF JUSTICE**
                        **STATE OF DELAWARE**


By:  /s/Stephani J. Ballard
     RALPH K. DURSTEIN, III (I.D. No. 912)
     STEPHANI J. BALLARD  (I.D. No. 3481)
     Deputy Attorneys General
     Carvel State Office Building
     820 North French Street
     Wilmington, DE 19801
     (302) 577-8400

                        **LIGOURI, MORRIS & YIENGST**


By:  /s/ James E. Ligouri
     JAMES E. LIGOURI
     46 The Green
     Dover, DE  19901
     (302) 678-9900

     Attorneys for Defendant,
     L. Aaron Chaffinch


DATED: May 25, 2006

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 04-1394-GMS |
| | ) |
| COLONEL L. AARON CHAFFINCH, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendant, | ) |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on May 25, 2006, she caused the attached, *Defendant's Motion to Dismiss all Claims for Equitable Relief, Including Back Pay and Front Pay*, to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Stephani J. Ballard
Stephani J. Ballard, I.D. #3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400
Attorney for Defendant,
L. Aaron Chaffinch