# EXHIBIT

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                           - - -

 4    CAPTAIN BARBARA L. CONLEY,      :    Civil Action
                                      :
 5              Plaintiff,            :
                                      :
 6         v.                         :
                                      :
 7    COLONEL L. AARON CHAFFINCH,     :
      individually and in his official:
 8    capacity as the Superintendent, :
      Delaware State Police,          :
 9    LIEUTENANT COLONEL THOMAS F.    :
      MACLEISH, individually and in   :
10    his official capacity as the    :
      Deputy Superintendent, Delaware :
11    State Police; DAVID B. MITCHELL,:
      individually and in his official:
12    capacity as Secretary of the    :
      Department of Safety and        :
13    Homeland Security, State of     :
      Delaware; and DIVISION OF       :
14    STATE POLICE, DEPARTMENT OF     :
      SAFETY AND HOMELAND SECURITY,   :
15    STATE OF DELAWARE,              :
                                      :
16              Defendants.           :    NO. 04-1394-GMS

17                           - - -

18                    Wilmington, Delaware
                      Wednesday, May 10, 2006
19                         10:00 a.m.

20                           - - -

21    BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.

22

23

24

25
```

1  evaluation would be in play.

2          It has always been my experience that when we

3  are trying to offer a job evaluation in a case, the Courts,

4  our Courts here have always been pretty strict on how far

5  back we can go with the job evaluations and everything.

6          THE COURT:  We have had some of this discussion

7  before, but it was in the context of discovery, not within

8  the context --

9          MR. T. NEUBERGER:  Of what gets admitted.

10          THE COURT:  What do you feel -- I am going to

11  ask you to speculate a little bit practically -- would be

12  the practical impact were I to disqualify Mr. Liguori?

13          MR. T. NEUBERGER:  I really do want to be,

14  everything be out on the table because of the practical

15  impact.  Your Honor, today, we, eventually, today -- we, of

16  course, made a motion to sever and everything else like

17  that.  That is in play, about two separate trials on the

18  different counts or whatever.  But on Count I, we intend

19  today to dismiss the claim against the Division of State

20  Police, Department of Safety and Homeland Security, State of

21  Delaware, and to dismiss the claim against the official

22  capacity defendant on Count I, that is present Colonel

23  Thomas MacLeish.

24          We will be doing this to avoid -- there is two

25  sets of lawyers in the case -- two lawyers doing

1   cross-examination of my client, two lawyers doing
2   cross-examination of friendly witnesses, two final arguments
3   in closing versus my one final argument.  And we don't
4   need -- the state is an entity without 11th Amendment
5   problems for attorneys' fees only.  In the other case that
6   is going to trial next week, the Price case, we have got
7   Colonel Chaffinch's financial statement the other day.  He
8   is more than solid enough to be able to pay the attorneys'
9   fees if we get a judgment.  And the state has indemnified
10  him previously.  So we do not need the state as a defendant
11  on Count I.
12              That means the state steps out on Count I.  If
13  Mr. Liguori is disqualified on Count I, then the case has
14  Barbara Conley, Count I, versus former Colonel Chaffinch,
15  Count I.  There has to be a new lawyer who comes in and who
16  will try the case completely.  Mr. Liguori has sort of been
17  piggy-backing on the state's defense on Count I.  You see
18  the motions in limine.
19              THE COURT:  It was something I was going to
20  raise, quite frankly.  But go ahead.
21              MR. T. NEUBERGER:  He joins in their motions in
22  limine.  The state has been carrying the main oar.  If Mr.
23  Liguori is disqualified, there is going to have to be new
24  counsel that comes in, and new counsel is going to have to
25  be familiar with everything because there is no more

1    wouldn't or it would take a great deal of time to learn.

2                So whether officially Delaware State Police is a

3    defendant as to Count I, I feel strongly that the Attorney

4    General's Office has a right to defend this case,

5    particularly given the two years of work that has been

6    dumped into it.

7                MR. S. NEUBERGER:  Your Honor, we have been

8    saying for probably six to nine months now that the 11th

9    Amendment is a serious issue in this case.  For 30 years, at

10   least, or maybe more -- it predates me and my age and all

11   that stuff, but for 30 years -- you can't sue the state.  It

12   is 11th Amendment immunity.  That is why the Supreme Court

13   has created the whole doctrine of being able to sue a person

14   in their individual capacity.

15               I think that is hornbook 11th Amendment

16   doctrine.

17               Now, it's Colonel Chaffinch's actions, his

18   policies, his promotion practices which are at issue,

19   Colonel Chaffinch in his individual capacity.  The state, as

20   we made very clear in the complaint, we dropped it in a

21   footnote or it's in the fourth or fifth paragraph of the

22   original complaint filed in 2004, the state was solely

23   joined for purposes of attorneys' fees and costs.  We are

24   dropping that today.

25               The original case was Colonel Chaffinch

1    individually and in his official capacity because at that
2    time he was the Colonel in the State Police. The state was
3    only joined for attorneys' fees and costs. We are dropping
4    that. We are dropping our request for various kinds of
5    injunctive relief, which would run against the official
6    capacity defendant who is now by operation of whatever rule,
7    20-something, is now defendant Colonel Thomas MacLeish.
8            We are dropping our request for, for example,
9    reinstatement, for things like that, Your Honor, those types
10   of relief that would run against the official capacity
11   defendant because Colonel Chaffinch is no longer there.
12           MR. T. NEUBERGER: If we might add, Your Honor,
13   we are dropping the request that these people be bumped and
14   that she be promoted to Major. There will be no issues of
15   injunctive relief of any nature remaining in the case. It
16   is solely a case for money damages. We know the law. We
17   realize the difficult equitable decisions and factors the
18   Court would have to consider in bumping people in an
19   existing position, or even under Colonel MacLeish, should
20   there be another vacancy of Major while the case is still
21   pending, even putting her on the executive staff.
22           So in the interests of efficiency and economy
23   and the other reasons we indicated, we are removing all
24   injunctive relief from the case.
25           MR. S. NEUBERGER: He means from Count I of the

1  about the process he did use.  He won't say that is the only
2  kind the Delaware Police did use.
3              MR. T. NEUBERGER:  So I think it's moot.
4              THE COURT:  It's moot.
5              I think it would be useful for me to rule sooner
6  rather than later on the motion to bifurcate.  I am going to
7  deny the motion to bifurcate, from Count I, Counts II and
8  III.  I think there is just a very significant overlap of
9  evidence that would occur.  The Court will not empanel two
10 juries to do this twice.
11             Additionally, plaintiff filed an amended
12 complaint to add Counts II and III in this case.  I have to
13 assume plaintiff wouldn't have done this if she thought the
14 matters were unrelated.
15             So I am going to so rule.
16             MR. T. NEUBERGER:  That being the case, Your
17 Honor, as I indicated earlier today, then we will dismiss
18 Counts II and III with prejudice on the record here, and
19 then in Count I, as I indicated earlier, we are dismissing
20 the Delaware State Police and the official capacity
21 defendants, which knocks them out.
22             Then I would ask -- Your Honor, it is not a
23 ten-day trial anymore.  I think it is more like a six-day
24 trial.  I would ask, if -- we are scheduled to start on the
25 31st.  Maybe we could take a couple days off, after we get