IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA CONLEY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COLONEL L. AARON CHAFFINCH, | )   C.A. No. 04-1394-GMS |
| Defendant. | ) ) ) |

## ORDER

On October 27, 2004, Captain Barbara Conley ("Conley") filed this lawsuit, alleging Gender Discrimination in Promotions (Count I) by Colonel L. Aaron Chaffinch ("Chaffinch"), David B. Mitchell ("Mitchell"), Secretary of the Department of Safety and Homeland Security, and Division of State Police, Department of Safety and Homeland Security, State of Delaware (the "DSP"), in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. On December 6, 2004, Conley filed a first amended complaint, adding Lieutenant Colonel Thomas F. Macleish ("Macleish") as a defendant to the case, and adding two claims for retaliation, Free Speech Clause Retaliation (Count II) and Petition Clause Retaliation (Count III).[1] The present case is one of a number of cases filed by DSP troopers against Chaffinch in recent years, although it is not related to any other case before this court.

---

[1] On May 10, 2006, the court held a pretrial conference in this matter, during which the plaintiff moved to dismiss the official capacity claims and the claims against the DSP set forth in Count I, as well as Counts II and III of the amended complaint. In a letter (D.I. 220), dated May 11, 2006, the DSP, Chaffinch, MacLeish, and Mitchell consented to the dismissal of the claims. Accordingly, the sole claim remaining in this matter is the gender discrimination in promotions claim against Chaffinch in his individual capacity.

On May 31, 2006, a jury returned a verdict for the plaintiffs in another consolidated action against Chaffinch proceeding in this court, *Price v. Chaffinch*, C.A. Nos. 04-956 (GMS), 04-1207 (GMS). Subsequent to the verdict, counsel for the plaintiffs, Thomas S. Neuberger and Stephen J. Neuberger, made several statements to local media regarding the outcome of the case. Having reviewed these statements, the court is concerned with their potential impact on the adjudicative process in the present case, which is scheduled to go to trial on June 6, 2006. In light of its concerns, the court concludes that a teleconference with the parties is necessary.

Therefore, IT IS HEREBY ORDERED that:

1. A teleconference to discuss the court's concerns shall take place on **Friday, June 2, 2006, at 11:00 a.m.** Counsel for the plaintiff shall initiate the teleconference by calling (302)-573-6470. Both Thomas S. Neuberger and Stephen J. Neuberger shall participate in the teleconference as counsel for the plaintiff.

Dated: June 1, 2006                                /s/ Gregory M. Sleet
                                                    UNITED STATES DISTRICT JUDGE