**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CAPTAIN BARBARA L. CONLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** | : | **C.A.No.04-1394-GMS** |
| **individually,** | : | |
| | : | |
| **Defendant.** | : | |

## THE PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

1.    Where the parties have agreed upon an instruction, the title of the joint proposed instruction is preceded without either a "P" or "D."

2.    Where the parties have not been able to agree upon an instruction, each party has attached their proposed instructions hereto.  The defendants' instruction is labeled as a "D."  The plaintiff's proposed instruction is labeled as a "P."

**THE NEUBERGER FIRM, P.A.**

**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
**CHERYL A. SASADEUSZ, ESQ.**
Two East Seventh Street, Suite 302
Wilmington, Delaware  19801
(302) 655-0582

Attorneys for Plaintiff

**May 31, 2006**

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

**RALPH K. DURSTEIN, III, ESQ. (#912)**
**STEPHANI J. BALLARD, ESQ. (#3481)**
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Ralph.Durstein@state.de.us
Stephani.Ballard@state.de.us

**JAMES E. LIGUORI, ESQ.** (#415)
46 The Green
Dover, DE 19901
(302) 678-9900
jel_lmy@msn.com

Attorneys for Defendant, L. Aaron Chaffinch

## TABLE OF CONTENTS

1.      INTRODUCTION ........................................................................................................ 1

2.      PROVINCE OF THE COURT AND JURY .................................................................. 1

3P.     THE PARTIES AND THEIR CONTENTIONS ............................................................ 2

3D.     THE PARTIES AND THEIR CONTENTIONS ............................................................ 2

4.      EVIDENCE DEFINED .................................................................................................. 3

5.      DIRECT AND CIRCUMSTANTIAL EVIDENCE/CONSIDERATION
        OF EVIDENCE/STATEMENTS OF COUNSEL ......................................................... 4

6.      OBJECTIONS -RULINGS ON EVIDENCE ................................................................ 6

7P.     CREDIBILITY OF WITNESSES ................................................................................. 7

7D.     CREDIBILITY OF WITNESSES ................................................................................. 9

8P.     NUMBER OF WITNESSES AND EVIDENCE ......................................................... 11

8D.     NUMBER OF WITNESSES ....................................................................................... 12

9P.     EXPERT WITNESSES ............................................................................................... 13

9D.     EXPERT TESTIMONY .............................................................................................. 14

10D.    BIAS–IMPEACHMENT–INCONSISTENT STATEMENT
        OR CONDUCT ........................................................................................................... 15

11.     EVIDENCE - CHARTS AND SUMMARIES ............................................................ 16

12.     VERDICT BASED ON EVIDENCE .......................................................................... 17

13.    BURDEN OF PROOF ................................................................................ 18

14P.   DISCRIMINATION - PRETEXT - INDIRECT EVIDENCE ........................... 20

14D.   DISCRIMINATION - BURDENS--PRETEXT ............................................. 22

15P.   INJURIES - CAUSATION ....................................................................... 24

15D.   INJURIES - CAUSATION ....................................................................... 25

16P.   COMPENSATORY DAMAGES ............................................................... 26

16D.   COMPENSATORY DAMAGES ............................................................... 28

17P.   PUNITIVE DAMAGES ........................................................................... 30

17D.   PUNITIVE DAMAGES ........................................................................... 32

18.    EFFECT OF INSTRUCTIONS AS TO DAMAGES ...................................... 34

19.    DELIBERATION AND VERDICT ............................................................ 35

20.    DELIBERATION AND VERDICT ............................................................ 37

## 1:  INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2:  PROVINCE OF THE COURT AND JURY

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendant*s are* liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  You must accept them despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### 3P:  THE PARTIES AND THEIR CONTENTIONS

The parties in this case are the plaintiff, Capt. Barbara Conley, and the defendant retired

Colonel L. Aaron Chaffinch of the Delaware State Police.

In this case, Capt. Conley contends that she was the victim of intentional gender discrimination

when she was twice denied promotions to the rank of Major by defendant Chaffinch.  The defendant

denies all claims raised against him.


### 3D:  THE PARTIES AND THEIR CONTENTIONS

The parties in this case are the plaintiff, Capt. Barbara Conley, and the defendant, retired

Colonel L. Aaron Chaffinch of the Delaware State Police.

