## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CAPTAIN BARBARA L. CONLEY,            :
                                      :
      Plaintiff,                    :
                                      :
   v.                                 :
                                      :
COLONEL L. AARON CHAFFINCH,           :        C.A.No.04-1394-GMS
individually,                         :
                                      :
      Defendant.                    :
                                      :
                                      :

## PRELIMINARY JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some

preliminary instructions to guide you in your participation in the trial.

## THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of

who the parties are and what each contends.

The parties in this case are the plaintiff, Captain Barbara Conley, and the defendant, L.

Aaron Chaffinch, retired Colonel of the Delaware State Police (DSP).

In this case Captain Barbara Conley, alleges intentional gender discrimination by

defendant when plaintiff did not obtain promotions in 2003 to two vacancies for the rank of

Major–specifically the positions of administrative/budget Major and operations Major for Kent

and Sussex County.   Defendant maintains that the promotions went to two other then-Captains,

Paul Eckrich and R.L. Hughes, who Defendant claims were more qualified than Plaintiff to hold these positions.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean. Of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## TRIAL PUBLICITY

This is a case that involves matters of some interest to the public, and it has generated some coverage in local newspapers, and on radio stations within Delaware. During the course of jury selection, you each were questioned as to your exposure to media accounts of the case, including comments made by the lawyers or parties, as well as any other information or

knowledge you had acquired concerning the parties, the claim, the defenses, or the facts of this

case. You were also asked if you had been influenced by media accounts of other cases involving

these parties, the Delaware State Police, or DSP officers. Your selection as jurors capable of

sitting on this case depended upon your thorough and truthful responses to those questions.  It is

vitally important that jurors in this or any trial reach their verdict based solely on the evidence

produced in the courtroom, and without being influenced in any way by anything occurring

outside the courtroom. The parties have a Constitutional right to a fair trial and verdict on the

evidence, and it is one of my jobs as Judge to make sure that the jury respects that right and

observes these rules.

It is likely that there will continue to be media accounts of this case in newspapers and on

the radio and television, during the course of trial. Also, it is natural that your family and friends

will seek to engage you in discussion about your jury service, and ask about the case. You are

bound by your oath to avoid such media accounts, and to refrain from any discussions about the

case outside the jury room. The Court expects that you will take affirmative steps to avoid such

contacts, such as by not listening to local news programs on television and radio, and by

cautioning your family members and friends that you are not permitted to discuss the case during

your jury service. If at any time you are exposed to information about the case, outside the

courtroom, it is your duty to immediately advise the Court of what happened, and to refrain from

any discussion of such contacts with your fellow jurors.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of

witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed

by the attorneys or the court – you may not ask questions). Evidence will also consist of

documents and other things received into the record as exhibits, and any facts that the lawyers

agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for

you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their

        clients to make objections when they believe evidence being offered is improper

        under the rules of evidence. You should not be influenced by the objection or by

        the court's ruling on it. If the objection is sustained, ignore the question. If it is

        overruled, treat the answer like any other. If you are instructed that some item of

        evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and

        must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and

        must be disregarded. You are to decide the case solely on the evidence presented

        here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of the fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts

from which you may infer or conclude that other facts exist. As a general rule, the law makes no

distinction between these two types of evidence, but simply requires that you find facts from all

the evidence in the case, whether direct or circumstantial or a combination of the two.

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and the circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make her case.

To prevail on her claim for gender discrimination in the denial of two promotions, Captain Conley must prove by a preponderance of the evidence that she was denied promotion because of her gender. Defendant, Colonel Aaron Chaffinch, claims that the two individuals he promoted to the rank of Major in 2003 were more qualified than Captain Conley. Plaintiff bears

the burden of proving, by a preponderance of the evidence, that the legitimate reasons offered by

the defendant were not his true reasons, but were a pretext for gender discrimination.  The

plaintiff cannot simply show that the employer's decision was wrong, unwise or mistaken.

Rather, the plaintiff must produce evidence which demonstrates such weakness, implausibilities,

inconsistencies, incoherences, or contradictions in the employers's proffered legitimate reasons

for its action that you either (1) find that the employer's articulated legitimate reasons were an

after-the-fact fabrication; or (2) believe that an invidious discriminatory reason was more likely

than not a motivating or determinative cause of the employer's action - that is, that the articulated

reason was a pretext for discrimination.  If you find that gender was a motivating or

determinative factor in defendant's decision, your verdict should be for Plaintiff.  If you do not

find that gender was a motivating or determinative factor in defendant's decision, your verdict

should be for Defendant.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case.  Here Capt. Conley has the burden

of proving her case by what is called a preponderance of the evidence.  That means she has to

produce evidence which, considered in the light of all the facts, leads you to believe that what she

claims is more likely true than not.  To put it differently, if you were to put the plaintiff's and the

defendant's evidence on opposite sides of the scale, the evidence supporting the plaintiff, Capt.

Conley, would have to make the scale tip somewhat on her side.  If she fails to meet this burden,

the verdict must be for the defendants.  Capt. Conley must also prove her damages by a

preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, take on greater importance later in the trial in light of all the evidence presented. Therefore, you are

instructed that your notes are only a tool to aid your own individual memory and you should not

compare your notes with other jurors in determining the content of any testimony or in evaluating

the importance of any evidence.  Your notes are not evidence, and are by no means a complete

outline of the proceeding or a list of the highlights of the trial.  Above all, your memory should

be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will

collect them and return them to your seat the next day.  And, remember that they are for your

own personal use.

I will give you detailed instructions on the law at the end of the case, and those

instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases.  We have now completed

the first two phases  –  your selection as jurors and these preliminary instructions  The remaining

stages are:

(3)     Opening statements which are intended to explain to you what each side intends

to prove and are offered to help you follow the evidence.  The lawyers are not

required to make opening statements at this time or they may defer this opening

until it is their turn to present evidence.

(4)     The presentation of the evidence which will include live witnesses and may also

include previously recorded testimony, as well as documents and things;

(5)     My final instructions on the law to you;

(6)     The closing arguments of the lawyers which will be offered to help you make your

determination; and finally,

(7)     Your deliberations where you will evaluate and discuss the evidence among

yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the

evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during the voir dire, I want to again outline the

schedule I expect to maintain during the course of this case.

This case is expected to take 6 days to try. We will normally begin the day at 9:00 A.M.

promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 P.M. to

4:30 P.M. There will be a fifteen minute break at 11:00 A.M., and another fifteen minute break

at 3:15 P.M. The only significant exception to this schedule may occur when the case is

submitted to you for your deliberations. On that day, the proceedings might last beyond 4:30

P.M. We will post a copy of this schedule for your convenience in the jury deliberation room.