IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA CONLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1394-GMS |
| | ) | |
| L. AARON CHAFFINCH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO THE COURT**
**REGARDING DISCOVERY AND PRIOR NOTICE TO THE PLAINTIFF**
**ON THE "MOTIVATION" ISSUE**

    The defendant responds as follows to the Court's Order dated June 5, 2006 requesting counsel to respond in writing to questions concerning the issue of the plaintiff's motivation for filing suit, including specifically the Internal Affairs investigation of plaintiff's conduct initiated in August of 2004. The Court has asked when the issue was first raised, and whether the plaintiff was put on notice through deposition questions or other discovery, with specific citations and attachments. The defendant has attached the discovery materials relevant to the Court's inquiry.

    1.    In the course of her deposition on December 7, 2005, the plaintiff acknowledged that she was aware of, but failed to pursue, any of the internal administrative remedies available to her through the Delaware State Police. [T-89].

    2.    The Plaintiff was asked about the Internal Affairs investigation of Lt. Campanella in 2004 that resulted from her complaint of inappropriate conduct. [T-102,103]. She was then asked about the allegations raised about her own conduct during the course of that investigation, and about being advised that formal charges would be brought against her. [T-103]  She was asked about her reaction to those charges. [T-104] She was also asked whether, in her mind, the charges against her related to her allegations of discrimination. [T-104]

3.  The Plaintiff was specifically asked whether she had some expectation that Colonel Chaffinch would use his authority to prevent her from being charged [T-107], or intervene on her behalf to prevent the investigation from going forward [T-108]. She responded that she had expected Chaffinch to do something to remedy the situation with Lt. Campanella, but he ignored her. She went on: "I also firmly believe that he was actually a catalyst for the turn of events that resulted in me being charged and, quite frankly, I felt that I was being singled out for discipline, severe discipline for behaviors that were being exhibited on a much greater level by himself and others every day." [T-108]

4.  The plaintiff also elaborated on her theory that Chaffinch was seeking to prevent her from being promoted to a future vacancy at the rank of Major: "And my absolute 100 percent belief is that Aaron Chaffinch saw an opportunity to have this investigation shift and that that would give him some level of protection if he were going to replace [retiring Major David] Baylor with someone other than myself." [T-111] Conley was then asked whether she was alleging that Chaffinch had manipulated the Internal Affairs process, and she replied "I can only believe that that is possible." [T-111]

5.  When asked, the plaintiff declined to characterize the Internal Affairs investigation focusing on her as the "last straw" that caused her to decide to file the lawsuit, but she admitted that it was "obviously a component that entered into my mind and so forth…" [T-111,112]

6.  The defendants served Requests for Admission on the plaintiff on or about November 17, 2005. [Docket # 109] The subject matter of this discovery request was largely what remedies, if any, the plaintiff had pursued with regard to her claim of gender discrimination, following the promotions of Major Eckrich and Major Hughes in 2003.

7.  In responses served on December 19, 2005 [Docket #121], the plaintiff admitted that she did not pursue a grievance, claim, or complaint or pursue administrative remedies in the aftermath of the Eckrich and Hughes promotions in 2003. She also admitted that she did not, at that time, file an Internal Affairs complaint concerning the conduct of L. Aaron Chaffinch.

WHEREFORE, in response to the questions propounded by the Court, it is clear that the issue of the plaintiff's timing and motivation for filing suit in October of 2004, and in particular the role played in that decision by the Internal Affairs investigation that culminated in charges against her, was raised in the course of requests for admissions and in deposition questioning, such that the plaintiff and her lawyers were well aware that the timing of plaintiff's lawsuit was at issue, and of the potential for a defense argument at trial undermining plaintiff's allegations of discrimination in the promotional process by pointing out the failure to pursue administrative remedies, the delay, and the motivation to retaliate for the disciplinary charges against her.

/s/ Ralph K. Durstein III
Ralph K. Durstein III (ID #912)
Stephani J. Ballard (ID #3481)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510

/s/ James E. Ligouri
JAMES E. LIGOURI
46 The Green
Dover, DE 19901
(302) 678-9900

Dated: June 6, 2006