# ATTACHMENT

# DI #109

D.I. 109

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1394-GMS |
| | ) |
| COLONEL L. AARON CHAFFINCH, | ) |
| Individually and in his official capacity as the | ) |
| Superintendent, Delaware State Police; et al. | ) |
| | ) |
| Defendants, | ) |

## DEFENDANTS' FIRST SET OF REQUESTS
## FOR ADMISSIONS TO PLAINTIFF PURSUANT TO FRCP 36

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants hereby request that the Plaintiff admit the following. If your response is anything other than an unqualified admission, please state, with specificity, the part(s) of the Request you are denying and all factual bases for your denial. Pursuant to Rule 36, if objection is made to any request or part of any request, the reasons therefore shall be stated. An answer other than an unqualified admission shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is

insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

## REQUESTS FOR ADMISSION

1.      Following the promotion of Paul Eckrich to the rank of Major in 2003, Plaintiff did not pursue a grievance for gender discrimination, pursuant to Article 7 of the Collective Bargaining Agreement between the Delaware State Police (DSP) and the Delaware State Troopers Association (DSTA).

2.      Following the promotion of Paul Eckrich to the rank of Major in 2003, Plaintiff did not file or pursue any other type of grievance concerning this promotion with the Delaware State Police.[1]

3.      Following the promotion of R.L. Hughes to the rank of Major in 2003, Plaintiff did not pursue a grievance for gender discrimination, pursuant to Article 7 of the Collective Bargaining Agreement between the Delaware State Police (DSP) and the Delaware State Troopers Association (DSTA).

4.      Following the promotion of R.L. Hughes to the rank of Major in 2003, Plaintiff did not file or pursue any other type of grievance concerning this promotion with the Delaware State Police.

5.      Following the promotion of Eckrich to the rank of Major in 2003, Plaintiff did not file a complaint with the Equal Employment Opportunity Commission (EEOC).

6.      Following the promotion of Hughes to the rank of Major in 2003, Plaintiff did not file a complaint with the Equal Employment Opportunity Commission (EEOC).

---

[1] For purposes of these requests, this lawsuit shall not be considered a "grievance."

7.	Following the promotion of Eckrich to the rank of Major, Plaintiff did not file an Internal Affairs complaint with Delaware State Police regarding his promotion or her lack of promotion to the rank of Major.

8.	Following the promotion of Hughes to the rank of Major, Plaintiff did not file did not file an Internal Affairs complaint with the Delaware State Police regarding his promotion or her lack of promotion to the rank of Major.

9.	Captain Paul Eckrich was qualified for promotion to the rank of Major at the time of his promotion in 2003.

10.	Captain R. L. Hughes was qualified for promotion to the rank of Major at the time of his promotion in 2003.

11.	Prior to this lawsuit, plaintiff has never filed an Internal Affairs Complaint with DSP regarding alleged sexist remarks, jokes and/or conduct on the part of Aaron Chaffinch.

12.	Aaron Chaffinch has issued favorable performance evaluations of Plaintiff, while Chaffinch was in a supervisory position to her. (See Plaintiff's personnel file, previously produced in discovery).

13.	Aaron Chaffinch, in written performance evaluations of Plaintiff recommended promotion of Plaintiff to the ranks of Lieutenant or Captain. (See Plaintiff's personnel file, previously produced in discovery; see specifically evaluations by Aaron Chaffinch in 1994, 1995, 1996 and 1999).

14.	Plaintiff's positions held within the Delaware State Police have been solely in the Patrol and Traffic units.

15.	Plaintiff has not applied for positions or work assignments in any special units (*e.g.* criminal, drug, detective) in the Delaware State Police.

16. Plaintiff has never held the position of Troop Commander.

17. Plaintiff has been offered a Troop Commander position within Delaware State Police, but has declined this position.

18. Majors in the DSP are part of the executive staff of the Superintendent.

19. Selection of personnel to fill vacant Major positions is a discretionary decision on the part of the Superintendent.

                              DEPARTMENT OF JUSTICE
                              STATE OF DELAWARE

                              /s/ Stephani J. Ballard
                              Ralph K. Durstein III, ID #912
                              Stephani J. Ballard, ID #3481
                              Deputy Attorney General
                              Carvel State Office Building
                              820 N. French Street, 6th Floor
                              Wilmington, DE  19801
                              (302)577-8400
                              Attorneys for State Defendants

Dated: November 17, 2005

I:\stephani.ballard\Conley v. DSP\Defendants' Request for Admissions.doc