# ATTACHMENT

# DI #121

D.I 121

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN BARBARA L. CONLEY, | : |
| Plaintiff, | : |
| v. | : |
| COLONEL L. AARON CHAFFINCH, individually and in his official capacity as the Superintendent, Delaware State Police; LIEUTENANT COLONEL THOMAS F. MACLEISH, individually and in his official capacity as the Deputy Superintendent, Delaware State Police; DAVID B. MITCHELL, individually and in his official capacity as Secretary of the Department of Safety and Homeland Security, State of Delaware; and DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE, | : C.A.No.04-1394-GMS |
| Defendants. | : |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS

Plaintiff, by and through her attorneys, hereby objects to Defendants' First Set of Requests for Admissions Directed to Plaintiff ("Discovery") in accordance with the numbered paragraphs as set forth below. Plaintiff reserves the right to amend or supplement the responses contained herein as may be necessary or appropriate in the future.

Discovery has not concluded in this case. Plaintiff reserves the right to supplement her responses at a later time as discovery is completed.

-1-

## GENERAL OBJECTIONS

1. Plaintiff objects generally to Discovery insofar as it requests information or documents which are subject to the attorney-client privilege, or which constitute trial preparation materials or attorney-client work product, or which are otherwise privileged or protected and not subject to discovery.

2. Plaintiff objects generally to Discovery to the extent that it seeks information not relevant to this action or that does not appear reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects generally to Discovery insofar as it requests information or documents which constitute or contain sensitive and non-public business, medical patient, medical credentials, personal, income tax or other confidential information. Plaintiff will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

4. Plaintiff objects generally to Discovery insofar as it requests personal or confidential information. Plaintiff will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

5. Plaintiff objects generally to Discovery insofar as it does not specify a reasonable time or place of production or the manner of making the inspection in accordance with Fed.R.Civ.P. 34(b). Plaintiff will produce the indicated documents for inspection and copying at a time and location to be agreed upon by the parties.

6. Plaintiff objects generally to Discovery insofar as it seeks discovery of agreements with third parties (not parties to or related to this action) which may be subject to nondisclosure

and either cannot be produced without agreement of a third party or cannot be produced without an appropriate stipulation and order of confidentiality.

7.  Plaintiff objects generally to Discovery insofar as it is unduly burdensome because the discovery it seeks is already in the possession, custody or control of defendants.

8.  Plaintiff's responses that follow are without prejudice to and are not a waiver of the foregoing general objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Plaintiff objects to Defendants' definitions and instructions insofar as they impose burdens on Plaintiff beyond that required by the Federal Rules of Civil Procedure or the case law in the Third Circuit.

2.  Plaintiff objects to Defendants' definitions and instructions to the extent they imply an obligation to supplement answers to Discovery which impose upon Plaintiff an obligation beyond that required by Fed.R.Civ.P. 26(e).

3.  Plaintiff objects to Defendant's definitions and instructions insofar as they would require counsel for Plaintiff to disclose their mental impressions, conclusions, opinions or legal theories in violation of Fed.R.Civ.P. 26(b)(3).

4.  Plaintiff objects to Defendants' definitions and instructions regarding claims of privilege insofar as they impose burdens on Plaintiff beyond that required by the Federal Rules of Civil Procedure or the applicable case law.

5.  Plaintiff objects to the extent that Defendants' definitions and instructions cause each request to ask multiple questions.

## OBJECTIONS TO SPECIFIC INTERROGATORIES
## (IN ADDITION TO AND SUBJECT TO ALL THE FOREGOING OBJECTIONS)

1. Following the promotion of Paul Eckrich to the rank of Major in 2003, Plaintiff did not pursue a grievance for gender discrimination, pursuant to Article 7 of the Collective Bargaining Agreement between the Delaware State Police (DSP) and the Delaware State Troopers Association (DSTA).

**Answer:** Admitted.

2. Following the promotion of Paul Eckrich to the rank of Major in 2003, Plaintiff did not file or pursue any other type of grievance concerning this promotion with the Delaware State Police.[1]

**Answer:** Admitted.

3. Following the promotion of R. L. Hughes to the rank of Major in 2003, Plaintiff did not pursue a grievance for gender discrimination, pursuant to Article 7 of the Collective Bargaining Agreement between the Delaware State Police (DSP) and the Delaware State Troopers Association (DSTA).

**Answer:** Admitted.

4. Following the promotion of R. L. Hughes to the rank of Major in 2003, Plaintiff did not file or pursue any other type of grievance concerning this promotion with the Delaware State

---

[1] For purposes of these requests, this lawsuit shall not be considered a "grievance."

-4-

Police.

**Answer:** Subject to the limited definition of grievance in #2 above (which excludes this lawsuit as a grievance) - Admitted.

5. Following the promotion of Eckrich to the rank of Major in 2003, Plaintiff did not file a complaint with the Equal Employment Opportunity Commission (EEOC).

**Answer:** Admitted.

6. Following the promotion of Hughes to the rank of Major in 2003, Plaintiff did not file a complaint with the Equal Employment Opportunity Commission (EEOC).

**Answer:** Admitted.

7. Following the promotion of Eckrich to the rank of Major, Plaintiff did not file an Internal Affairs complaint with the Delaware State Police regarding his promotion or her lack of promotion to the rank of Major.

**Answer:** Admitted.

8. Following the promotion of Hughes to the rank of Major, Plaintiff did not file an Internal Affairs complaint with the Delaware State Police regarding his promotion or her lack of promotion to the rank of Major.

**Answer:** Admitted.

9. Captain Paul Eckrich was qualified for promotion to the rank of Major at the time of his promotion in 2003.

**Answer:** Denied.

10. Captain R. L. Hughes was qualified for promotion to the rank of Major at the time of his promotion in 2003.

**Answer:** Denied.

11. Prior to this lawsuit, plaintiff has never filed an Internal Affairs Complaint with the DSP regarding alleged sexist remarks, jokes and/or conduct on the part of Aaron Chaffinch.

**Answer:** Admitted.

12. Aaron Chaffinch has issued favorable performance evaluations of Plaintiff, while Chaffinch was in a supervisory position to her. (See Plaintiff's personnel file, previously produced in discovery).

**Answer:** Admitted.

13. Aaron Chaffinch, in written performance evaluations of Plaintiff recommended promotion of Plaintiff to the ranks of Lieutenant or Captain. (See Plaintiff's personnel file, previously produced in discovery; see specifically evaluations by Aaron Chaffinch in 1994, 1995, 1996 and 1999).

**Answer:** Admitted.

14. Plaintiff's positions held within the Delaware State Police have been solely in the Patrol and Traffic units.

**Answer:** Denied.

15. Plaintiff has not applied for positions or work assignments in any special units (e.g. criminal, drug, detective) in the Delaware State Police.

**Answer:** Denied.

16. Plaintiff has never held the position of Troop Commander.

**Answer:** Admitted.

17. Plaintiff has been offered a Troop Commander position within the Delaware State Police, but has declined this position.

**Answer:** Denied.

18. Majors in the DSP are part of the executive staff of the Superintendent.

**Answer:** Admitted.

19. Selection of personnel to fill vacant Major positions is a discretionary decision on the part of the Superintendent.

**Answer:** Denied.

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiffs

Dated: December 19, 2005

Conley / Pleadings / Answers to Request for Admissions .final

-8-