IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1394-GMS |
| | : | |
| COLONEL L. AARON CHAFFINCH, Individually, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF PUNITIVE DAMAGES**

**Introduction**

Punitive damages should not be an available remedy in this matter. Plaintiff has failed to demonstrate that the conduct of Defendant L. Aaron Chaffinch has risen to the level required by this Circuit to allow for such an award. At best, Plaintiff's assertions are inconclusive and insufficient as to the issue of whether or not the Defendant's behavior was reckless or callous. Thus, we respectfully move that the Court grant Judgment as a Matter of Law on the Issue of Punitive Damages, pursuant to Federal Rule of Civil Procedure 50(a).

**A. Recklessness or Callousness is Required for Awarding Punitive Damages**

It is well settled that punitive damages may be awarded in federal court only when the defendant's actions are reckless in nature. The Third Circuit in *Springer v. Henry* recently held that a jury "may award punitive damages when it finds reckless, callous, intentional or malicious conduct. This standard is disjunctive: 'the defendant's conduct must be, at a minimum, reckless or callous.'" *Springer v. Henry*, 435 F.3d 268, 281 (3d

Cir. 2006), quoting *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989) and citing *Alexander v. Riga*, 208 F.3d 419, 430-431(3d Cir. 2000) and *Smith v. Wade*, 461 U.S. 30, 54-56 (1983).

As the minimum threshold for punitive damages, recklessness must be evident in the defendant's actions or behavior. An example of such reckless behavior is provided by the Third Circuit in *Alexander*, a case about a violation of the Fair Housing Act. The court stated: "indeed, recklessness and malice may be inferred when a manager responsible for showing and renting apartments repeatedly refuses to deal with African-Americans about the apartment, and misrepresents the apartment's availability." *Alexander* 208 F.3d at 431. No such recklessness is evident in this instant case.

Absent from the record is any showing of refusal to consider women police officers for promotion. In fact, the record demonstrates a showing of Colonel Chaffinch's actual efforts to advance and promote women troopers in the Delaware State Police (see testimony of Alice Bailey and Elizabeth Shamany). Additionally, Colonel Chaffinch offered both Barbara Conley and Elizabeth Shamany the opportunity to hold the coveted position of Troop Commander. Plaintiff herself testified that Colonel Chaffinch proactively gauged her interest level in the position of Troop Commander.

**B. There Is Insufficient Evidence of Recklessness on the Part of Defendant**

Plaintiff's arguments fall far short of demonstrating that Colonel Chaffinch was reckless in his decision to not promote Barbara Conley. Plaintiff has repeatedly sought to attribute jokes and statements (taken out of context) to Colonel Chaffinch, and considers such efforts to be a sufficient showing of recklessness. Juvenile limericks told at parties combined with genuine concerns about Plaintiff's professionalism, conduct, and

performance are woefully inadequate showings that recklessness existed in the executive, discretionary, promotion decisions of Colonel Chaffinch. As mentioned above, when contrasted with the example of reckless activity cited by the Third Circuit, Colonel Chaffinch's conduct is far from "reckless." It is, in fact, sound and legal managerial judgment.

As the United States Supreme Court in *Kolstad v. American Dental Association* noted, when discussing the holding of *Smith*, "the Court referred to a 'subjective consciousness' or a risk of injury or illegality and a 'criminal indifference to civil obligations'" as another means to evaluate "recklessness in its subjective form." *Kolstad v. American Dental Association*, 527 U.S. 526, 536 (1999) (citations omitted). In this instance, Plaintiff has also failed to demonstrate that the Defendant possessed a consciousness of potential injury or illegality. The decision by Colonel Chaffinch to promote Paul Eckrich and R.L. Hughes was not made with a culpable conscience. Eckrich and Hughes were simply more qualified for the available positions than Barbara Conley – and Defendant's action in promoting two talented and experienced police officers was actually in furtherance of his "civil obligations" and, to say the least, far from "criminal indifference." Thus, the record is void of any tangible showings of the Defendant's recklessness. As such, the standard for allowing punitive damages as a remedy has not been met.

## C. Conclusion

Absent a showing of recklessness, it would be improper for the Plaintiff to consider punitive damages in this case. The Plaintiff's bench memo assumes intentional discrimination exists by virtue of the mere fact that Defendant told some dirty jokes and

that two males were promoted. Such an assumption is not legally sound. In fact, it is well settled that "on a Rule 50 motion for judgment as a matter of law, a district court 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" *Springer v. Henry*, 435 F.3d 268 (3d Cir. 2006), citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000).

The standard for punitive damages, as articulated by this Circuit and by the United States Supreme Court, is recklessness or callousness. Plaintiff's counsel even concedes that the "mere existence of a civil rights violation is not a guarantee of eligibility for punitive damages" *Alexander*, supra, 208 F.3d at 432 and *Kolstad*, 527 U.S. at 536. Indeed, the standard of recklessness, at a *minimum*, must be met and here it is not. We ask the Court to grant judgment as a matter of law on the issue of punitive damages, pursuant to Federal Rule of Civil Procedure 50(a), in favor of the Defendant, Colonel L. Aaron Chaffinch.

                          Respectfully Submitted,

                          **DEPARTMENT OF JUSTICE**
                          **STATE OF DELAWARE**

                          /s/ Stephani J. Ballard
                          Stephani J. Ballard, I.D. #3481
                          Ralph K. Durstein, III, I.D. #912
                          Deputy Attorneys General
                          Carvel State Office Building
                          820 N. French Street, 6th Floor
                          Wilmington, DE  19801
                          (302)577-8400
                          Attorneys for Defendant

Dated: June 13, 2006