## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendant, | ) | |

### DEFENDANT'S RESPONSE TO "PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY IN SUPPORT OF THEIR SANCTIONS MOTION" (D.I. 262)

The instant Motion to Strike, filed by plaintiff's counsel, is without merit, does not comport

with Local Rule 7.1.1, and unduly burdens the Court and counsel on this post-trial issue, which was

fully addressed with the filing of defendant's "Reply." *See* Federal Rule of Civil Procedure 11(b).

The motion appears to be simply an attempt to distract from or downplay the underlying conduct by

plaintiff's counsel at issue in Defendant's motion for sanctions (D.I. 239), and an attempt to harass

defendant's counsel.  Accordingly, Defendant requests that the Court exercise its discretion to award

attorney's fees to defendant for the time involved in preparing a response to this motion.

**1. Plaintiff's counsel claims a violation of Local Rule 7.1.3(c)(2) but never discloses what "material" in defendant's submission allegedly violated this Rule.  All evidence as to improper extrajudicial comments was well known to plaintiff.**

Plaintiff's counsel claims that defendant has "sandbagged" plaintiff by "argu[ing] from new

evidence and ma[king] new arguments" that should have been included in the opening brief (as

discussed below, no "opening brief" was ever filed).  However, plaintiff tellingly fails to disclose just

what this "new evidence" and/or argument is.  In self-serving fashion, plaintiff's counsel cites their

own "Answering Brief" on the sanctions issue (D.I. 256), in which plaintiff set forth her own version

of what defendant was complaining of.  Plaintiff now attempts to tell the Court that this—her own

rendition of the issues—circumscribes the scope of defendant's ability to respond.[1]  Plaintiff then

---

1 It appears that plaintiff's counsel calculated that they would file a "Motion to Strike" *prior to Defendant's*

cites defendant's Reply (D.I. 258) at pages 1-2 for "numerous additional comments", but fails to tell the Court (or responding counsel) just what comments were "new" to plaintiff.   Like the opening motion, pages 1-2 of the Reply discussed statements published in newspaper articles and the contents of a radio broadcast, in which Thomas Neuberger made disparaging, prejudicial remarks about defendant and the Delaware State Police to the media immediately prior to the start of the Conley trial.

These media statements had been discussed in a June 2, 2006 *sua sponte* teleconference before the Court and in the initial motion for sanctions (D.I. 239).  The only thing additional, but not "new," in the Reply, was the inclusion of specific quotes made by Tom Neuberger on the June 1st WDEL radio show. Defendant's initial motion alerted plaintiff's counsel that the tape had been requested, so they can hardly claim surprise at the inclusion of the statements on the tape once it was received.  *See* D.I. 239, fn. 3; D.I. 258, Ex. A, p. 7 (June 2, 2006 teleconference transcript, in which defense counsel advised the Court of the WDEL comments by Neuberger including the "throw their officers under a bus" remark).  The WDEL remarks were clearly known to plaintiff's counsel as a potential basis for sanctions within 24 hours of when the remarks were made.  Plaintiff's counsel's argument in this "motion to strike" must be that because defendant could not recall from memory (in the initial motion) every word that was said on the radio broadcast, he cannot list the actual statements now that a tape of the show has been obtained.  By extension, plaintiff must also argue that the Court cannot sanction counsel for comments actually made, if defendant did not list them verbatim in the initial motion.  This argument is both disingenuous and non-sensical.

Plaintiff's argument suffers from a more serious flaw in that, by claiming surprise or "sandbagging," plaintiff's counsel is telling the Court that they were taken by surprise by having their own statements to the media put before them.  Notably, plaintiff does not dispute that *any* of the statements were made, or that *any* of the statements have been misrepresented as to content.  Surely,

---

*Reply even being filed,* if defendant dared try to respond to their arguments.  In footnote 12 to the "Answering Brief," plaintiff wrote: "[a]ny attempt to raise additional *or add specificity* to claims in their reply brief [sic] would run afoul of D.Del. LR 7.1.3(c)(2), which forbids impermissible 'sandbagging. . . .'"

plaintiff's counsel cannot claim "surprise" when they are directed to *their own words*, which were

published in print, audio and internet media at the time they were made on or about June 1, 2006, and

all of which are still publicly available in archived format.

