IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAPTAIN BARBARA L. CONLEY,    :
               :
    Plaintiff,      :
               :
   v.        :   C.A.No.04-1394-GMS
               :
COLONEL L. AARON CHAFFINCH,  :
individually,         :
               :
    Defendant.    :

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE DEFENDANT'S
REPLY IN SUPPORT OF THEIR SANCTIONS MOTION (D.I. 258) FOR FAILURE TO
COMPLY WITH LOCAL RULE 7.1.3**

  **A.  Merits Argument.**  In their opening motion, defendant claimed that four specific

statements of counsel violated the rules.  Plaintiff responded on the merits to those four specific

allegations in their Answering Brief.  In their Reply Brief, defendant belatedly added several

additional statements that they now claim also violate the rules.  Local Rule 7.1.3 was designed

to prevent this type of sandbagging which deprives the opposing party of the opportunity to

respond to the new alleged statements, in violation of the Due Process Clause.  Defendant's

sandbagging violates the local rule.  Accordingly, the additional statements and supporting

argument added by defendant should not be considered and must be stricken.  See Rockwell

Tech, LLC v. Spectra-Physics Lasers, Inc., 2002 WL 531555, *3 (D.Del. March 26, 2002)

(attached to opening motion).

  **B.  Other Defense Arguments.**

    **1.  The Claim that No New Material Was Identified.**  First, defendant claims

that no new evidence or argument were identified in plaintiff's motion to strike. (DAB at 1-2).

However, defendant himself identifies some of the new specific statements in the very next

paragraph of their brief. (DAB at 2). Additionally, at page 2 of her opening motion to strike,

plaintiff cited to the pages of the defense reply containing the new evidence.

**2. The Claim that Plaintiff Must Guess What Statements Defendants Allege**

**As a Basis For Sanctions.** The defense also asserts that they need not list and identify

statements that may serve as the basis for sanctions. (DAB at 2). The due process clause

requires otherwise. See, e.g. Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1358-59 (3d Cir.

1990); Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1225

(3d Cir. 1995); see generally Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).[1]

**3. The Claim That Plaintiff Is Not Entitled to File a Brief.** Defendant moved

for sanctions. The form of doing so was a speaking motion. That defendant chose to waive the

right to file a 40 page brief and instead rely on a short 6 page speaking motion has no affect on

plaintiff's right to file a substantive response on the merits to the weighty sanctions issues the

defense raised. (Cf. DAB at 3-4).

**4. The Claim That Local Rules 7.1.1 Was Not Complied With.** Lastly, the

defense claim that Local Rule 7.1.1 was not complied with is similarly without merit. (DAB at

4-5). Counsel e-mailed defendant and raised the sandbagging issue. When the defense response

ignored the issues raised and instead revealed that further discussion would be fruitless, plaintiff

---

[1] As to the defense surprise argument (DAB at 2-3), plaintiff was indeed surprised that
defendant contested and had a problem with the additional statements he raised in his reply brief.
Plaintiff assumed that all challenged statements would have been specifically identified in their
opening sanctions motion.

filed the present motion to strike.

**5.  The Claim That This Motion is Without Merit and Fees Should Be Awarded to the Defense.**  As discussed above and in the opening motion, defendant sandbagged plaintiff and argued from new evidence in their reply brief, thus depriving plaintiff of the opportunity to respond on the serious sanctions issues the defense had raised.  The defense conduct clearly violated the due process clause as well as the local rule.  Accordingly the defense claim that this is a frivolous motion is without merit.

Plaintiff waives a reply brief on this matter.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**


/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: July 24, 2006          Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

July 24, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF

which will send notification of such filing to the following:

> Ralph K. Durstein III, Esquire
> Department of Justice
> Carvel State Office Building
> 820 N. French Street
> Wilmington, DE 19801
>
> James E. Liguori, Esquire
> Liguori, Morris & Yiengst
> 46 The Green
> Dover, DE 19901

> /s/ Stephen J. Neuberger
> **STEPHEN J. NEUBERGER, ESQ.**

Conley/ Pleadings / Motion to Strike for Failure to Comply - Sanctions.RB.final