IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA CONLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1394-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DIVISION OF STATE POLICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF DEFENDANT TO PLAINTIFF'S CLAIM
FOR ATTORNEYS' FEES**

The plaintiff has moved for an award of attorneys' fees pursuant to an interim ruling on discovery made by the Court over five months ago, well before trial in this case. Plaintiff's lawyers did not submit a claim for fees to the defendant until August 18, 2006, more than two months after trial, and some three and a half months after the Order on which they rely to support their claim.

The defendant opposes any award of fees to the plaintiff, due to her failure to timely submit a claim for fees or otherwise raise the issue, and based on later rulings in the case undermining and contradicting her claim for sanctions. The defense position on this belated application is set forth more fully below.

1.	This application comes too late, and is barred by the Rules and the equitable doctrine of laches. The plaintiff has effectively waived the ability to seek reimbursement, and should be estopped from reviving a stale claim at this late date. If plaintiff intended to seek reimbursement for fees, plaintiff had an obligation to timely file

a proper affidavit within a reasonable period following the May 9, 2006 Order on which she now relies. No such fee affidavit was timely filed. It is manifest from the face of the statement attached to plaintiff's Motion that the information and alleged costs therein were fixed, as of February 6, 2006. The delay in pursuing the matter is thus inexcusable, and should not be considered by the Court.

2.   The plaintiff points, in isolation, to one of a number of discovery rulings issued by the Court, both before and after the May 9, 2006 Order. In particular, the Court revisited the so-called "spoliation" issue in the course of the pre-trial conference on May 10, 2006. During the course of the trial, the plaintiff failed to make any showing that she was deprived of any evidence by the alleged "spoliation" of computer records. Rather, she was afforded a full opportunity to explore these issues, and did not take steps to make any record concerning lost or destroyed records. She also did not seek relief from the Court during trial for the fees (already expended) for which she belatedly petitions here.

3.   The Court's May 9, 2006 Order represented a ruling on a discovery matter based on the available record at that time as submitted by the parties. On the following day, and without advance notice to either the Court or to defense counsel, the plaintiff voluntarily dismissed all but one of the defendants from the case, and abandoned most of her claims for relief. Among the claims dismissed were those, relating to her disciplinary case and the alleged "email leak", on which her allegations of "spoliation" were predicated. Thus, in the face of pending dispositive motions filed by the defendants to dismiss these counts, the plaintiff effectively acknowledged that these claims lacked merit and could not survive summary judgment. She should not be permitted to belatedly recover fees incurred in support of claims she voluntarily abandoned before trial.

4.      The fee application submitted also duplicates work already claimed in support of a similar fee application in the *Foraker* litigation, and thus should be rejected Plaintiff cannot claim to have spent over $10,000 in the Conley litigation on this single issue, when the identical issue had already been fully presented to the Court in the Foraker litigation, which was being litigated simultaneously with Conley.  Plaintiff has sought fees for the same work in both cases.  To the Court even considers this belated application, it should be denied, in order to avoid a double recovery of the same fees.

5.      Very similar "spoliation" allegations were raised by the same plaintiff in the *Foraker* case.  On May 26, 2006, these claims were ultimately rejected by the Court in that case.  In the instant matter, the Court ultimately made a similar finding, based on the companion ruling in the *Foraker* litigation.  A search of the record by the Court Reporter has failed to locate a transcript of this particular ruling during the trial in this case.  However, the trial record as a whole demonstrates that the plaintiff sustained no prejudice as a result of any lost evidence.

/s/ Ralph K. Durstein, III
Ralph K. Durstein, III (ID# 912)
Stephani J. Ballard (ID#3481)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510

Dated:  October 27, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BARBARA CONLEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 04-1394-GMS |
| ) | |
| **STATE OF DELAWARE,** ) | |
| **DIVISION OF STATE POLICE,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant State of Delaware, Division of State Police electronically filed Response of Defendant to Plaintiff's Claim for Attorney's Fees using ECF/Pacer this 27th day of October 2006 with service electronically to Thomas S. Nueberger, P.A.

/s/ Ralph K. Durstein, III
Ralph K. Durstein, III (ID# 912)
Stephani J. Ballard (ID#3481)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street
Wilmington, DE 19801
(302)577-8510