IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPTAIN BARBARA L. CONLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1394-GMS |
| | : | |
| COLONEL L. AARON CHAFFINCH, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO ENFORCE THE COURT'S EARLIER ORDER (D.I. 217) AWARDING ATTORNEYS' FEES TO PLAINTIFF FOR DEFENDANTS' INTENTIONAL DESTRUCTION OF EVIDENCE.**

It appears that defendants have forgotten the past history in this case which led the Court to the present juncture. Accordingly, a brief review is in order.

## Background

As stated in her opening motion, on January 17, 2006, plaintiff moved to sanction defendants for intentionally destroying Chaffinch's hard drive despite the pendency of this and numerous other cases against him. (D.I. 141).

In its May 9, 2006 Order (D.I. 217 at 3) on this issue, the Court adopted its ruling on this identical issue in the consolidated Price v. Chaffinch, C.A.No. 04-956-GMS and Foraker v. Chaffinch, C.A.No. 04-1207-GMS, actions. The Court "conclude[d] that the defendants had a duty to preserve Chaffinch's hard drive" and had failed in that duty. (Price - D.I. 134 at 3).

In awarding plaintiff fees and costs due to defendants' intentional destruction of relevant evidence, the Court explained that

> the court would assume that a law enforcement organization as
> large and sophisticated as the DSP would have known better than

>to "re-image" or "wipe" a computer hard drive that might yield relevant evidence in pending lawsuits, given the training that DSP officers receive concerning the protection and retention of evidence.

(Price - D.I. 134 at 3 n.2).[1]

As the Court continued to explain at the pretrial in that case when defendant Chaffinch and the DSP challenged the Court's ruling as being unfairly harsh,

>The Court's intention was to criticize the Delaware State Police as an organization - - it was the Court's intention to be critical, make no mistake about it ... I am not backing away ....

(Price - Pretrial Conf. at 44-45).

The Court repeatedly explained that it had purposely taken a "measured" and "restrained" approach (id. at 46) when it awarded plaintiff her attorneys fees and expenses "for the prosecution of the motion for sanctions." (D.I. 217).[2]

## Discussion

In their brief pleading, defendants never contest that they intentionally destroyed defendant Chaffinch's hard drive. Instead, they raise a host of frivolous defenses, all of which

---

[1] As the DSP's own former Director of Training and the former administrator for the Delaware Council on Police Training had explained to the Court, Troopers "are trained to never destroy evidence that may be relevant to criminal or civil cases." (Declaration of Dr. Gregory A. Warren ¶¶ 12,3,8). He testified that this "is a rule of common sense" and "[t]hings of this nature are self-evident propositions to any Delaware State Trooper" in light of the extensive training they receive in this regard. (Id. at ¶¶ 13-17). Additional sources of defendants and defense counsel's duties not to destroy relevant evidence arise from the common law, the attorney ethical rules, federal statutory law as well as state statutory law. (See D.I. 142 at 6-9 - detailed listing of all of the sources of the duty to preserve and not destroy).

[2] The Court did not order briefing to determine whether plaintiff was entitled to fees. Instead, it found that plaintiff was already entitled to them and awarded all reasonable fees and costs related to the prosecution of the spoliation sanctions motion.

will be disposed of below.

First, defendants claim that plaintiff is barred from recovering fees related to the filing of her sanctions motion because she did not introduce evidence on this issue at trial despite purportedly being given a full opportunity to do so. (AB at ¶ 2). This claim is without merit because the Court ruled during the <u>Price</u> trial that plaintiffs were barred from introducing such evidence. Then during the <u>Conley</u> trial, the Court again adopted its ruling on the issue from <u>Price</u>. This defense is frivolous.

Second, defendants claim that the later dismissal of plaintiff's First Amendment retaliation claims as a result of the Court's denial of plaintiff's motion to bifurcate, somehow negated the Court's ruling awarding fees. (AB at ¶ 3). This also is without merit because the Court explicitly awarded plaintiff fees to compensate her for the time and effort expended in having to file and prosecute the sanctions motion. That plaintiff later dismissed several of her claims has no bearing on the Court's "measured" sanction which was leveled on defendants to punish them for their past misconduct in intentionally destroying evidence in this case. This defense also is frivolous.[3]

Third, defendants continue and claim that all of the evidence they intentionally destroyed was solely relevant to the retaliation claims and not to the discrimination claims. (AB at ¶ 3).

---

[3] This same reasoning demonstrates the frivolity of the similar defense claim that plaintiff purportedly suffered no prejudice and so is entitled to no fees. (AB at ¶ 5). Again, the Court awarded fees because it found defendants had intentionally destroyed relevant evidence and to compensate plaintiff for having to fully brief and bring this issue to the Court's attention. The Court ruled that any further sanction would depend upon prejudice. The two issues were separate and distinct as the Court's Orders make clear. (<u>See</u> D.I. 217 at 2-3; <u>Price</u> - D.I. 134 at 3). Not surprisingly, defendant also has failed to mention or discuss of how their intentional destruction of evidence damaged the integrity of the court system and the truth-seeking function.

This similarly is without merit. In addition to being irrelevant for reasons discussed in the prior paragraph, this assertion also is plainly wrong as has already been documented to the Court. (See, e.g. D.I. 142 at 2-4 - seeking recovery of destroyed documents relevant to the discrimination counts in this case). Thus, this defense is similarly frivolous.

