IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| CAPTAIN BARBARA CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| COLONEL L. AARON CHAFFINCH, | ) | C.A. No. 04-1394-GMS |
| | ) | |
| Defendant. | ) | |

## ORDER

1.  On January 17, 2006, the plaintiff filed a Motion for Sanctions and Other Relief (D.I. 141) in the above-captioned case, which asserted that the defendants intentionally destroyed relevant evidence, i.e., the hard drive of Colonel L. Aaron Chaffinch's ("Chaffinch") computer.[1] On May 9, 2006, the court issued an Order (D.I. 217), directing the defendants to comply with the court's April 12, 2006 and April 20, 2006 Orders issued in the *Price et al. v. Chaffinch et al.*, C.A. No. 04-956 (GMS) and *Foraker v. Chaffinch et al.*, C.A. No. 04-1207 cases (the "*Price* and *Foraker* cases").[2] The Order also awarded the plaintiff her reasonable attorneys' fees and expenses for the prosecution of the motion for sanctions.

---

[1] On January 25, 2006, the plaintiffs in the *Price et al. v. Chaffinch et al.*, C.A. No. 04-956 (GMS) and *Foraker v. Chaffinch et al.*, C.A. No. 04-1207 (GMS) cases (the "*Price* and *Foraker* cases") also filed a Motion for Sanctions and Other Relief (04-956 D.I. 87) based on the defendants' same conduct. On April 12, 2006 and April 20, 2006, the court issued Orders in the *Price* and *Foraker* cases (04-956 D.I. 134, 142). The April 12, 2006 Order directed the defendants to bear the cost of an independent expert to determine whether Chaffinch's hard drive could be recovered, which the court appointed in its April 20, 2006 Order. The April 12, 2006 Order also awarded the plaintiffs their reasonable attorneys' fees for the prosecution of the motion for sanctions.

[2] At the time of the court's Order, Lieutenant Thomas F. Macleish, David B. Mitchell, and the Delaware State Police were also defendants. Subsequent to the court's May 9, 2006 Order, the plaintiff voluntarily dismissed her claims against all of the defendants but Chaffinch. This Order, however, is directed at all of the defendants.

2.     On October 12, 2006, the plaintiff filed a Motion to Enforce the Court's Order Awarding Attorneys' Fees (D.I. 270). The motion asserts that the plaintiff's attorneys contacted the defendants on August 18, 2006, via email, to discuss the attorneys' fees and expenses awarded by the court in its May 12, 2006 Order. The email includes a breakdown of the time spent preparing and prosecuting the sanctions motion, and hourly rates for the legal staff involved in prosecuting the motion. According to the motion, after the exercise of billing discretion, 39.8 hours were spent on the sanctions issue, resulting in a total of $10,258 due to the plaintiff.

3.     On October 27, 2006, the defendant filed a response (D.I. 271), opposing the plaintiff's motion for three reasons: (1) the application is untimely because it was not filed within a reasonable period following the May 9, 2006 Order; (2) the plaintiff voluntarily dismissed the claims that relate to the Order on which she is seeking to recover attorneys' fees and, therefore, she should not be permitted to recover those fees; and (3) the fee application duplicates the work already claimed in support of a similar fee application in the *Price* and *Foraker* cases.

4.     After having considered the parties' submissions on the issue (D.I. 270, 271, 272), the court concludes that the plaintiff is entitled to some type of recovery, but not the full $10,258 requested. This is so because, while the court finds no merit to the defendant's first two arguments in opposition, the court is persuaded by the defendant's third argument.[3] The plaintiff contends that

---

[3] Although the defendant contends that the plaintiff's application is "too late, and is barred by the Rules and the doctrine of equitable laches," his response cites to no rule or case law which supports this proposition. Given the absence of authority in the defendant's response and the fact that the court did not set forth a specific time for the plaintiff to make application for attorneys' fees, the court is not willing to find untimely the submission of a claim for fees three and one-half months after the Order awarding them issued. As mentioned above, the court also finds the defendant's second argument without merit, because what actions the plaintiff took later in the litigation were not relevant to the court's analysis and award of fees in the May 9, 2006 Order. Indeed, the May 9, 2006 Order awarded fees to the plaintiff as a sanction for the

no recovery is being sought in the present case for work and time expended in the *Price* and *Foraker* cases, which has already resulted in the expenditure of 19.7 hours and a recovery of $5,069 in attorneys' fees. (D.I. 270 Ex. A, at 1; D.I. 272, at 4.) The court finds this argument disingenuous at best. Upon examining the briefs filed by the plaintiff in the present case and the plaintiffs in the *Price* and *Foraker* cases, the court finds that they are substantially similar.[4] In fact, in all sections addressing legal standards and case authority, the briefs filed in all three cases are identical. Given the substantial similarity of the briefs, the court cannot fathom how a total of 59.5 hours (39.8 hours in the present case, and an additional 19.7 hours in the *Price* and *Foraker* cases) were spent by the plaintiffs' attorneys in preparing and prosecuting the motions for sanctions.[5] Thus, the court concludes that granting the request for $10,258 in fees would result in a double recovery. In the court's view, the appropriate award is a total of $10,258, to be disbursed between the plaintiff in this

---

defendants' destruction of the computer hard drive, and to compensate the plaintiff for preparing and prosecuting the motion for sanctions.

[4] The court uses the words "substantially similar" loosely, given the fact that the opening brief in the *Price* and *Foraker* cases states: "As discussed in section **D** of the Facts above, *plaintiff has done her best* and met and surpassed Third Circuit requirements and, at the very least, has come forth with numerous more than 'plausible' and 'concrete suggestions' as to what evidence would reasonably have been on Chaffinch's hard drive, such as messages from the Arch messaging system as well as other documents. Accordingly, *plaintiff has met her burden* in this regard." (04-956 D.I. 88) (emphasis added). Clearly, this paragraph of the plaintiffs' opening sanctions brief in the *Price* and *Foraker* cases was copied and pasted word-for-word from the earlier-filed sanctions opening brief in the present case. While the court does not offer any opinion regarding the fact that whole paragraphs and sections from one brief were copied and pasted to another, it does conclude that an attorney should not charge fees for time spent completing this type of "work." It is noteworthy that the above-cited paragraph is merely illustrative, as both the opening brief filed in the present case and the brief filed in the *Price* and *Foraker* cases contain many paragraphs and entire sections that are identical. Indeed, the plaintiff's reply brief even notes that the issue here is "identical" to that raised in the *Price* and *Foraker* cases. (D.I. 272, at 1.)

[5] The attorneys representing the plaintiff in the present case also represent all plaintiffs in the *Price* and *Foraker* cases.

3

case and the plaintiffs in the *Price* and *Foraker* cases. Given the plaintiffs' recovery of $5,069 from the defendants in the *Price* and *Foraker* cases, the court will award the plaintiff in the present case $5,189 in attorneys' fees, which the court will also order the defendants to pay within thirty (30) days of the date of this Order.

Therefore, IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Enforce the Court's Order Awarding Attorneys' Fees (D.I. 270) is GRANTED in part and DENIED in part. The motion is granted in that the court will award the plaintiff $5,189 in attorneys' fees. The motion is denied in all other respects.

2. The defendants shall remit payment to the plaintiff in the amount of $5,189 within thirty (30) days of the date of this Order.

Dated: May 15, 2007                                    /s/ Gregory M. Sleet
                                                       UNITED STATES DISTRICT JUDGE