In this case Captain Barbara Conley, alleges intentional gender discrimination by defendant

when plaintiff did not obtain promotions in 2003 to two vacancies for the rank of Major–specifically the

positions of administrative/budget Major and operations Major for Kent and Sussex County.

Defendant maintain that the promotions went to two other then-Captains, Paul Eckrich and R.L.

Hughes, whom Defendant claims were more qualified than Plaintiff to hold these positions.

## **4: EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**5. DIRECT AND CIRCUMSTANTIAL EVIDENCE/CONSIDERATION OF EVIDENCE/STATEMENTS OF COUNSEL**

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## 6:  OBJECTIONS - RULINGS ON EVIDENCE

From time to time during the trial I have been called upon to make rulings of law on objections or motions made by the lawyers.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his *or her* client because the attorney has made objections.  You should not infer or conclude from any ruling or other comment I have made that I have any opinions on the merits of the case favoring one side or the other.  And if I sustained an objection to a question that went unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

## 7P:  CREDIBILITY OF WITNESSES

As jurors and the triers of fact, it is your sole and exclusive responsibility to pass upon the credibility of the witnesses and the weight of the evidence.  By credibility, I mean the believability of every witness.  In performing this function, you should consider any bias or prejudice shown by the witness, their candor, that is, their straightforwardness, their degree of intelligence, their demeanor, what they may have to gain from this litigation, whether they were certain or uncertain about their testimony, whether the witness has on a prior occasion said something different from what the witness says now, the reason that witness gives, if the witness gives a reason, for the difference, any conscious, false statement made by the witness, the overall circumstances surrounding the testimony given by each witness in the context of this case as well as all other facts and circumstances that are in evidence which tend to affect the credibility of each witness.

Simply, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at another time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things

inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

If you find that a person has knowingly and wilfully given false testimony concerning a material fact in this case, about which the witness could not have been mistaken, then you may be justified in rejecting all the testimony of that person in any respect or give it such credibility as you may think it deserves.  Testimony that is obviously incredible may be disregarded completely.

This does not mean that if you find that a person has wilfully given false testimony as to a material fact, you must reject all of that person's testimony, but rather that you may infer from that fact that the balance of the person's testimony, which is not corroborated by other evidence, may likewise be false, and therefore, is entitled to little or no weight.

If you find the testimony in conflict, then it is your duty to reconcile it, if you reasonably can.  If you cannot do this, then it becomes your duty to give regard to that portion of the testimony that, in your opinion, is most worth credit.  In so doing, you should consider the appearance of the witnesses as they testified before you, their fairness in giving their testimony, and you should consider any bias or interest that they may have in the outcome of this proceeding, and their opportunities of knowing or learning the facts about which they have testified.

*Defendants' Objection: For general instructions, Defendants have submitted the Court's "Uniform Jury Instructions . . . for the District of Delaware," posted on Judge Sleet's website. Defendants object to Plaintiff's version of this instruction, as it deviates from the Court's pattern instructions.*

## 7D. CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.


*From: "Uniform Jury Instructions . . . for the District of Delaware."*

**8P: NUMBER OF WITNESSES AND EVIDENCE**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

*Defendants' Objection: For general instructions, Defendants have submitted the Court's "Uniform Jury Instructions . . . for the District of Delaware," posted on Judge Sleet's website. Defendants object to Plaintiff's version of this instruction, as it deviates from the Court's pattern instructions.  The last paragraph is extraneous to the Court's pattern instructions and is confusing and misleading.  The jury may consider only evidence which is presented in court and can not speculate about what other evidence might exist or contain.*

## 8D. NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

*From: "Uniform Jury Instructions . . . for the District of Delaware."*

## 9P: EXPERT WITNESSES

There has been an expert witness brought to testify before you. Expert testimony is the testimony of persons who are skilled in some art, science, profession or business, which skill or knowledge is not common and which has come to such expert by reason of special study or experience in such art, science, profession or business. The value of such testimony depends on the learning and skill of the expert and varies with the circumstances of each case. The jury should take into consideration the expert's means of knowledge and the reasons he or she has assigned for the opinions that he has given and give credence to his testimony as the jury may find the expert's qualifications sufficient and his reasons satisfactory. If you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely. The testimony of an expert is to be considered like any other testimony and is to be tried by the same tests and should receive just as much weight and credit as the jury may deem it to be entitled in connection with all the evidence of the case.