**2. Defendant could not have violated Local Rule 7.1.3(c)(2) as plaintiff alleges, in that defendant did not file an "opening brief" on the Motion for sanctions; rather, it was plaintiff's counsel who unilaterally began briefing with the filing of "Answering Brief", D.I. 256.**

Plaintiff further alleges that defendant has made "new arguments" in his Reply that were

improperly withheld from the "opening brief." This argument is facially frivolous because there was

no opening brief filed by defendant in this case. Rather, at the invitation of the Court during the June

2, 2006 teleconference, defendant filed a six (6) page speaking motion on the issue of improper

judicial comments, request for sanctions, and--the most pertinent issue at that point in the litigation—

the request for expanded voir dire.

In response to this six page motion, plaintiff filed a *40-page* "answering brief" replete with

elaborate legal arguments, defending counsel's derogatory remarks. An attempt to outline this brief

reveals the following arguments: (1) the remarks were not applicable to the Conley case; (2) they

were truthful statements, (3) it was permissible First Amendment speech; (4) the remarks fell within

the "safe harbor" of Model Rule of Conduct 3.6; (5) a "gag order" had been imposed that was (6) an

illegal prior restraint; (7) Rule 3.6 was unconstitutionally vague; (8) counsel was exercising their

client's first amendment rights and (9) that counsel's law firm was an "expressive organization."

*Eighty-four* (84) cases were cited in the Table of Authorities, in response to Defendant's

straightforward six page motion. Again, plaintiff's counsel never took issue with the fact or nature of

the remarks themselves.

To this veritable panoply of factual and legal defenses, defendant responded with a 16 page

"Reply" to the Answering Brief, which was filed as a "reply to response to motion," which seemed to

be a more accurate procedural designation than "reply brief," given that no opening brief had ever

been filed. Defendant's Reply was prefaced by a footnote stating

---

(D.I. 256 at p. 21)(emphasis added).

> Defendant's initial filing on this issue was by motion (D.I. 239) without briefing. Plaintiff's response, by way of 40-page "Answering Brief" (D.I. 256) is arguably improper pursuant to Local Rule 7.1.2. Nonetheless, as Plaintiff's submission has greatly expanded the scope of argument, a lengthier reply herein is appropriate.

D.I. 258 at fn. 1.

Defendant then proceeded to address, in what can hopefully be considered a concise fashion, the multitude of legal arguments which had been raised by Plaintiff's counsel.

Plaintiff's counsel is certainly entitled to make their record and (while noting the procedural irregularity) defendant did not take issue with plaintiff's insertion of the above mentioned legal issues into the case. But, in choosing to respond to a 6 page motion with a 40 page brief, plaintiff's counsel should not be heard to cry foul that defendant is "sandbagging" them with "new arguments" when, in a 16 page Reply, defendant was simply trying to meet the multitude of argument that had been inserted into the case by plaintiff herself in the "Answering Brief."[2]

**4. Plaintiff's counsel's certification of compliance with Local Rule 7.1.1 does not comport with the letter or spirit of that Rule.**

The Local Rules for the District of Delaware provide that, prior to filing a non-dispositive motion, the attorney making the motion shall "ma[k]e a reasonable effort to reach agreement with the opposing attorneys on the matter set forth in the motion," and shall file a statement to that effect with the Court. D.Del. L.R. 7.1.1. No "reasonable effort" was made by plaintiff's counsel here prior to filing this motion. The purported effort consisted of an email to defendant's counsel stating:

> I have reviewed your sanctions reply brief. In it, the defense cites to evidence that should have been included in a full and fair opening brief. It was not. Such an approach violates Local Rule 7.1.3(c)(2). Please let me know by tomorrow if you withdraw your reply brief. If not, I will file a motion to strike.