Fourth, defendants claim that plaintiff is seeking double billing for work already done in the Price and Foraker actions related to this same destruction of evidence issue.[4] Yet again, this claim is without merit. As noted in plaintiff's initial filing, no recovery is being sought in Conley for work and time expended in the Foraker and Price cases on this issue. (D.I. 270 at Tab A - p.1 - "The time spent on the similar motions in the firing range cases is not included in this total."). For the sake of the record, counsel notes that the time expended on the destruction of evidence issue in the Foraker and Price cases totaled: 19.7 hours, for $5,069 due. (Price 04-956 - D.I. 188 Exhibit 1 at Tab F). The time in Conley was kept separate and apart from that of Foraker and Price. There was no double billing. So again, this defense claim is frivolous.

Fifth, defendant's claims of equitable estoppel, laches and waiver (AB at ¶ 1), fail because they have failed to claim, assert or otherwise demonstrate the required element of prejudice. See,e.g. VonFeldt v. Stifel, 714 A.2d 79, 87 (Del. 1998) ("To make out a claim of equitable estoppel, plaintiff must show that he was induced to rely detrimentally on [the party's] conduct."); Fike v. Ruger, 752 A.2d 112, 113 (Del. 2000) (noting that one of the "essential elements of laches" is "there must be prejudice to the defendant"); U.S. on Behalf of Small Business Admin. v. LaFrance, 728 F.Supp. 1116, 1122 (D.Del. 1990) (noting that prejudice is a

---

[4] As the Court may remember, defendants' intentional destruction of relevant computer evidence prejudiced four cases that were pending before the Court: the present case, the Foraker action, the Price action and lastly the Moss action.

required element of laches); E.I. Du Pont de Nemours and Co. v. Monsanto Co., 2001 WL 652019, *1 (D.Del. Feb. 14, 2001) (noting that prejudice is a required element of equitable estoppel).[5] Thus, in the same way, these defense claims also are utterly frivolous and entirely without merit.

## Conclusion

For the reasons set forth above and in plaintiff's opening motion, plaintiff respectfully requests that the Court order defendants to comply with the Court's earlier Order and issue a check to plaintiff in 20 days in the amount of $10,258. Additionally, plaintiff respectfully requests that the Court award fees and costs related to the prosecution of this motion to enforce.

Plaintiff waives a reply brief in support of this Motion.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**


/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: November 3, 2006          Attorneys for Plaintiff

---

[5] Plaintiff also notes the irony of the defense claim that plaintiff waited too long to assert her rights given that her opening motion lays out that she contacted defense counsel several months ago in the hopes of amicably resolving this issue without court intervention, only to have two months go by without even the courtesy of a response or reply in any way, shape or form.

# Unreported Opinions



Not Reported in F.Supp.2d                                                                                                                   Page 1
Not Reported in F.Supp.2d, 2001 WL 652019 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
E.I. Du Pont de Nemours and Co. v. Monsanto Co.D.Del.,2001.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
E.I. DU PONT DE NEMOURS AND COMPANY, Plaintiff,
v.
MONSANTO COMPANY and ASGROW SEED COMPANY LLC, Defendants.
**No. CIV.A. 00-359-SLR.**

Feb. 14, 2001.

ORDER
ROBINSON, District J.
***1** At Wilmington, this 14th day of February, 2001,

IT IS ORDERED that defendants' motion to dismiss (D.I.11) is granted in part and denied in part, for the reasons that follow:

1. The statute of limitations for a theft of trade secrets claim is three years from the date the misappropriation was discovered, or by the exercise of reasonable diligence should have been discovered. *See* 6 Del. C. § 2006. Similarly, the statute of limitations for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contract, and interference with prospective business opportunity is three years from the date of breach/injury or its discovery. *See* 10 Del. C. § 8106; *Merck & Co. v. Smithkline Beecham Pharm. Co.,* No. 15443-NC, 1999 WL 669354, at *42 (Del. Ch. Aug. 5, 1999),* aff'd,* 764 A.2d 277 (Del.2000) (holding that claims for tortious interference with contract or prospective business relations are subject to three year statute of limitations of 10 Del .C. ¶ 8106).

2. Plaintiff filed a complaint on March 30, 2000 (D.I.1), which requires the above claims to have accrued after March 30, 1997. Plaintiff first became aware of at least some of the claims at issue on April 19, 1996.

3. Plaintiff has presented insufficient evidence of equitable estoppel to support tolling of the statute of limitations. *See Burge v. Fidelity Bond & Mortgage Co.,* 648 A.2d 414, 420 (Del.1994) (holding that for estoppel claim to prevail, it must be shown that party claiming estoppel lacked knowledge or means of obtaining knowledge of truth of facts in question, relied on party against whom estoppel is claimed, and suffered prejudicial change in position as result of that reliance).

4. Defendants argue that one single misappropriation of trade secrets occurred, upon which the contract claims are based, and that misappropriation accrued prior to March 30, 1997. However, "[w]hen coinsidering a motion to dismiss, the court should read the complaint generously, accept all of the allegations contained therein as true, and construe them in a light most favorable to the plaintiff." *Johnson v. Gullen,* 925 F.Supp. 244, 247 (D.Del.1996). The plaintiff should be given the benefit of all reasonable inferences that can be fairly drawn from the complaint. *See Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). Thus, for the purposes of the motion to dismiss, the court accepts plaintiff's representation that multiple appropriations, breaches of contract and injuries occurred, some of which accrued after March 30, 1997.

5. Therefore, any claims that accrued prior to March 30, 1997 are dismissed as time-barred. Defendants' motion to dismiss is denied as to claims that accrued after March 30, 1997.

D.Del.,2001.
E.I. Du Pont de Nemours and Co. v. Monsanto Co.
Not Reported in F.Supp.2d, 2001 WL 652019 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00359 (Docket) (Mar. 30, 2000)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2001 WL 652019 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on November 3, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Ralph K. Durstein III, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

James E. Liguori, Esquire
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

cc:   Captain Barbara L. Conley

Conley/ Pleadings / Motion to Enforce - RB.final