*Defendants' Objection: For general instructions, Defendants have submitted the Court's "Uniform Jury Instructions . . . for the District of Delaware," posted on Judge Sleet's website. Defendants object to Plaintiff's version of this instruction, as it deviates from the Court's pattern instructions. Defendants further object to the use of Plaintiff's proposed expert, due to Plaintiff's non-compliance with Rule 26 expert disclosures.*

## 9D.  EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

*From: "Uniform Jury Instructions . . . for the District of Delaware."*

## 10D – BIAS--IMPEACHMENT–INCONSISTENT STATEMENTS OR CONDUCT

In evaluating the testimony of a witness, you may consider any demonstrated bias, prejudice or hostility of a witness toward any party in determining the weight to be accorded to his or her testimony.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness said or did something, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is a party in the case and, by statement or other conduct, the witness admits some fact against interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact so admitted, as well as for the purpose of judging the credibility of the party as a witness.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all of the testimony from that witness or give it such weight and credibility as you think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

Plaintiff's Objection - This duplicates instruction 7P which already covered this issue.

## 11:  EVIDENCE - CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the records in the case.  These charts or summaries are used for convenience.  They are not, in and of themselves, evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 12:  VERDICT BASED ON EVIDENCE

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision.  The Court does not charge you not to sympathize with the plaintiff or the defendant, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

### 13.  BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of providing her claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met her burden of proof on various issues.

**14P: DISCRIMINATION - PRETEXT - INDIRECT EVIDENCE**

Plaintiff can prove gender discrimination by indirect evidence of discrimination. She is not required to produce direct evidence that her gender motivated defendants' decisions not to promote her. Intentional discrimination, if it exists, is seldom admitted, but it is a fact which may be inferred from other facts. Plaintiff also need not prove that her gender was the sole or exclusive motivation for the decision not to promote her. However, plaintiff must prove by a preponderance of the evidence that gender played a role in the defendants' decision making process and that it was a motivating or determinative factor in the outcome of that process. Gender is a motivating or determinative factor if plaintiff would been promoted except for her gender.

In order for plaintiff to prevail on her claim for gender discrimination based on indirect evidence, she first must prove the following elements (called a "prima facie" case) by a preponderance of the evidence:

> 1) she is female;
>
> 2) she was qualified to be a Major;
>
> 3) there was a vacancy for the position of Major;
>
> 4) the position was filled by a male.

Your verdict must be for defendants if any of the above elements have not been proven by a preponderance of the evidence.

If plaintiff has proven facts that establish each of the initial essential elements of her case, then you next must consider whether defendant has presented any legitimate nondiscriminatory reasons for the decision not to promote plaintiff. Defendant's burden here is simply to state a legitimate nondiscriminatory reason. You should not find that defendant's action was unlawful just because you disagree with the stated reasons or because the challenged employment action seems harsh or unreasonable.

However, you are entitled to infer, but need not infer, that gender was a motivating or determinative factor in defendant's decision not to promote plaintiff if you find that she has proven her prima facie case and you disbelieve defendant's explanation for his decision.

Some factors you can consider in deciding whether discrimination has occurred include the following. These types of evidence are forms of evidence from which you may find, but are not required to find, that the defendant intentionally discriminated against plaintiff.

(1) Statements by the decision maker.[1]

---

[1] Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 268 (1977); Wilson v. Susquehanna Tp. Police Dep't, 55 F.3d 126, 130 (3d Cir. 1995); Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1097 (3d Cir. 1995).