Defendant's counsel responded (as herein to this court) that this message was not susceptible of any meaningful response, since plaintiff's counsel did not point to the evidence he was concerned about.

---

2 The case cited as authority for plaintiff's allegation of "sandbagging" was a patent case in which both sides alleged inequitable conduct. The plaintiff had moved for partial summary judgment and then, for the first time in the litigation, attempted to argue, in a reply brief, that defendant had waived that defense by not pleading inequitable conduct with particularity in their answer. Rockwell Technologies, LLC v. Spectra-Physics Lasers, Inc., 2002 WL 531555 (D.Del. 2002). That is a far cry from the instant case, in which, at best, plaintiff complains only of the elaboration (necessitated by plaintiff's brief) on the nature and effect of statements already clearly at issue in the motion before the Court.

The undersigned counsel also alerted plaintiff's counsel to the fact that defendant's Reply was geared toward plaintiff's lengthy Answering brief, and noted that all evidence had been disclosed in the initial motion and the prior conferences with the Court. (A copy of the July 10, 2006 email exchange is attached hereto). Plaintiff's counsel did not further respond or discuss the matter, but instead filed this Motion to Strike, necessitating defense counsel to make the same points they attempted to raise in the Rule 7.1.1. discussion in this formal pleading to the Court, now at much greater time and expense to defendant.

As footnote 12 to the answering brief makes clear, plaintiff's counsel had already planned to file a motion to strike if defendant attempted to defend himself from the arguments raised in the answering brief. The required Rule 7.1.1 "effort to reach agreement with counsel" was, at best, *pro forma*, and at worst non-existent. This disregard of the local rule is further evidence why sanctions for the filing of this motion, and the time and expense for defendant's response thereto, are appropriate. As in the underlying matter regarding counsel's extrajudicial media comments, the imposition of sanctions is a matter solely within the Court's sound discretion.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

By:    /s/ Stephani J. Ballard
       RALPH K. DURSTEIN, III (I.D. No. 912)
       STEPHANI J. BALLARD (I.D. No. 3481)
       Deputy Attorneys General
       Carvel State Office Building
       820 North French Street
       Wilmington, DE 19801
       (302) 577-8400

**LIGOURI, MORRIS & YIENGST**

By:    /s/ James E. Ligouri
       JAMES E. LIGOURI
       46 The Green
       Dover, DE 19901
       (302) 678-9900

DATED: July 17, 2006        Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1394-GMS |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendant, | ) | |

**ORDER**

**AND NOW**, the Court having heard and considered Plaintiff's Motion to Strike Defendant's Reply in Support of their Sanctions Motion, **IT IS HEREBY ORDERED** this ___ day of _____, 2006, that Plaintiff's Motion is **DENIED.**

Attorney's fees in the amount of $_____ are awarded to Defendant's counsel for the time expended in responding to Plaintiff's Motion to Strike.

_____
J.

6

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF DELAWARE

CAPTAIN BARBARA L. CONLEY,      )
                            )
        Plaintiff,           )
                            )
      v.                )      C.A. No. 04-1394-GMS
                            )
COLONEL L. AARON CHAFFINCH,      )
in his individual capacity,          )
                            )
        Defendant,      )

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on July 17, 2006, she caused the attached, *Defendant's Response to "Plaintiff's Motion to Strike Defendant's Reply in Support of their Sanctions Motion"* to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Thomas S. Neuberger, Esq.
> Stephen J. Neuberger, Esq.
> Two East Seventh Street, Suite 302
> Wilmington, DE 19801

> /s/ Stephani J. Ballard
> Stephani J. Ballard, I.D. #3481
> Deputy Attorney General
> Carvel State Office Building
> 820 N. French Street, 6th Floor
> Wilmington, DE  19801
> (302)577-8400
> Attorney for Defendant