(2) Departures from the normal procedural sequence.[2]

(3) Whether the factors usually considered important by the decisionmakers strongly favor a decision contrary to the one reached.[3]

(4) The specific sequence of events leading up to the challenged decision.[4]

(5) Treatment of other employees who are similarly or comparably situated.[5]

(6) Whether there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that you find the reasons unworthy of credence.[6]

*Defendants' Objection: This instruction does not accurately state the law which applies to this §1983 gender discrimination claim. The applicable law is set forth in* McDonnell Douglas*,* St. Mary's Honor Center *and other caselaw cited in Defendants' instruction, 14D. For instance, prong 3 of the prima facie case is not accurately stated here as it omits qualification; the jury*

---

[2] Village of Arlington Heights, 429 U.S. at 267; Stewart v. Rutgers, 120 F.3d 426, 434 (3d Cir. 1997); Bray v. Marriott Hotels, 110 F.3d 986, 992, 994 (3d Cir. 1997); Kunda v. Muhlenberg College, 621 F.2d 532, 539 (3d Cir. 1980).

[3] Village of Arlington Heights, 429 U.S. at 267.

[4] Village of Arlington Heights, 429 U.S. at 267.

[5] McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278-80 (1976).

[6] See Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994), Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc); Keller v. Orix Credit Alliance Inc., 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc).

*may not infer discrimination just because it disbelieves defendant's explanation (it must affirmatively find that gender was a motivating factor) and most critically, the "factors" listed by Plaintiff do not appear in <u>Fuentes</u> (with the exception of #6, which defendants have retained) or other relevant caselaw and suggestion of "factors" is not appropriate in a charge from the Court. "Factors" to be considered are issues for plaintiff's counsel to argue, not directives that should be included in a jury prayer. Defendants will argue other factors. The jury is to make its decision based upon consideration of <u>all</u> of the evidence.*

Plaintiff's Statement: This is a standard instruction given in this district since the <u>Sheridan</u> decision.

It is also appropriate to list the types of evidence found in the record which the jury could find probative of intentional discrimnation. For example, the Third Circuit website contains the proposed model jury instructions for section 1983 actions. Model instruction 5.1.2 is an example of a pretext instruction in a disparate treatment case. It provides, that if statistics have been used in a case the jury should be told that this is one form of evidence which can be probative. It states

"For example, you have been shown statistics in this case. Statistics are one form of evidence from which you may find, but are not required to find, that a defendant intentionally discriminated against a plaintiff."

## 14D.  DISCRIMINATION–BURDENS–PRETEXT

To prevail on her claim for gender discrimination in promotion, the plaintiff must prove by a preponderance of the evidence that she was denied promotion because of her gender.  There are several steps in your consideration of this issue.

First, the plaintiff must prove all of the following: that (1) she is a member of a protected class- female; (2) she was qualified for the position which she sought to be promoted to; (3) despite her qualifications, she was rejected for the promotions; and (4) the positions were ultimately filled by a male.[7]  The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason or reasons for his decision.

If the defendant does so, the plaintiff then bears the burden of proving, by a preponderance of the evidence, that the legitimate reasons offered by the defendant were not his true reasons, but were a pretext for discrimination.[8]  In order to make the requisite showing of pretext, the plaintiff cannot simply show that the employer's decision was wrong, unwise or mistaken.  Rather, the plaintiff must provide evidence which demonstrates such weakness, implausibilities, inconsistencies, incoherences, or

---

[7] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).

[8] Glass v. Philadelphia Elec. Co., 34 F3d 188, 194 (3d Cir. 1994)(citing McDonnell Douglas and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

contradictions in the employers's proffered legitimate reasons for its action that you either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. In simple terms, the plaintiff must show not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason.[9]

If the plaintiff meets this burden, you may infer, but need not infer, that gender was a determinative factor in defendant's decision not to promote plaintiff.[10]  Plaintiff bears the "ultimate burden of persuasion" of proving all elements of her claim of intentional discrimination.

---

[9] <u>Keller v. Orrix Credit Alliance,</u> 130 F.3d 1101, 1108 (3d Cir. 1997).

[10] <u>Stewart v. Rutgers, the State University</u>, 120 F.3d 426, 432-33 (3d Cir. 1997)(citing <u>Fuentes v. Perskie</u>, 32 F.3d 759 (3d Cir. 1994).

### 15P:  INJURIES - CAUSATION

If you determine that defendant violated plaintiff's rights, he is only required to compensate her for those damages which plaintiff has proven by a preponderance of the evidence to have been a proximate result of his actions.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  In other words, there must not only be a causal link, but a direct one, with no intervening causes.  Thus, to award damages, the defendant' conduct must be the proximate cause of any damages you find plaintiff has suffered.

You may not compensate her for damages for which the defendant's conduct is *not* a cause. Therefore, you may not compensate her for the damages for any injuries she received from any other source.

*Defendants' Objection: Plaintiff's proposed instruction does not sufficiently separate the concept of causation from the concept of injury and damages, separate elements on which plaintiff bears the burden of proof.*

## 15D:  INJURIES - CAUSATION

If you determine that plaintiff has carried her burden of proving her claim of gender discrimination and/or first amendment retaliation, you must also determine whether plaintiff has met her burden of showing that she suffered harm or injury as a proximate result of defendants' actions.  If plaintiff proves that she suffered such injury, she is entitled to damages.  Defendants are only required to compensate plaintiff for those damages which she has proven by a preponderance of the evidence to have been a proximate result of their actions.

Proximate cause means that there must be a sufficient causal connection between the act or omission of defendant and the injuries or damages, if any, sustained by plaintiff.  Therefore, plaintiff must prove, by a preponderance of the evidence, that the claimed injury would not have occurred but for the conduct of the defendant.

You may not compensate plaintiff for damages for which the defendant's conduct is *not* a cause. Therefore, you may not compensate her for the damages for any injuries she may have sustained from any other source, or as a result of conduct not attributable to defendants.

## 16P: COMPENSATORY DAMAGES

I now discuss the award of damages in this case. I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine the liability on the part of the defendant. If you determine that a defendant violated any rights of the plaintiff and that any such violation was also the proximate cause of damages to her, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done in the past to plaintiff and for any damages she may suffer in the future as a result of the alleged wrongs. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of any award you might find to be warranted.

One principle of law is that the damages to be recoverable must be proven with reasonable probability and not left to speculation. Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you. I do not charge you not to feel sympathy for the parties in this case, since it is only

natural and human to sympathize with a person who has been injured.  I do charge you not to allow that

sympathy to enter into your consideration of the case and to influence your verdict.

If you determine based on the evidence and on the instructions which I have given you, that a

defendant is liable to Capt. Conley, then you should award her such sums of money which will

reasonably and fully compensate her for each of the following elements of damages:

1.      Such sum of money as will reasonably compensate her for lost wages she has suffered

         in the past.

2.      Such sum of money as will reasonably compensate her for lost wages or

         pension benefits which she will suffer in the future reduced to present

         worth.

3.      Such sum of money as will reasonably compensate her for the emotional

         distress or mental suffering she has suffered in the past or will suffer in the

         future.

4.      Such sum of money as will reasonably compensate her for any humiliation

         which she has suffered because of the conduct of the defendant.

*Defendants' Objections: Sympathy charge does not belong in damages instruction.  Objection to
item 2 of Plaintiff's list of damages–future losses, if any, are not before the jury.  If Plaintiff*

*prevails she will be entitled to a major's salary, so there will be no "future lost wages." Front pay, if any, is also an equitable remedy which would be imposed by the court after trial, not the jury. Objection to item 3 to the extent medical testimony is necessary to prove emotional distress or mental suffering. Plaintiff and counsel conceded at her deposition that they were presenting no expert medical evidence and that plaintiff had received no counseling or psychiatric/psychological treatment. Objection to Item #4 as plaintiff has abandoned her "loss of reputation" claims. "Humiliation" is simply a different term for this same claim.*

## 16D: COMPENSATORY DAMAGES

I will now discuss the award of damages in this case. I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine whether there is liability on the part of the defendants. If you determine that a defendant is liable for violation of the legal rights of the plaintiff, and that any such violation was also the proximate cause of harm or damages to her, you must then consider the instructions that I am about to give you.

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork, because it is only actual damages that are recoverable. You should be guided by dispassionate common sense in determining your award of damages.

Damages must be proven with reasonable probability and not left to speculation. Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss occurred or will exist in the future.

You should consider the following elements of damage, to the extent you find they were proved by a preponderance of the evidence, and no others:

a) Net lost wages plaintiff has suffered to date;

b) Damages for emotional distress or suffering to date.

If you find for the plaintiff, you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorneys fees and court costs will be addressed later, if necessary, by the court.[11]

---

[11] This paragraph is adapted from the Eleventh Circuit "Pattern Jury Instructions (Civil Cases)" (2005), §6.1 "Attorneys fees and court costs."

## 17P: PUNITIVE DAMAGES

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages. Punitive damages can be awarded in a civil rights case where the jury finds a constitutional violation, even when the jury has not awarded any compensatory damages. There is a two-fold purpose to punitive damages: it is intended to punish particularly reprehensible conduct by a wrongdoer, and it also serves as a warning to others not to engage in similar conduct.

You may award punitive damages if you find that the plaintiff has proven that a defendant acted recklessly, intentionally or maliciously. An act is "recklessly" done if it is characterized by an indifference to or a subjective consciousness that a person is acting in violation of law. Something is done "intentionally" when it is done with the aim or committing an act which violates the law. An act is done "maliciously" if it is prompted or accompanied by evil motive, ill will, spite, or intent to injure.

There is no mathematical formula to apply in determining punitive damages. The amount of such damages, if any, is left to the sound judgment of the jury. In determining the amount of punitive damages, you should consider such things as the circumstances surrounding the particular defendant's actions, including the motives for those actions, the reprehensibility of the conduct, and the extent of the

harm to the plaintiff, the need for a warning to others about such conduct, and any other factors you as the conscience of the community deem appropriate.

If you determine that a defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendants and others from engaging in similar conduct in the future. The law does not require you to award punitive damages. However, if you decide to award punitive damages, you must use sound reason in setting the amount. The amount of an award of punitive damages must not reflect bias, prejudice or sympathy toward any party. Among other things, you may consider the financial resources of the defendants in fixing the amount of punitive damages. Any punitive damages award should not be disproportionate to the award or compensatory damages, but rather should bear some reasonable relationship to it.

*Defendants' Objection: Plaintiff has not made a showing of a triable issue for punitive damages. Pinkert v. Olivieri, 2001 WL 641737 (D.Del. 2001). Plaintiff's instruction that punitive damages may be awarded "even when the jury has not awarded any compensatory damages" is an incorrect statement of the law. State Farm v. Campbell, 538 U.S. 408 (2003)(holding that punitive damages must bear reasonable relationship to award of compensatory damages and that "[i]t should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." Id at 419 (emphasis added).*

### 17D: PUNITIVE DAMAGES[12]

In certain situations, the law also allows, but does not require, a jury to award the plaintiff punitive damages in addition to compensatory damages. It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.[13] The purpose of an award of punitive damages is to punish the defendant for particularly reprehensible conduct and to deter others from acting as the defendant did. Punitive damages are meant to punish the defendant for this conduct only and not for conduct that may have occurred at another time. If you choose to award punitive damages, your award must be reasonable in its amount and rational in light of the purpose stated above.[14]

You may award punitive damages if the plaintiff has proven that the defendant acted with malice or with reckless indifference to plaintiff's rights. An act is done "maliciously" if it is prompted or accompanied by evil motive, ill will, spite, or intent to injure. An act is done "recklessly" if it is

---

[12] Portions of these instructions are based upon the Eleventh Circuit "Pattern Jury Instructions (Civil Cases)" (2005), §§1.2.1; 2.1.

[13] State Farm v. Campbell, 538 U.S. 408, 419 (2003).

[14] Pacific Mutual Life Ins. v. Haslip, 499 U.S. 1, 21 (1991).

characterized by an indifference to the rights of others or where it should have been apparent to a reasonable person that that person's actions were in violation of law.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. So, an award of punitive damages would be appropriate only if you find for the plaintiff, and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you determine that the defendant's conduct was so reprehensible as to justify an award of punitive damages, you may exercise your discretion to award those damages. If you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice or sympathy toward any party.

## 18:  EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that any award  of damages is  appropriate.

The Court instructs you further that you should consider each claim separately in awarding damages, without regard to any other claim.  It is within the Court's province to ensure that damages are recovered only once for each particular harm.

### 19.  DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans.  You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer.  The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number l.

One more thing about messages.  Do not ever write down or tell anyone else how you stand on your votes.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party . You must decide the case yourselves based on the evidence presented.

## 20 UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form. You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Conley- Joint Jury Prayers June 1-  draft 3.wpd